UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MILLENNUIM FUNDING INC., a
Nevada corporation, HUNTER KILLER
PRODUCTIONS, INC., a Nevada
Corporation, and VOLTAGE
HOLDINGS LLC, a Nevada
Corporation,

      Case No.:  21-cv-20862-BLOOM/Otazo-Reyes

    Plaintiffs,

and

**1701 MANAGEMENT LLC**, a Puerto
Rico limited liability company,
**CHARLES MUSZYNSKI**, individually,
and **DOES 1-100**,

    Defendants.
_____/

## DEFENDANT CHARLES MUSZYNSKI'S MOTION TO QUASH
## SERVICE OF PROCESS AND INCORPORATED MEMORANDUM OF LAW

Defendant, Charles Muszyski ("**Mr. Muszynski**"), moves this Court for the entry of an order quashing service of process directed to him in this case. This motion is supported by the Declaration of Charles Muszyski ("**Muszyski Decl**.")[1] and Mr. Muszynski's incorporated memorandum of law.

### PROCEDURAL HISTORY

Millennium Funding Inc., Hunter Killer Productions Inc, and Voltage Holdings LLC (collectively, "**Plaintiffs**") filed this lawsuit against Defendants 1701 Management LLC, Charles Muszyski, and DOES 1-100 alleging violations of the Digital Millennium Copyright Act, 17 U.S.C. § 512. [D.E. 1].

On March 3, 2021, the Court issued a summons to Charles Muszynski at 237 S. Westmonte Drive, Suite 305, Altamonte Springs, Florida 32714-4264. [D.E. 4]. On April 21, 2021, the Court

---

[1]    A copy of the Declaration of Charles Muszynski is attached as Exhibit A.

issued an alias summons to Charles Muszynski at 204 Rainbow Drive 10485, Livingston, Texas 77399-2004.[2] [D.E. 19]. On April 26, 2021, Plaintiffs filed an Affidavit of Service attesting that Mr. Muszynski was served with some unspecified summons, the complaint, and the complaint's exhibits (the "**Affidavit of Service**"). [D.E. 21].

The Affidavit of Service states that a process server left copies of the Complaint and a summons at "204 Rainbow Drive." [D.E. 21]. The remainder of the supposed service address is not provided in the Affidavit of Service. [D.E. 21]. The Affidavit of Service itself acknowledges that Rainbow Drive is not Mr. Muszynski's home or place of business, but rather a private mailbox center. [D.E. 21]. The Affidavit of Service further alleges that Mr. Muszyski at some time used mailbox #10485 at 204 Rainbow Drive, as it was listed on a Texas driver's license in his name. [Doc. 21].

The Affidavit of Service states that the process server left copies of the legal documents with Megan Murphy, an employee of Commercial Mail Receiving Agency ("**CMRA**"), which operates the mail center. [D.E. 21]. According to the Affidavit of Service, Ms. Murphy only indicated she would provide the legal documents to Mr. Muszynski. [D.E. 21]. The Affidavit of Service is devoid of any allegation or evidence that Ms. Murphy was an agent authorized by appointment or by law to receive service of process. [D.E. 21].

The Affidavit of Service further states that the Process Server "mailed" a copy of the legal documents to the same private mailbox. [D.E. 21]. With respect to the purported service by U.S. Mail, neither the exact address nor the type of mail allegedly used by the process server is even specified. [D.E. 21]. The Affidavit is also devoid of any allegation that the process server used

---

[2] An alias summons is "[a] summons issued when original has not produced its effect because defective in form or manner of service, and when issued, supersedes the first writ." *See In re Stewart S. Peacock*, 125 B.R. 526 (1991).

"certified" or "registered mail." Nor is there any allegation that the mail was sent "return receipt requested" or that Mr. Muszynski signed for receipt of the mail. [D.E. 21].

