UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:21-cv-20862-BB

MILLENNIUM FUNDING, INC., et al.,

    Plaintiffs,

v.

1701 MANAGEMENT, LLC DBA
LIQUIDVPN, et al.,

    Defendants.

## PLAINTIFFS' OPPOSITION TO DEFENDANT CHARLES MUSZYNSKI'S MOTION TO QUASH SERVICE OF PROCESS

Plaintiffs MILLENNIUM FUNDING, INC., VOLTAGE HOLDINGS, LLC, AMBI DISTRIBUTION CORP., AFTER PRODUCTIONS, LLC, AFTER II MOVIE, LLC, MORGAN CREEK PRODUCTIONS, INC., MILLENNIUM FUNDING, INC., BEDEVILED LLC, MILLENNIUM MEDIA, INC., COLOSSAL MOVIE PRODUCTIONS, LLC, YAR PRODUCTIONS, INC., FSMQ FILM, LLC, FW PRODUCTIONS, LLC, MILLENNIUM IP, INC., I AM WRATH PRODUCTION, INC., KILLING LINK DISTRIBUTION, LLC, BADHOUSE STUDIOS, LLC, LF2 PRODUCTIONS, INC., LHF PRODUCTIONS, INC., VENICE PI, LLC, RAMBO V PRODUCTIONS, INC., RUPTURE CAL, INC., MON, LLC, SF FILM, LLC, SPEED KILLS PRODUCTIONS, INC., MILLENNIUM IP, INC., NIKOLA PRODUCTIONS, INC., WONDER ONE, LLC, BODYGUARD PRODUCTIONS, INC., OUTPOST PRODUCTIONS, INC., GLACIER FILMS 1, LLC, DEFINITION DELAWARE LLC, HANNIBAL CLASSICS INC., JUSTICE EVERYWHERE PRODUCTIONS LLC, STATE OF THE UNION DISTRIBUTION AND COLLECTIONS, LLC, PARADOX STUDIOS, LLC,

DALLAS BUYERS CLUB, LLC, HITMAN TWO PRODUCTIONS, INC., SCREEN MEDIA VENTURES, LLC and 42 VENTURES, LLC ("Plaintiffs"), file this opposition to the Motion to Quash [Doc. #126] ("Motion") of Defendant CHARLES MUSZYNSKI a/k/a FREDERICK DOUGLAS ("Defendant"). For the reasons discussed below, Defendant's motion should be denied.

## I. INTRODUCTION

Defendant – a fugitive[1] from this state – asks this honorable Court to quash a summons that was served at the mailbox center address his counsel and he repeatedly provided to the Courts of this state for service of legal documents merely because he did not expressly or impliedly authorize employees of the mailbox center to accept service of process. Defendant makes this bold request despite not denying that he received the relevant pleadings. Defendant's motion in which he distorts clear factual statements in the affidavits of service and completely fails to discuss applicable Florida law should be denied and Plaintiffs' Motion for Default Judgment [Doc. #125] against him should be granted.

## II. FACTUAL ALLEGATIONS

Plaintiffs' allegations against Defendant which are deemed true due to his default are set forth in pgs. 2-8 of Plaintiffs' Motion for Default Judgment and incorporated herein.

On July 9, 2019, Defendant handwrote the address "204 Rainbow Dr., #10485 Livingston, TX 77399-2004" as his address as the address at which "he may be served" and signed below in a pleading in proceedings in the Circuit Court for Orange County, Case No. 2013-DR-018828-O. *See* Decl. of Waddel, Ex. "A".

---

[1] That defendant is a fugitive is a fact and not an exaggeration. As explained below, Mr. Muszynski was held in contempt, sentenced to 90 days imprisonment, and is the subject of an outstanding writ of bodily attachment. He is a fugitive in every sense of the word.

On Oct. 10, 2019, Richard Mockler, Defendant's attorney in the Orange County proceedings and present matter, filed a motion to withdraw as counsel and stated that Muszynski's "last known address" is "204 Rainbow Dr., #10485 Livingston, TX 77399-2004". *See* Id. Exhibit "B".

The Circuit Court found Muszynski in Contempt and sentenced him to 90 days in the Orange County Jail on Dec. 9, 2019. *See* Id., Ex. "F". The Circuit Court further issued a Writ of Bodily Attachment on Jan. 6, 2020. *See* Id., Ex. "G".

