UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:21-cv-20862-BB

MILLENNIUM FUNDING, INC., et al.,

    Plaintiffs,

v.

1701 MANAGEMENT, LLC DBA
LIQUIDVPN, et al.,

    Defendants.

## PLAINTIFFS' REPLY IN SUPORT OF THEIR MOTION FOR ENTRY OF A DEFAULT FINAL JUDGMENT

Plaintiffs MILLENNIUM FUNDING, INC., VOLTAGE HOLDINGS, LLC, AMBI DISTRIBUTION CORP., AFTER PRODUCTIONS, LLC, AFTER II MOVIE, LLC, MORGAN CREEK PRODUCTIONS, INC., MILLENNIUM FUNDING, INC., BEDEVILED LLC, MILLENNIUM MEDIA, INC., COLOSSAL MOVIE PRODUCTIONS, LLC, YAR PRODUCTIONS, INC., FSMQ FILM, LLC, FW PRODUCTIONS, LLC, MILLENNIUM IP, INC., I AM WRATH PRODUCTION, INC., KILLING LINK DISTRIBUTION, LLC, BADHOUSE STUDIOS, LLC, LF2 PRODUCTIONS, INC., LHF PRODUCTIONS, INC., VENICE PI, LLC, RAMBO V PRODUCTIONS, INC., RUPTURE CAL, INC., MON, LLC, SF FILM, LLC, SPEED KILLS PRODUCTIONS, INC., MILLENNIUM IP, INC., NIKOLA PRODUCTIONS, INC., WONDER ONE, LLC, BODYGUARD PRODUCTIONS, INC., OUTPOST PRODUCTIONS, INC., GLACIER FILMS 1, LLC, DEFINITION DELAWARE LLC, HANNIBAL CLASSICS INC., JUSTICE EVERYWHERE PRODUCTIONS LLC, STATE OF THE UNION DISTRIBUTION AND COLLECTIONS, LLC, PARADOX

STUDIOS, LLC, DALLAS BUYERS CLUB, LLC, HITMAN TWO PRODUCTIONS, INC., SCREEN MEDIA VENTURES, LLC and 42 VENTURES, LLC ("Plaintiffs"), file this reply to the opposition to Plaintiffs' Motion to for Default Judgment [Doc. #125] ("Motion") against Defendants 1701 MANAGEMENT LLC d/b/a LIQUIDVPN ("1701"), AUH2O LLC ("AUH2O"), and CHARLES MUSZYNSKI a/k/a FREDERICK DOUGLAS ("Muszynski, AUH2O and 1701 will be referred to collectively as "LiquidVPN") filed by Defendants QuadraNet, Inc. and QuadraNet Enterprises LLC ("Defendant QuadraNet"). For the reasons discussed below, Plaintiffs' motion should be granted.

I. **INTRODUCTION**

LiquidVPN has not opposed Plaintiffs' motion for default judgment. Their host provider QuadraNet has come and taken the unusual action of stepping into LiquidVPN's shoes to oppose Plaintiffs' requested default judgment and protect LiquidVPN.

Defendant QuadraNet vigorously argued in their outstanding motion to dismiss [Doc. #108] that VPN companies such as the LiquidVPN are an insignificant portion of its business. For example, QuadraNet stated at pg. 13 that:

> …these VPN services account for less than 3% of QE's revenue. Even more limited, and while somewhat difficult to calculate because the number is so small, revenue from leasing servers to LiquidVPN accounted for less than 0.00001% of QE's revenue during the relevant lease period…

QuadraNet also stated in its Reply Brief [Doc. #120] at pg. 8, FN10 that "LiquidVPN's contract was cancelled and not renewed due to non-payment…"

Some of the pretexts QuadraNet gives for this unusual action are concern about Plaintiffs' requested injunction ordering QuadraNet to cease providing service to LiquidVPN – *the very customer QuadraNet says it stopped doing business with and accounted for less than 0.00001% of its revenue* and concern for "…other VPN companies against whom Plaintiffs have filed suit in other

courts". Opp. at pg. 4. By this action, QuadraNet has revealed how much it dearly cherishes the revenue it receives from its VPN subscribers who engage in widespread piracy and blatantly promote their service for piracy to the point that it is willing to waive an argument it spent nearly 10 pages making in its motion and reply brief that it is not subject to personal jurisdiction or venue of this Court to protect them.

