UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.: 1:21-cv-20862-BB

MILLENNIUM FUNDING, INC., *et al*,

    Plaintiffs,

v.

1701 MANAGEMENT LLC d/b/a
LIQUIDVPN, *et al*,

    Defendants.

_____

### DEFENDANT VPNETWORKS, LLC D/B/A TORGUARD'S
### MOTION FOR PROTECTIVE ORDER AND MOTION TO QUASH

Defendant, VPNETWORKS, LLC d/b/a TORGUARD ("TorGuard"), pursuant to Fed. R. Civ. P. 26 and 45, and Local Rule 26.1, files this Motion for Protective Order and Motion to Quash (the "Motion") against Plaintiffs' Notice of Issuance of Subpoena to Digital Ocean LLC and in support thereof states as follows:

### BACKGROUND

1. On August 17, 2021, Plaintiffs filed the Second Amended Complaint ("SAC") newly adding TorGuard as a defendant in this matter and alleging causes of action for copyright infringement. [D.E. 96]. TorGuard's response to the SAC is not due until October 18, 2021.

2. On October 8, 2021, Plaintiffs served TorGuard with their Notice of Issuance of Subpoena and a copy of the subpoena to non-party Digital Ocean LLC (the "Subpoena"). **Exhibit A.** Plaintiffs' counsel confirmed that the Subpoena was served on October 11, 2021.

3. Digital Ocean LLC is a non-party provider of cloud computing services.

4. The Subpoena designates broad areas of inquiry and seeks documents far outside the scope of discovery including documents and communications which are unrelated to Plaintiffs, their copyrighted works, or their claims against TorGuard.

5. The request for "Documents indicating the IP addresses Digital Ocean assigned to TorGuard (Organization ID "1740099") between 4/1/2016 to the present" is overly broad in both

time and scope and not relevant to the subject matter of the pending action as it is not limited to IP addresses that Plaintiffs allege were used to infringe their copyrighted works.

6. Plaintiffs' counsel acknowledges that he is able to identify with particularity the IP addresses relevant to the alleged infringement thus it is unclear why further information is sought by this request, and why Plaintiffs believe that they are entitled to the discovery of over four years of IP information that is unrelated to their claims for infringement.

7. The request for "Written communications with TorGuard, "UserID: 3264819" and "UserID: 3553409" between 4/1/2016 to the present" is vague, and overly broad in both time and scope and not relevant to the subject matter of the pending action as it is not limited to Plaintiffs or their copyrighted works.

8. It is unclear if this is requesting *all* written communications with TorGuard as a separate request accompanying the requests for the communications with certain users, and subsequent correspondence with Plaintiffs' counsel indicates that Plaintiffs indeed intend this request to be a blanket request for all "[w]ritten communications with TorGuard," with the comma following intended to relay separate requests for communications with specific users.

9. Thus, Plaintiffs seek *all* communications with TorGuard from April 1, 2016 until the present, with no limitations whatsoever to narrow the ambit of these communications in any relation to the issues in play in this litigation.

10. The overly broad nature of both requests also contemplates production of documents and communications potentially containing trade secret and confidential and proprietary information including, *inter alia*, pricing information and contracts between TorGuard and Digital Ocean LLC. Nothing in the subpoena or this case has shown good cause for the public disclosure of this confidential and proprietary information.

11. Because the Subpoena seeks documents outside the scope of discovery, TorGuard respectfully requests that the Court enter an order quashing the Subpoena. In the alternative, TorGuard respectfully requests that the Court enter a protective order limiting the Subpoena and concomitant document production and non-party subpoenas to matters and documents that are within the scope of permissible discovery, namely documents and communications with TorGuard regarding Plaintiffs and their copyrighted works in the last three (3) years and excluding confidential and proprietary information, such as the commercial terms associated with TorGuard's contracts with Digital Ocean LLC.

