**Exhibit "A"**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO.: 1:21-cv-20862-BB**

MILLENNIUM FUNDING, INC., VOLTAGE HOLDINGS, LLC, AMBI DISTRIBUTION CORP., AFTER PRODUCTIONS, LLC, AFTER II MOVIE, LLC, MORGAN CREEK PRODUCTIONS, INC., MILLENNIUM FUNDING, INC., BEDEVILED LLC, MILLENNIUM MEDIA, INC., COLOSSAL MOVIE PRODUCTIONS, LLC, YAR PRODUCTIONS, INC., FSMQ FILM, LLC, FW PRODUCTIONS, LLC, MILLENNIUM IP, INC., I AM WRATH PRODUCTION, INC., KILLING LINK DISTRIBUTION, LLC, BADHOUSE STUDIOS, LLC, LF2 PRODUCTIONS, INC., LHF PRODUCTIONS, INC., VENICE PI, LLC, RAMBO V PRODUCTIONS, INC., RUPTURE CAL, INC., MON, LLC, SF FILM, LLC, SPEED KILLS PRODUCTIONS, INC., MILLENNIUM IP, INC., NIKOLA PRODUCTIONS, INC., WONDER ONE, LLC, BODYGUARD PRODUCTIONS, INC., OUTPOST PRODUCTIONS, INC., GLACIER FILMS 1, LLC, DEFINITION DELAWARE LLC, HANNIBAL CLASSICS INC., JUSTICE EVERYWHERE PRODUCTIONS LLC, STATE OF THE UNION DISTRIBUTION AND COLLECTIONS, LLC, PARADOX STUDIOS, LLC, DALLAS BUYERS CLUB, LLC, HITMAN TWO PRODUCTIONS, INC., SCREEN MEDIA VENTURES, LLC, and 42 VENTURES, LLC

        Plaintiffs,

v.

1701 MANAGEMENT LLC d/b/a LIQUIDVPN, AUH2O LLC, QUADRANET INC., QUADRANET ENTERPRISES LLC,

CHARLES MUSZYNSKI a/k/a FREDERICK DOUGLAS, VPNETWORKS, LLC d/b/a TorGuard, and DOES 1-100,

    Defendants.

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANTS

Plaintiffs MILLENNIUM FUNDING, INC., VOLTAGE HOLDINGS, LLC, AMBI DISTRIBUTION CORP., AFTER II MOVIE, LLC, MORGAN CREEK PRODUCTIONS, INC., MILLENNIUM FUNDING, INC., BEDEVILED LLC, MILLENNIUM MEDIA, INC., COLOSSAL MOVIE PRODUCTIONS, LLC, YAR PRODUCTIONS, INC., FSMQ FILM, LLC, FW PRODUCTIONS, LLC, MILLENNIUM IP, INC., I AM WRATH PRODUCTION, INC., KILLING LINK DISTRIBUTION, LLC, BADHOUSE STUDIOS, LLC, LF2 PRODUCTIONS, INC., LHF PRODUCTIONS, INC., VENICE PI, LLC, RAMBO V PRODUCTIONS, INC., RUPTURE CAL, INC., MON, LLC, SPEED KILLS PRODUCTIONS, INC., MILLENNIUM IP, INC., NIKOLA PRODUCTIONS, INC., WONDER ONE, LLC, BODYGUARD PRODUCTIONS, INC., OUTPOST PRODUCTIONS, INC., GLACIER FILMS 1, LLC, DEFINITION DELAWARE LLC, HANNIBAL CLASSICS INC., JUSTICE EVERYWHERE PRODUCTIONS LLC, PARADOX STUDIOS, LLC, DALLAS BUYERS CLUB, LLC, HITMAN TWO PRODUCTIONS, INC., and SCREEN MEDIA VENTURES, LLC, by and through their undersigned counsel, and pursuant to Rule 34 of the Federal Rules of Civil Procedure, request that Defendants QuadraNet, Inc. and QuadraNet Enterprises, LLC file a written response and produce for inspection and copying all of the Documents requested below, which are in its possession, custody, or control, within thirty (30) days after service of this request. The requested production shall be sent via email to kculpepper@culpepperip.com or at

the office of Culpepper IP, LLLC 75-170 Hualalai Road, Suite B204, Kailua-Kona, Hawai'i 96740.

Failure to produce the documents or items requested may also be grounds for a motion to compel production of documents, and/or sanctions, pursuant to the provisions of FRCP Rule 37.

The attached Instructions and Definitions apply to the document request. These requests are continuing to the full extent provided by FRCP Rules 26 and 34.


Dated: September 24, 2021

/s/ Kerry S. Culpepper
KERRY S. CULPEPPER
Pro Hac Vice
kculpepper@culpepperip.com

**CULPEPPER IP, PLLC**
75-170 Hualalai Road
Suite B204
Kailua Kona, HI 96740
808.462.4047 – Telephone

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on September 24, 2021, a true and correct copy of the foregoing document was served by electronic mail by the Court's CM/ECF System to all parties listed below on the Service List.

*/s/ Kerry S. Culpepper*
Kerry S. Culpepper

## SERVICE LIST

| | |
|---|---|
| Mr. Johnathan R. Woodard<br>Mr. John Cyril Malloy III<br>Mr. Oliver Alan Ruiz<br>Mr. W. John Eagan<br>Malloy & Malloy, PL<br>2800 SW 3rd Ave<br>Miami, FL 33129-2317<br>info@malloylaw.com<br>jwoodard@malloylaw.com<br>jcmalloy@malloylaw.com<br>oruiz@malloylaw.com<br>jeagan@malloylaw.com<br>Attorneys for Defendants QuadraNet, Inc. and QuadraNet Enterprises, LLC | Mr. Bobby A. Ghajar<br>Cooley LLP<br>1333 Second Street<br>Suite 400<br>Santa Monica, CA 90401<br>bghajar@cooley.com<br>Attorney for QuadraNet, Inc. and QuadraNet Enterprises, LLC |

## DEFINITIONS AND INSTRUCTIONS

  A. The definitions, rules of construction and other requirements related to discovery requests set forth in Federal Rule of Civil Procedure 34 are fully incorporated as if fully set forth herein.

