**Exhibit "D"**

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**
CASE NO.: 21-cv-20862-BLOOM/Otazo-Reyes

MILLENNIUM FUNDING, INC. *et. al*,

    Plaintiffs,

v.

1701 MANAGEMENT LLC d/b/a LIQUIDPVN, *et. al*,

    Defendants.
_____/

**QUADRANET, INC.'S AND QUADRANET ENTERPRISES, LLC'S OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**

    Defendants, Quadranet, Inc. and Quadranet Enterprises, LLC ("Defendants" or "Quadranet"), by and through its undersigned counsel, and pursuant to Fed. R. Civ. P. 34, hereby serves its responses and objections to Plaintiffs' First Set of Requests for Production as follows:

**PRELIMINARY STATEMENT**

1.    Defendants object to participating in discovery while their jurisdictional challenge is pending. The objections and any responses served hereunder are not to be construed as a waiver of Defendants' objection to personal jurisdiction and venue. Notwithstanding, Defendants will meet and confer with Plaintiffs regarding the scope of any request in an attempt to avoid expending unnecessary time and resources with discovery motion practice for so long as such participation is not taken to be a waiver of any objection to personal jurisdiction or venue.

2.    Defendants state that where a request includes words that may be legally significant, Defendants do not, by responding, necessarily agree with the implication of the request.

3.    Defendants object to Plaintiffs' requests to the extent that Plaintiff seeks to: (a) require Defendants to provide any documents or access for inspection beyond what is available to Defendants at present from a reasonable search of their files and reasonable inquiry of their present employees; and/or (b) impose on Defendants any other obligation not imposed by the Federal Rules of Civil Procedure or the Local Civil Rules of the Southern District of Florida.

4.    To the extent any of Plaintiffs' requests are subject to the attorney-client privilege, the work-product immunity, the attorney work product doctrine, the common interest privilege, the joint defense privilege, or any other privilege recognized by law, it is hereby objected to on that basis. Defendants do not waive a claim of privilege, including attorney-client privilege, work-product immunity, attorney work product doctrine, common interest, or joint defense privilege, by failing to serve a privilege log with such an objection. To the extent that a privilege log is requested, the Defendants are available to meet and confer on the scope and necessity of same.

5.  Some of the Plaintiffs' requests for production are vague, ambiguous, or capable of multiple meanings or interpretations. Defendants will attempt to interpret each request as best they can and will respond in accordance with such interpretation. Defendants reserve all objections to the extent that the Plaintiffs maintain such request(s) should be interpreted in a manner inconsistent with Defendants' interpretation, and reserve the right to supplement, amend, or modify its Responses.

6.  To the extent that Defendants respond to any request, nothing in the Response should be construed as waiving rights or objections which otherwise might be available to Defendants, including to any additional, supplemental or further requests or parts thereof, nor should Defendants' response to any of the request be deemed an admission of relevancy, materiality or admissibility in evidence of the request or the Response thereto, *e.g.*, as coming within an exception to the hearsay rule, Fed. R. Evid. 802.

7.  Defendants' investigation of this matter is ongoing. Defendants' Responses are based upon information presently available to Defendants after reasonable inquiry. Defendants reserve the right to amend or supplement the Responses as additional information becomes available, or if they become aware of additional information.

8.  Where Defendants have agreed to produce documents, they will do so on a rolling basis.

## DOCUMENTS REQUESTED

**REQUEST NO. 1:** Documents containing identifying information for each of the subscribers assigned the Internet Protocol ("IP") addresses at the time when a Notice was sent to Defendant regarding the infringing IP address, as listed in attached Exhibit "1". If a group of IP addresses ("subnet") was assigned to the same subscriber, you can provide the identifying information for that same subscriber.

**SPECIFIC OBJECTION NO. 1: The Subject Request is objectionable because it seeks merits-based discovery prior to the Court's adjudication of the Defendants' pending and potentially *case dispositive* Motion to Dismiss Under Fed. R. Civ. P. 12.**

Defendants' pending case-dispositive motion to dismiss challenges the Court's jurisdiction over the Defendants, the sufficiency of the Plaintiffs' Second Amended Complaint under a Rule 12(b)(6) basis, as well as the fact that the Second Amended Complaint is an impermissible shotgun pleading. "Plaintiff's attempt to reverse the logical sequence in litigation — claim first, discovery later — is unavailing." *Belik v. Carlson Travel Grp., Inc.*, 864 F. Supp. 2d 1302, 1314 (S.D. Fla. 2011).

