### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

### Case No. 21-cv-20862-BLOOM/Otazo-Reyes

MILLENNIUM FUNDING, INC.,
a Nevada corporation, *et al.*,

 Plaintiffs,

v.

1701 MANAGEMENT LLC d/b/a
LIQUIDVPN, a Puerto Rico limited
liability company, *et al.*,

 Defendants.

_____/

### ORDER ON DEFENDANT CHARLES MUSZYNSKI'S
### MOTION TO QUASH SERVICE OF PROCESS

**THIS CAUSE** is before the Court upon Defendant Charles Muszynski's ("Defendant")

Motion to Quash Service of Process and Incorporated Memorandum of Law, ECF No. [126]

("Motion"). Plaintiffs Millennium Funding, Inc., Hunter Killer Productions, Inc., Voltage

Holdings, LLC, 211 Productions, Inc., AMBI Distribution Corp., After Productions, LLC, After

II Movie, LLC, Morgan Creek Productions, Inc., Eve Nevada, LLC, Bedeviled LLC, Millennium

Media, Inc., Colossal Movie Productions, LLC, Day of Dead Productions, Inc., YAR Productions,

Inc., FSMQ Film, LLC, FW Productions, LLC, I Am Wrath Production, Inc., Killing Link

Distribution, LLC, Badhouse Studios, LLC, LF2 Productions, Inc., LHF Productions, Inc., Venice

PI, LLC, Rambo V Productions, Inc., Rupture CAL, Inc., MON, LLC, SF Film, LLC, Speed Kills

Productions, Inc., Millennium IP, Inc., Nikola Productions, Inc., Wonder One, LLC, Bodyguard

Productions, Inc., Millennium SPVH, Inc., Outpost Productions, Inc., Definition Delaware LLC,

Hannibal Classics Inc., Justice Everywhere Productions LLC, State of the Union Distribution and

Collections, LLC, Paradox Studios, LLC, Dallas Buyers Club, LLC, Screen Media Ventures, LLC

and 42 Ventures, LLC (collectively, "Plaintiffs") filed a Response in Opposition, ECF No. [129]

("Response"), to which Defendant filed a Reply, ECF No. [140] ("Reply"). The Court has carefully

reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised.

For the reasons set forth below, the Motion is denied.

## I.   BACKGROUND

Plaintiffs filed their initial complaint on March 3, 2021, seeking injunctive relief and

damages against Defendant, 1701 MANAGEMENT LLC d/b/a LIQUIDVPN ("1701"), and

DOES 1-100. *See* ECF No. [1]. On May 5, 2021, Plaintiffs filed their First Amended Complaint

("FAC") adding AUH2O LLC ("AUH2O") and others as Defendants. *See* ECF No. [24]. On

August 17, 2021, Plaintiffs filed a Second Amended Complaint ("SAC") adding VPNETWORKS,

LLC d/b/a TorGuard ("TorGuard") as a Defendant. *See* ECF No. [96]. Plaintiffs assert claims of

direct copyright infringement, contributory copyright infringement by intentional inducement,

contributory copyright infringement based on material contribution, vicarious infringement,

violations of the Digital Millennium Copyright Act ("DMCA"), trademark infringement, federal

unfair trade competition, breach of contract, unjust enrichment, and breach of publicity rights. *See*

*generally id.*

According to the SAC, Defendant is the sole member of Defendants 1701 and AUH2O.

ECF No. [96] ¶¶ 75, 97. On March 15, 2021, 1701 was served a copy of the initial complaint and

summons. *See* ECF No. [9]. On April 23, 2021, after Janie Kessler ("Ms. Kessler"), a licensed

process server in Texas, determined that Defendant's only known address was a private mailbox

at 204 Rainbow Dr. #10485, Livingston, Texas 77399, Ms. Kessler left a copy of the initial

complaint and summons with Meghan Murphy who was in charge of the mailbox. *See* ECF No.

[21]. On May 6, 2021, Ms. Kessler left a copy of the FAC and summons with Geoff Rey who was also in charge of the same mailbox. *See* ECF No. [34]. On May 25, 2021, 1701 was served a copy of the FAC. *See* ECF No. [45]. On June 3, 2021, AUH2O was served a copy of the FAC. *See* ECF No. [49].[1] On August 17, 2021, 1701 and AUH2O were served a copy of the SAC. *See* ECF No. [98].

