**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 21-cv-20862-BLOOM/Otazo-Reyes

MILLENNIUM FUNDING, INC.,
a Nevada corporation, *et al.*,

    Plaintiffs,

v.

1701 MANAGEMENT LLC d/b/a
LIQUIDVPN, a Puerto Rico limited
liability company, *et al.*,

    Defendants.
_____/

**ORDER ON PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT
AGAINST DEFENDANTS 1701 MANAGEMENT LLC dba LIQUIDVPN,
AUH2O LLC AND CHARLES MUSZYNSKI aka FREDERICK DOUGLAS**

**THIS CAUSE** is before the Court upon Plaintiffs Millennium Funding, Inc., Hunter Killer Productions, Inc., Voltage Holdings, LLC, 211 Productions, Inc., AMBI Distribution Corp., After Productions, LLC, After II Movie, LLC, Morgan Creek Productions, Inc., Eve Nevada, LLC, Bedeviled LLC, Millennium Media, Inc., Colossal Movie Productions, LLC, Day of Dead Productions, Inc., YAR Productions, Inc., FSMQ Film, LLC, FW Productions, LLC, I Am Wrath Production, Inc., Killing Link Distribution, LLC, Badhouse Studios, LLC, LF2 Productions, Inc., LHF Productions, Inc., Venice PI, LLC, Rambo V Productions, Inc., Rupture CAL, Inc., MON, LLC, SF Film, LLC, Speed Kills Productions, Inc., Millennium IP, Inc., Nikola Productions, Inc., Wonder One, LLC, Bodyguard Productions, Inc., Millennium SPVH, Inc., Outpost Productions, Inc., Definition Delaware LLC, Hannibal Classics Inc., Justice Everywhere Productions LLC, State of the Union Distribution and Collections, LLC, Paradox Studios, LLC, Dallas Buyers Club, LLC, Screen Media Ventures, LLC and 42 Ventures, LLC's (collectively, "Plaintiffs") Motion

for Default Judgment Against Defendants 1701 MANAGEMENT LLC dba LIQUIDVPN, AUH2O LLC and Charles Muszynski aka Frederick Douglas, ECF No. [125] ("Motion"). Defendants Quadranet, Inc. and Quadranet Enterprises, LLC (collectively, "Quadranet Defendants" or "Quadranet") filed a Special Objection and Limited Opposition, ECF No. [134] ("Response"), to which Plaintiffs replied, ECF No. [137] ("Reply"). The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

## I. BACKGROUND

Plaintiffs filed their initial complaint on March 3, 2021, seeking injunctive relief and damages against Charles Muszynski ("Muszynski"), 1701 MANAGEMENT, LLC d/b/a LIQUIDVPN ("1701"), and DOES 1-100. *See* ECF No. [1]. On May 5, 2021, Plaintiffs filed their First Amended Complaint ("FAC") adding AUH2O, LLC ("AUH2O"), the Quadranet Defendants, and others as defendants. *See* ECF No. [24]. On August 17, 2021, Plaintiffs filed a Second Amended Complaint ("SAC") adding VPNETWORKS, LLC d/b/a TorGuard ("TorGuard") as a defendant. *See* ECF No. [96]. Plaintiffs assert against Defendants 1701, AUH2O, and Muszynski (collectively, "LiquidVPN Defendants" or "LiquidVPN") direct copyright infringement, contributory copyright infringement by intentional inducement, contributory copyright infringement based on material contribution, vicarious infringement, violations of the Digital Millennium Copyright Act ("DMCA"), trademark infringement, federal unfair trade competition, breach of contract, unjust enrichment, and breach of publicity rights. *See generally id.*

