**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF FLORIDA**

Case No.: 21-cv-20862-BLOOM/Otazo-Reyes

MILLENNIUM FUNDING, INC. et al,

    Plaintiffs,

vs.

1701 MANAGEMENT LLC et al,

    Defendants.

_____

**PLAINTIFFS' MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION DEFAULT JUDGMENT AGAINST DEFENDANTS 1701 MANAGEMENT LLC d/b/a LIQUIDVPN, AUH2O LLC AND CHARLES MUSZYNSKI a/k/a <u>FREDERICK DOUGLAS</u>**

Plaintiffs MILLENNIUM FUNDING, INC. ("Millennium"), VOLTAGE HOLDINGS, LLC ("Voltage"), and 42 VENTURES, LLC ("42") (all collectively "Plaintiffs"), move this honorable Court for reconsideration of its Order [Doc. #167] denying default judgement without prejudice against Defendants 1701 MANAGEMENT LLC d/b/a LIQUIDVPN ("1701"), AUH2O LLC ("AUH2O"), and CHARLES MUSZYNSKI a/k/a FREDERICK DOUGLAS ("Muszynski") (all collectively "LiquidVPN Defendants"). Plaintiffs make this motion pursuant to Rule 60(b)(6) of the *Federal Rules of Civil Procedure* and this Court's inherent authority to reconsider interlocutory orders. *See Ferro v. Doctors Healthcare Plans*, No. 20-cv-23449-BLOOM/Louis, 2021 U.S. Dist. LEXIS 223468, at *36 (S.D. Fla. Nov. 18, 2021) (citing *Flintlock Const. Services, LLC v. Well-Come Holdings, LLC*, 710 F.3d 1221, 1225 (11th Cir. 2013).

**I.     LEGAL STANDARD**

A motion for reconsideration should only be granted if there is (1) an intervening change

20-023DBa

in controlling law, (2) newly discovered evidence; or (3) the need to correct clear error or prevent manifest injustice. *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002).

## II.     ARGUMENT

In the Order, the Court stated that it was denying the motion without prejudice because of a risk of inconsistent judgments concerning direct or indirect infringement of Plaintiffs' copyright claims. *See* Order at pg. 6. However, 42 does not make any copyright claims. Rather, 42 makes trademark and unfair competition claims against only the LiquidVPN Defendants. *See* Second Amended Complaint [Doc. #96] at ¶¶484-500. Therefore, because 42 does not make any claims against the other Defendants, there is no risk of inconsistent judgments with other Defendants concerning 42's trademark and unfair competition claims.

Similarly, Millennium and Voltage make breach of contract and publicity claims against only the LiquidVPN Defendants. *See* SAC at ¶¶501-511 and 519-525. Accordingly, there is no risk of inconsistent judgments with other Defendants concerning Millennium's and Voltage's breach of contract and publicity claims.

Plaintiffs respectfully assert that it is clear error or manifest injustice to not consider their non-title 17 (copyright) claims that were not made against the other Defendants when the Court concluded that there was risk of inconsistent judgments.

In the Order, the Court discounted Plaintiffs' assertion of irreparable harm. Order at pg. 8. However, 42 respectfully points out that the Court did not apply the rebuttable presumption of irreparable harm it is entitled to for a trademark claim per the 2020 change in law. Specifically, 15 U.S.C. §1116(a) was amended on Dec. 27, 2020 per the Trademark Modernization Act to provide that a trademark owner such as 42 is "…entitled to a rebuttable presumption of irreparable harm

upon a finding of a violation identified in this subsection … upon a finding of likelihood of success on the merits for a violation identified in this subsection in the case of a motion for a preliminary injunction or temporary restraining order."[1]  15 U.S.C. §1116(a).  Moreover, 42 did not join this case as a Plaintiff until the First Amended Complaint [Doc. #24] was filed on May 5, 2021.  That same day 42 filed the sealed motion for temporary restraining order.  Accordingly, 42 did not unjustifiably delay seeking injunctive relief.[2]  Accordingly, in view of the irreparable harm that has not been rebutted by the LiquidVPN Defendants, there is no just reason to delay entry of final judgment of Plaintiff 42's trademark and unfair competition claims per Rule 54(b) of the *Federal Rules of Civil Procedure*.  To the extent this change in law was not considered, it is an intervening change in controlling law that entitles reconsideration of the Court's order.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court reconsider its order denying final default judgment and permanent injunction against Defendants 1701 MANAGEMENT LLC d/b/a LIQUIDVPN, AUH2O LLC, and CHARLES MUSZYNSKI a/k/a FREDERICK DOUGLAS with respect to Plaintiffs' non-title 17 (copyright) claims and grant a default judgment in the form of the proposed Final Default Judgment and permanent injunction filed herewith.

DATED: Nov. 22, 2021                           Respectfully submitted,


                                               /s/ *Joel B. Rothman*

---

[1] Plaintiff 42 made this argument on pg. 21 of the sealed motion for temporary restraining order.  As argued previously, Plaintiffs did not seek reconsideration based upon the irreparable harm issue because the LiquidVPN Defendants defaulted

[2] Without delving too much into personal issues, Plaintiffs' counsel's father passed away in December of 2020.  *See* https://www.dignitymemorial.com/obituaries/union-nj/terry-culpepper-9947315

JOEL B. ROTHMAN
Florida Bar No. 98220
joel.rothman@sriplaw.com
CRAIG A. WIRTH
Florida Bar Number:  125322
craig.wirth@sriplaw.com

**SRIPLAW**
21301 Powerline Road, Suite 100
Boca Raton, FL 33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

And

Kerry S. Culpepper
*Admitted pro hac vice*
**CULPEPPER IP, LLLC**
75-170 Hualalai Road
Suite B204
Kailua-Kona, HI  96740
808.464.4047 – Telephone
kculpepper@culpepperip.com

*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on November 22, 2021, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served on this day on all those identified on the Service List, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those parties who are not authorized to receive Notices of Electronic Filing.

*s/ Joel B. Rothman*
JOEL B. ROTHMAN
Florida Bar Number: 98220
joel.rothman@sriplaw.com

4

## SERVICE LIST

Mr. Johnathan R. Woodard
Mr. John Cyril Malloy III
Mr. Oliver Alan Ruiz
Malloy & Malloy, PL
2800 SW 3rd Ave
Miami, FL 33129-2317
info@malloylaw.com
jwoodard@malloylaw.com
jcmalloy@malloylaw.com
oruiz@malloylaw.com
Attorneys for QuadraNet, Inc. and QuadraNet Enterprises, LLC

Mr. Bobby A. Ghajar
Cooley LLP
1333 Second Street
Suite 400
Santa Monica, CA 90401
bghajar@cooley.com
Attorneys for QuadraNet, Inc. and QuadraNet Enterprises, LLC

Mr. Adam Losey
Losey PLLC
1420 Edgewater Drive
Orlando, FL 32804
alosey@losey.law
Attorney for VPNetworks, LLC dba TorGuard