**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**
CASE NO.: 21-cv-20862-BLOOM/Otazo-Reyes

MILLENNIUM FUNDING, INC. *et. al*,

    Plaintiffs,

v.

1701 MANAGEMENT LLC d/b/a LIQUIDPVN, *et. al*,

    Defendants.
_____/

**QUADRANET, INC.'S AND QUADRANET ENTERPRISES, LLC'S SPECIAL OBJECTION AND LIMITED OPPOSITION TO THE PLAINTIFFS' MOTION FOR RECONSIDERATION OF ORDER DENYING PLAINTIFFS' MOTION FOR A DEFAULT FINAL JUDGMENT AGAINST DEFENDANTS 1701 MANAGEMENT LLC d/b/a LIQUIDVPN, AUH20 LLC, AND CHARLES MUSZYNSKI**

Quadranet, Inc. and Quadranet Enterprises, LLC (collectively "Quadranet"), by and through their undersigned counsel, file this Special Objection and Limited Opposition to the Motion for Reconsideration of the Court's Order Denying Motion for Entry of Final Default Judgment against Defendants 1701 MANAGEMENT LLC d/b/a LIQUIDVPN, AUH2O LLC, and CHARLES MUSZYNSKI a/k/a FREDERICK DOUGLAS (collectively the "LiquidVPN Defendants"). The Motion for Reconsideration [D.E. 168] ("Motion") was filed by certain of the plaintiffs to this action, namely Millennium Funding, Inc. ("Millennium"), Voltage Holdings, LLC ("Voltage"), and 42 Ventures, LLC ("42 Ventures"). Without waiver of and expressly preserving all of their Rule 12 defenses set forth in the pending Motion to Dismiss the Second Amended Complaint ("SAC") [D.E. 96],[1] Quadranet respectfully submits that the subject Motion should be denied based upon the following memorandum of law.

I. **PRELIMINARY STATEMENT**

Dissatisfied with the Court's ruling on their prior request for a default final judgment, Millennium, Voltage, and 42 Ventures (hereinafter "Plaintiffs") are seeking the extraordinary remedy of reconsideration by attempting to relitigate what this Court has already decided. As a preliminary matter, it should come as no surprise that the request for reconsideration was filed, as the plaintiffs' counsel (Mr. Culpepper) has a vested interest in a default final judgment since he is an officer, director, and agent of at least one of the plaintiffs who brought the instant Motion, 42 Ventures.[2] Regardless, reconsideration of an order "is an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). The Motion omitted any reference to an intervening change in controlling law or the availability of new evidence, and similarly failed to pinpoint any "clear error or manifest injustice" in the Order [D.E. 167]. At best, the Motion merely asks the Court to reconsider what it already decided, which is an insufficient basis for reconsideration. For the reasons that follow, the Motion should be denied.

---

[1] Quadranet expressly preserves all of its defenses, including but not limited to those Rule 12(b) defenses asserted in Quadranet's pre-answer Motion to Dismiss. [D.E. 108]. *Hinkle v. Cont'l Motors, Inc.*, 2018 U.S. Dist. LEXIS 231328, at *11 (M.D. Fla. July 12, 2018); *Wray v. Petersen*, 2018 U.S. Dist. LEXIS 130754, at *15 (M.D. Fla. July 17, 2018). The Court's Order specifically found that Quadranet has not waived its Rule 12 defenses. *See* [D.E. 167, p. 3].

[2] *See* https://hbe.ehawaii.gov/documents/business.html?fileNumber=211737C5. *See also* https://opencorporates.com/companies/us_hi/211737C5.

1.

