UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

Case No.: 21-cv-20862-BLOOM/Otazo-Reyes

MILLENNIUM FUNDING, INC. et al,

    Plaintiffs,

vs.

1701 MANAGEMENT LLC et al,

    Defendants.

_____

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS 1701 MANAGEMENT LLC d/b/a LIQUIDVPN, AUH2O LLC AND CHARLES MUSZYNSKI a/k/a FREDERICK DOUGLAS**

Plaintiffs MILLENNIUM FUNDING, INC. ("Millennium"), VOLTAGE HOLDINGS, LLC ("Voltage"), and 42 VENTURES, LLC ("42") (all collectively "Plaintiffs") file this reply in support of their Motion for Reconsideration ("Motion") of this honorable Court's Order [Doc. #167] denying default judgement without prejudice against Defendants 1701 MANAGEMENT LLC d/b/a LIQUIDVPN ("1701"), AUH2O LLC ("AUH2O"), and CHARLES MUSZYNSKI a/k/a FREDERICK DOUGLAS ("Muszynski") (all collectively "LiquidVPN Defendants") to the opposition filed by Defendants QuadraNet, Inc. and QuadraNet Enterprises LLC ("QuadraNet"). For the reasons discussed below, Plaintiffs' Motion should be granted.

**I.     INTRODUCTION**

This is the second time QuadraNet has intervened to step into the shoes of the LiquidVPN Defendants and oppose a motion Plaintiffs made against the LiquidVPN Defendants without leave of this Court. The first time QuadraNet argued that Plaintiffs' motion for default judgment requested

20-023DBa

relief or findings that directly or indirectly affected it. *See* QuadraNet's Special Objection and Limited Opposition [Doc. #134] at pgs. 4-5. This time QuadraNet does not even bother attempting to argue that it is even indirectly affected by the relief requested in Plaintiffs' Motion. Plaintiffs again object to QuadraNet's intervention on behalf of the LiquidVPN Defendants without leave of the Court. The Court should ignore QuadraNet's improper intervention and grant Plaintiffs' Motion.

## II.     ARGUMENT

**A.     This Court's inherent authority and Rule 60(b)(6) permit reconsideration of the Court's Order denying Default Judgment.**

QuadraNet asserts that Fed. R. Civ. P. 60(b)(6) does not permit reconsideration of nonfinal orders. Opposition [Doc. #1] at pg. 2. However, Rule 60(b)(6) provides "GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING." The adjective "final" is only before the word "judgment" and separated from the other words ORDER and PROCEEDING by commas. In comparison, the writing style of other rules such as Fed. R. Civ. P. 54(b) uses the adjective "MULTIPLE" twice to modify the nouns "CLAIMS" and "PARTIES". Accordingly, Rule 60(b)(6) also provides relief from a nonfinal order. The Eighth Circuit similarly concluded that "… motions for reconsideration are nothing more than Rule 60(b) motions when directed at nonfinal orders". *Elder-Keep v. Aksamit*, 460 F.3d 979, 984 (8th Cir. 2006) (quoting *Anderson v. Raymond Corp.*, 340 F.3d 520, 525 (8th Cir. 2003)). Moreover, assuming *arguendo* that Rule 60(b)(6) does not apply, the Motion was also made pursuant to this Court's inherent authority to reconsider interlocutory orders. Any interlocutory order can be revisited for any reason and at any time prior to final judgment. *See Covenant Christian Ministries, Inc. v. City of Marietta, Georgia*, 654 F.3d 1231, 1242 (11th Cir. 2011).

