UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 21-cv-20862-BLOOM/Otazo-Reyes

MILLENNIUM FUNDING, INC. *et. al*,

    Plaintiffs,

v.

1701 MANAGEMENT LLC d/b/a LIQUIDPVN, *et. al*,

    Defendants.

_____/

### DEFENDANT QUADRANET, INC.'S AND QUADRANET ENTERPRISES, LLC'S MOTION FOR A 15-DAY ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFFS' MOTION FOR RECONSIDERATION [D.E. 180]

Defendants Quadranet, Inc. and Quadranet Enterprises, LLC (collectively "Quadranet"), respectfully submit this Motion for a 15-Day Enlargement of Time to Respond to Plaintiffs' Motion for Reconsideration [D.E. 180]. In support thereof, Quadranet states as follows:

### CONCISE STATEMENT OF RELIEF REQUESTED

As alluded to in a recent filing, Quadranet will be seeking an award of fees and costs as the prevailing party under the Copyright Act (among other bases). [D.E. 177]. While Quadranet has been diligently preparing its fees motion, Quadranet has simultaneously been engaging in efforts with Plaintiffs' counsel to explore the possibility of resolving the motion for fees and costs. Accordingly, Quadranet requested, and the Plaintiffs consented to, an extension of time for Quadranet to file its fee motion, which would allow the parties sufficient time to explore the possibility of a potential resolution. *See* [D.E. 177 & 178].

Through the instant motion, Quadranet seeks an enlargement of time for the same reason. Namely, Plaintiffs filed their motion for reconsideration on January 10, 2022 [D.E. 180], and Quadranet's current deadline to respond is on January 24, 2022. It would hamper the parties' efforts towards reaching a potential resolution if, while attempting to resolve Quadranet's forthcoming motion for fees, Quadranet was *at the same time* incurring *even more* unnecessary expense in responding to Plaintiffs' motion for reconsideration. For that reason, as well as pressing litigation deadlines in various other matters, Quadranet respectfully requests a 15-day

1

enlargement of time.

*Relevant Procedural Background*

1. On December 13, 2021, the Court granted Quadranet's motion to dismiss the Plaintiffs' action with prejudice. [ECF No. 173].

2. On January 7, 2022, the Court granted Quadranet's request for an extension of time to serve and file its forthcoming motion for fees and costs. [ECF No. 178].

3. On January 10, 2022, Plaintiffs filed their motion for reconsideration [D.E. 180]. Quadranet's current deadline to respond is on January 24, 2022.

4. During this time period, Quadranet's counsel has been in contact with Plaintiffs' counsel to explore the possibility of resolving the issues pertaining to fees and costs, and therefore Quadranet seeks this 15-day enlargement of time for that purpose.

5. The enlargement of time requested herein will provide the parties with additional time to attempt to resolve these issues, while potentially conserving additional fees for written motion practice and the like. It will also potentially preserve the Court's resources, particularly if the parties can resolve some or all of the issues, including Plaintiffs' pending motion for reconsideration.

6. No party will be prejudiced by the relief sought in this Motion, and it is not being filed for purposes of delay.

7. Based upon the following arguments and legal authorities, Quadranet respectfully requests that the Court enter an order granting the relief requested herein.

**I.   ARGUMENT**

   **A. Quadranet's Motion for Extension of Time Should be Granted Pursuant to Fed. R. Civ. P. 6(b)(1)(A).**

Based upon the "good cause" factors set forth below, Quadranet's Motion should be granted pursuant to Fed. R. Civ. P. 6(b)(1)(A). This rule provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." *Smith v. Conner*, 2013 U.S. Dist. LEXIS 7248, at *2 (M.D. Fla. Jan. 17, 2013) (granting an extension of time for defendants to respond to the amended complaint based on, *inter alia*, "counsel's other pending deadlines"); *see also Cambridge Educ. Ctr., Inc. v. Kim*, 2011 U.S. Dist. LEXIS 163168, at *4 (N.D. Ga. Nov. 10, 2011) (granting motion for extension of time "in

light of the Court's policy favoring determination of cases on their merits"); *Jozwiak v. Stryker Corp.*, 2010 U.S. Dist. LEXIS 17221 *8 (M.D. Fla. 2010) ("Because Plaintiff's Motion to Extend was filed within the deadline for filing a response, the Court may grant an extension of time upon a showing of good cause."). Here, Quadranet's Motion should be granted for at least five (5) reasons.

