UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.: 1:21-cv-20862-BLOOM/Otazo-Reyes

MILLENNIUM FUNDING, INC., *et al*,

    Plaintiffs,

v.

1701 MANAGEMENT LLC d/b/a
LIQUIDVPN, *et al*,

    Defendants.

_____

### DEFENDANT VPNETWORKS, LLC D/B/A TORGUARD'S MOTION TO STAY DISCOVERY AND INCORPORATED MEMORANDUM OF LAW

Defendant VPNetworks, LLC d/b/a TorGuard ("TorGuard"), by and through its undersigned counsel and pursuant to this Court's order of January 10, 2022 [ECF No. 179], hereby moves to stay discovery in the above-captioned action pending the Court's resolution of TorGuard's Motion to Dismiss Plaintiffs' Second Amended Complaint with Prejudice or, in the Alternative, Motions for More Definite Statement or for Dismissal or Transfer for Improper Venue, and Incorporated Memorandum of Law (the "Motion"). [ECF No. 145].

### INTRODUCTION

TorGuard respectfully requests entry of an order staying discovery in this matter to protect TorGuard from the unduly burdensome costs and expenses of responding to Plaintiffs' discovery in light of the pending Motion and potential dismissal of the claims against TorGuard. There is a strong likelihood that the Motion will be considered meritorious and thus dispositive of the case with respect to TorGuard based on the issues raised in the Motion. The Court also

recently granted a Motion to Dismiss in this case on similar grounds, noting TorGuard's Motion in its ruling. [*See* ECF No. 173]. Therefore, TorGuard respectfully requests a stay of discovery until the Motion is resolved.

## FACTUAL BACKGROUND

1. This case began on March 3, 2021, with Plaintiffs' initial Complaint and Demand for Jury Trial. [*See* ECF No. 1].

2. On May 5, 2021, Plaintiffs filed their First Amended Complaint and added Quadranet Enterprises, LLC, and Quadranet, Inc. (collectively, "Quadranet") as defendants to the case. [ECF No. 24].

3. On August 9, 2021, Plaintiffs and Quadranet entered their joint scheduling report [ECF No. 88], and on August 11, 2021, the Court entered its order setting trial and pre-trial scheduling. [ECF No. 89].

4. On August 17, 2021, Plaintiffs filed their Second Amended Complaint (the "SAC") and added TorGuard as a defendant in this case. [ECF No. 96.]

5. On August 31, 2021, Quadranet filed its Motion to Dismiss Plaintiffs' Second Amended Complaint (the "Quadranet Motion") and requested that the Court dismiss the SAC for, among other reasons, being an impermissible shotgun pleading and for failure to state a claim. [ECF No. 108].

6. On October 10, 2021, TorGuard filed its Motion and, like Quadranet, requested that the Court dismiss the SAC as an impermissible shotgun pleading and for failure to state a claim among other grounds. [ECF No. 145]. Specifically, TorGuard moved for dismissal because the SAC includes hundreds of factual allegations and claims which have no relevance to TorGuard and which impermissibly commingle the defendants in this action. [ECF No. 145 at 4-

5]. The Motion also argues that the SAC fails to state a claim upon which relief can be granted since, among other things, it fails to sufficiently allege (i) that TorGuard had any culpable intent [ECF No. 145 at 7-12], (ii) that TorGuard had the right and ability supervise or control the infringing activity [ECF No. 145 at 15-16], as well as (iii) that TorGuard profited directly from the infringing activity [ECF No. 145 at 16-18].

7. On November 17, 2021, Plaintiffs served their First Request for Production of Documents on TorGuard which included 3 requests for documents related to Quadranet dating back to 2017. The Request also contained two exhibits such that in total, Plaintiffs' First Request for Production is over 39,104 pages long and requires the review of over 200,000 IP addresses.

8. On December 10, 2021, Plaintiffs served their Second Request for Production of Documents on TorGuard which included 20 requests seeking documents dating back to 2016.

9. On December 13, 2021, the Court granted the Quadranet Motion, finding that the SAC is a "fatally defective" shotgun pleading and that it fails to state a claim upon which relief can be granted since, among other things, it fails to sufficiently allege (i) that Quadranet acted with culpable intent [ECF No. 173 at 27], (ii) that Quadranet had the right and ability to supervise or control the infringing activity [ECF No. 173 at 31], as well as (iii) that Quadranet profited directly from the infringing activity [ECF No. 173 at 31].

10. TorGuard's Motion raises arguments and issues similar to those found meritorious in Quadranet's Motion and which led to the dismissal of the claims against Quadranet with prejudice. Thus, there is a strong likelihood that TorGuard's Motion may also be granted and that TorGuard will similarly be dismissed with prejudice from this action.

11. Further, since TorGuard was added to this case only after Plaintiffs and the now dismissed Quadranet defendants submitted their joint scheduling report, it stands to reason that,

3

were Plaintiffs' Complaint against TorGuard not to be dismissed, a new scheduling report would likely need to be submitted and a new pre-trial schedule would likely need to be set to account for both the time that has elapsed since these proceedings were initiated and the dismissal of two defendants and addition of a new defendant. A stay in discovery pending the resolution of the Motion will thus not harm Plaintiffs, particularly since the need for discovery will be moot if the Motion is granted.

