UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 21-cv-20862-BLOOM/Otazo-Reyes

MILLENNIUM FUNDING, INC. *et. al*,

     Plaintiffs,

v.

1701 MANAGEMENT LLC d/b/a LIQUIDPVN, *et. al*,

     Defendants.

_____/

**QUADRANET, INC.'S AND QUADRANET ENTERPRISES, LLC'S LIMITED
RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR A
30 DAY EXTENSION OF TIME TO SERVE OBJECTIONS
TO QUADRANET'S FEE MOTION [D.E. 194]**

     Quadranet, Inc. and Quadranet Enterprises, LLC (collectively "Quadranet"), hereby submit their response in opposition to the Plaintiffs' Motion for Extension of Time to Serve Objections to Quadranet's Fee Motion [D.E. 194] (the "Motion").  The purpose of this response is to clarify the record as to Plaintiffs' failure to meet and confer; instead they rushed to Court to make their filing. In support thereof, Quadranet states as follows:

**CONCISE STATEMENT AND MEMORANDUM OF LAW**

     1.     The subject Motion should be denied because Plaintiffs continue to violate their "meet and confer" requirements under Local Rule 7.1(a)(3).  "In order to 'confer,' a movant must have a give-and-take exchange with opposing counsel." *Royal Bahamian Ass'n, Inc. v. QBE Ins. Corp.*, 744 F. Supp. 2d 1297, n.2 (S.D. Fla. 2010).  "Sending an email and demanding an immediate or near-immediate response and then filing a motion before having an actual substantive discussion with opposing counsel does not amount to a conference or consultation. Instead, it is a one-way missive." *Id.*; *see also Wrangen v. Pennsylvania Lumbermans Mut. Ins. Co.*, No. 07-61879, 2008 U.S. Dist. LEXIS 106256, 2008 WL 5427785, at *1 (S.D. Fla. Dec. 30, 2008) ("Simply sending a letter without further follow-up does not constitute the type of effort to engage in a pre-filing conference anticipated by Local Rule 7.1").

     2.     Here, after business hours on Friday, February 18, Plaintiffs' counsel emailed the undersigned counsel requesting a "***37-day extension of time***" in order for Plaintiffs to respond to

Quadranet's fee motion.

3.      The following Monday morning (February 21) was a legal holiday where both the Court and the undersigned's firm were closed in recognition.[1]   Nevertheless, the undersigned expedited a meet-and-confer response by emailing Plaintiffs' counsel, and requesting clarification as to the extension Plaintiffs' sought, particularly given the fact that Quadranet's fee motion had not yet been <u>filed</u>.  *See* [D.E. 194, p. 4].  The undersigned made clear that he would "***check with Quadranet and obtain its position on the matter, and a reasonable extension should not be a problem***." *Id.* (emphasis added).

4.      In response, as evident in the filing (*id.*), the Motion admits that Plaintiffs' original "calculations on below email were wrong," and provided further clarification as to what the Plaintiffs were seeking.

5.      The undersigned was never given an opportunity to respond.  The very next day (February 22) at 12:09 p.m. (EST) – which was the first actual business day since Plaintiffs' initial email – Plaintiffs filed their Motion and claimed that "Quadranet has not yet informed whether it agrees to the 30 day extension." *Id.*

6.      Through the instant Response, Quadranet wishes to make clear that it has and will continue to be cooperative with Plaintiffs' counsel and to accommodate reasonable extensions of time. But the subject Motion for Extension is not the first time that Plaintiffs have sent "a one-way missive" to Quadranet, and then raced to file their motion before Quadranet could respond, and certainly well before the parties had actually engaged in a "give-and-take-exchange" and "substantive discussion" on the matter.  *Royal Bahamian Ass'n, Inc. v. QBE Ins. Corp.*, 744 F. Supp. 2d 1297, n.2 (S.D. Fla. 2010). "Local rules have 'the force of law' and should be followed," and for that reason, Plaintiffs' Motion should be denied.

7.      To the extent that the Court is inclined to grant the Motion, and for several reasons, Quadranet respectfully requests that the Motion be granted ***in part***, and that the Plaintiffs be given a fourteen (14) day extension of time instead.

8.      *First*, a fourteen (14) day extension of time signals Quadranet's cooperation, civility, and professional courtesies towards the Plaintiffs, while at the same time balances the need for Quadranet's fee motion to be fully briefed and ripe for adjudication without unreasonable delay.

9.      *Second*, and along those lines, Quadranet timely served its fee motion this past Friday,

---

[1] *See* https://www.flsd.uscourts.gov/court-hours-holidays

February 18, 2022.  If Plaintiffs' proposed extension is granted, Quadranet will not be able to actually <u>file</u> its fee motion until mid-April, which means that the fee motion will not be ripe for consideration until May (assuming that no further extensions are requested by the Plaintiffs).  Quadranet respectfully submits that this is unreasonable, and unduly delays the issue.

10.     *Third*, the Motion claims that an extension is needed "to study the nearly 150 pages of exhibits in Quadranet's fee motion." [D.E. 194, p. 2].  However, the majority of these exhibits are the underlying invoices supporting Quadranet's fee award, *which Plaintiffs have had since February 3, 2022.*[2]  Plaintiffs have already been in possession of these invoices for nearly three weeks, and therefore do not need to delay their response until April.

## <u>CONCLUSION</u>

Plaintiffs failed to comply with their meet-and-confer obligations under Local Rule 7.1(a)(3), and therefore should not be rewarded with an extension of time until April.  Notwithstanding, and to the extent that the Court is inclined to grant the Motion, Quadranet respectfully requests that the Motion be granted ***in part***.  Quadranet is amenable to extensions of time and extending professional courtesies, and a two (2) week extension of time reflects that level of civility and cooperation, while at the same time balancing the need for Quadranet's fee motion to be fully adjudicated without unreasonable delay.

Respectfully submitted,

Dated:  February 22, 2022

<u>Jonathan Woodard</u>
John Cyril Malloy, III
Florida Bar No. 964,220
jcmalloy@malloylaw.com
Peter A. Matos
Florida Bar No. 992,879
pmatos@malloylaw.com
Oliver Alan Ruiz
Florida Bar No. 524,786
oruiz@malloylaw.com
Jonathan R. Woodard
Florida Bar No. 096,553
jwoodard@malloylaw.com

---

[2] Plaintiffs also claim that Quadranet was given an extension of time to *serve* their fee motion.  But that extension was not so that the issue could be unduly delayed (as Plaintiffs seek to do through the Motion); instead, Quadranet requested time so that the parties could exhaust all avenues towards a potential *resolution* of the matter with the Plaintiffs, which was obviously unsuccessful given the service of Quadranet's fee motion.

W. John Eagan
Florida Bar No. 105,101
Johneagan@malloylaw.com
**MALLOY & MALLOY P.L.**
2800 S.W. Third Avenue
Miami, Florida 33129
Telephone (305) 858-8000

*Of Counsel:*
Bobby Ghajar (*pro hac vice*)
bghajar@cooley.com
**COOLEY LLP**
1333 2nd Street, Suite 400
Santa Monica, CA 90401
Tel: 310-883-6400
*Attorneys for Quadranet, Inc. and Quadranet Enterprises, LLC*