UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-20862-BLOOM/Otazo-Reyes

MILLENNIUM FUNDING, INC.,
a Nevada corporation, *et al.*,

    Plaintiffs,

v.

1701 MANAGEMENT LLC d/b/a
LIQUIDVPN, a Puerto Rico limited
liability company, *et al.*,

    Defendants.
_____/

## FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION

**THIS CAUSE** is before the Court upon the Plaintiffs' Motion for Final Default Judgment against Defendants 1701 Management LLC d/b/a/ LiquidVPN, AUH2O LLC and Charles Muszynski a/k/a Frederick Douglas, ECF No. [210] ("Motion"), filed on March 24, 2022. The Motion was granted in part and denied in part by a prior Order. Pursuant to Federal Rule of Civil Procedure 58(a), the Court enters this separate Final Default Judgment.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Final Default Judgment is entered in favor of Plaintiffs MILLENNIUM FUNDING, INC., VOLTAGE HOLDINGS, LLC, AMBI DISTRIBUTION CORP., AFTER PRODUCTIONS, LLC, AFTER II MOVIE, LLC, MORGAN CREEK PRODUCTIONS, INC., MILLENNIUM FUNDING, INC., BEDEVILED LLC, MILLENNIUM MEDIA, INC., COLOSSAL MOVIE PRODUCTIONS, LLC, YAR PRODUCTIONS, INC., FSMQ FILM, LLC, FW PRODUCTIONS, LLC, MILLENNIUM IP, INC., I AM WRATH PRODUCTION, INC., KILLING LINK DISTRIBUTION, LLC, BADHOUSE STUDIOS,

Case No. 21-cv-20862-BLOOM/Otazo-Reyes

LLC, LF2 PRODUCTIONS, INC., LHF PRODUCTIONS, INC., VENICE PI, LLC, RAMBO V PRODUCTIONS, INC., RUPTURE CAL, INC., MON, LLC, SF FILM, LLC, SPEED KILLS PRODUCTIONS, INC., MILLENNIUM IP, INC., NIKOLA PRODUCTIONS, INC., WONDER ONE, LLC, BODYGUARD PRODUCTIONS, INC., OUTPOST PRODUCTIONS, INC., GLACIER FILMS 1, LLC, DEFINITION DELAWARE LLC, HANNIBAL CLASSICS INC., JUSTICE EVERYWHERE PRODUCTIONS LLC, STATE OF THE UNION DISTRIBUTION AND COLLECTIONS, LLC, PARADOX STUDIOS, LLC, DALLAS BUYERS CLUB, LLC, HITMAN TWO PRODUCTIONS, INC., SCREEN MEDIA VENTURES, LLC, and 42 VENTURES, LLC (collectively, "Plaintiffs") and against Defendants 1701 MANAGEMENT LLC d/b/a LIQUIDVPN, AUH2O LLC, and CHARLES MUSZYNSKI a/k/a FREDERICK DOUGLAS (collectively, "Defendants") on Counts II-III (contributory infringement by inducement and material contribution), Count IV (vicarious infringement), Count V (secondary liability for DMCA violations), Count IX (trademark infringement), Count X (unfair competition), Count XI (breach of contract), and Count XIII (breach of publicity) pled against Defendants in the Second Amended Complaint, ECF No. [96], as follows:

    a. Permanent Injunction ordering conduct: Defendants 1701 MANAGEMENT LLC, AUH2O LLC, and CHARLES MUSZYNSKI, their officers, directors, employees, agents, subsidiaries, distributors, and all persons acting in concert and participation with Defendants are ordered to:

        i. block their end users from accessing the following notorious piracy websites of foreign origin that are listed in the annual trade report of Notorious Foreign

>   > Markets published by the United States Government: (i) YTS.MX; (ii) piratebay.org; (iii) rarbg.to; (iv) 1337x.tw; and (v) popcorn-time.ga on networks under their control and any known proxy websites thereof; and
>   >
>   > ii. to adopt a policy that provides for the prompt termination of end user accounts for which they receive more than three (3) notices of infringements of Plaintiffs' copyright protected Works, attached hereto as Exhibit 1, and said end users fail to provide a counter-notification;
>
> b. Permanent Injunction restraining conduct: Defendants 1701 MANAGEMENT LLC, AUH2O LLC, and CHARLES MUSZYNSKI, their officers, directors, employees, agents, subsidiaries, distributors, and all persons acting in concert and participation with Defendants are permanently restrained and enjoined from:
>
>   > i. infringing to and/or contributing to infringements of Plaintiffs' Works;
>   >
>   > ii. promoting and encouraging their end users to use the LiquidVPN service as a means to conceal use of Popcorn Time and movie piracy websites such as the Pirate Bay for pirating Plaintiffs' Works and promoting their service as "Popcorn Time VPN" in violation of Plaintiff 42 Ventures LLC's trademark;
>   >
>   > iii. displaying the title art of Plaintiff MILLENNIUM FUNDING, INC.'s work *Survivor* on their website; and
>   >
>   > iv. referring to DAVID COX or his dissolved corporation LiquidVPN in any manner that falsely portrays him and his dissolved corporation as playing a role in the operations of LiquidVPN on their website;
>
> c. Statutory Damages for trademark infringement pursuant to 15 U.S.C. § 1117(c): Plaintiff 42 VENTURES, LLC is entitled to an award of statutory damages of

