UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

Case No.: 21-cv-20862-BLOOM/Otazo-Reyes

MILLENNIUM FUNDING, INC. et al,

    Plaintiffs,

    vs.

1701 MANAGEMENT LLC et al,

    Defendants.

_____

**PLAINTIFFS' MOTION FOR COURT ORDER AUTHORIZING DISCLOSURE OF SUBSCRIBER RECORDS**

Plaintiffs/Judgment Creditors MILLENNIUM FUNDING, INC., VOLTAGE HOLDINGS, LLC, AMBI DISTRIBUTION CORP., AFTER PRODUCTIONS, LLC, AFTER II MOVIE, LLC, MORGAN CREEK PRODUCTIONS, INC., BEDEVILED LLC, MILLENNIUM MEDIA, INC., COLOSSAL MOVIE PRODUCTIONS, LLC, YAR PRODUCTIONS, INC., FSMQ FILM, LLC, FW PRODUCTIONS, LLC, MILLENNIUM IP, INC., I AM WRATH PRODUCTION, INC., KILLING LINK DISTRIBUTION, LLC, BADHOUSE STUDIOS, LLC, LF2 PRODUCTIONS, INC., LHF PRODUCTIONS, INC., VENICE PI, LLC, RAMBO V PRODUCTIONS, INC., RUPTURE CAL, INC., MON, LLC, SF FILM, LLC, SPEED KILLS PRODUCTIONS, INC., NIKOLA PRODUCTIONS, INC., WONDER ONE, LLC, BODYGUARD PRODUCTIONS, INC., OUTPOST PRODUCTIONS, INC., GLACIER FILMS 1, LLC, DEFINITION DELAWARE LLC, HANNIBAL CLASSICS INC., JUSTICE EVERYWHERE PRODUCTIONS LLC, STATE OF THE UNION DISTRIBUTION AND COLLECTIONS, LLC, PARADOX STUDIOS, LLC, DALLAS BUYERS CLUB, LLC,

HITMAN TWO PRODUCTIONS, INC., SCREEN MEDIA VENTURES, LLC and 42 VENTURES, LLC (all collectively "Plaintiffs"), move this honorable Court for an order authorizing Internet Service Providers ("ISPs") to disclose subscriber records to Plaintiffs' counsels in response to third-party subpoenas pursuant to Fed. R. Civ. P. 45 requesting subscriber identifications and payment records for Internet Protocol addresses used by the Defendants/Judgment Debtors 1701 MANAGEMENT LLC d/b/a LIQUIDVPN, AUH2O LLC AND CHARLES MUSZYNSKI a/k/a FREDERICK DOUGLAS (collectively, "LiquidVPN Defendants") in order to identify assets of the LiquidVPN Defendants to enforce the money judgment in this Court's March 28, 2022 Order [Doc. #213] ("Final Default Judgment"). This motion is being made pursuant to Fed. R. Civ. P. 69(a)(2) and 47 U.S.C. § 551.

**I.     APPLICABLE LAW**

Fed. R. Civ. P. 69(a)(2) states that "In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person….as provided in these rules…" Fed. R. Civ. P. 26(b) states that "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

47 U.S.C. § 551(c)(1) ("The Cable Act") states that "…a cable operator shall not disclose personally identifiable information concerning any subscriber without the prior … consent of the subscriber"; however, (c)(2)(B) permits disclosure "…made pursuant to a court order authorizing

such disclosure, if the subscriber is notified of such order by the person to whom the order is directed".

## II. ARGUMENT

### A. The subscriber records are proportional to the needs of the case

In the Final Default Judgment, the Plaintiffs were awarded a money judgment of $15,172,403.00 against the LiquidVPN Defendants which is still outstanding.

Plaintiffs have obtained evidence that the LiquidVPN Defendants, particularly Charles Muszynski, have repeatedly accessed online resources such as LiquidVPN's Paypal and website domain registrar accounts from the same IP addresses, some of which publicly available resources such as the American Registry of Internet Numbers and MaxMind identify as being in Florida and assigned to ISPs that include cable operators such as Charter Communications.  As noted in the pleadings, Charles Muszynski often uses fake names such as Jamie Castro.  *See* ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT [Doc. #212] at p. 5. Plaintiffs intend to propound discovery on the ISPs used by the LiquidVPN Defendants to request the subscriber identifications and payment records including identification of the payment sources such as bank names and account numbers associated with the IP addresses to determine where the LiquidVPN Defendants are concealing assets and enforce the money judgment.

The burden or expense of the proposed discovery does not outweigh its likely benefit because there is no burden or expense of any sort on the LiquidVPN Defendants.  Accordingly, the discovery Plaintiffs intends to propound on the ISPs is essential to enforcing the money judgment and proportional to the needs of the case.

### B. The Cable Act permits the Court to authorize disclosure.

Section (c)(2)(B) of the Cable Act permits disclosure of subscriber records "…made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed".  Indeed, Courts in this District regularly grant motions authorizing cable operators to disclose subscriber information associated with IP addresses where copyright protected content was infringed to Plaintiffs.  *See Strike 3 Holdings, LLC v. Doe*, No. 21-CIV-82515-RAR, 2022 U.S. Dist. LEXIS 8813, at *4 (S.D. Fla. Jan. 18, 2022)("If the ISP qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5), it shall then comply with 47 U.S.C. § 551(c)(2)(B), by sending a copy of this Order to the Defendants.")

### III.  CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant this motion and issue an order authorizing ISPs to disclose subscriber records for IP addresses identified as being used by the LiquidVPN Defendants.

DATED: May 9, 2022                               Respectfully submitted,

/**s**/ *Joel B. Rothman*
JOEL B. ROTHMAN
Florida Bar No. 98220
joel.rothman@sriplaw.com

**SRIPLAW, P.A.**
21301 Powerline Road, Suite 100
Boca Raton, FL 33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

and

Kerry S. Culpepper
*Admitted pro hac vice*
**CULPEPPER IP, LLLC**
75-170 Hualalai Road
Suite B204
Kailua-Kona, HI  96740

808.464.4047 – Telephone<br>
kculpepper@culpepperip.com

*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on <u>May 9, 2022</u> the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on this day on all those identified on the Service List, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those parties who are not authorized to receive Notices of Electronic Filing.

<i>s/ Joel B. Rothman</i><br>
JOEL B. ROTHMAN<br>
Florida Bar Number: 98220<br>
joel.rothman@sriplaw.com

## SERVICE LIST

| | |
|---|---|
| Mr. Johnathan R. Woodard<br>Mr. John Cyril Malloy III<br>Mr. Oliver Alan Ruiz<br>Malloy & Malloy, PL<br>2800 SW 3rd Ave<br>Miami, FL 33129-2317<br>info@malloylaw.com<br>jwoodard@malloylaw.com<br>jcmalloy@malloylaw.com<br>oruiz@malloylaw.com<br>Attorneys for QuadraNet, Inc. and QuadraNet Enterprises, LLC | Mr. Bobby A. Ghajar<br>Cooley LLP<br>1333 Second Street<br>Suite 400<br>Santa Monica, CA 90401<br>bghajar@cooley.com<br>Attorneys for QuadraNet, Inc. and QuadraNet Enterprises, LLC |
| Mr. Adam Losey<br>Losey PLLC<br>1420 Edgewater Drive | Richard James Mockler, III<br>richard@mocklerlaw.com,<br>mocklerlaw@yahoo.com |

Orlando, FL 32804
alosey@losey.law
Attorney for VPNetworks, LLC dba
TorGuard