UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-20862-BLOOM/Otazo-Reyes

MILLENNIUM FUNDING, INC.,
a Nevada corporation, *et al.*,

    Plaintiffs,

v.

1701 MANAGEMENT LLC d/b/a
LIQUIDVPN, a Puerto Rico limited
liability company, *et al.*,

    Defendants.
_____/

### ORDER GRANTING PLAINTIFFS' MOTION FOR COURT ORDER AUTHORIZING DISCLOSURE OF SUBSCRIBER RECORDS

**THIS CAUSE** is before the Court upon Plaintiffs/Judgment Creditors' Motion for Court Order Authorizing Disclosure of Subscriber Records, ECF No. [224] ("Motion"). The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

In the Motion, Plaintiffs request that the Court authorize Internet Service Providers ("ISPs") to disclose subscriber identifications and payment records for Internet Protocol ("IP") addresses used by Defendants/Judgment Debtors 1701 Management LLC d/b/a LiquidVPN, AUH2O LLC, and Charles Muszynski a/k/a Frederick Douglas (collectively, "LiquidVPN Defendants"). *See* ECF No. [224] at 2. Plaintiffs seek subscriber identifications and payment records in order to identify LiquidVPN Defendants' assets and enforce the money judgment in this Court's Final Default Judgment, ECF No. [213]. Plaintiffs submit that Defendants, particularly Charles Muszynski, have repeatedly accessed online resources, such as LiquidVPN's Paypal and

website domain registrar accounts, from the same IP addresses. *See* ECF No. [224] at 3. According to publicly available resources, some of the IP addresses are based in Florida and belong to ISPs, such as Charter Communications. *See id.*; *see also* ECF No. [224-1].

Fed. R. Civ. P. 69(a)(2) states that "[i]n aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided in these rules . . . ." Also, Fed. R. Civ. P. 26(b)(1) states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Further, 47 U.S.C. § 551(c)(2)(B) states, in relevant part, "[a] cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed."

Here, Plaintiffs have established that Plaintiffs are entitled to an order directing ISPs to disclose subscriber records for IP addresses used by LiquidVPN Defendants. In the Final Default Judgment, Plaintiffs were awarded a money judgment of $15,172,403.00 against LiquidVPN Defendants, which LiquidVPN Defendants have not paid. *See* ECF No. [213]. The discovery Plaintiffs intend to propound on ISPs for subscriber identifications and payment records for select IP addresses appears to be essential to enforcing the money judgment. The burden or expense of the proposed discovery does not outweigh the likely benefit because the subpoenas will be limited and only seek narrow and concrete information, namely subscriber identifications and payment

records. Further, LiquidVPN Defendants' minimum privacy interest is substantially outweighed by Plaintiffs' interest in enforcing the money judgment.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Motion, **ECF No. [224]**, is **GRANTED**.

2. The Court authorizes ISPs to disclose subscriber information for IP addresses used by LiquidVPN Defendants, including the true names and addresses of the individuals or entities to whom the ISPs were assigned and financial information regarding how the individuals or entities paid for the service, such as bank account numbers.

3. Plaintiffs shall attach a copy of the Second Amended Complaint, ECF No. [96], the Court's Final Default Judgment, ECF No. [213], and this Order to any subpoena.

4. If any ISPs are "cable operator[s]," as defined by 47 U.S.C. § 522(5),[1] the ISPs shall comply with 47 U.S.C. § 551(c)(2)(B) by sending a copy of this Order to LiquidVPN Defendants.

5. Plaintiffs may use the information disclosed in response to subpoenas served on ISPs only for the limited purpose of enforcing the Final Default Judgment, ECF No. [213].

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 9, 2022.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

cc: Counsel of Record

---

[1] 47 U.S.C. § 522(5) states, in relevant part:
   the term "cable operator" means any person or group of persons
   (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or
   (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system.