UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

Case No.: 21-cv-20862-BLOOM/Otazo-Reyes

MILLENNIUM FUNDING, INC. et al,

    Plaintiffs,

    vs.

1701 MANAGEMENT LLC et al,

    Defendants.

_____

### MOTION FOR ISSUANCE OF WRIT OF GARNISHMENT

Plaintiffs/Judgment Creditors MILLENNIUM FUNDING, INC., VOLTAGE HOLDINGS, LLC, AMBI DISTRIBUTION CORP., AFTER PRODUCTIONS, LLC, AFTER II MOVIE, LLC, MORGAN CREEK PRODUCTIONS, INC., BEDEVILED LLC, MILLENNIUM MEDIA, INC., COLOSSAL MOVIE PRODUCTIONS, LLC, YAR PRODUCTIONS, INC., FSMQ FILM, LLC, FW PRODUCTIONS, LLC, MILLENNIUM IP, INC., I AM WRATH PRODUCTION, INC., KILLING LINK DISTRIBUTION, LLC, BADHOUSE STUDIOS, LLC, LF2 PRODUCTIONS, INC., LHF PRODUCTIONS, INC., VENICE PI, LLC, RAMBO V PRODUCTIONS, INC., RUPTURE CAL, INC., MON, LLC, SF FILM, LLC, SPEED KILLS PRODUCTIONS, INC., NIKOLA PRODUCTIONS, INC., WONDER ONE, LLC, BODYGUARD PRODUCTIONS, INC., OUTPOST PRODUCTIONS, INC., GLACIER FILMS 1, LLC, DEFINITION DELAWARE LLC, HANNIBAL CLASSICS INC., JUSTICE EVERYWHERE PRODUCTIONS LLC, STATE OF THE UNION DISTRIBUTION AND COLLECTIONS, LLC, PARADOX STUDIOS, LLC, DALLAS BUYERS CLUB, LLC, HITMAN TWO PRODUCTIONS, INC., SCREEN MEDIA VENTURES, LLC and 42

VENTURES, LLC (all collectively "Plaintiffs"), by and through undersigned counsel, hereby makes application to the Clerk of the United States District Court to issue a Writ of Garnishment in the above-referenced case to:

(1) BUHOSABIO LLC;

(2) Terry Lacy;

(3) Antilles LLC;

(4) EVKLeddihn LLC;

(5) Dusko Popov Trust;

(6) Solzhenitzyn Trust; and

(7) WasteResources LLC.

attached hereto, to satisfy a judgment against the Defendants/Judgment Debtors 1701 MANAGEMENT LLC d/b/a LIQUIDVPN, AUH2O LLC AND CHARLES MUSZYNSKI a/k/a FREDERICK DOUGLAS (collectively, "LiquidVPN Defendants") for $15,172,403.00, $324,796.46 accrued interest computed at 1.21% per 28 U.S.C. §1963 from the date the date the action was filed on March 3, 2021, $12,070.00 accrued costs, plus costs and attorneys' fees per Plaintiffs forthcoming motion. The total amount of payments made by judgment debtor(s) on this judgment is $0. The balance of the judgment remains unsatisfied.  This application is being made pursuant to this Court's March 28, 2022 Order [Doc. #213] ("Final Default Judgment"), Fed. R. Civ. P. 69(a) and Chapters 77.01, 77.03, 77.04 of Florida Statutes.

**I.     APPLICABLE LAW**

Fed. R. Civ. P. 64(a) states that "The remedies available under this rule include…attachment…garnishment…and other corresponding or equivalent remedies."

Fed. R. Civ. P. 69(a)(1) states that "…The procedure on execution [of a writ of execution]…must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies". Chapter 77 of the Florida Statutes provides the procedures for writs of garnishments.

Florida's long-arm statute provides that a court may exercise jurisdiction over a party engages in the acts of (1) engaging in business in this state or having an office in this state, (2) committing a tortious act within this state, (3) owning property in this state." *See* Fla. Stat. § 48.193(1)(a).