On May 5, 2021, Plaintiffs filed an amended complaint against Mr. Muszynski and myriad other defendants. [D.E. 24]. On May 14, 2021, Plaintiffs filed a second affidavit of service attesting that Mr. Muszyski was served with a copy of the first amended complaint (the "**Second Affidavit of Service**"). [D.E. 34]. The Second Affidavit of Service included essentially the same allegations – and the same deficiencies – as the original Affidavit of Service. Compare D.E. 21 with D.E. 34. Specifically, the Second Affidavit of Service lacked any full recitation of the address where service allegedly occurred, any allegation that the mail center employee was appointed or authorized by law to accept service of process for Mr. Muszynski, any allegation that the amended complaint or summons (whichever one they supposedly sent) was mailed by certified or registered mail, that return receipt was requested, or that Mr. Muszynski signed for receipt of the mailing. [D.E. 34].

Nevertheless, on June 10, 2021, a clerk's default was entered against Mr. Muszynski. [D.E. 53]. Notably, on July 8, 2021, the Court's docket in this case reflects that the default mailed to Mr. Muszynski was returned as "undeliverable." [D.E. 74].

On August 17, 2021, a second amended complaint was filed against Mr. Muszynski. [D.E. 96]. On September 2, 2021, Plaintiffs filed a second motion for clerk's default [D.E. 111], and a second default was entered that same day. [D.E. 112]. Although noticeably absent from the supporting declaration [D.E. 111], the Clerk must have assumed that Mr. Muszynski's "last known mailing address" was the "Rainbow Drive" address, the same address that was never fully included in either of the affidavits of service and for which mail had been returned to the Clerk.

## STATEMENT OF FACTS

Mr. Muszyski has never been personally served with any summons, complaint, or exhibits in this case. Muszyski Decl., ¶ 2. Mr. Muszyski does not reside in Texas. Muszyski Decl., ¶ 3. The Texas address used by Plaintiffs for purposes of service was listed on an old driver's license issued to Mr. Muszyski. Muszyski Decl., ¶ 4. Mr. Muszynski's most recent Texas driver's license was issued in March 2019 and lists an address of 445 Carolcrest Lane, Livingston, Texas 77351, although Mr. Muszynski no longer resides there. Muszyski Decl., ¶ 5.

Mr. Muszynski no longer resides in Texas in any capacity and does not intend to return. Muszyski Decl., ¶ 6. Mr. Muszynski has not even set foot in the state of Texas since 2019. Muszyski Decl., ¶ 7.

Further, Mr. Muszyski no longer owns, rents, or uses private mailbox #10485 at 204 Rainbow Drive. Muszyski Decl., ¶ 8. Mr. Muszyski stopped using private mailbox #10485 in March 2019. Muszyski Decl., ¶ 9.

None of CMRA's employees were expressly or impliedly authorized to act as Mr. Muszynski's agents to accept service of process. Muszyski Decl., ¶ 10. Mr. Muszynski never consented expressly or otherwise for CMRA to accept service of process on his behalf. Muszyski Decl., ¶ 11. CMRA does not even provide registered agent or acceptance of process services. Muszyski Decl., ¶ 12. Because Plaintiffs' attempts to serve Mr. Muszyski were focused solely on 204 Rainbow Drive, Mr. Muszyski was never properly served with any summons or complaint.

No one authorized or appointed by Mr. Muszynski was ever personally served with the summons or complaint. Muszyski Decl., ¶ 13. Nor has Mr. Muszyski received a copy of these documents via certified or registered mail. Muszyski Decl., ¶ 14.

Even if Mr. Muszyski had continued to use private mailbox #10485, CMRA is not authorized to accept service of process for Mr. Muszynski or any of its clients. Muszyski Decl., ¶ 15. As a matter of company policy, CMRA does not accept or deliver documents to their clients. Muszyski Decl., ¶ 16.

### LEGAL STANDARD

"Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990).