Up until August 3, 2021, mail from the Circuit Court for Orange County sent to Defendant at the address both he and his attorney indicated was the appropriate address was not returned undeliverable. *See* Id. at ¶6.

Defendant is the sole member in Defendants 1701 MANAGEMENT LLC d/b/a LIQUIDVPN ("1701") and AUH2O LLC ("AUH2O"), which he has described as his "shelf companies". *See* SAC at ¶¶75, 97; Aff. of David Cox [Doc. #96-6] at ¶12.

On March 15, 2021, 1701 was served a copy of the Complaint and Summons. *See* Aff. of Service [Doc. #9]. The Clerk entered default against 1701 on April 21, 2021.

On April 26, 2021, Janie Kessler served Defendant a copy of the Complaint and summons. *See* Aff. of Kessler [Doc. #21]. Janie Kessler is a licensed process server in Texas and has over 15 years of experience. *See* Id. at ¶2.

Janie Kessler stated in her affidavit that she determined that "204 Rainbow Dr is a private mailbox service center and 10485 is the mailbox number for CHARLES MUSZYNSKI". Id. at ¶4.

Janie Kessler stated that she "investigated and determined that there was no other address for CHARLES MUSZYNSKI in public records" and that "the address in the summons is the address CHARLES MUSZYNSKI put on his Texas driver's license." Id. at ¶¶5-6.

Janie Kessler stated that "Pursuant to Fla. Statute 48.031(6), I went to the mailbox center address 204 Rainbow Dr on the summons on April 23, 2021 at 13:04 local time and personally handed the legal documents to Meghan Murphy, an adult at the address of suitable age and in charge of the mailboxes who indicated she will provide the legal documents to CHARLES MUSZYNSKI". Id. at ¶7.

Janie Kessler stated that she mailed a copy of the documents to "CHARLES MUSZYNSKI at the address on April 26, 2021." Id. at ¶8. The address is the "address in the summons". Id at ¶¶3, 6.

On May 6, 2021, Janie Kessler served Defendant a copy of the First Amended Complaint ("FAC") and summons using the same procedure of April 26 and made a similar declaration. *See* Aff. of Kessler [Doc. #21]. Only this time, she stated that she "personally handed the legal documents to **Geoff Rey**, an adult at the address of suitable age and in charge of the mailboxes who indicated she will provide the legal documents to CHARLES MUSZYNSKI". Id. at ¶7.

On May 25, 2021, 1701 was served a copy of the FAC. *See* Aff. of Service. [Doc. #45]

On June 3, 2021, AUH2O was duly served a copy of the FAC. *See* Aff. of Service by C. John Arthurton II [Doc. #49]. The Clerk entered default against AUH2O on April 21, 2021. *See* Doc. No. 18.

On Aug. 17, 2021, Defendant, 1701 and AUH2O were served a copy of the Second Amended Complaint by first class mail, priority mail and airmail, respectively. *See* Certificate of Service [Doc. #98].

Defendant appointed the agents that were served for receiving service for his alter egos 1701 and AUH2O. His altered egos were personally served with the Complaint, FAC and summons. *Supra.*

Defendant does not deny that Commercial Mail Receiving Agency ("CMRA") sent him a copy of the relevant documents. He only states that "As a matter of company policy, CMRA does not accept or deliver documents to their clients". Decl. of Muszynski at ¶16.

## OBJECTIONS

Plaintiffs object to paragraphs 12 and 16 of Defendant's declaration per Fed. R. Evid. 602 (lack of personal knowledge and foundation) and FRE 802 (hearsay).

Plaintiffs object to Defendant's declaration for failing to identify the location (within or outside of the United States) from where he signed it per 28 U.S. Code § 1746.

### III. APPLICABLE LEGAL STANDARD

Rule 4 "is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *Sanderford v. Prudential Ins.*, 902 F. 2d 897, 900 (11th Cir. 1990) (internal quotation omitted); *see also Banco Latino, S.A.C.A. v. Gomez Lopez*, 53 F. Supp. 2d 1273, 1281 (S.D. Fla. 1999) ("It is well-established that once a defendant has actual notice of the pendency of an action, the requirements of Fed. R. Civ. P. 4 are to be liberally construed.").