## II.  OBJECTIONS

Plaintiffs object to QuadraNet's filing of an opposition to the Motion for default judgment on behalf of the LiquidVPN Defendants. Plaintiffs' oppositgun is an effect a second reply to Plaintiffs' opposition to their motion to dismiss.

## III.  ARGUMENT

### A. QuadraNet has waived personal jurisdiction or improper venue by appearing and arguing against the motion for default judgment.

QuadraNet arguably waived arguments against personal jurisdiction and improper venue by simultaneously making a motion to dismiss per 12(b)(6) and requesting that this Court dismiss the Second Amended Complaint ("SAC") with prejudice unconditionally. *See Boulger v. Woods*, 306 F. Supp. 3d 985, 996 (S.D. Ohio 2018) (a Defendant that made motions to dismiss for lack of personal jurisdiction and service of process and then made a motion for judgment on the pleadings waived jurisdictional arguments because "by asking the Court to pass on the merits, [the defendant] voluntarily submitted to the jurisdiction of the Court").

But QuadraNet has gone further in its case participation and clearly waived jurisdictional arguments by stepping into the shoes of *different Defendants* to argue against Plaintiffs' Motion for Default Judgment. Although QuadraNet labels its opposition "Special Objection", it is not "special" because it is not limited to arguments concerning personal jurisdiction and venue. Rather, QuadraNet argues that the SAC should be dismissed as a shotgun pleading and even

requests further briefing and a hearing on Plaintiffs' Motion. QuadraNet's actions demonstrate that it has sought to have this Court use its power over the Parties to reach a decision on the merits, and requires the court to expend significant efforts in doing so. "[T]he voluntary use of certain [district] court procedures" serve as "constructive consent to the personal jurisdiction of the [district] court." *Ins. Corp. of Ireland, LTD v. Compagnie des Bauxite de Guinea*, 456 U.S. 694, 704 (1982). Accordingly, QuadraNet has participated in these proceedings to the extent that it has waived any arguments against personal jurisdiction and venue.

      **B.**      **Plaintiffs voluntarily withdraw their request that injunctive relief be granted against QuadraNet in view of QuadraNet's admission that it terminated service to LiquidVPN.**

QuadraNet argues that Plaintiffs' request of a permanent injunction via motion for default against a non-defaulting defendant violates its due process rights. Plaintiffs do not agree with this argument, as this Court has frequently issued permanent injunctions against non-parties such as domain registrars and internet service providers in the intellectual property context. *See Acushnet Co. v. Store*, No. 21-CIV-60214-RAR, 2021 U.S. Dist. LEXIS 141216, at *19 (S.D. Fla. Apr. 9, 2021) (enjoining non-parties Alibaba.com, AliExpress.com, and ContextLogic, Inc. to permanently remove any and all listings using counterfeits and/or infringements of the trademark); *Abs-Cbn Corp. v. Abscbnpinoy*, No. 19-cv-62693-BLOOM/Valle, 2019 U.S. Dist. LEXIS 232843, at *13-14 (S.D. Fla. Oct. 31, 2019) (ordering domain name registrars to immediately assist in changing the registrar of record for the Subject Domain Names to a holding account with a registrar of Plaintiffs' choosing).

Moreover, the language of Plaintiffs' proposed injunction [Doc. #125-5] did not include injunctive relief against QuadraNet. Nonetheless, QuadraNet has stated in a pleading under the penalty of Rule 11 that it finally terminated its account with LiquidVPN after being served with this lawsuit. Based upon this unequivocal statement, Plaintiffs voluntarily withdraw their request for injunctive relief against QuadraNet. Plaintiffs note that QuadraNet did not meet and confer with

Plaintiffs to express their concerns about the proposed injunction prior to filing their opposition to the Motion.

    **C.**    **Plaintiffs will continue to suffer irreparable harm if the motion for default judgment is not promptly granted.**

On Aug. 16, 2021, this honorable Court denied a temporary restraining order ("TRO") Plaintiffs requested against LiquidVPN to stop its flagrant infringing activity because Plaintiffs' counsel waited "…over six months [between Oct. 27, 2020 and Mar. 3, 2021] after contacting Muszynski and 1701 regarding their alleged copyright infringement and two months after initiating this action…" to file for the TRO.  See Order [Doc. #93] at pg. 18.  However, the delay was because Plaintiffs could not obtain key information about LiquidVPN such as even the existence of the foreign entity AUH2O until they received this information from David Cox via lawsuit against the previous owners of LiquidVPN initiated in the Eastern District of Michigan same day as the present action.  Further, it should be emphasized that our country was in the middle of a wave of case in the coronavirus pandemic between October 2020 and March of 2021.