## MEMORANDUM OF LAW

In the Eleventh Circuit, a party has standing to seek a protective order regarding a non-party subpoena if the subpoena seeks irrelevant information. *See e.g., CJS Inv'rs, LLC v. Berke*, 2018 U.S. Dist. LEXIS 222945, at *4-5 (M.D. Fla. Dec. 21, 2018); *Montes v. M&M Mgmt. Co.*, 2015 U.S. Dist. LEXIS 87571, at *8-9 (S.D. Fla. July 1, 2015). In addition, Federal Rule of Civil Procedure 26(c)(1) permits courts to issue orders to protect a "party or person from annoyance, embarrassment, oppression, or undue burden or expense." *See also TLO, LLC v. Pruco Life Ins. Co.*, 2014 U.S. Dist. LEXIS 193680, at *3 (S.D. Fla Jan. 14, 2014) ("The subpoena power of Rule 45 is thus subject to the general relevancy standard applicable to all discovery under Rule 26(b)(1), as well as the standards for issuing a protective order when necessary to protect a party from 'annoyance, embarrassment, and oppression.'"). Pursuant to Rule 26(b)(1), the permissible scope of discovery is as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is **relevant to any party's claim or defense and proportional to the needs of the case**, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

(emphasis added). "[W]hen relevancy is not apparent, the burden is on the party *seeking* discovery to show the relevancy of the discovery request." *Moss v. GEICO Indem. Co.,* 2012 U.S. Dist. LEXIS 27611, *11 (M.D. Fla. Mar. 2, 2012) (quotation omitted) (emphasis in original); *Suncast v. Techs., L.L.C. v. Patrician Prods., Inc.*, 2008 U.S. Dist. LEXIS 5072, at *17 (S.D. Fla. Jan. 17, 2008) ("because the relevancy of the discovery request was not readily apparent, the party seeking the discovery (i.e., Plaintiffs) had the burden to show the relevancy of the request.") (citations omitted).

A party also has standing under Federal Rule of Civil Procedure 45 to "move to quash a subpoena issued to a non-party where the party alleges a personal right or privilege with respect to the subpoena." *See e.g., Bond v. Ripa Assocs.*, LLC, 2009 U.S. Dist. LEXIS 137309, at *4-5 (M.D. Fla. July 8, 2009) (citations omitted). Rule 45(d)(3) provides, in part, that courts may quash or modify a subpoena that requires the disclosure of "a trade secret or other confidential research, development, or commercial information," and must quash or modify a subpoena that

3

"requires disclosure of privileged or other protected matter."

TorGuard thus has standing to challenge the Subpoena both because it seeks irrelevant information and because TorGuard has a personal right and privilege in its communications and contracts with its service providers, including Digital Ocean LLC, as well as any documents TorGuard provides to such providers in order to receive the services. Given the overly broad nature of the requests it is not apparent what, if any, relevance the documents and communications with Digital Ocean have to the instant matter as they are not connected or associated in any way to Plaintiffs or their copyrighted works. Moreover, the requested documents and communications conceivably include confidential and proprietary information that is of value to TorGuard but of no relevance to these proceedings. Given the foregoing, TorGuard's interests in seeking a protective order outweigh Plaintiffs' interest in the Subpoena, and, thus, there is good cause to quash the Subpoena.

WHEREFORE, TorGuard respectfully requests that this Court quash the Subpoena. In the alternative, TorGuard respectfully requests that the Court enter a protective order limiting the Subpoena and concomitant document production to matters and documents that are within the scope of permissible discovery, namely documents and communications with TorGuard regarding Plaintiffs and their copyrighted works in the last three (3) years and excluding confidential and proprietary information, including the terms of TorGuard's contracts with Digital Ocean LLC.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for TorGuard has conferred with counsel for Plaintiffs in a good faith effort to resolve the issues but has been unable to resolve the issues.

By: /s/ *Adam Losey*
Adam C. Losey, Esq.
Florida Bar No. 69658
Linnea M. Eberhart, Esq.
Florida Bar No. 119510
LOSEY PLLC
1420 Edgewater Dr.
Orlando, FL 32804
(407) 906-1605
alosey@losey.law; leberhart@losey.law; docketing@losey.law
*Counsel for Defendant VPNETWORKS,*

*LLC d/b/a TORGUARD*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 12, 2021 a true and correct copy of the foregoing was electronically filed and served using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

By: */s/ Adam Losey*
Adam C. Losey, Esq.
Florida Bar No. 69658
Linnea M. Eberhart, Esq.
Florida Bar No. 119510
LOSEY PLLC
1420 Edgewater Dr.
Orlando, FL 32804
(407) 906-1605
alosey@losey.law; leberhart@losey.law;
docketing@losey.law
*Counsel for Defendant VPNETWORKS, LLC d/b/a TORGUARD*