  B. "Plaintiff" means the Plaintiffs MILLENNIUM FUNDING, INC., VOLTAGE HOLDINGS, LLC, AMBI DISTRIBUTION CORP., AFTER II MOVIE, LLC, MORGAN CREEK PRODUCTIONS, INC., MILLENNIUM FUNDING, INC., BEDEVILED LLC, MILLENNIUM MEDIA, INC., COLOSSAL MOVIE PRODUCTIONS, LLC, YAR PRODUCTIONS, INC., FSMQ FILM, LLC, FW PRODUCTIONS, LLC, MILLENNIUM IP, INC., I AM WRATH PRODUCTION, INC., KILLING LINK DISTRIBUTION, LLC, BADHOUSE STUDIOS, LLC, LF2 PRODUCTIONS, INC., LHF PRODUCTIONS, INC., VENICE PI, LLC, RAMBO V PRODUCTIONS, INC., RUPTURE CAL, INC., MON, LLC, SPEED KILLS PRODUCTIONS, INC., MILLENNIUM IP, INC., NIKOLA PRODUCTIONS, INC., WONDER ONE, LLC, BODYGUARD PRODUCTIONS, INC., OUTPOST PRODUCTIONS, INC., GLACIER FILMS 1, LLC, DEFINITION DELAWARE LLC, HANNIBAL CLASSICS INC., JUSTICE EVERYWHERE PRODUCTIONS LLC, PARADOX STUDIOS, LLC, DALLAS BUYERS CLUB, LLC, HITMAN TWO PRODUCTIONS, INC., and SCREEN MEDIA VENTURES, LLC.

  C. "Defendant" means DEFENDANTS QUADRANET, INC. and QUADRANET ENTERPRISES, LLC and all of their subsidiaries, affiliates, directors, employees, representatives and agents.

  D. The term "Works" means the copyrighted motion pictures or registered trademark as alleged in the Second Amended Complaint ("SAC") [Doc. #96].

  E. "Identifying information" shall mean an individual's full name and current address.

  F. The term "Notice" refers to the notices styled per the Digital Millennium Copyright Act which Plaintiff or Plaintiff's agent sent to Defendant as alleged in the SAC and shown as Exhibit "4" to the SAC [Doc.# 96-4].

  G. The terms "you" and "your" shall mean DEFENDANTS QUADRANET, INC. and QUADRANET ENTERPRISES, LLC.

  H. The terms "document" and "electronically stored information" (abbreviated as "ESI") shall have the meanings given in the Federal Rules of Civil Procedure.

  I. The use of the singular form of any word includes the plural and vice versa.

  J. The word "document" shall include any writing, recording, electronically stored information or photograph in your actual or constructive possession, custody, care or control, which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or as to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including, but not limited to: internal communications,

correspondence, memoranda, notes, messages, diaries, minutes, books, reports, charts, ledgers, invoices, computer printouts, microfilms, video tapes or tape recordings.

K. Documents include email and attachments. You may produce email and attachments in printed form, but you should preserve the electronically stored file, and produce said files if requested. When producing ESI, please produce the files on a DVD or other storage device and identify the software required to open the files.

L. The term "Agent" shall mean: any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on behalf of another.

M. The term "Person" shall mean any individual, corporation, proprietorship, partnership, trust, association or any other entity.

N. The words "pertain," "refer," "concern," or "relate to" mean: pertain to, relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts.

O. The words "and/or" shall be understood to be inclusive of all terms referenced thereto, such that any request using "and/or" may refer to any one of the terms or any combination of the terms, whether in a single document or multiple.

P. In responding to this request for the production of documents, you are under an obligation to make a diligent search of all files that you reasonably believe may contain responsive documents. You are required to produce all documents in your possession, custody or control, regardless of location. Documents in your possession, custody or control include documents held by: you, your employees, assistants, agents, representatives, attorneys, and advisors; any business entity of which you were or are a principle, along with its officers, directors, employees, agents, representatives, attorneys, and advisors' and any other person whose actions you may direct with respect to this request for production.

Q. If you withhold any document covered by this document request based upon a claim of privilege, a list is to be furnished identifying each such document together with information called for in Federal Rule of Civil Procedure 26(b)(5).

R. If any objection is made to a document request or sub-part thereof, state all of the grounds upon which the objection is based. If any document request is objected to on the grounds of overbreadth, respond to the request as narrowed to conform with your objections.

S. These requests are continuing so as to require supplemental responses in accordance with Rule 26(e).

## **REQUESTS FOR INSPECTION AND PRODUCTION**

1. Documents containing identifying information for each of the subscribers assigned the Internet Protocol ("IP") addresses at the time when a Notice was sent to Defendant regarding the infringing IP address, as listed in attached Exhibit "1". If a group of IP addresses ("subnet") was assigned to the same subscriber, you can provide the identifying information for that same subscriber.

2. Documents containing payment records for each of the subscribers assigned the IP addresses at the time when a Notice was sent to Defendant regarding the infringing IP address, as listed in attached Exhibit "1" between May 1, 2018 to the present.

3. Documents containing identifying information for each of the subscribers assigned the IP addresses at the Hit Dates as listed in attached Exhibit "2".

4. Documents containing payment records for each of the subscribers assigned the IP addresses at the Hit Dates as listed in attached Exhibit "2" between May 1, 2018 to the present.