Defendants therefore object to this request because merits-based discovery is inappropriate prior to this Court's adjudication on the Defendants' pending Motion to Dismiss, which may dispose of the entire action. "Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997). "Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion." *Id.*; *see also Kaylor v. Fields,* 661 F.2d 1177, 1184 (8th Cir.1981) ("***Discovery should follow the filing of a well-pleaded complaint. It is not a device to enable a plaintiff to make a case when his complaint has failed to state a claim."***). "[C]ourts have held good cause to stay discovery exists wherein 'resolution of a preliminary motion may dispose of the *entire action*.'" *Ctr. for Individual Rights v. Chevaldina*, No. 16-20905-Civ-KING/TORRES, 2018 U.S. Dist. LEXIS 89847, at *52 (S.D. Fla. 2018) (emphasis in original) (internal citations omitted); *see also Patterson v. United States Postal Serv.*, 901 F.2d 927, 930 (11th Cir. 1990) (holding district court did not abuse its discretion by staying discovery where pending dispositive motions gave court enough information to ascertain further discovery not likely to produce a genuine issue of material fact).

**SPECIFIC OBJECTION NO. 2: The Subject Request is overly broad and unduly burdensome in that (1) the Exhibits referenced in Plaintiffs' Requests for Production contain over 245,000 individual entries combined, and (2) it calls for production of records pertaining to prior clients. Therefore, the Subject Request is not proportional to the needs of the case.**

Defendants object to this request to the extent that it requires Defendants to scour more than 245,000 individual entries in Plaintiffs' Exhibits in order to cull the information necessary to respond.

3

Defendants further object to this request to the extent that only current clients are included in its systems and prior clients require manual research. Moreover, the temporal scope extending back more than three years also makes the request unduly burdensome because of the manual research required to collect documents of this age. The cost to Defendants would be prohibitive and the benefit to Plaintiffs minimal as evidenced by the fact that they have already been able to identify the VPN providers named in this suit, and further, have sought discovery of various third parties via numerous subpoenas. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii) (requiring the Court to limit discovery if "the burden and expense of the proposed discovery outweighs its likely benefit"); *Slate v. ABC*, 802 F. Supp. 2d 22, 2011 U.S. Dist. LEXIS 87569 (D.D.C. 2011)(concluding that burden and expense of wading through over 100,000 files outweighed any benefit); *Great Am. Ins. Co. v. Veteran's Support Org.*, No. 15-80020-CIV, 2015 U.S. Dist. LEXIS 177578, at *22 (S.D. Fla. Aug. 24, 2015)(finding that a discovery request which forces a Defendant to undertake an "impossible" search and review of documents is unduly burdensome); and *Small v. Amgen, Inc.*, No. 2:12-cv-476-FTM-29MRM, 2016 U.S. Dist. LEXIS 195093, at *42 (M.D. Fla. Sep. 28, 2016)(finding that a discovery request which forces a defendant to manually review "hundreds of thousands" of documents is unduly burdensome.)

**SPECIFIC OBJECTION NO. 3: The Subject Request is Irrelevant because it includes works that do not stand accused of infringement according to the Second Amended Complaint, such as "Mr. Church," "Cell," "The Headhunter's Calling," "American Heist," and "Eliminators," and for this reason and others, the Subject Request is not proportional to the needs of the case.**

Defendants object to this request because it is not relevant to the claims or defenses as framed by the pleadings in this proceeding due to the inclusion of works that do not stand accused of infringement. The request is not proportional to the needs of this case, and the request is otherwise unduly burdensome and overbroad. The Federal Rules of Civil Procedure, as recently amended, no longer contemplate a sweeping rule of relevancy that is reasonably calculated to lead to the discovery of admissible evidence. Rather, discovery must be "relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Coleman v. Lennar Corp.*, No. 18-mc-20182-WILLIAMS/TORRES, 2018 U.S. Dist. LEXIS 214354, at *5-6 (S.D. Fla. 2018). Under the amended rules, "the court and parties have obligations to analyze whether the discovery sought is relevant to a party's claims or defenses and proportional to the needs of the case." *Cole's Wexford Hotel, Inc. v. Highmark Inc.*, 209 F. Supp. 3d 810, 822 (W.D. Pa. 2016) (rejecting the special master's report that "[d]iscovery requests may be deemed relevant if there is any possibility that the information may be relevant to the general subject matter of the action."). Indeed, "[n]o longer is it good enough to hope that the information sought might lead to the discovery of admissible evidence. In fact, the old language to that effect is gone. Instead, a party seeking discovery of relevant, non-privileged information must show, before anything else, that the discovery sought is proportional to the needs of the case." *Gilead Scis., Inc. v. Merck & Co*, No. 5:13-cv-04057-BLF, 2016 U.S. Dist. LEXIS 5616, at *4 (N.D. Cal. Jan. 13, 2016). Defendant should not be forced "in the position of having to produce discovery on all sorts of [issues] that bear no indication of any nexus to the disputes in [the]