Defendant argues that the service of process on him should be quashed because Plaintiffs did not effectuate personal service on Defendant, Plaintiffs did not serve process to an agent authorized by appointment or by law to receive process for Defendant, and Plaintiffs' attempted service fails under Texas law. ECF No. [126] at 7-8. Defendant's Motion notably does not consider whether service was proper under Florida law. *See generally* ECF No. [126]. Plaintiffs argue that service of process was proper. Plaintiffs contend that Ms. Kessler delivered the documents to persons in charge of Defendant's mailbox in accordance with Florida law, Plaintiffs served Defendant's alter egos 1701 and AUH2O, or Defendant is a fugitive entitled to only limited access to the courts under the fugitive disentitlement doctrine. *See generally* ECF No. [129].

## II. LEGAL STANDARD

The Eleventh Circuit has determined that Rule 4 is "a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *Sanderford v. Prudential Ins.*, 902 F. 2d 897, 900 (11th Cir. 1990) (quoting *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984)). Under Rule 4(e), an individual within a judicial district of the United States, as opposed to an individual in a foreign country, may be served by:

---

[1] AUH2O was not a named defendant in the initial complaint and was not served the initial complaint. *See* ECF No. [1].

    (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

    (2) doing any of the following:

        (A) delivering a copy of the summons and of the complaint to the individual personally;

        (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

        (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

When challenging service of process, the defendant "must describe with specificity how the service of process failed to meet the procedural requirements of Federal Rule of Civil Procedure 4." *Hollander v. Wolf,* No. 09–80587–CIV, 2009 WL 3336012, at *3 (S.D. Fla. Oct. 14, 2009) (citing *O'Brien v. R.J. O'Brien & Associates, Inc.*, 998 F.2d 1394, 1400 (7th Cir. 1993)). "Once the defendant carries that burden, then the burden shifts to the plaintiff to prove a *prima facie* case of proper service of process." *Fru Veg Marketing, Inc. v. Vegfruitworld Corp.*, 896 F. Supp. 2d 1175, 1182 (S.D. Fla. 2012). The Eleventh Circuit has determined that a return of service signed under penalty of perjury can establish a *prima facie* case for proper service. *Udoinyion v. The Guardian Sec.*, 440 F. App'x 731, 735 (11th Cir. 2011). "If the plaintiff can establish that service was proper then the burden shift back to the defendant to 'bring strong and convincing evidence of insufficient process.'" *Fru Veg Mktg., Inc.*, 896 F. Supp. 2d at 1182 (quoting *Hollander v. Wolf*, No. 09–80587–CIV, 2009 WL 3336012, at *3 (S.D. Fla. Oct. 14, 2009)). Furthermore, "[w]here the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff." *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002); *see also Kammona v. Onteco Corp.*, 587 F. App'x 575, 578 (11th Cir. 2014) ("Any conflict in the parties' affidavits or pleadings should

be resolved in favor of the plaintiff.") (citing *Madara v. Hall,* 916 F.2d 1510, 1514 (11th Cir.

1990); *Atlantic Lines, Ltd. v. M/V Domburgh,* 473 F. Supp. 700, 703 (S.D. Fla.1979)).

## III. ANALYSIS

As an initial matter, the Court notes that under Rule 4(e) Plaintiffs may effectuate service

in accordance with Florida law, which is the law of the state where this Court is located, in

accordance with Texas law, which is the law of the state where the service was purportedly made,

or in accordance with other means prescribed in Rule 4(e)(2). *See* Fed. R. Civ. P. 4(e). Plaintiffs

first argue that service was effectuated under Florida law. *See* ECF No. [126] at 7-8. As such, the

Court first considers whether Plaintiffs properly effectuated service under Florida law. Florida law

states in relevant part:

> If the only address for a person to be served which is discoverable through public
> records is a private mailbox, a virtual office, or an executive office or mini suite,
> substituted service may be made by leaving a copy of the process with the person
> in charge of the private mailbox, virtual office, or executive office or mini suite,
> but only if the process server determines that the person to be served maintains a
> mailbox, a virtual office, or an executive office or mini suite at that location.

Fla. Stat. § 48.031(6)(a).