On September 3, 2021, a Clerk's Default was entered against the LiquidVPN Defendants, ECF No. [112], after the LiquidVPN Defendants failed to appear, answer, or otherwise plead to the SAC, despite having been served. On September 20, 2021, Plaintiffs filed the instant Motion

for Default Judgment against the LiquidVPN Defendants. ECF No. [125].[1] On the same date, Plaintiffs filed a Notice stating that the LiquidVPN Defendants and the other Defendants are not jointly and severally liable. ECF No. [124] at 2. On October 4, 2021, the Quadranet Defendants filed their Response. ECF No. [134]. In the Response, the Quadranet Defendants argue that the Court should deny the Motion without prejudice or defer ruling until a disposition on the merits relative to all Defendants in the lawsuit. *See generally id.* In support of their argument, the Quadranet Defendants claim that the Motion improperly seeks injunctive against the Quadranet Defendants, that granting the Motion may result in inconsistent judgments, and that there is just reason for delay given the procedural posture of the case. *See generally id.* The Quadranet Defendants argue, in the alternative, that if the Court enters a Default Judgment, then the Default Judgment should specify that it cannot be used against the Quadranet Defendants. *See id.* at 12-14.[2] On October 5, 2021, Plaintiffs filed their Reply in which Plaintiffs voluntarily withdrew their request for injunctive relief against Quadranet. *See* ECF No. [137] at 4-5. However, Plaintiffs insist that the Court grant the Motion because Plaintiffs will continue to suffer irreparable harm if the Motion is not granted. *See id* at 5-6.[3]

---

[1] On September 23, 2021, Defendant Muszynski filed a Motion to Quash Service of Process. ECF No. [126]. The Court denied the Motion after determining that service of process was proper. ECF No. [166].

[2] The Quadranet Defendants also argue that the Motion should be denied because the SAC is an impermissible shotgun pleading. ECF No. [134] at 14. The same argument is raised in Quadranet's pending Motion to Dismiss. ECF No. [108] at 18. Because there are sufficient grounds to deny the instant Motion without addressing whether the SAC is a shotgun pleading, the Court reserves ruling on the Quadranet Defendants' argument.

[3] Plaintiffs also claim that the Quadranet Defendants "arguably" waived personal jurisdiction and venue challenges by filing a Response. ECF No. [137] at 3. The Court notes that the Quadranet Defendants expressly preserved all of their Rule 12(b) defenses already pled in their Motion to Dismiss and did not extensively participate in the case as to waive personal jurisdiction by conduct. *See* ECF No. [134] at 2, n.1; *see also Wray v. Petersen*, No. 8:17-CV-2449-T-36CPT, 2018 WL 3719323, at *6 (M.D. Fla. Jul. 17, 2018), *report and recommendation adopted*, No. 8:17-CV-2449-T-36CPT, 2018 WL 3707904 (M.D. Fla. Aug. 3, 2018).

## II. LEGAL STANDARD

In general, "a defendant's default does not in itself warrant the court in entering a default judgment." *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[4] The Eleventh Circuit has held that if "multiple defendants are jointly liable, it would be 'incongruous' for judgment to be entered against a defaulting defendant prior to the decision on the merits as to the remaining defendants." *Drill S., Inc. v. Int'l Fidelity Ins. Co.*, 234 F.3d 1232, 1237, n.8 (11th Cir. 2000) (quoting *Frow v. De La Vega*, 82 U.S. 552, 554 (1872)). "The Eleventh Circuit has also extended the prohibition against logically inconsistent judgments to other cases beyond those where liability is deemed to be joint." *Island Stone Int'l Ltd. v. Island Stone India Priv. Ltd.*, No. 616CV656ORL40KRS, 2016 WL 9488685, at *1 (M.D. Fla. Dec. 20, 2016) (denying a motion for default judgment because the defendants were similarly situated and there was a possibility of inconsistent judgments) (citing *Gulf Coast Fans, Inc. v. Midwest Elecs. Imps., Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984)). In the Eleventh Circuit, it is "sound policy" that "when defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant. . . ." *Gulf Coast Fans, Inc.*, 740 F.2d at 1512 (citation omitted); *see also Manufacturers All. Ins. Co. v. Brencorp, Inc.*, No. 4:15-CV-0140-HLM, 2016 WL 4582074, at *2 (N.D. Ga. Mar. 22, 2016) (denying a motion for default judgment because the defendants were "similarly situated[,]" the claims against the defendants arose from the "same set of facts and circumstances," and it was possible that granting a default judgment against one defendant could lead to "inconsistent results").