## **MEMORANDUM OF LAW**

I. **Plaintiffs' Motion for Reconsideration Should Be Denied Because the Requested Relief is Sought Pursuant to Fed. R. Civ. P. 60(b)(6), Which is Inapplicable to the Order Denying Plaintiffs' Motion for a Default Final Judgment *Without Prejudice*.**

Because the Motion seeks relief under Fed. R. Civ. P. 60(b)(6), this Court's "analysis of Rule 60(b) begins, as it must, with its text." *Penn W. Assocs. v. Cohen*, 371 F.3d 118, 124 (3d Cir. 2004). Rule 60(b) "permits the court to 'relieve a party or its legal representative from a *final* judgment, order, or proceeding' on several stated grounds. Fed. R. Civ. P. 60(b)(1)-(6)." *Leeks v. GeoPoint Surveying, Inc.*, 2020 U.S. Dist. LEXIS 107398, at *4 (M.D. Fla. June 18, 2020) (emphasis added). According to its plain text, Rule 60(b) "applies only to 'final' judgments and orders." *Penn W. Assocs. v. Cohen*, 371 F.3d 118, 125 (3d Cir. 2004). "The concept of 'finality' is well-settled. In *Catlin v. United States,* 324 U.S. 229, 233 (1945), the Supreme Court defined a 'final decision' for purposes of appeal 'generally [as] one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Penn W. Assocs. v. Cohen*, 371 F.3d 118, 125 (3d Cir. 2004); *see also Keys v. Carroll*, 2012 U.S. Dist. LEXIS 50157, at *4 n.1 (M.D. Pa. Apr. 10, 2012) ("A final order is one that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."). Logically then, "there is no final order if claims remain unresolved and their resolution is to occur in the district court." *Penn W. Assocs.*, 371 F.3d 118, 125 (3d Cir. 2004).

The question then for this Court is whether the Order is "a final decision? If not, relief is unavailable under Rule 60(b)." *Id.* The answer to that question must be a resounding "no," because the Order denying Plaintiffs' Motion for Default Final Judgment ***without prejudice*** did not end the litigation on the merits; in fact, the Order specifically provided that "Plaintiffs may file an amended Motion after a final disposition on the merits of the case." [D.E. 167, p. 9]. For that reason alone, Plaintiffs' Motion for Reconsideration should be denied.

II. **The Motion for Reconsideration Should Also Be Denied on Substantive Grounds.**

Even if Fed. R. Civ. P. 60(b) did apply – which it does not – Plaintiffs' request should still be denied because it seeks the extraordinary remedy of reconsideration without a sufficient legal basis to do so. Courts have delineated three grounds justifying reconsideration: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Abromats v. Abromats*, No. 16-cv-60653-BLOOM/Valle, 2016 U.S. Dist. LEXIS 141904, at *7 (S.D. Fla. Oct. 13, 2016) (citations excluded). "In order to demonstrate clear error, a [movant] must do more than simply restate previous arguments. Further, any arguments the movant failed to raise in earlier motions will be deemed waived." *Bautista v. Cruise Ships Catering & Service Intern'l,*

*N.V.*, 350 F. Supp. 2d 987, 992 (S.D. Fla. 2004). "Court opinions are 'not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure.'" *Hoban v. Sovereign Republic of Peru*, 2016 U.S. Dist. LEXIS 186141, at *3 (S.D. Fla. Nov. 2, 2016) (internal citation omitted). As detailed below, no "exceptional circumstances" exist for the Court to reconsider its prior Order. *See Madden v. Chattanooga City Wide Serv. Dep't*, 2007 U.S. Dist. LEXIS 53955, at *9 (E.D. Tenn. July 25, 2007) (stating that Rule 60(b) "motions seek extraordinary judicial relief and can be granted only upon a showing of exceptional circumstances.").

### A. Plaintiffs' Argument Pertaining to Inconsistent Judgments Does Not Constitute an Exceptional Circumstance for the Court to Reconsider its Prior Order.

As its first basis for reconsideration, the Motion contends that 42 Ventures "does not make any copyright claims," and rather asserts "trademark and unfair competition claims against only the LiquidVPN Defendants." [D.E. 168, p. 2]. Therefore, according to 42 Ventures, there is no risk of inconsistent judgments. *Id.* Similarly, the Motion asserts that Millennium and Voltage advanced "breach of contract and publicity claims against only the LiquidVPN Defendants," and thus "there is no risk of inconsistent judgments with other Defendants…" *Id.* For several reasons, this initial argument should be rejected, and the Motion denied.