**B.     Plaintiffs' Motion pointed out a change of law that the Court did not consider and manifest injustice.**

As pointed out by QuadraNet, Plaintiffs' counsel Kerry S. Culpepper ("Culpepper") is an officer of 42. Opposition at pg. 1. This fact was disclosed by Culpepper in the Second Amended Complaint ("SAC") [Doc. #96]. *See* Decl. of Culpepper [Doc. #96-26] at ¶2. In the Motion for Reconsideration [Doc. #168], Culpepper briefly pointed out the family tragedy he suffered in December of 2020. *See* Mot. for Reconsideration at pg. 3, FN2. The Governor of the state of Hawai'i (where Culpepper resides) implemented numerous emergency orders to deal with the Coronavirus Pandemic that were in effect until this past summer that limited Culpepper's ability to travel. *See* SEVENTEENTH PROCLAMATION RELATED TO THE COVID-19 EMERGENCY, OFFICE OF THE GOVERNOR STATE OF HAWAI'I, https://governor.hawaii.gov/wp-content/uploads/2020/12/2012088-ATG_Seventeenth-Proclamation-Related-to-the-COVID-19-Emergency-distribution-signed.pdf [last accessed on 12/9/2021]. Hawai'i implemented not only mandatory quarantines upon entry and return into the state, but also quarantines for travel between even *counties within Hawai'i*. *See* Id. at pg. 12 ("V. Quarantine for Travel Between Counties").

42 has invested time and resources to stream <u>legal</u> content under its US, Iceland and Russia registered trademark "Popcorn Time" through an agreement with Andy Signore, the creator of the popular YouTube® channel Popcorned Planet (since 2009) and former executive producer of the Emmy nominated series Honest Trailers. *See* Id. at ¶3. 42 has asserted no claims against QuadraNet in the SAC, yet QuadraNet opposes 42's motion to obtain relief against the LiquidVPN Defendants for continuing to use 42's trademark in connection with movie piracy.

QuadraNet incorrectly asserts that Plaintiffs' Motion "omitted any reference to an intervening change in controlling law…or…clear manifest injustice". Opposition at pg. 1. However, Plaintiffs

3

pointed out that the Court did not consider a change in law – the Dec. 27, 2020 amendments to 15 U.S.C. §1116(a) per the Trademark Modernization Act which provide that a trademark owner such as 42 is "…entitled to a rebuttable presumption of irreparable harm upon a finding of a violation identified in this subsection … upon a finding of likelihood of success on the merits for a violation identified in this subsection in the case of a motion for a preliminary injunction or temporary restraining order." 15 U.S.C. §1116(a). QuadraNet does not address this change in law.

Plaintiffs further asserted that it is clear error or manifest injustice to not consider their non-title 17 (copyright) claims that were made against only the LiquidVPN Defendants when the Court concluded that there was risk of inconsistent judgments.

**C. Plaintiffs adequately explain that their requested relief will not lead to inconsistent judgments because they are only asserted against the Defaulting LiquidVPN Defendants.**

QuadraNet asserts that Plaintiffs failed to rebut its arguments concerning inconsistent judgments. Opposition at pg. 3. However, as shown below, QuadraNet's arguments were concerning the *copyright* claims.

> The SAC asserts multiple direct and indirect copyright infringement claims against *all* defendants, predicated on those defendants' purported involvement in the allegedly infringing activity, such that – as presented in the convoluted SAC – they appear inextricably intertwined. Accordingly, there is "just reason for delay" in entering any sort of default final judgment.

QuadraNet's Special Objection and Limited Opposition [Doc. #134] at pg. 3. Plaintiffs only seek reconsideration of their motion for defaults judgment concerning the trademark, unfair competition, breach of contract and breach of publicity non-copyright claims that are only asserted against the LiquidVPN Defendants. Thus, there is no risk of inconsistent judgments. Further, Plaintiffs' non-copyright claims against the LiquidVPN Defendants have no effect on the procedural posture of this case. Nor does QuadraNet argue that they do.