*First*, the motion is being filed in good faith because the parties are exploring a resolution of the issues to be raised in Quadranet's forthcoming motion for fees and costs. A global resolution, if reached, would most likely moot Plaintiffs' motion for reconsideration.

*Second*, and while the parties are engaged in efforts to resolve Quadranet's fee motion, granting the instant relief will allow Quadranet to avoid *even more* fees in having to immediately respond to Plaintiff's motion for reconsideration.

*Third*, it will further the interest of judicial economy and preserve resources, if the parties are able to resolve the issues to be raised in the forthcoming fees motion (which would most likely moot the Plaintiffs' motion for reconsideration).

*Fourth*, due to pressing deadlines in other litigation matters, an enlargement of time is respectfully requested. Such deadlines include depositions in one case, and responding to two (2) separate complaints in other lawsuits, all pending in the Southern District of Florida.

*Fifth*, no party will be prejudiced by granting the relief sought herein. In order "to establish prejudice, the delay must 'result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion.'" *Smith v. Conner*, 2013 U.S. Dist. LEXIS 7248, at *4-5 (M.D. Fla. Jan. 17, 2013) (*citing* 10 C. Wright, A. Miller and M. Kane, Federal Practice and Procedure, § 2699 at 536-37 (2d ed. 1983). None of those factors are at issue here, and no party will be prejudiced by granting Quadranet's request for an extension.

WHEREFORE, based upon the foregoing, Quadranet respectfully requests that the Court enter an order: (1) granting the instant motion; (2) extending the deadlines for Quadranet, Inc. and Quadranet Enterprises, LLC to respond to Plaintiffs' motion for reconsideration (through and including February 8, 2022); and (3) granting such other and further relief that the Court deems just and proper.

## CERTIFICATE OF CONFERRAL UNDER LOCAL RULE 7.1(a)(3)
## CONFERRED, BUT UNABLE TO SECURE PLAINTIFFS' NON-OPPOSITION

Pursuant to Local Rule 7.1(a)(3)(A), counsel for Quadranet conferred with Plaintiffs' counsel regarding the relief sought in this motion. Such conferral efforts included an email from the undersigned on January 12, a telephone call on January 13 (although Plaintiff's counsel was unavailable at that time), and then email exchanges between the undersigned and Plaintiffs' counsel on January 13, 2022. Although Plaintiffs' counsel did not affirmatively state that Plaintiffs were opposed to Quadranet's request, Plaintiffs did not provide their consent either. Accordingly, Quadranet was compelled to file the instant motion to avoid delay, and was unable to secure the Plaintiffs' non-opposition to the requested extension of time.

Date: January 14, 2022

Respectfully submitted,

Jonathan Woodard
John Cyril Malloy, III
Florida Bar No. 964,220
jcmalloy@malloylaw.com
Oliver Alan Ruiz
Florida Bar No. 524,786
oruiz@malloylaw.com
Jonathan Woodard
Florida Bar No. 0096553
jwoodard@malloylaw.com
**MALLOY & MALLOY P.L.**
2800 S.W. Third Avenue
Miami, Florida 33129
Telephone (305) 858-8000

Bobby Ghajar (pro hac vice)
bghajar@cooley.com
**COOLEY LLP**
1333 2nd Street, Suite 400
Santa Monica, CA 90401
Tel: 310-883-6400

*Attorneys for Defendants Quadranet, Inc. and Quadranet Enterprises, LLC*