12.    The parties met and conferred regarding this issue and while TorGuard understands that Plaintiffs agreed to suspend portions of their discovery requests until February 2022, they continue to seek certain immediate discovery including the identification of IP addresses assigned to TorGuard. Notably there are several requests related to the identification of IP addresses, including some which relate solely to Quadranet, which has since been dismissed from this action with prejudice, and all of which would require the review of hundreds of thousands of IP addresses.

## **MEMORANDUM OF LAW**

"The Court 'has broad discretion to stay proceedings as an incident to its power to control its own docket.'" *Chevaldina v. Katz*, No. 17-22225-Civ-WILLIAMS/TORRES, 2017 U.S. Dist. LEXIS 137752, at *5 (S.D. Fla. Aug. 28, 2017) (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997)); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). This discretion includes the management of discovery. *Chevaldina*, 2017 U.S. Dist. LEXIS 137752, at *6 (citing *Johnson v. Bd. of Regents of Univ. of Georgia*, 263 F.3d 1234, 1269 (11th Cir. 2001)) ("[W]e accord district courts broad discretion over the management of pre-trial

activities, including discovery and scheduling.").

To prevail on a motion to stay discovery, a movant "must demonstrate reasonableness and good cause." *Id.* "[C]ourts have held good cause to stay discovery exists wherein 'resolution of a preliminary motion may dispose of the entire action.'" *Id.* (citing *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003)). To evaluate whether a movant has met its burden, courts "balance the harm produced by a delay in discovery against the possibility that the [dispositive] motion will be granted and entirely eliminate the need for such discovery." *Id.* at *6-7 (citing *Bocciolone v. Solowsky*, No. 08-20200-CIV COOKE/BANDSTRA, 2008 U.S. Dist. LEXIS 59170, at *6 (S.D. Fla. July 24, 2008)). "This means that courts generally take a 'preliminary peek at the merits of [the] dispositive motion to see if it appears to be clearly meritorious and truly case dispositive.'" *Id.* (citing *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)).

"Potentially dispositive motions filed prior to discovery weigh heavily in favor of issuing a stay." *Solar Star Sys., LLC v. Bellsouth Telecomms., Inc.*, No. 10–21105–CIV-MORENO, 2011 U.S. Dist. LEXIS 38150, at *2 (S.D. Fla. Mar. 20, 2011) (citing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997)). This is particularly true where staying discovery is necessary "to protect a party from annoyance, oppression, or undue burden or expense." *Id.* (citing Fed. R. Civ. P. 26(c)); *Kleiman v. Wright*, No. 18-cv-80176-BB, 2018 WL 8620096, at *1-2 (S.D. Fla. Aug. 2, 2018) (citations omitted) (noting a court's "broad discretion to stay discovery pending decision" on a "likely meritorious motion to dismiss while undue discovery costs mount"); *Chevaldina*, 2017 U.S. Dist. LEXIS 137752, at *8 ("[W]hile a potentially dispositive motion is pending, [the court agrees] that Defendants should not be required to suffer monetary burdens or expenses when it appears that Plaintiff's claims may fail

for several reasons as a matter of law.").

There is good cause for a stay of discovery in this matter pending resolution of TorGuard's Motion as even a "preliminary peek" at the Motion shows it to be meritorious and dispositive, particularly given the fact that the Court has already granted the Quadranet Motion and dismissed Quadranet with prejudice based on similar grounds. Furthermore, such a stay would be reasonable to implement at this stage in the proceedings. The Motion was filed prior to discovery and there have been no depositions scheduled or other discovery served by the parties while the Motion has been pending. Any delay caused by the stay at this stage would thus not harm Plaintiffs or unduly delay these proceedings, but would rather serve to mitigate TorGuard's mounting discovery costs in a case where TorGuard should be dismissed.

## CONCLUSION

WHEREFORE, Defendant, VPNetworks, LLC d/b/a TorGuard, respectfully requests that the Court grant this motion and enter an order staying discovery pending resolution of the Motion, and for any and all other relief the Court deems appropriate.

## CERTIFICATE OF GOOD FAITH CONFERENCE

I HEREBY CERTIFY that I conferred in good faith with Plaintiffs' counsel. Although the parties were able to resolve some of the issues, the parties were unable to come to a resolution of all of the issues.

By: /s/ *Adam Losey*
Adam C. Losey, Esq.
Florida Bar No. 69658
*Counsel for Defendant VPNETWORKS, LLC d/b/a TORGUARD*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 27, 2022, a true and correct copy of the foregoing was electronically filed by means of the Court's CM/ECF system which will cause a copy to be served on all counsel of record.

*/s/ Adam Losey*
Adam C. Losey, Esq.
Florida Bar No. 69658
LOSEY PLLC
1420 Edgewater Dr.
Orlando, FL 32804
(407) 906-1605
alosey@losey.law; docketing@losey.law
*Counsel for Defendant VPNETWORKS, LLC d/b/a TORGUARD*