  **$250,000.00** against Defendants 1701 MANAGEMENT LLC, AUH2O LLC, and CHARLES MUSZYNSKI jointly and severally;

 d. Statutory Damages for copyright infringements pursuant to 17 U.S.C. § 504(c): Plaintiffs MILLENNIUM FUNDING, INC., VOLTAGE HOLDINGS, LLC, AMBI DISTRIBUTION CORP., AFTER PRODUCTIONS, LLC, AFTER II MOVIE, LLC, MORGAN CREEK PRODUCTIONS, INC., MILLENNIUM FUNDING, INC., BEDEVILED LLC, MILLENNIUM MEDIA, INC., COLOSSAL MOVIE PRODUCTIONS, LLC, YAR PRODUCTIONS, INC., FSMQ FILM, LLC, FW PRODUCTIONS, LLC, MILLENNIUM IP, INC., I AM WRATH PRODUCTION, INC., KILLING LINK DISTRIBUTION, LLC, BADHOUSE STUDIOS, LLC, LF2 PRODUCTIONS, INC., LHF PRODUCTIONS, INC., VENICE PI, LLC, RAMBO V PRODUCTIONS, INC., RUPTURE CAL, INC., MON, LLC, SF FILM, LLC, SPEED KILLS PRODUCTIONS, INC., MILLENNIUM IP, INC., NIKOLA PRODUCTIONS, INC., WONDER ONE, LLC, BODYGUARD PRODUCTIONS, INC., OUTPOST PRODUCTIONS, INC., GLACIER FILMS 1, LLC, DEFINITION DELAWARE LLC, HANNIBAL CLASSICS INC., JUSTICE EVERYWHERE PRODUCTIONS LLC, STATE OF THE UNION DISTRIBUTION AND COLLECTIONS, LLC, PARADOX STUDIOS, LLC, DALLAS BUYERS CLUB, LLC, HITMAN TWO PRODUCTIONS, INC., and SCREEN MEDIA VENTURES, LLC are awarded maximum statutory damages of **$9,900,000.00** ($150,000.00 for the infringement of each of the sixty-six (66) Works) against Defendants 1701 MANAGEMENT LLC, AUH2O LLC, and CHARLES

Case 1:21-cv-20862-BB   Document 213   Entered on FLSD Docket 03/28/2022   Page 5 of 6

Case No. 21-cv-20862-BLOOM/Otazo-Reyes

MUSZYNSKI jointly and severally for direct copyright infringement, contributory copyright infringement and vicarious infringement;

e. Statutory Damages for DMCA violations pursuant to 17 U.S.C. § 1203(c)(3)(B): Plaintiffs MILLENNIUM FUNDING, INC., VOLTAGE HOLDINGS, LLC, AMBI DISTRIBUTION CORP., AFTER PRODUCTIONS, LLC, AFTER II MOVIE, LLC, MORGAN CREEK PRODUCTIONS, INC., MILLENNIUM FUNDING, INC., BEDEVILED LLC, MILLENNIUM MEDIA, INC., COLOSSAL MOVIE PRODUCTIONS, LLC, YAR PRODUCTIONS, INC., FSMQ FILM, LLC, FW PRODUCTIONS, LLC, MILLENNIUM IP, INC., I AM WRATH PRODUCTION, INC., KILLING LINK DISTRIBUTION, LLC, BADHOUSE STUDIOS, LLC, LF2 PRODUCTIONS, INC., LHF PRODUCTIONS, INC., VENICE PI, LLC, RAMBO V PRODUCTIONS, INC., RUPTURE CAL, INC., MON, LLC, SF FILM, LLC, SPEED KILLS PRODUCTIONS, INC., MILLENNIUM IP, INC., NIKOLA PRODUCTIONS, INC., WONDER ONE, LLC, BODYGUARD PRODUCTIONS, INC., OUTPOST PRODUCTIONS, INC., GLACIER FILMS 1, LLC, DEFINITION DELAWARE LLC, HANNIBAL CLASSICS INC., JUSTICE EVERYWHERE PRODUCTIONS LLC, STATE OF THE UNION DISTRIBUTION AND COLLECTIONS, LLC, PARADOX STUDIOS, LLC, DALLAS BUYERS CLUB, LLC, HITMAN TWO PRODUCTIONS, INC., and SCREEN MEDIA VENTURES, LLC are awarded maximum statutory damages of **$4,950,000.00** ($25,000.00 for the three (3) violations of the copyright management integrity of file copies of each of the sixty-six (66) Works) against Defendants 1701

      MANAGEMENT LLC, AUH2O LLC, and CHARLES MUSZYNSKI jointly and severally for contributing to DMCA violations;

   f. Damages for breach of contract: Plaintiffs MILLENNIUM FUNDING, INC. and VOLTAGE HOLDINGS, LLC are awarded damages of **$46,540.00** against Defendants 1701 MANAGEMENT LLC, AUH2O LLC, and CHARLES MUSZYNSKI jointly and severally for breach of contract;

   g. Damages for breach of statutory and common law right of publicity: Plaintiffs MILLENNIUM FUNDING, INC. and VOLTAGE HOLDINGS, LLC are awarded **$25,863.00** against Defendants 1701 MANAGEMENT LLC, AUH2O LLC, and CHARLES MUSZYNSKI jointly and severally for breach of the publicity rights of DAVID COX; and

   h. Interest from the date this action was filed shall accrue at the legal rate pursuant to 28 U.S.C. § 1961.

2. The Court orders execution to issue for this Final Default Judgment.
3. The Court denies all relief not granted in this Final Default Judgment.
4. The Court retains jurisdiction to enforce this Final Default Judgment.
5. To the extent not otherwise disposed of, any pending motions are **DENIED AS MOOT** and all pending deadlines are **TERMINATED**.
6. The Clerk of Court is directed to **CLOSE** this case.

   **DONE AND ORDERED** in Chambers at Miami, Florida, on March 25, 2022.

   _____
   **BETH BLOOM**
   **UNITED STATES DISTRICT JUDGE**

Copies to: Counsel of Record