## II. ARGUMENT

### A. Personal Jurisdiction over proposed Garnishees is appropriate.

Although Buhosabio LLC ("Buhosabio") is a Puerto Rico LLC operating the dba WasteWiser whose CEO Terry Lacy resides in Florida. Accordingly, Buhosabio is "engaging in, or carrying on a business or business venture in this state or having an office or agency in this state" per Fla. Stat. § 48.193(1)(a)(1). Further Busabio was founded by Defendant/Judgment Debtor Charles Muszynski ("Muszynski") and is controlled by Muszynski. *See* Exhibit P-3 [Doc. #311-3] (email from Muszynski where he explain he put Buhosabio's account in Terry Lacy's name and SSN to hide the assets from Plaintiffs' counsel: "…holds the PR LLC called Buhosabio that is Wastewiser.com…Buhosabio's account is in Terry Lacy's name and SSN…MAJOR caution is the ex-wife's continued use of parasitic collection attorneys - the latest is Kerry Culpepper…"); Exhibit P-8 [Doc. #311-8] (email from Muszynski where he states "it's beyond tax time and now that cash is in, I can engage accounting and reporting services for the LLC in Puerto Rico that handles the startup for WasteWiser.com"); Exhibit P-4 [Doc. #311-4](payment records from

Muszynski for services engaged by WasteWiser). This Court has already determined that personal jurisdiction over Muszynski is appropriate.

Antilles LLC is an entity controlled by Muszynski that owns his yacht. *See* Exhibit P-3.

EVKLeddihn LLC is an entity controlled by Muszynski that owns his home. *See* Id.

Dusko Popov and Solzhenitzyn are trusts controlled by Muszynski for which he is the beneficiary. *See* Id.

WasteResources LLC is a New Mexico LLC wholly owned by Muszynski.

All of these entities are mere alter egos of Muszynski which he explicitly admits in his correspondence that he uses the instrumentalities for the illegal, fraudulent and just purpose of defrauding his creditors. *See* Id. The Court has already concluded that personal jurisdiction over Muszynski is appropriate in the Final Default Judgment. Accordingly, personal jurisdiction is also appropriate over the entities he controls and that are merely his alter egos.

Terry Lacy resides in Florida and is the CEO of Buhosabio LLC dba WasteWiser. *See* https://www.wastewiser.com/about-us [last accessed on 12/9/2022] (identifies Terry Lacy as CEO of WasteWiser). Accordingly, personal jurisdiction is appropriate over Terry Lacy per Fla. Stat. § 48.193(1)(a)(3).

By applying for these Writs of Garnishments, Judgment Creditors emphasize that they are not conceding that these entities are legally distinct from Judgment Debtors. To be clear, Judgment Creditors reserve the right to seek to amend the judgment to also name Muszynski's alter egos.

**B.     Plaintiffs have complied with the procedures of Chapter 77 of the Florida Statutes.**

In the Final Default Judgment, the Plaintiffs were awarded a money judgment of $15,172,403.00 against the LiquidVPN Defendants which is still outstanding. Accordingly, Plaintiffs have a "…right to a writ of garnishment…" as provided by chapter 77.01.

Plaintiffs' motion states the amount of the judgment ($15,172,403.00) as required by chapter 77.03.

Plaintiffs have attached proposed Writs in the form required by chapter 77.04

### III.  CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant this motion and issue the proposed writs of garnishment.

DATED: Dec. 9, 2022               Respectfully submitted,


/s/ *Joel B. Rothman*
JOEL B. ROTHMAN
Florida Bar No. 98220
joel.rothman@sriplaw.com

**SRIPLAW**
21301 Powerline Road, Suite 100
Boca Raton, FL 33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

And

Kerry S. Culpepper
*Admitted pro hac vice*
**CULPEPPER IP, LLLC**
75-170 Hualalai Road
Suite B204
Kailua-Kona, HI  96740
808.464.4047 – Telephone
kculpepper@culpepperip.com

*Attorney for Plaintiffs*