When a defendant challenges service of process, the plaintiff bears the burden of establishing its validity. *See Familia De Boom v. Arosa Mercantil, S.A.*, 629 F.2d 1134, 1139 (5th Cir. 1980) (*citing* 5 Wright & Miller, Federal Practice and Procedure § 1353 (1969)).[3]

In determining whether the plaintiff meets its burden, a court must apply the standards of proof applicable to motions to dismiss for lack of personal jurisdiction. *See Karnmona v. Onteco Corp.*, 587 F. App'x 575, 578 (11th Cir. 2014) (*citing Lowdon PTY Ltd. v. Westminster Ceramics*, LLC, 534 F. Supp. 2d 1354, 1360 (N.D. Ga. 2008), and *Baragona v. Kuwait Gulf Link Transp. Co.*, 594 F.3d 852, 855 (11th Cir. 2010)).

Accordingly, like cases involving challenges to personal jurisdiction, where a defendant challenges service of process with supporting evidence, "the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." *See, e.g., Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257 (11th Cir. 2010) (*quoting United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009)).

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the Former Fifth Circuit issued before the close of business on September 30, 1981.

Service on an individual is governed by Federal Rule of Civil Procedure 4(e), which states that an individual can be served in the following ways: (1) "by following state law for serving a summons…(Rule 4(e)(1));" (2) "delivering a copy of the summons and of the complaint to the individual personally (Rule 4(e)(2)(A))"; (3) "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there" (Rule 4(e)(2)(B)); or (4) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." *See* Fed. R. Civ. P. 4(e)(2)(C).

When service is purportedly effectuated in Texas pursuant to Federal Rule of Civil Procedure 4(e)(1), which permits service by "following state law in courts of general jurisdiction in the state where the district court is located or service is made," Texas law determines whether service of process on her was proper. *See Harper Macleod Solicitors v. Keaty & Keaty*, 260 F.3d 389, 398 (5th Cir. 2001). "[U]nder Texas law, [the plaintiff] must prove that [the defendant]: (1) was amenable to service and (2) was served in a manner in keeping with Texas's service rules." *BHTT Entm't, Inc. v. Brickhouse Cafe & Lounge, L.L.C.*, 858 F.3d 310, 315 (5th Cir. 2017).

Under Texas Rule of Civil Procedure 106, which governs service of process in Texas, absent prior authorization by the court, a person can be served using one of two methods: (1) delivery of the complaint and summons to the person individually, or (2) delivery of the complaint and summons to the individual via registered or certified mail sent to the Defendant, return receipt requested.

Texas Rule of Civil Procedure 107 expressly requires that, for valid service under Texas law, the affidavit of service, together with any documents to which it is attached, must include the following information:

1. the cause number and case name;
2. the court in which the case is filed;

3.     a description of what was served;
4.     the date and time the process was received for service;
5.     the person or entity served;
6.     the address served;
7.     the date of service or attempted service;
8.     the manner of delivery of service or attempted service;
9.     the name of the person who served or attempted to serve the process;
10.    if the person named in (9) is a process server certified under order of the Supreme Court, his or her identification number and the expiration date of his or her certification; and
11.    any other information required by rule or law.

*See* Texas Rule of Civil Procedure 107(b).

Further, when documents are "served by registered or certified mail as authorized by Rule 106, the return by the officer or authorized person must also contain the return receipt with the addressee's signature." *See* Texas Rule of Civil Procedure 107(c).

Thus, when a party is served by certified mail, Texas law mandates that the return receipt must be signed by the addressee. *See Florance v. Buchmeyer*, 500 F. Supp. 2d 618, 633 (N.D. Tex. 2007) (*citing* Tex. R. Civ. P. 107; *Keeton v. Carrasco*, 53 S.W.3d 13, 19 (Tex. Ct. App. 2001)). "When the return receipt is not signed by the addressee, the service of process is defective." *Florance*, 500 F. Supp. 2d at 633 (*citing Keeton*, 53 S.W.3d at 19; *Southwestern Security Servs. Inc. v. Gamboa*, 172 S.W.3d 90, 92 (Tex. Ct. App. 2005)).

### ARGUMENT

Plaintiffs failed even to make a valid attempt at serving Mr. Muszynski, and any purported service of process on Mr. Muszynski should be quashed. As set forth below, none of the authorized methods of service were satisfied in this case.