Section 48.031(6)(a) of the Florida Statutes provides:

> If the only address for a person to be served which is discoverable through public records is a private mailbox…substitute service may be made by leaving a copy of the process with the person in charge of the private mailbox…, but only if the process server determines that the person to be served maintains a mailbox…at that location.

"Initially the defendant has the burden of challenging the sufficiency of service and must describe with specificity how the service of process failed to meet the procedural requirements of

Fed.R.Civ.P. 4. Once the defendant carries that burden, then the burden shifts to the plaintiff to prove a prima facie case of proper service of process." *Fru Veg Marketing, Inc. v. Vegfruitworld Corp.*, 896 F. Supp. 2d 1175, 1182 (S.D. Fla. 2012) (internal quotations and citations omitted). "A prima facie case is established if the plaintiff presents enough evidence to withstand a motion for directed verdict." *Meier v. Sun Int'l Hotels, Ltd*., 288 F.3d 1264, 1268-69 (11th Cir. 2002) (citations omitted).   A return of service signed under penalty of perjury constitutes *prima facie* evidence of proper service. *Udoinyion v. The Guardian Sec.*, 440 F. App'x 731, 735 (11th Cir. 2011).

"[W]here the evidence presented by the parties' affidavits and deposition testimony conflicts, the court must construe all reasonable inferences in favor of the non-movant plaintiff." *Morris*, 843 F.2d at 492; *see also Kammona v. Onteco Corp.*, 587 F. App'x 575, 578 (11th Cir. 2014) ("[a]ny conflict in the parties' affidavits or pleadings should be resolved in favor of the plaintiff.")

## IV.   ARGUMENT

### A. Defendant failed to argue that service was not proper under Florida law in his Motion, and therefore cannot argue this point in a Reply Brief.

Although Rule 4(e) makes clear that service can be performed "by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in *the state where the district court is located* or where service is made…", Defendant did not even argue that service was not proper under Florida law (where this District Court is located).  Courts in this circuit have made clear that "it is improper for a litigant to present new arguments in a reply brief". *Brown v. CitiMortgage, Inc.*, 817 F. Supp. 2d 1328, 1332 (S.D. Ala 2011). New arguments presented in reply briefs are generally not considered by federal courts. *See, e.g., Herring v. Secretary, Dep't of Corrections*, 397 F.3d 1338, 1342 (11th Cir.2005) ("As we

repeatedly have admonished, arguments raised for the first time in a reply brief are not properly before a reviewing court.") (internal quotes omitted); *Foley v. Wells Fargo Bank, NA*, 849 F. Supp. 2d 1345, 1349 (S.D. Fla. 2012) ("Because it is improper for Defendant to raise this new argument in its Reply brief, the argument will not be considered"); *Sharpe v. Global Sec. Int'l*, 766 F.Supp.2d 1272, 1294 n. 26 (S.D.Ala.2011) ("Because it is improper for defendant to raise this new argument in its reply brief, that argument will not be considered.").

Accordingly, Defendant has waived the argument that service was not proper under Florida law.

**B. Service was proper under Florida law by delivering to the person in charge of his mailbox.**

Defendant was properly served pursuant to section 48.031(6)(a) of the Florida Statutes as clearly set forth in the Aff. of Janie Kessler. [Doc. ##21 and 34]. Ms. Kessler determined that the only address for Defendant discoverable through public records is his private mailbox at 204 Rainbow Drive, #10485. Id. at ¶¶4-5. Ms. Kessler left a copy with the person in charge of the private mailbox (Meghan Murphy on April 23 and Geoff Rey on May 6). In both cases the person in charge said they would "provide the legal documents to CHARLES MUSZYNSKI". Id. Contrary to the assertion of Defendant, Ms. Kessler stated the full address of Defendant including his mailbox number in the affidavit by stating, "…10485 is the mailbox number for CHARLES MUSZYNSKI." Id. at ¶4.