Coronavirus in the U.S.: Latest Map and Case Count,

https://www.nytimes.com/interactive/2021/us/covid-cases.html [last accessed on 10/4/2021].

Nonetheless, Plaintiffs chose not to file for reconsideration of this order because the relief they seek can be obtained through a motion for default judgment due to LiquidVPN's default.

QuadraNet argues that it would be prudent to deny Plaintiffs' Motion *without prejudice* to the ability to renew that motion and that Plaintiffs would suffer no prejudice.  QuadraNet Opp. at pgs. 3 and 12.  In support of this misguided argument, QuadraNet cites *Frow v. De La Vega*, 82 U.S. 552 (1872), a Supreme Court decision from the *nineteenth century* about *joint liability* even though Plaintiffs do not allege QuadraNet is jointly liable with LiquidVPN.  QuadraNet's argument should be rejected because denying Plaintiffs' Motion without prejudice will subject Plaintiffs to continued and further irreparable harm.  LiquidVPN continues to operate in the US and the Plaintiffs' Works continue to be pirated.  *See* https://my.liquidvpn.com/ [last accessed on Oct. 4, 2021].  If the Motion is denied, LiquidVPN will continue to infringe Plaintiffs' Works and trademarks without any consequences since the TRO was denied.  Muszynski and his alter egos will be given more time to move their financial assets to a foreign country and evade any eventual money judgment as he has done so against his ex-wife.  *See* Decl. of Waddel [Doc. #129-1] at ¶10 (Muszynski deceptively moves assets from the marital estate into a foreign trust).  Indeed, Muszynski is a fugitive for failing to obey an order of the Court of this state.  *See* Decl. of Waddel, at Ex. "G" [Doc. #129-8].  Because Plaintiffs will suffer irreparable harm if the Motion is not granted, there is no just reason for delay as provided in Rule 54(b).

**IV.     CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court enter final default judgment and permanent injunction against Defendants 1701 MANAGEMENT LLC d/b/a LIQUIDVPN, AUH2O LLC, and CHARLES MUSZYNSKI a/k/a FREDERICK DOUGLAS in the form of the proposed Final Default Judgment and the permanent injunction previously filed herewith with the exception of any injunction against QuadraNet.

Dated:  October 5, 2021                             Respectfully submitted,

/**s**/ *Joel B. Rothman*
JOEL B. ROTHMAN
Florida Bar No. 98220
joel.rothman@sriplaw.com
CRAIG A. WIRTH
Florida Bar Number:  125322
craig.wirth@sriplaw.com
**SRIPLAW**
21301 Powerline Road, Suite 100
Boca Raton, FL 33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

and

Kerry S. Culpepper
*Admitted pro hac vice*
**CULPEPPER IP, LLLC**
75-170 Hualalai Road, Suite B204
Kailua-Kona, HI  96740
808.464.4047 – Telephone
kculpepper@culpepperip.com
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2021, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on this day on all those identified on the Service List, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those parties who are not authorized to receive Notices of Electronic Filing.

*s/ Joel B. Rothman*
JOEL B. ROTHMAN

## SERVICE LIST

Mr. Johnathan R. Woodard
Mr. John Cyril Malloy III
Mr. Oliver Alan Ruiz
Malloy & Malloy, PL
2800 SW 3rd Ave
Miami, FL 33129-2317
info@malloylaw.com
jwoodard@malloylaw.com
jcmalloy@malloylaw.com
oruiz@malloylaw.com
*Attorneys for QuadraNet, Inc. and QuadraNet Enterprises, LLC*

Mr. Bobby A. Ghajar
Cooley LLP
1333 Second Street
Suite 400
Santa Monica, CA 90401
bghajar@cooley.com
*Attorneys for QuadraNet, Inc. and QuadraNet Enterprises, LLC*

Richard J. Mockler
MOCKLER LEINER LAW, P.A.
600 N. Willow Ave., Suite 101
Tampa, Florida 33606
Tel. (813) 331-5699
richard@mocklerlaw.com
mocklerlaw@yahoo.com
*Attorney for Charles Muszynski*

Mr. Adam Losey
Losey PLLC
1420 Edgewater Drive
Orlando, FL 32804
alosey@losey.law
*Attorney for VPNetworks, LLC dba TorGuard*