4

case. This is untenable. It would be like requiring GM to produce discovery on Buicks and Chevys in a patent case about Cadillacs simply because all three happen to be cars." *Gilead Scis., Inc. v. Merck & Co*, No. 5:13-cv-04057-BLF, 2016 U.S. Dist. LEXIS 5616, at *7 (N.D. Cal. Jan. 13, 2016); *see also Graham & Co., LLC v. Liberty Mutual Fire Ins. Co.*, No. 2:14—cv—2148—JHH, 2016 WL 1319697, at *3 (N.D. Ala. April 5, 2016)) ("Any application of the proportionality factors must start with the actual claims and defenses in the case, and a consideration of how and to what degree the requested discovery bears on those claims and defenses."). The scope of discovery "is not without limits,"[1] and "it is not so liberal as to allow a party to roam in the shadow zones of relevancy and to explore a matter which does not presently appear germane on the theory that it might conceivably become so.'" *Fiore v. Goodyear Tire & Rubber Co.*, No. 2:09-cv-843-FtM-29SPC, 2011 WL 4905634, at *1 (M.D. Fla. Oct. 14, 2011) (citations omitted); *Pepperwood of Naples Condo. Ass'n.*, No. 2:10-cv-753-FtM-36SPC, 2011 WL 4382104, at *1 (M.D. Fla. Sept. 20, 2011) (same); *Miljkovic v. Wallenius Logistics Americas, LLC*, No. 3:12-cv-786-J-12MCR, 2013 WL 1787810, at *3 (M.D. Fla. Apr. 26, 2013) (same); *Martos v. Lee Memorial Health Sys.*, No. 2:10-cv-246-FtM-29SPC, 2011 WL 322447 (M.D. Fla. Jan 31, 2011) (same).

**SPECIFIC OBJECTION NO. 4: Defendants object to the Subject Request to the extent that the definition of "Notice" calls for a legal conclusion.**

Defendants object to the Request to the extent that the definition of the term "Notice" implies that such "Notices" were in conformity with the Digital Millennium Copyright Act or were actually received by Defendants. See *Disability Rights Council of Greater Washington v. Washington Metro. Area Transit Auth.*, 234 F.R.D. 1, 3 (D.D.C. 2006) ("In 1970, Rule 36 was amended to allow for requests applying law to fact. It is still true, however, that one party cannot demand that the other party admit the truth of a legal conclusion. . . ."); *Hanley v. Como Inn, Inc.*, No. 99 C 1486, 2003 U.S. Dist. LEXIS 7130, 2003 WL 1989607, at *3 (N.D. Ill. Apr. 28, 2003) ("A party cannot be asked to admit a legal conclusion.").

Defendants also object to the extent the Subject Request presumes that IP addresses were "infringing," when no such determination has been made by any Court.

**SPECIFIC OBJECTION NO. 5: Defendants object to the Subject Request to the extent that it calls for production of confidential information.**

Defendants object to producing any confidential information because no stipulated protective order has been entered in this case. Any confidential, non-privileged, and unobjectionable responsive documents will be produced pursuant to a stipulated protective order to be agreed upon by the parties and entered by the Court. *See, e.g., Black v. Kerzner Int'l Resorts, Inc.*, No. 12-60301-CIV, 2012 U.S. Dist. LEXIS 191665, at *39 (S.D. Fla. July 20, 2012)(ordering the receiving party to maintain the confidential nature of documents in the absence of a stipulated protective order).

---

[1] *Coleman v. Lennar Corp.*, No. 18-mc-20182-WILLIAMS/TORRES, 2018 U.S. Dist. LEXIS 214354, at *6 (S.D. Fla. 2018).

**REQUEST NO. 2:**   Documents containing payment records for each of the subscribers assigned the IP addresses at the time when a Notice was sent to Defendant regarding the infringing IP address, as listed in attached Exhibit "1" between May 1, 2018 to the present.

**SPECIFIC OBJECTION NO. 1: The Subject Request is objectionable because it seeks merits-based discovery prior to the Court's adjudication of the Defendants' pending and potentially *case dispositive* Motion to Dismiss Under Fed. R. Civ. P. 12.**

Defendants' pending case-dispositive motion to dismiss challenges the Court's jurisdiction over the Defendants, the sufficiency of the Plaintiffs' Second Amended Complaint under a Rule 12(b)(6) basis, as well as the fact that the Second Amended Complaint is an impermissible shotgun pleading. "Plaintiff's attempt to reverse the logical sequence in litigation — claim first, discovery later — is unavailing." *Belik v. Carlson Travel Grp., Inc.*, 864 F. Supp. 2d 1302, 1314 (S.D. Fla. 2011).

Defendants therefore object to this request because merits-based discovery is inappropriate prior to this Court's adjudication on the Defendants' pending Motion to Dismiss, which may dispose of the <u>entire</u> action. "Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997). "Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion." *Id.*; *see also Kaylor v. Fields,* 661 F.2d 1177, 1184 (8th Cir.1981) ("***Discovery should follow the filing of a well-pleaded complaint. It is not a device to enable a plaintiff to make a case when his complaint has failed to state a claim."***). "[C]ourts have held good cause to stay discovery exists wherein 'resolution of a preliminary motion may dispose of the *entire action*.'" *Ctr. for Individual Rights v. Chevaldina*, No. 16-20905-Civ-KING/TORRES, 2018 U.S. Dist. LEXIS 89847, at *52 (S.D. Fla. 2018) (emphasis in original) (internal citations omitted); *see also Patterson v. United States Postal Serv.*, 901 F.2d 927, 930 (11th Cir. 1990) (holding district court did not abuse its discretion by staying discovery where pending dispositive motions gave court enough information to ascertain further discovery not likely to produce a genuine issue of material fact).