In this case, Plaintiffs rightly argue that Ms. Kessler's Affidavits demonstrate that Plaintiffs

complied with Fla. Stat. § 48.031(6)(a). *See* ECF No. [126] at 7-8; *see also* ECF Nos. [21], [34]

("Affidavits"). In the Affidavits, Ms. Kessler declares, under penalty of perjury, that she

determined that Defendant maintained a private mailbox at 204 Rainbow Drive, #10485. *See* ECF

Nos. [21], [34]. Ms. Kessler also states that the mailbox was the same address Defendant used for

his Texas driver's license and that the mailbox was the only address for Defendant that she could

find in the public records. *See* ECF Nos. [21], [34]. Upon making the determination that there were

no other addresses for Defendant, Ms. Kessler left a copy of the complaints and summonses with

persons in charge of the mailbox who each stated that he/she would provide the legal documents

to Defendant. *See* ECF Nos. [21], [34]. More specifically, Ms. Kessler states that she left a copy of the legal documents with Meghan Murphy on April 23, 2021, and with Geoff Rey on May 6, 2021. *See* ECF Nos. [21], [34]. Because the Eleventh Circuit has determined that a return of service signed under penalty of perjury can establish a *prima facie* case for proper service, *see Udoinyion*, 440 F. App'x at 735, Plaintiffs have established a *prima facie* case for proper service.

Defendant, on the other hand, fails to meet the burden of providing "strong and convincing evidence of insufficient process." *Fru Veg Mktg., Inc.*, 896 F. Supp. 2d at 1182. First, by focusing on Texas law and other means of service under Rule 4(e)(2), Defendant's Motion fails to consider whether service was proper under Florida law. *See generally* ECF No. [126]. It is only in Defendant's Reply that Defendant considers whether service of process was proper under Florida law. *See generally* ECF No. [140]. In the Reply, Defendant argues that the Affidavits do not include the city, state, and zip code for the address in question, and that the omission is fatal under Florida law. ECF No. [140] at 3. However, both Affidavits refer to the summons that lists the full address. *See* ECF Nos. [21], [34]; *see also* ECF No. [19]. Ms. Kessler specifically refers to "the address in the summons" before declaring that "204 Rainbow Dr is a private mailbox service center and 10485 is the mailbox number for [Defendant]." ECF Nos. [21], [34]. As such, the full address listed in the summons is incorporated by reference, and the fact that Ms. Kessler did not also state the full address with the city, state, and zip code in the Affidavits is immaterial.[2]

In his Reply, Defendant also argues that because Defendant did not use the mailbox in question after 2019, service was improper regardless of which state law the Court applies. ECF

---

[2] Defendant's reliance on *Vidal v. Suntrust Bank*, 41 So. 3d 401, 402 (Fla. 4th DCA 2010), *Klosenski v. Flaherty*, 116 So. 2d 767, 769 (Fla. 1959), and *Gonzalez v. Totalbank*, 472 So. 2d 861 (Fla. 3d DCA 1985), is unavailing. The cases set forth the proposition that a defective proof of service cannot be relied upon. However, in this case, the proofs of service were not defective because the full address is listed in the referenced summons.

No. [140] at 3. In Defendant's Affidavit, Defendant states that he stopped using the mailbox since March 2019. ECF No. [126-1] ¶ 9. However, as Plaintiffs correctly argue, Defendant's handwritten statement to the Circuit Court for Orange County on July 9, 2019, identifies the mailbox in question as the address where he "may be served[.]" *See* ECF No. [129-1] at 2; ECF No. [129] at 8. In essence, Defendant has told this Court that he has not used the mailbox since March 2019, yet has told a separate court that the mailbox in question was his service address as of July 9, 2019. In light of Defendant's inconsistent statements to this Court and the Florida state court, the Court does not consider Defendant's unsubstantiated claim that he stopped using the mailbox since March 2019 or that he did not use the mailbox any time after 2019 to be strong and convincing evidence of insufficient process. Based on Defendant's own admission to the Florida state court and Ms. Kessler's investigation of Defendant's address, the mailbox in question was a valid address to serve Defendant when Ms. Kessler served process.

Therefore, Plaintiffs effectuated proper service of process under Florida law. Because service was proper under Florida law, the Court does not consider other grounds for proper service of process.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Quash Service of Process, **ECF No. [126]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 17, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Case No. 21-cv-20862-BLOOM/Otazo-Reyes

Copies to:

Counsel of Record