Lastly, according to Rule 54(b), "[w]hen an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple

---

[4] Pursuant to *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), opinions of the Fifth Circuit issued prior to October 1, 1981, are binding precedent in the Eleventh Circuit.

parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). As such, a court entering default judgment must expressly determine that there is no just reason for delay. *See Poole v. Tire Recycling Servs. of Fla., Inc.*, No. 218CV810FTM38MRM, 2019 WL 4043959, at *2 (M.D. Fla. Aug. 8, 2019), *report and recommendation adopted*, No. 218CV810FTM38MRM, 2019 WL 4040063 (M.D. Fla. Aug. 27, 2019) (interpreting Rule 54 to mean that "when a default is entered against one defendant in a multi-defendant case, the preferred practice is for the court to withhold granting a default judgment until after trial on the merits against the remaining defendants") (quoting *North Pointe Ins. Co. v. Global Roofing & Sheet Metal, Inc.*, No. 6:12-cv-476-Orl-31TBS, 2012 WL 5378740, at *1 (M.D. Fla. Oct. 31, 2012)).

### III. ANALYSIS

The Quadranet Defendants argue that the Motion should be denied because the Motion improperly seeks injunctive relief against Quadranet, granting the Motion may result in inconsistent judgments, and there is just reason for delay given the procedural posture of the case. *See generally* ECF No. [134]. Plaintiffs respond that the Court should grant the Motion because Plaintiffs withdrew their request for injunctive relief against Quadranet and Plaintiffs will continue to suffer irreparable harm if the Motion is not granted. *See generally* ECF No. [137]. The Court considers the Quadranet Defendants' arguments in turn.

    A.  <u>Withdrawal of Injunctive Relief Against the Quadranet Defendants</u>

As an initial matter, the Court notes that Plaintiffs withdrew their request for injunctive relief against the Quadranet Defendants in their Reply. ECF No. [137] at 4-5. As such, the

Quadranet Defendants' contention that the Motion should be denied because it seeks injunctive relief against Quadranet is moot.

    B. <u>Unnecessary Risk of Inconsistent Judgments</u>

Next, the Court considers the Quadranet Defendants' argument that granting the Motion may result in inconsistent judgments. *See* ECF No. [134] at 7-8. As stated above, if defendants are similarly situated, judgment should not be entered against a defaulting defendant due to the risk of inconsistent judgments, even when the defendants are not jointly liable. *See Island Stone Int'l Ltd.*, 2016 WL 9488685, at *1; *Manufacturers All. Ins. Co.*, 2016 WL 4582074, at *2. In this case, the Quadranet Defendants argue that although Plaintiffs claim that there is no joint and several liability between the LiquidVPN Defendants and the remaining Defendants, claims against the LiquidVPN Defendants and the remaining Defendants arise from the same set of facts and circumstances, which raises the risk of inconsistent judgments. ECF No. [134] at 8. Plaintiffs, on the other hand, do not dispute Quadranet's claim that Defendants are similarly situated or address the risk of inconsistent judgments. *See generally* ECF No. [137].

The Quadranet Defendants' argument is persuasive. As the Quadranet Defendants correctly argue, if the Court were to enter a Default Judgment against the LiquidVPN Defendants, an adjudication on the merits could later determine that other similarly situated Defendants, such as TorGuard, did not directly or indirectly infringe on Plaintiff's copyright claims, thus resulting in inconsistent judgments between LiquidVPN Defendants and TorGuard. Both the LiquidVPN Defendants and TorGuard are accused of relying on Quadrant to provide VPN services to their end users so that the end users can infringe on Plaintiffs' copyrights. *See generally* ECF No. [96].

Given the similarities in the factual allegations against the Defendants, the court finds *Island Stone Int'l Ltd.*, 2016 WL 9488685, at *1, to be instructive. In *Island Stone Int'l Ltd.*, the court denied the plaintiffs' motion for default judgment because even if the defaulting defendant and the non-defaulting defendant did not have joint liability, the two defendants were so similarly situated that entering a default judgment against only one defendant raised the possibility of inconsistent judgments if the other defendant successfully defended against the plaintiff's claims. *See id.* Similar to the defendants in *Island Stone Int'l Ltd.*, the Court finds that the LiquidVPN Defendants are so similarly situated to the other Defendants that there is a risk of inconsistent judgments if the other Defendants were to succeed on the merits. Therefore, the risk of unnecessary judgments weighs in favor of denying Plaintiffs' Motion.