*First*, and after the risk of inconsistent judgments was raised by Quadranet [D.E. 134], 42 Ventures, Millennium, and Voltage failed to rebut this argument in their reply brief [D.E. 135], and in fact omitted any of the arguments that are now raised in the subject Motion. The law is clear that a "motion for reconsideration cannot be used to re-litigate old matters, raise argument or present evidence that could have been raised prior to the entry of the [challenged order]. ***This prohibition includes new arguments that were previously available, but not pressed***." *Wilchombe v. Teevee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (internal quotations and citations omitted) (emphasis added); *see also Sanderlin v. Seminole Tribe*, 243 F.3d 1282, 1292 (11th Cir. 2001) ("Motions for reconsideration should not be used to raise legal arguments which could and should have been made"); *Kinetic v. ConvaTec, Inc.*, 2010 U.S. Dist. LEXIS 40240, at *29 (M.D.N.C. Apr. 23, 2010) ("a party who fails to address an issue has conceded the issue."); *American Registry v. Bennett*, 655 F. Supp. 2d 944, 946 n.2 (D. Minn. 2009) ("It is well established that a party concedes an issue by failing to address it in an opposing brief."); *In re Paoli*, 1992 U.S. Dist. LEXIS 18428, 1992 WL 323589, at *2 (E.D. Pa. Oct. 21, 1992) ("Plaintiffs' response to this motion completely fails to address Defendants' position with respect to [this issue] and is therefore deemed to admit and concede its correctness.").

*Second*, one of the defendants allegedly in default, Charles Muszynski (the founder of

LiquidVPN) previously contested whether service of the Second Amended Complaint was even valid [D.E. 126]. Although Mr. Muszynski's motion to quash was denied, there is a reasonable basis to believe that he, and potentially his company, may respond to the legally deficient Second Amended Complaint. Recognizing "the general rule that default judgments are ordinarily disfavored because cases should be decided upon their merits whenever reasonably possible," the Motion should be denied on that basis as well. *Vasquez v. Moving Dudes LLC*, No. 19-cv-60663-BLOOM, 2019 U.S. Dist. LEXIS 118055, at *2 (S.D. Fla. July 15, 2019) (citation omitted).

*Third*, the Motion failed to rebut (or even discuss) the glaring deficiency in the Second Amended Complaint ("SAC"), in that it constitutes an impermissible shotgun pleading. Consequently, the SAC cannot serve as a basis for the entry of a default final judgment. *Alvarez v. Gregory HVAC LLC*, 2021 U.S. Dist. LEXIS 163505, at *1 (M.D. Fla. Aug. 30, 2021) (dismissing the plaintiff's complaint "as a shotgun pleading," and therefore "deny[ing] the Motion for Default Final Judgment.").[3] Since the "Court has an obligation to sua sponte strike a shotgun pleading,"[4] the SAC should be stricken, and the Motion denied.

*Fourth*, the Court acted in its discretion by denying the plaintiffs' motion for default final judgment. "While Rule 55(b) provides the court power to enter a default judgment, the court's decision to exercise that power is discretionary." *Country Mut. Ins. Co. v. Goldman*, 2020 U.S. Dist. LEXIS 58000, at *3 (M.D. Ala. Apr. 2, 2020). Here, the Motion failed to raise any "exceptional circumstance" or "clear error" that would otherwise justify setting aside the Order, which was adjudicated within the Court's discretion.