QuadraNet also asserts, without any support, that it is likely that the LiquidVPN Defendants will respond to the SAC. The LiquidVPN Defendants have defaulted repeatedly. *See* [Docs. ##52-53, 69, 112]. The LiquidVPN Defendants have failed to file an opposition to the Motion for Default Judgment (QuadraNet did it for them). The LiquidVPN Defendants have failed to file a motion to set aside default. The LiquidVPN Defendants have failed to file an opposition to the Motion for Reconsideration (QuadraNet did it for them again). Accordingly, it is highly unlikely that the LiquidVPN Defendants intend to participate in these proceedings. If QuadraNet and/or QuadraNet's counsel is an actuality representing the LiquidVPN Defendants, they should file the appropriate notices of appearances and disclosures rather than repeatedly intervening in the LiquidVPN Defendants' behalf without leave of this Court.

QuadraNet once again repeats its futile argument that the SAC is a shotgun pleading merely because each of counts 11-13 incorporate by reference paragraphs 361-371 rather than repeating these 10 paragraphs again in each of the counts. *See* Opposition at pg. 4. Contradictorily, QuadraNet also criticized the SAC as "convoluted". Opposition [Doc. #134] at pg. 3. Just because QuadraNet keeps saying something does not mean it is true. The SAC is clearly not a shotgun pleading because it does not contain "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint". *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015).

**D.    Plaintiffs adequately explain why there is no just reason for delaying entry of default judgment for the non-copyright claims.**

As explained above, the non-copyright claims for which Plaintiffs request default judgment are not asserted against QuadraNet, TorGuard and DOES 1-100, but rather only the LiquidVPN

Defendants. Accordingly, there is no issue with the LiquidVPN Defendants being similarly situated to non-defaulting Defendants with regards to the non-copyright claims.

Taking the presumption of irreparable harm provided by the amended version of §1116(a) into account, the Court should conclude that there is no just reason to delay entry of final judgment of 42's trademark and unfair competition claims per Rule 54(b) so that 42 can obtain injunctive relief against the Liquid VPN Defendants and stop further irreparable harm to its trademark. 42 was not one of the Plaintiffs in the original complaint. *See* Complaint [Doc. #1]. Rather, 42 joined this action in the First Amended Complaint [Doc. #24] and filed a request for a temporary restraining order [Doc. #28] the same day. Accordingly, 42 did not wait to seek at TRO for "more than two months after filing their initial complaint on March 3, 2021". Order [Doc. #167] at pgs. 8-9. QuadraNet fails to address the change and law or the fact that 42 immediately filed for TRO with its first appearance. Moreover, all of the cases the Court relied on in asserting that the alleged delay supported denying 42's motion for a TRO (*see* Order [Doc. #93] at pg. 16) predate the Trademark Modernization Act and are therefore no longer applicable in the trademark context. *See Luv N' Care v. Laurain,* No. 3:16-00777, 2021 U.S. Dist. LEXIS 153150, at *6 (W.D. La. Aug. 13, 2021) ("[C]ases cited…predate the Trademark Modernization Act of 2020 ("TMA"), which would appear to make these cases no longer applicable.")

QuadraNet argues that "[i]rreparable harm is…irrelevant to Millennium's and Voltage's purported breach of contract and publicity claims…there is no prejudice if the Motion…is denied." Opposition at pg. 5. QuadraNet ignores the significant ongoing damage to David Cox from the LiquidVPN Defendants' breach of his publicity rights. Particularly, David Cox continues to lose customers who have been misled into believing he is associated with the LiquidVPN Defendants' piracy activities. *See* Decl. of Cox [Doc. 125-2] at ¶¶3-8 (David Cox has lost over 45 business

customers who believed he is still associated with LiquidVPN because of the LiquidVPN Defendants' website). This declaration of David Cox was included in the motion for default judgment. Plaintiffs' proposed injunction orders the LiquidVPN Defendants to "refrain from referring to DAVID COX or his dissolved corporation LiquidVPN in any manner that falsely portrays him and his dissolved corporation as playing a role in the operations of LiquidVPN on their website". *See* [Doc. #168-2] at (1)(b). Accordingly, there is no just reason to delay entry of final judgment of Millennium's and Voltage's assigned breach of contract and publicity claims per Rule 54(b) to stop the irreparable harm being done to David Cox.