First, Plaintiffs never attempted personal service on Mr. Muszynski himself under Texas law or as expressly authorized by Rule 4. It is undisputed that Mr. Mr. Muszyski was not personally served with a copy of the complaint and summons, which means Plaintiffs did not

achieve service under Rule 4(e)(2)(A). Nor is there any allegation that the Mailbox Center was Mr. Muszynski's dwelling or usual place of abode under Rule 4(e)(2)(B).

Second, Plaintiffs did not deliver a copy of the documents to an agent authorized by appointment or by law to receive service of process for Mr. Muszynski within the meaning of Rule 4(e)(2)(C). Plaintiffs allegedly delivered copies of the legal documents to CMRA employees at 204 Rainbow Drive, which the affidavits of service describe as a private mailbox center. The affidavits of service do not even attempt to allege that the mail center employees were agents authorized by appointment or by law to receive service of process. To the contrary, the evidence is undisputed that Mr. Muszynski did not designate random employees at a former mailbox center to accept personal service of process on his behalf. This is further compounded by the fact that Mr. Muszyski has not used private mailbox #10485 since March 2019. Thus, Plaintiffs' attempt at dropping legal documents off with employees at a Texas mailbox center cannot possibly satisfy Rule 4(e)(2)(C).

Third, Plaintiffs' attempted service by mail fails under Texas law. According to the affidavits of service, Plaintiffs mailed the pleadings to Mr. Muszyski at an address in which Mr. Muszyski no longer had a mailbox. In addition to not sending the legal documents to an address where Mr. Muszyski might reside, the affidavits of service are devoid as to the details of the alleged mail service required by Texas Rule of Civil Procedure 106(b), failing to specify necessary information concerning the purported service by mail, including the following:

    a. the date and time the process was received for service as required by Rule 106(b)(4);

    b. the full address served as required by Rule 106(b)(6);

    c. a full description of the manner of service as required Rule 106(b)(8); or

    d. the process server's ID number and certification details as required by Rule 106(b)(9).

*See* Tex. R. Civ. P. 106(b)(4), 106(b)(6), 106(b)(8), and 106(b)(9).

Specifically, Plaintiffs provide no indication that the mailing was sent by certified or registered mail. Even if the documents were sent via certified or registered mail, return receipt requested, there is no reference to a return receipt signed by Mr. Muszynski as required by Texas Rule of Civil Procedure 107(c).  Thus, the mailing described by the Affidavit does not satisfy Rules 106 or 107 of the Texas Rules of Civil Procedure, the only authority applicable to this case that would have permitted service via U.S. Mail.

The attempts of service described in the affidavits of service do not constitute service of process under Rule 4(e) or under Texas Rules of Civil Procedure. Thus, service of Mr. Muszyski must be quashed.

## CONCLUSION

The misguided attempts at service described in the affidavits of service do not constitute proper service under Rule 4(e). Accordingly, Defendant Charles Muszyski respectfully requests that this Court grant this motion to quash service of process in this case.

Dated:  September 23, 2021                    Respectfully submitted,

*/s/ Richard J. Mockler*
Richard J. Mockler
Fla. Bar No. 563986
richard@mlfloridalaw.com
service@mlfloridalaw.com
MOCKLER LEINER LAW, P.A.
600 N. Willow Ave., Suite 101
Tampa, Florida 33606
(813) 331-5699 (telephone)

*Lead Counsel for Defendant Charles Muszyski*

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that on this September 23, 2021, I caused the document entitled: Defendant Charles Muszynski's Motion to Quash Service of Process and Incorporated Memorandum of Law to be served by the Court's CM/ECF system.  I also served the document via U.S. Mail to the following: Stolberg Law, LLC Agent for 1701 Management LLC 151 San Francisco Street Suite 201 San Juan, PR 00901 and Southpac Trust Nevis Limited Agent for AUH2O LLC Hunkins Plaza P.O. Box 681 Main Street, Charlestown, Nevis.

                                                            */s/ Richard J. Mockler*