Ms. Kessler's determination that the only address for Defendant in public records is on Rainbow Drive and Livingston, TX is consistent with Defendant's declaration that the Livingston, TX address was "listed on an old driver's license" (Decl. of Muszysnki at ¶4) and consistent with Defendant's and his attorneys filing in the Orange County Circuit Court that the address in Livingston, TX was the appropriate address for him to be served. *See* Decl. of

Waddel, Exs. "A" and "B". Defendant continued to make multiple filings in the Orange County Circuit Court proceedings without updating the address. *See* Exs. "C" and "D". Moreover, Ms. Kessler's determination that Defendant maintained a mailbox at this facility was prudent because the relevant persons in charge (Meghan Murphy on April 23 and Geoff Rey on May 6) said they would send the documents to Defendant.

It is important to point out here what Defendant does not deny or purposefully omits. Defendant does not deny that he received the relevant pleadings (Complaint, FAC and SAC) after Janie Kessler served his address in Livingston, after his alter egos 1701 and AUH2O were served. He merely denies that he was "personally served". Decl. of Muszynski at ¶2. Defendant states that he "no longer own, rent or uses private mailbox #10485" but does not state *when* he ceased owning and renting the mailbox. Id. at ¶8. Defendant also does not state whether he owns a *different* private mailbox number at the same center. Defendant does not deny owning or renting the private mailbox #10485 in April through May of 2021. He merely denies "*using* private mailbox #10485" in March 2019 (Id. at ¶9), an assertion contradicted by his handwritten statement that this address was still appropriate for him in his July 9, 2019 filing to the Circuit Court for Orange County. Accordingly, he is at least being untruthful in the present declaration or in his submissions to the Circuit Court for Orange County.

Therefore, Defendant was properly served through section 48.031(6)(a) of the Florida Statutes, and thus per Fed. R. Civ. P. 4(e)(1).

C. **Defendant was alternatively properly served under Florida or Texas law by serving his alter egos.**

Plaintiffs' allegation in the SAC that Defendant, 1701 and AUH2O are mere alter egos (*see* SAC at ¶¶89-93) has not been refuted by Defendant.

Courts in this circuit have held that an alter ego can be served by serving the other alter ego such as the subsidiary of a parent. *United States v. Pub. Warehousing Co. K.S.C.*, No. 1:09-CR-490-TWT, 2011 U.S. Dist. LEXIS 32658, at *13-14 (N.D. Ga. Mar. 28, 2011) ("service on a subsidiary … constitutes service on the parent where the subsidiary is the alter ego of the parent.") In *Sinaltrainal v. Coca-Cola Co*, the plaintiffs alleged that non-resident defendants were alter egos of resident defendants and effectuated service of process by serving only the resident defendants. *Sinaltrainal v. Coca-Cola Co.*, 16 Fla. L. Weekly Fed. D388 (U.S. S.D. Fla. March 28, 2003). The court denied non-resident defendants' motion to quash service of process since plaintiffs adequately pled alter ego relationship between resident defendants and non-resident defendants. "There is sufficient legal authority to support Plaintiff's theory that service of process on the resident alter ego defendant is effective service on the non-resident Defendants. *See, e.g. Leach Co. v. General Sani-Can Manufacturing Corp.*, 393 F.2d 183 (7th Cir. 1968); *Quarles v. Fuqua Industries, Inc*., 504 F.2d 1358 (10th Cir. 1974); *Lamb v. Volkswagenwerk Aktiengesellschaft*, 104 F.R.D. 95 (S.D. Fl. 1985)." *Id.* at FN 1.

Under Texas law also, service of an alter ego parent corporation equates to service of the alter ego subsidiary. *See Gentry v. Credit Plan Corp. of Houston*, 528 S.W. 2d 571, 575 (Tex. 1975); *Berry v. Lee*, 428 F. Supp. 2d 546, 556 (N.D. Tex. 2006) (finding service on the alter ego subsidiary effective on the parent).

The facts here are similar to those in *Sinaltrainal* and *Berry*. Plaintiffs have pled alter ego relationship and served Defendant's alter egos as well as him. Thus, the court should find that service has been effectuated through service of an alter-ego.

Accordingly, Defendant was properly alternative served under both Florida and Texas law by serving his alter egos.