**SPECIFIC OBJECTION NO. 2: The Subject Request is overly broad and unduly burdensome in that (1) the Exhibits referenced in Plaintiffs' Requests for Production contain over 245,000 individual entries combined; and (2) the Subject Request calls for production of payment and other records pertaining to prior clients. Therefore, the subject request is not proportional to the needs of the case.**

Defendants object to this request to the extent that it requires Defendants to scour more than 245,000 individual entries in Plaintiffs' Exhibits in order to cull the information necessary to respond. Defendants further object to this request to the extent that only current clients are included in its systems and prior clients require manual research. The burden of producing payment and other records for clients that are no longer current is equally burdensome. Moreover, the temporal scope

extending back more than three years also makes the request unduly burdensome because of the manual research required to collect documents of this age. The cost to Defendants would be prohibitive and the benefit to Plaintiffs minimal as evidenced by the fact that they have already been able to identify the VPN providers named in this suit, and further, have sought discovery of various third parties via numerous subpoenas. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii) (requiring the Court to limit discovery if "the burden and expense of the proposed discovery outweighs its likely benefit"); *Slate v. ABC*, 802 F. Supp. 2d 22, 2011 U.S. Dist. LEXIS 87569 (D.D.C. 2011)(concluding that burden and expense of wading through over 100,000 files outweighed any benefit); *Great Am. Ins. Co. v. Veteran's Support Org.*, No. 15-80020-CIV, 2015 U.S. Dist. LEXIS 177578, at \*22 (S.D. Fla. Aug. 24, 2015)(finding that a discovery request which forces a Defendant to undertake an "impossible" search and review of documents is unduly burdensome); and *Small v. Amgen, Inc.*, No. 2:12-cv-476-FTM-29MRM, 2016 U.S. Dist. LEXIS 195093, at \*42 (M.D. Fla. Sep. 28, 2016)(finding that a discovery request which forces a defendant to manually review "hundreds of thousands" of documents is unduly burdensome.)

**SPECIFIC OBJECTION NO. 3: The Subject Request is Irrelevant because it (1) includes works that do not stand accused of infringement according to the Second Amended Complaint, such as "Mr. Church," "Cell," "The Headhunter's Calling," "American Heist," and "Eliminators," and (2) calls for production of payment records. Therefore, for this reason and others the Subject Request is not proportional to the needs of the case.**

Defendants object to this request because it is not relevant to the claims or defenses as framed by the pleadings in this proceeding due to the inclusion of works that do not stand accused of infringement as well as the production of payment records, which cannot possibly provide Plaintiffs with information relevant to its claims. The request is not proportional to the needs of this case, and the request is otherwise unduly burdensome and overbroad. The Federal Rules of Civil Procedure, as recently amended, no longer contemplate a sweeping rule of relevancy that is reasonably calculated to lead to the discovery of admissible evidence. Rather, discovery must be "relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Coleman v. Lennar Corp.*, No. 18-mc-20182-WILLIAMS/TORRES, 2018 U.S. Dist. LEXIS 214354, at \*5-6 (S.D. Fla. 2018). Under the amended rules, "the court and parties have obligations to analyze whether the discovery sought is relevant to a party's claims or defenses and proportional to the needs of the case." *Cole's Wexford Hotel, Inc. v. Highmark Inc.*, 209 F. Supp. 3d 810, 822 (W.D. Pa. 2016) (rejecting the special master's report that "[d]iscovery requests may be deemed relevant if there is any possibility that the information may be relevant to the general subject matter of the action."). Indeed, "[n]o longer is it good enough to hope that the information sought might lead to the discovery of admissible evidence. In fact, the old language to that effect is gone. Instead, a party seeking discovery of relevant, non-privileged information must show, before anything else, that the discovery sought is proportional to the needs of the case." *Gilead Scis., Inc. v. Merck & Co*, No. 5:13-cv-04057-BLF, 2016 U.S. Dist. LEXIS 5616, at \*4 (N.D. Cal. Jan. 13, 2016). Defendant should not be forced