C. <u>Just Reason for Delay</u>

The Court next addresses whether there is no just reason for delay in entering a Default Judgment. Rule 54(b) states that the "court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." In *Poole*, 2019 WL 4043959, at *2, the court interpreted Rule 54 to mean that "when a default is entered against one defendant in a multi-defendant case, the preferred practice is for the court to withhold granting a default judgment until after trial on the merits against the remaining defendants." As such, much of the analysis above regarding the unnecessary risk of inconsistent judgments is applicable in this section as just reason for delay.

Nevertheless, the Court considers the Quadranet Defendants' argument that there is just reason for delay because of the procedural posture of the instant case. ECF No. [134] at 9. First, the Quadranet Defendants emphasize that their Motion to Dismiss is pending. *Id.*; *see also* ECF No. [108]. Second, after the Quadranet Defendants filed their Response, Defendant TorGuard has

filed its pending Motion to Dismiss. ECF No. [145]. Third, DOES 1-100 (collectively, "John Does") have not yet been served or otherwise named in the lawsuit. *See* ECF No. [134] at 9. According to the SAC, the John Does infringed on Plaintiffs' copyrights by similarly using Quadranet's services. *See* ECF No. [96] ¶ 110. Given the similarities in Plaintiffs' claims against the LiquidVPN Defendants, TorGuard, the John Does, and Quadranet, the procedural posture of the case indicates that granting Default Judgment would create an unnecessary risk of inconsistent judgments.

Plaintiffs notably do not address Defendants' contention that the procedural posture of the case is just reason for delay. *See generally* ECF No. [137]. Instead of addressing the Quadranet Defendants' arguments about the just reason for delay, Plaintiffs contend that it will suffer irreparable harm if the Motion is not granted. *See id.* at 5-6. Plaintiffs' contention appears to be that because of the irreparable harm that Plaintiffs will suffer if the Motion is not granted, the procedural posture of the case and the risk of inconsistent judgments are not just reasons for delay. *See id.* Plaintiffs argue that because the Court denied Plaintiff's Motion for a Temporary Restraining Order ("Motion for TRO") due to Plaintiffs' delay in seeking a TRO, they continue to suffer irreparable harm, and that a Default Judgment would provide the necessary injunctive relief. *See id.*; *see also* ECF No. [93]. Plaintiffs also raise two new arguments addressing their delay in seeking a TRO. *See* ECF No. [137] at 5. Plaintiffs claim that they were delayed in seeking the TRO because they were not aware of AUH2O until they received further information from a separate lawsuit and because the country was in the midst of the coronavirus pandemic. *See id.*

However, the Court is unpersuaded by Plaintiffs' argument that the delay was justified. Plaintiffs could have sought a TRO against Defendants other than AUH2O, if they were not aware of AUH2O's existence, yet Plaintiffs chose not to do so until May 6, 2021, more than two months

after filing their initial complaint on March 3, 2021. *See* ECF No. [28]. In addition, without further information, the Court cannot determine why Plaintiffs could not have sought a TRO during the intervening two months, despite the pandemic, if the harm was truly immediate and irreparable as Plaintiffs claim. A review of the record suggests that Plaintiffs were able to file other motions and affidavits during the time. *See* ECF Nos. [3], [15], [21], [22]. As such, the Court determines that the alleged harm to Plaintiffs does not outweigh the procedural posture of the case and the risk of inconsistent judgments, which other courts have found to be just reason for delay. *See, e.g.*, *Poole*, 2019 WL 4043959, at *2.

Because the Plaintiffs' Motion should be denied, the Court does not consider the Quadranet Defendants' arguments in the alternative.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiffs' Motion for Default Judgment, **ECF No. [125]**, is **DENIED WITHOUT PREJUDICE**. Plaintiffs may file an amended Motion after a final disposition on the merits of the case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 18, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record