*Fifth*, the Plaintiffs' Motion for Default Final Judgment failed to ever raise the importance and impact of Fed. R. Civ. P. 54(b). This rule requires that "[w]here there are multiple claims or parties, 'the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties ***only if the court expressly determines that there is no just reason for delay***." Fed. R. Civ. P. 54(b) (emphasis added). The Middle District of Florida has noted that "as a practical matter, Fed. R. Civ. P. 54(b) means:

> ***[W]hen a default is entered against one defendant in a multi-defendant case, the preferred practice is for the court to withhold granting a default judgment until after***

---

[3] In the instant case, Quadranet's pending and case-dispositive Motion to Dismiss detailed how the Second Amended Complaint constitutes an impermissible shotgun pleading *not only as to Quadranet*, but also as to the LiquidVPN Defendants as well. [D.E. 108, p. 18-21]. Having been represented at all times by counsel, Plaintiffs have no justification for having filed ***three (3) shotgun pleadings in a row***. [(D.E. 108, p. 21), referencing D.E. 1, 24, and 96].

[4] *Chiron Recovery Ctr. v. UnitedHealth*, 2019 U.S. Dist. LEXIS 135535, at *21 (S.D. Fla. Aug. 8, 2019).

> ***trial on the merits against the remaining defendants***. This practice grew out of the case of *Frow* …, in which the Supreme Court held that the risk of inconsistency precluded the entry of default judgment against one alleged conspirator whose alleged co-conspirators were proceeding to trial. Within [the Eleventh Circuit], ***the preferred practice has been extended beyond situations in which the defaulting defendant may be jointly liable with non-defaulting defendants to situations in which the defaulting defendant is merely similarly situated to those who continue to contest the allegations on the merits***.

*Poole*, 2019 U.S. Dist. LEXIS 146524, at *5-6 (citation omitted) (emphasis added) (brackets in original). While the failure to mention Rule 54(b) is alone fatal to the instant Motion,[5] any request for reconsideration should also be denied because the Court acted within its discretion by adopting the preferred practice (*i.e.* denying without prejudice a request for default judgment until after trial on the merits against the remaining defendants).[6]

### B. Plaintiffs' Fallback Argument Pertaining to Irreparable Harm Does Not Constitute an Exceptional Circumstance for the Court to Reconsider its Prior Order.

The only other argument in support of reconsideration is the notion that the Court somehow "discounted Plaintiffs' assertion of irreparable harm." [D.E 168 p. 2]. This argument too fails.

Irreparable harm is not an element of, and is irrelevant to, Millennium's and Voltage's purported breach of contract and publicity claims. As Quadranet previously asserted in its opposition brief, there is no prejudice if the Motion for Default Final Judgment is denied *with leave to re-file following a final disposition on the merits as to all named defendants*. [D.E. 134]. The Order adopted this approach by denying Plaintiffs' request *without prejudice*, and allowing them to "file an amended Motion after a final disposition on the merits of the case." [D.E. 167, p. 9]. Accordingly, and at least as to Millennium's and Voltage's purported claims, the "irreparable harm" argument is baseless, irrelevant, and inapplicable. At a minimum, therefore, the Motion should be denied as to Millennium and Voltage.

Turning to 42 Ventures' trademark claim, and the contention that the Court did not consider irreparable harm, the Motion is in error. In fact, the Order discussed this issue at length, and rejected the Plaintiffs' position:

---

[5] *U.S. CFTC v. Allied Mkts.*, 2015 U.S. Dist. LEXIS 139768, at *5 (M.D. Fla. Oct. 14, 2015).

[6] While the Motion did briefly mention Rule 54(b) in passing, this argument was not raised in Plaintiffs' prior motion for a default final judgment. Since "new arguments are not sufficient to entitle a movant to reconsideration of an Order," the Motion should be denied. *Serpentfoot v. Rome City Comm'n*, 2008 U.S. Dist. LEXIS 143565, at *3 (N.D. Ga. Sep. 15, 2008).