**E.     QuadraNet has waived personal jurisdiction or improper venue by appearing and arguing against a motion for reconsideration that has zero effect on it.**

QuadraNet cannot avoid the implications of its extensive participation in these proceedings by merely labeling its intervening opposition as "special" and stating it is not waiving its Rule 12 defenses particularly when it steps in for other Defendants and opposes a motion that has absolutely nothing to do with it. *See Scope Leasing, Inc. v. Clearwater Aviation, Inc.*, No. 8:15-cv-2062-T-17AEP, 2015 U.S. Dist. LEXIS 130404, at *5 (M.D. Fla. Sep. 26, 2015) (quoting 5C Fed. Prac. & Proc. Civ. § 1391 (3d ed.) ("[A] party can be held to have waived a defense listed in Rule 12(h)(1) through conduct, such as extensive participation in the discovery process or other aspects of the litigation of the case even if the literal requirements of Rule 12(h)(1) have been met."). As discussed above, QuadraNet does not even attempt to argue that granting the relief requested in this Motion will affect it, yet it has purposefully interjected itself in these proceedings and asked this Court to consider its arguments. Accordingly, QuadraNet has participated in these proceedings to the extent that it has waived any arguments against personal jurisdiction and venue.

**III. CONCLUSION**

For the foregoing reasons, Plaintiffs Millennium, Voltage and 42 respectfully request that the Court reconsider its order denying final default judgment and permanent injunction against Defendants 1701 MANAGEMENT LLC d/b/a LIQUIDVPN, AUH2O LLC, and CHARLES MUSZYNSKI a/k/a FREDERICK DOUGLAS with respect to Plaintiffs' non-copyright claims and grant a default judgment in the form of the proposed Final Default Judgment and permanent injunction previously filed.

DATED: Dec. 10, 2021     Respectfully submitted,

/s/ *Joel B. Rothman*
JOEL B. ROTHMAN
Florida Bar No. 98220
joel.rothman@sriplaw.com
CRAIG A. WIRTH
Florida Bar Number:  125322
craig.wirth@sriplaw.com

**SRIPLAW**
21301 Powerline Road, Suite 100
Boca Raton, FL 33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

And

Kerry S. Culpepper
*Admitted pro hac vice*
**CULPEPPER IP, LLLC**
75-170 Hualalai Road
Suite B204
Kailua-Kona, HI  96740
808.464.4047 – Telephone
kculpepper@culpepperip.com

*Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

The undersigned does hereby certify that on December 10, 2021, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on this day on all those identified on the Service List, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those parties who are not authorized to receive Notices of Electronic Filing.

*s/ Joel B. Rothman*
JOEL B. ROTHMAN
Florida Bar Number: 98220
joel.rothman@sriplaw.com

**SERVICE LIST**

| | |
|---|---|
| Mr. Johnathan R. Woodard<br>Mr. John Cyril Malloy III<br>Mr. Oliver Alan Ruiz<br>Malloy & Malloy, PL<br>2800 SW 3rd Ave<br>Miami, FL 33129-2317<br>info@malloylaw.com<br>jwoodard@malloylaw.com<br>jcmalloy@malloylaw.com<br>oruiz@malloylaw.com<br>Attorneys for QuadraNet, Inc. and QuadraNet Enterprises, LLC | Mr. Bobby A. Ghajar<br>Cooley LLP<br>1333 Second Street<br>Suite 400<br>Santa Monica, CA 90401<br>bghajar@cooley.com<br>Attorneys for QuadraNet, Inc. and QuadraNet Enterprises, LLC |

Mr. Adam Losey
Losey PLLC
1420 Edgewater Drive
Orlando, FL 32804
alosey@losey.law
Attorney for VPNetworks, LLC dba TorGuard