**D. Defendant's motion should alternatively be denied because he is a fugitive.**

The fugitive disentitlement doctrine "limits access to the courts by fugitives from justice." *F.D.I.C. v. Pharaon*, 178 F.3d 1159, 1161 (11th Cir. 1999). "Although traditionally applied by the courts of appeal to dismiss the appeals of fugitives, the district courts may sanction or enter judgment against parties on the basis of their fugitive status." *Magluta v. Samples*, 162 F.3d 662, 664 (11th Cir. 1998). "A fugitive from justice has been defined as [a] person who, having committed a crime, flees from [the] jurisdiction of [the] court where [a] crime was committed or departs from his usual place of abode and conceals himself within the district." *United States v. Barnette*, 129 F.3d 1179, 1183 (11th Cir. 1997) (quoting *Empire Blue Cross and Blue Shield v. Finkelstein*, 111 F.3d 278, 281 (2d Cir. 1997) (internal quotation marks omitted)). To apply the fugitive disentitlement doctrine, the party must (1) be a fugitive; (2) its fugitive status must have some connection to the court proceeding it seeks to utilize; and (3) the sanction must effectuate the policies underlying the doctrine. *See Barnette*, 129 F.3d at 1184; *Magluta*, 162 F.3d at 664.

Defendant has an outstanding writ of bodily attachment for his arrest from the Orange County Circuit Court that has yet to be executed. *See* Decl. of Waddel, at Ex. "G". Defendant has "bragged about renouncing his citizenship to avoid paying alimony to his ex-wife and taxes". Aff. of Cox [Doc. #96-9] at ¶25. Defendant clearly states on his website LEGAL SHAME that he moved to Texas to flee what he considered an unjust alimony award against him. SAC at ¶73. Defendant has encouraged his LEGAL SHAME subscribers to use the VPN service at issue to evade valid orders of Florida Courts. *See* Aff. of Cox [Doc. #96-9] at ¶¶28-29 (Defendant "invited all his readers to watch the legal proceedings on Zoom with the benefit of his VPN

service to mask the user identity"), Ex. C (multiple article titles denigrating the Florida Courts, example

> "TWO MORE VICTIMS OF THE FLORIDA BAR'S "FAMILY" "LAW" SECTION", Some leave the jurisdiction, some kill themselves, some kill the extortionate spouse, some kill their whole family, some kill their attorney(s) <little argument there>, and some go after the judges."
>
> LISTEN TO AUDIO – HOW TO BRIBE THE JUDGE
> Excellent primer on how it really works (outside Social Security's Subtitle IV-D kickbacks))

Defendant's fugitive status is related to these proceedings.  His alter egos were set up to evade paying alimony to his ex-wife.  *See* Aff. of Cox at ¶27 (Stating that Defendant "shared…various strategies he had come up with to avoid paying alimony to his ex-wife and taxes. For example, he brought up the benefits of setting up companies in foreign jurisdictions such as he did with AUH2O LLC which he formed in Nevis.").

Because Defendant is a fugitive of Florida who ridicules the State of Florida and its Courts from afar, his motion to quash should be denied as a sanction against him unless he is willing appear in-person and comply with the Writ of Attachment (*see* Ex. "G") issued against him.

**E. Defendant's declaration is not credible.**

Defendant's declaration is contradicted by statements he made to the Orange County Circuit Court and by his own counsel.   For example, Defendant declares that he "stopped using private mailbox #10485 in March 2019", yet he handwrote the same address as the address for receiving service in the Orange County proceedings in July of 2019.  *See* Decl. of Waddell, Ex. "A".  On Oct. 10, 2019, Defendant's counsel also stated that Defendant's "last known address" was the mailbox address. Id., Ex. "B".

Defendant states that "No one authorized or appointed by myself was ever personally served with the summons or complaint."  Decl. of Muszynski at ¶13.  However, Defendant is the sole member in 1701.  See SAC at ¶¶75-76.  Accordingly, Defendant did indeed authorize or appoint the agent for 1701 (Stolberg Law, LLC) that was personally served the summons or complaint.

Defendant admits that he provided the mailbox address to the Texas government as his residential address.  See Decl. of Muszynski at ¶4.  Texas law required Defendant to give his *residence address* not a PO Box.  See Texas Administrative Code, Title 37, Part 1, Chapter 15, Subchapter B, Rule §15.25, https://texreg.sos.state.tx.us/public/readtac$ext.TacPage?sl=R&app=9&p_dir=&p_rloc=&p_tloc=&p_ploc=&pg=1&p_tac=&ti=37&pt=1&ch=15&rl=25 [last accessed on Sept. 27, 2021]("The address requirement for a driver license…is: (1) The applicant's Texas residence address must be given…")  Rather than putting "P.O. Box" before the number on the address when Defendant submitted it to Texas, he merely put "#" to mislead the Texas government into thinking he had given them an apartment number that was his residential address.  Accordingly, Defendant admits to misleading the Texas government to violate Rule §15.25.