"in the position of having to produce discovery on all sorts of [issues] that bear no indication of any nexus to the disputes in [the] case. This is untenable. It would be like requiring GM to produce discovery on Buicks and Chevys in a patent case about Cadillacs simply because all three happen to be cars." *Gilead Scis., Inc. v. Merck & Co*, No. 5:13-cv-04057-BLF, 2016 U.S. Dist. LEXIS 5616, at *7 (N.D. Cal. Jan. 13, 2016); *see also Graham & Co., LLC v. Liberty Mutual Fire Ins. Co.*, No. 2:14—cv—2148—JHH, 2016 WL 1319697, at *3 (N.D. Ala. April 5, 2016)) ("Any application of the proportionality factors must start with the actual claims and defenses in the case, and a consideration of how and to what degree the requested discovery bears on those claims and defenses."). The scope of discovery "is not without limits,"[1] and "it is not so liberal as to allow a party to roam in the shadow zones of relevancy and to explore a matter which does not presently appear germane on the theory that it might conceivably become so.'" *Fiore v. Goodyear Tire & Rubber Co.*, No. 2:09-cv-843-FtM-29SPC, 2011 WL 4905634, at *1 (M.D. Fla. Oct. 14, 2011) (citations omitted); *Pepperwood of Naples Condo. Ass'n.*, No. 2:10-cv-753-FtM-36SPC, 2011 WL 4382104, at *1 (M.D. Fla. Sept. 20, 2011) (same); *Miljkovic v. Wallenius Logistics Americas, LLC*, No. 3:12-cv-786-J-12MCR, 2013 WL 1787810, at *3 (M.D. Fla. Apr. 26, 2013) (same); *Martos v. Lee Memorial Health Sys.*, No. 2:10-cv-246-FtM-29SPC, 2011 WL 322447 (M.D. Fla. Jan 31, 2011) (same).

**SPECIFIC OBJECTION NO. 4: Defendants object to the Subject Request to the extent that the definition of "Notice" calls for a legal conclusion.**

Defendants object to the Request to the extent that the definition of the term "Notice" implies that such "Notices" were in conformity with the Digital Millennium Copyright Act or were actually received by Defendants. See *Disability Rights Council of Greater Washington v. Washington Metro. Area Transit Auth.*, 234 F.R.D. 1, 3 (D.D.C. 2006) ("In 1970, Rule 36 was amended to allow for requests applying law to fact. It is still true, however, that one party cannot demand that the other party admit the truth of a legal conclusion. . . ."); *Hanley v. Como Inn, Inc.*, No. 99 C 1486, 2003 U.S. Dist. LEXIS 7130, 2003 WL 1989607, at *3 (N.D. Ill. Apr. 28, 2003) ("A party cannot be asked to admit a legal conclusion.")

Defendants also object to the extent the Subject Request presumes that IP addresses were "infringing," when no such determination has been made by any Court.

**SPECIFIC OBJECTION NO. 5: Defendants object to the Subject Request to the extent that it calls for production of confidential information.**

Defendants object to producing any confidential information because no stipulated protective order has been entered in this case. Any confidential, non-privileged, and unobjectionable responsive documents will be produced pursuant to a stipulated protective order to be agreed upon by the parties and entered by the Court. *See, e.g., Black v. Kerzner Int'l Resorts, Inc.*, No. 12-60301-CIV, 2012

---

[1] *Coleman v. Lennar Corp.*, No. 18-mc-20182-WILLIAMS/TORRES, 2018 U.S. Dist. LEXIS 214354, at *6 (S.D. Fla. 2018).

U.S. Dist. LEXIS 191665, at *39 (S.D. Fla. July 20, 2012)(ordering the receiving party to maintain the confidential nature of documents in the absence of a stipulated protective order).

**REQUEST NO. 3:** Documents containing identifying information for each of the subscribers assigned the IP addresses at the Hit Dates as listed in attached Exhibit "2".

**SPECIFIC OBJECTION NO. 1: The Subject Request is objectionable because it seeks merits-based discovery prior to the Court's adjudication of the Defendants' pending and potentially *case dispositive* Motion to Dismiss Under Fed. R. Civ. P. 12.**

Defendants' pending case-dispositive motion to dismiss challenges the Court's jurisdiction over the Defendants, the sufficiency of the Plaintiffs' Second Amended Complaint under a Rule 12(b)(6) basis, as well as the fact that the Second Amended Complaint is an impermissible shotgun pleading. "Plaintiff's attempt to reverse the logical sequence in litigation — claim first, discovery later — is unavailing." *Belik v. Carlson Travel Grp., Inc.*, 864 F. Supp. 2d 1302, 1314 (S.D. Fla. 2011).

Defendants therefore object to this request because merits-based discovery is inappropriate prior to this Court's adjudication on the Defendants' pending Motion to Dismiss, which may dispose of the entire action. "Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997). "Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion." *Id.*; *see also Kaylor v. Fields,* 661 F.2d 1177, 1184 (8th Cir.1981) ("***Discovery should follow the filing of a well-pleaded complaint. It is not a device to enable a plaintiff to make a case when his complaint has failed to state a claim."***). "[C]ourts have held good cause to stay discovery exists wherein 'resolution of a preliminary motion may dispose of the *entire action*.'" *Ctr. for Individual Rights v. Chevaldina*, No. 16-20905-Civ-KING/TORRES, 2018 U.S. Dist. LEXIS 89847, at *52 (S.D. Fla. 2018) (emphasis in original) (internal citations omitted); *see also Patterson v. United States Postal Serv.*, 901 F.2d 927, 930 (11th Cir. 1990) (holding district court did not abuse its discretion by staying discovery where pending dispositive motions gave court enough information to ascertain further discovery not likely to produce a genuine issue of material fact).