> Plaintiffs notably do not address Defendants' contention that the procedural posture of the case is just reason for delay. *See generally* ECF No. [137]. Instead of addressing the Quadranet Defendants' arguments about the just reason for delay, Plaintiffs contend that it will suffer irreparable harm if the Motion is not granted. *See id.* at 5-6. Plaintiffs' contention appears to be that because of the irreparable harm that Plaintiffs will suffer if the Motion is not granted, the procedural posture of the case and the risk of inconsistent judgments are not just reasons for delay. *See id.* Plaintiffs argue that because the Court denied Plaintiff's Motion for a Temporary Restraining Order ("Motion for TRO") due to Plaintiffs' delay in seeking a TRO, they continue to suffer irreparable harm, and that a Default Judgment would provide the necessary injunctive relief. *See id.*; *see also* ECF No. [93]. Plaintiffs also raise two new arguments addressing their delay in seeking a TRO. *See* ECF No. [137] at 5. Plaintiffs claim that they were delayed in seeking the TRO because they were not aware of AUH2O until they received further information from a separate lawsuit and because the country was in the midst of the coronavirus pandemic. *See id.*
>
> However, the Court is unpersuaded by Plaintiffs' argument that the delay was justified. Plaintiffs could have sought a TRO against Defendants other than AUH2O, if they were not aware of AUH2O's existence, yet Plaintiffs chose not to do so until May 6, 2021, more than two months after filing their initial complaint on March 3, 2021. *See* ECF No. [28]. In addition, without further information, the Court cannot determine why Plaintiffs could not have sought a TRO during the intervening two months, despite the pandemic, if the harm was truly immediate and irreparable as Plaintiffs' claim. A review of the record suggests that Plaintiffs were able to file other motions and affidavits during the time. *See* ECF Nos. [3], [15], [21], [22]. As such, the Court determines that the alleged harm to Plaintiffs does not outweigh the procedural posture of the case and the risk of inconsistent judgments, which other courts have found to be just reason for delay.

[D.E. 167, p. 8-9]. As detailed above, the Court specifically addressed – and rejected – the Plaintiffs' argument as to irreparable harm. The Order was well-rooted in legal precedent, since Plaintiffs are not entitled to a presumption of irreparable harm given such inexcusable delay. *See Wreal LLC v. Amazon.com, Inc.*, No. 14-21385-CIV-LENARD/GOODMAN, 2015 U.S. Dist. LEXIS 176382, at *52 (S.D. Fla. Feb. 3, 2015) ("delays of a few months negate any claim of irreparable harm," and further recognizing that "'[C]ourts typically decline to grant preliminary injunctions in the face of unexplained delays of more than two months.'") (internal citation omitted). In sum, the Motion should be denied because 42 Ventures merely reargued an issue that was previously addressed, and which was determined adversely to 42 Ventures in the Order. *Bafford v. Twp. Apartments Assocs.*, 2008 U.S. Dist. LEXIS 145521, at *8 (M.D. Fla. Jan. 4, 2008) ("Plaintiff's motion falls short of meeting the standard for relief under Rule 60(b)(6)…[p]laintiff merely reargues issues which have been previously addressed and determined adversely to Plaintiff.").

## V. CONCLUSION

WHEREFORE, based upon the foregoing arguments and legal authorities, Quadranet Enterprises, LLC and Quadranet, Inc. respectfully submit that the Motion should be denied in all respects.

Respectfully submitted,

Dated: December 6, 2021

Jonathan Woodard
John Cyril Malloy, III
Florida Bar No. 964,220
jcmalloy@malloylaw.com
Oliver Alan Ruiz
Florida Bar No. 524,786
oruiz@malloylaw.com
Jonathan R. Woodard
Florida Bar No. 096,553
jwoodard@malloylaw.com
W. John Eagan
Florida Bar No. 105,101
Johneagan@malloylaw.com
**MALLOY & MALLOY P.L.**
2800 S.W. Third Avenue
Miami, Florida 33129
Telephone (305) 858-8000

*Of Counsel:*
Bobby Ghajar (*pro hac vice*)
bghajar@cooley.com
**COOLEY LLP**
1333 2nd Street, Suite 400
Santa Monica, CA 90401
Tel: 310-883-6400
*Attorneys for Quadranet, Inc. and Quadranet Enterprises, LLC*