Defendant has a public track record of flagrant disrespect of Florida Courts.  To avoid having to pay his ex-wife a share of his ownership in a company, he attempted to transfer shares in the company to a trust, an action that was found to be "unconscionable" and set aside.  See Case No. 2013-DR-18828-O, Final Judgment of Dissolution of Marriage, Circuit Court of the Ninth Circuit, Orange County, Fla. (Oct. 4, 2017), Bob Leblanc (Circuit Judge), aff'd per curiam *Muszynski v. Muszynski*, 2019 Fla. App. LEXIS 9913 (June 25, 2019).  In a concurrence of the appellate court decision, appellate court Judge Traver stated, "There is no dispute that in the

three-plus years since the trial court pronounced judgment, Former Husband [Muszynski] has failed to make a single equitable distribution payment. He has also failed to secure his payment obligations. This required Former Wife to file more motions for contempt." *See Muszynski v. Muszynski*, 2020 Fla. App. LEXIS 1857, 45 Fla. L. Weekly D 365, 2020 WL 739023 (Fla. App. 2020).   Further, as argued above, Defendant is a fugitive from Florida.

Accordingly, in view of the contradictions in Defendant's declaration, his public record of utter disrespect for Florida Courts and his fugitive status, his declaration should be deemed not credible by this Court and disregarded.

## V.   CONCLUSION

Because Defendant was properly served pursuant to Florida law, his Motion to Quash should be denied.  Alternatively, Defendant's motion should be denied because he is fugitive. Should the Court be inclined to grant Defendant's Motion, Plaintiffs respectfully request that the Court hold an in-person evidentiary hearing so that Defendant can be questioned on the details of service of process and subject to the writ of bodily attachment.

Dated:  September 29, 2021                    Respectfully submitted,

/s/ *Joel B. Rothman*
JOEL B. ROTHMAN
Florida Bar No. 98220
joel.rothman@sriplaw.com
CRAIG A. WIRTH
Florida Bar Number:  125322
craig.wirth@sriplaw.com
**SRIPLAW**
21301 Powerline Road, Suite 100
Boca Raton, FL 33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

and

                                              Kerry S. Culpepper
*Admitted pro hac vice*
**CULPEPPER IP, LLLC**
75-170 Hualalai Road, Suite B204
Kailua-Kona, HI  96740
808.464.4047 – Telephone
kculpepper@culpepperip.com
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2021, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on this day on all those identified on the Service List, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those parties who are not authorized to receive Notices of Electronic Filing.

*s/ Joel B. Rothman*
JOEL B. ROTHMAN
Florida Bar Number: 98220
joel.rothman@sriplaw.com

## SERVICE LIST

Mr. Johnathan R. Woodard
Mr. John Cyril Malloy III
Mr. Oliver Alan Ruiz
Malloy & Malloy, PL
2800 SW 3rd Ave
Miami, FL 33129-2317
info@malloylaw.com
jwoodard@malloylaw.com
jcmalloy@malloylaw.com
oruiz@malloylaw.com
Attorneys for QuadraNet, Inc. and QuadraNet Enterprises, LLC

Mr. Bobby A. Ghajar
Cooley LLP
1333 Second Street
Suite 400
Santa Monica, CA 90401
bghajar@cooley.com
Attorneys for QuadraNet, Inc. and QuadraNet Enterprises, LLC

Richard J. Mockler
MOCKLER LEINER LAW, P.A.
600 N. Willow Ave., Suite 101
Tampa, Florida 33606
Tel. (813) 331-5699
richard@mocklerlaw.com,
mocklerlaw@yahoo.com
Attorney for Charles Muszynski

Mr. Adam Losey
Losey PLLC
1420 Edgewater Drive
Orlando, FL 32804
alosey@losey.law
Attorney for VPNetworks, LLC dba TorGuard