**SPECIFIC OBJECTION NO. 2: The Subject Request is overly broad and unduly burdensome in that (1) the Exhibits referenced in Plaintiffs' Requests for Production contain over 245,000 individual entries combined, and (2) it calls for production of records pertaining to prior clients. Therefore, the Subject Request is not proportional to the needs of the case.**

Defendants object to this request to the extent that it requires Defendants to scour more than 245,000 individual entries in Plaintiffs' Exhibits in order to cull the information necessary to respond. Defendants further object to this request to the extent that only current clients are included in its systems and prior clients require manual research. The cost to Defendants would be prohibitive and the benefit to Plaintiffs minimal as evidenced by the fact that they have already been able to identify the VPN providers named in this suit, and further, have sought discovery of various third parties via numerous subpoenas. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii) (requiring the Court to limit discovery if

"the burden and expense of the proposed discovery outweighs its likely benefit"); *Slate v. ABC*, 802 F. Supp. 2d 22, 2011 U.S. Dist. LEXIS 87569 (D.D.C. 2011)(concluding that burden and expense of wading through over 100,000 files outweighed any benefit); *Great Am. Ins. Co. v. Veteran's Support Org.*, No. 15-80020-CIV, 2015 U.S. Dist. LEXIS 177578, at *22 (S.D. Fla. Aug. 24, 2015)(finding that a discovery request which forces a Defendant to undertake an "impossible" search and review of documents is unduly burdensome); and *Small v. Amgen, Inc.*, No. 2:12-cv-476-FTM-29MRM, 2016 U.S. Dist. LEXIS 195093, at *42 (M.D. Fla. Sep. 28, 2016)(finding that a discovery request which forces a defendant to manually review "hundreds of thousands" of documents is unduly burdensome.)

**SPECIFIC OBJECTION NO. 4:** **Defendants object to the Subject Request to the extent that the definition of "Hit Date" calls for a legal conclusion.**

Defendants object to the Request to the extent that responding to the Subject Request would imply the admission of any legal conclusion on the part of Defendants regarding the term "Hit Date." See *Disability Rights Council of Greater Washington v. Washington Metro. Area Transit Auth.*, 234 F.R.D. 1, 3 (D.D.C. 2006) ("In 1970, Rule 36 was amended to allow for requests applying law to fact. It is still true, however, that one party cannot demand that the other party admit the truth of a legal conclusion. . . ."); *Hanley v. Como Inn, Inc.*, No. 99 C 1486, 2003 U.S. Dist. LEXIS 7130, 2003 WL 1989607, at *3 (N.D. Ill. Apr. 28, 2003) ("A party cannot be asked to admit a legal conclusion.")

**SPECIFIC OBJECTION NO. 5:** **Defendants object to the Subject Request to the extent that it calls for production of confidential information.**

Defendants object to producing any confidential information because no stipulated protective order has been entered in this case. Any confidential, non-privileged, and unobjectionable responsive documents will be produced pursuant to a stipulated protective order to be agreed upon by the parties and entered by the Court. *See, e.g., Black v. Kerzner Int'l Resorts, Inc.*, No. 12-60301-CIV, 2012 U.S. Dist. LEXIS 191665, at *39 (S.D. Fla. July 20, 2012)(ordering the receiving party to maintain the confidential nature of documents in the absence of a stipulated protective order).

**REQUEST NO. 4:** Documents containing payment records for each of the subscribers assigned the IP addresses at the Hit Dates as listed in attached Exhibit "2" between May 1, 2018 to the present.

**SPECIFIC OBJECTION NO. 1: The Subject Request is objectionable because it seeks merits-based discovery prior to the Court's adjudication of the Defendants' pending and potentially** *case dispositive* **Motion to Dismiss Under Fed. R. Civ. P. 12.**

Defendants' pending case-dispositive motion to dismiss challenges the Court's jurisdiction over the Defendants, the sufficiency of the Plaintiffs' Second Amended Complaint under a Rule 12(b)(6) basis, as well as the fact that the Second Amended Complaint is an impermissible shotgun pleading. "Plaintiff's attempt to reverse the logical sequence in litigation — claim first, discovery later — is unavailing." *Belik v. Carlson Travel Grp., Inc.*, 864 F. Supp. 2d 1302, 1314 (S.D. Fla. 2011).

Defendants therefore object to this request because merits-based discovery is inappropriate prior to this Court's adjudication on the Defendants' pending Motion to Dismiss, which may dispose of the entire action. "Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997). "Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion." *Id.*; *see also Kaylor v. Fields,* 661 F.2d 1177, 1184 (8th Cir.1981) ("***Discovery should follow the filing of a well-pleaded complaint. It is not a device to enable a plaintiff to make a case when his complaint has failed to state a claim."***). "[C]ourts have held good cause to stay discovery exists wherein 'resolution of a preliminary motion may dispose of the *entire action*.'" *Ctr. for Individual Rights v. Chevaldina*, No. 16-20905-Civ-KING/TORRES, 2018 U.S. Dist. LEXIS 89847, at *52 (S.D. Fla. 2018) (emphasis in original) (internal citations omitted); *see also Patterson v. United States Postal Serv.*, 901 F.2d 927, 930 (11th Cir. 1990) (holding district court did not abuse its discretion by staying discovery where pending dispositive motions gave court enough information to ascertain further discovery not likely to produce a genuine issue of material fact).

**SPECIFIC OBJECTION NO. 2: The Subject Request is overly broad and unduly burdensome in that (1) the Exhibits referenced in Plaintiffs' Requests for Production contain over 245,000 individual entries combined; and (2) the Subject Request calls for production of payment and other records pertaining to prior clients. Therefore, the subject request is not proportional to the needs of the case.**

Defendants object to this request to the extent that it requires Defendants to scour more than 245,000 individual entries in Plaintiffs' Exhibits in order to cull the information necessary to respond. Defendants further object to this request to the extent that only current clients are included in its systems and prior clients require manual research. The burden of producing payment records for clients that are no longer current is equally burdensome. The cost to Defendants would be prohibitive and the benefit to Plaintiffs minimal as evidenced by the fact that they have already been able to

identify the VPN providers named in this suit, and further, have sought discovery of various third parties via numerous subpoenas. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii) (requiring the Court to limit discovery if "the burden and expense of the proposed discovery outweighs its likely benefit"); *Slate v. ABC*, 802 F. Supp. 2d 22, 2011 U.S. Dist. LEXIS 87569 (D.D.C. 2011)(concluding that burden and expense of wading through over 100,000 files outweighed any benefit); *Great Am. Ins. Co. v. Veteran's Support Org.*, No. 15-80020-CIV, 2015 U.S. Dist. LEXIS 177578, at *22 (S.D. Fla. Aug. 24, 2015)(finding that a discovery request which forces a Defendant to undertake an "impossible" search and review of documents is unduly burdensome); and *Small v. Amgen, Inc.*, No. 2:12-cv-476-FTM-29MRM, 2016 U.S. Dist. LEXIS 195093, at *42 (M.D. Fla. Sep. 28, 2016)(finding that a discovery request which forces a defendant to manually review "hundreds of thousands" of documents is unduly burdensome.)

### **SPECIFIC OBJECTION NO. 3**: The Subject Request is Irrelevant because it calls for production of payment records. Therefore, the Subject Request is not proportional to the needs of the case.

Defendants object to this request because it is not relevant to the claims or defenses as framed by the pleadings in this proceeding due the production of payment records, which cannot possibly provide Plaintiffs with information relevant to its claims. In this regard, the request is not proportional to the needs of this case, and the request is otherwise unduly burdensome and overbroad. The Federal Rules of Civil Procedure, as recently amended, no longer contemplate a sweeping rule of relevancy that is reasonably calculated to lead to the discovery of admissible evidence. Rather, discovery must be "relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Coleman v. Lennar Corp.*, No. 18-mc-20182-WILLIAMS/TORRES, 2018 U.S. Dist. LEXIS 214354, at *5-6 (S.D. Fla. 2018). Under the amended rules, "the court and parties have obligations to analyze whether the discovery sought is relevant to a party's claims or defenses and proportional to the needs of the case." *Cole's Wexford Hotel, Inc. v. Highmark Inc.*, 209 F. Supp. 3d 810, 822 (W.D. Pa. 2016) (rejecting the special master's report that "[d]iscovery requests may be deemed relevant if there is any possibility that the information may be relevant to the general subject matter of the action."). Indeed, "[n]o longer is it good enough to hope that the information sought might lead to the discovery of admissible evidence. In fact, the old language to that effect is gone. Instead, a party seeking discovery of relevant, non-privileged information must show, before anything else, that the discovery sought is proportional to the needs of the case." *Gilead Scis., Inc. v. Merck & Co*, No. 5:13-cv-04057-BLF, 2016 U.S. Dist. LEXIS 5616, at *4 (N.D. Cal. Jan. 13, 2016). Defendant should not be forced "in the position of having to produce discovery on all sorts of [issues] that bear no indication of any nexus to the disputes in [the] case. This is untenable. It would be like requiring GM to produce discovery on Buicks and Chevys in a patent case about Cadillacs simply because all three happen to be cars." *Gilead Scis., Inc. v. Merck & Co*, No. 5:13-cv-04057-BLF, 2016 U.S. Dist. LEXIS 5616, at *7 (N.D. Cal. Jan. 13, 2016); *see also Graham & Co., LLC v. Liberty Mutual Fire Ins. Co.*, No. 2:14—cv—2148—JHH, 2016 WL 1319697, at *3 (N.D. Ala. April 5, 2016)) ("Any application of the proportionality factors must start with the actual claims and defenses in the case, and a consideration of how and to what degree the requested discovery bears on those claims and

defenses."). The scope of discovery "is not without limits,"[1] and "it is not so liberal as to allow a party to roam in the shadow zones of relevancy and to explore a matter which does not presently appear germane on the theory that it might conceivably become so.'" *Fiore v. Goodyear Tire & Rubber Co.*, No. 2:09-cv-843-FtM-29SPC, 2011 WL 4905634, at *1 (M.D. Fla. Oct. 14, 2011) (citations omitted); *Pepperwood of Naples Condo. Ass'n.*, No. 2:10-cv-753-FtM-36SPC, 2011 WL 4382104, at *1 (M.D. Fla. Sept. 20, 2011) (same); *Miljkovic v. Wallenius Logistics Americas, LLC*, No. 3:12-cv-786-J-12MCR, 2013 WL 1787810, at *3 (M.D. Fla. Apr. 26, 2013) (same); *Martos v. Lee Memorial Health Sys.*, No. 2:10-cv-246-FtM-29SPC, 2011 WL 322447 (M.D. Fla. Jan 31, 2011) (same).

**SPECIFIC OBJECTION NO. 4: Defendants object to the Subject Request to the extent that the definition of "Hit Date" calls for a legal conclusion.**

Defendants object to the Request to the extent that responding to the Subject Request would imply the admission of any legal conclusion on the part of Defendants regarding the term "Hit Date." See *Disability Rights Council of Greater Washington v. Washington Metro. Area Transit Auth.*, 234 F.R.D. 1, 3 (D.D.C. 2006) ("In 1970, Rule 36 was amended to allow for requests applying law to fact. It is still true, however, that one party cannot demand that the other party admit the truth of a legal conclusion. . . ."); *Hanley v. Como Inn, Inc.*, No. 99 C 1486, 2003 U.S. Dist. LEXIS 7130, 2003 WL 1989607, at *3 (N.D. Ill. Apr. 28, 2003) ("A party cannot be asked to admit a legal conclusion.")

**SPECIFIC OBJECTION NO. 5: Defendants object to the Subject Request to the extent that it calls for production of confidential information.**

Defendants object to producing any confidential information because no stipulated protective order has been entered in this case. Any confidential, non-privileged, and unobjectionable responsive documents will be produced pursuant to a stipulated protective order to be agreed upon by the parties and entered by the Court. *See, e.g., Black v. Kerzner Int'l Resorts, Inc.*, No. 12-60301-CIV, 2012 U.S. Dist. LEXIS 191665, at *39 (S.D. Fla. July 20, 2012)(ordering the receiving party to maintain the confidential nature of documents in the absence of a stipulated protective order).

Date: October 25, 2021                                        Respectfully submitted,

                                                              W. John Eagan
                                                              Oliver Alan Ruiz
                                                              Florida Bar No. 524,786
                                                              oruiz@malloylaw.com
                                                              Jonathan R. Woodard
                                                              Florida Bar No. 096,553
                                                              jwoodard@malloylaw.com
                                                              W. John Eagan
                                                              Florida Bar No. 105,101

---

[1] *Coleman v. Lennar Corp.*, No. 18-mc-20182-WILLIAMS/TORRES, 2018 U.S. Dist. LEXIS 214354, at *6 (S.D. Fla. 2018).

johneagan@malloylaw.com
**MALLOY & MALLOY P.L.**
2800 S.W. Third Avenue
Miami, Florida 33129
Telephone (305) 858-8000

*Of Counsel*:
Bobby Ghajar (*pro hac vice*)
bghajar@cooley.com
**COOLEY LLP**
1333 2nd Street, Suite 400
Santa Monica, CA 90401
Tel: 310-883-6400
*Attorneys for Quadranet, Inc. and Quadranet Enterprises, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was served upon those set forth in the service list via Electronic Mail this 25th day of October, 2021.

W. John Eagan

## SERVICE LIST

JOEL B. ROTHMAN
Florida Bar No. 98220
joel.rothman@sriplaw.com
CRAIG A. WIRTH
Florida Bar No. 125322
Craig.wirth@sriplaw.com

**SRIPLAW**
21301 Powerline Road
Suite 100
Boca Raton, FL 33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiffs*

-and-

Kerry S. Culpepper
*Admitted pro hac vice*
**CULPEPPER IP, LLLC**
75-170 Hualalai Road
Suite B204

15

Kailua-Kona, HI  96740
808.464.4047 – Telephone
kculpepper@culpepperip.com

*Attorney for Plaintiff*