UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-20862-BLOOM/Otazo-Reyes

MILLENNIUM FUNDING, INC.,
a Nevada corporation, *et al.*,
    Plaintiffs,

v.

1701 MANAGEMENT LLC d/b/a
LIQUIDVPN, a Puerto Rico limited
liability company, *et. al.*,

    Defendants.
_____/

**REPORT AND RECOMMENDATION AND
CERTIFICATION OF FACTS CONSTITUTING CONTEMPT RE: D.E. 295**

THIS CAUSE came before the Court upon Plaintiffs MILLENNIUM FUNDING, INC., VOLTAGE HOLDINGS, LLC, AMBI DISTRIBUTION CORP., AFTER PRODUCTIONS, LLC, AFTER II MOVIE, LLC, MORGAN CREEK PRODUCTIONS, INC., MILLENNIUM FUNDING, INC., BEDEVILED LLC, MILLENNIUM MEDIA, INC., COLOSSAL MOVIE PRODUCTIONS, LLC, YAR PRODUCTIONS, INC., FSMQ FILM, LLC, FW PRODUCTIONS, LLC, MILLENNIUM IP, INC., I AM WRATH PRODUCTION, INC., KILLING LINK DISTRIBUTION, LLC, 2 BADHOUSE STUDIOS, LLC, LF2 PRODUCTIONS, INC., LHF PRODUCTIONS, INC., VENICE PI, LLC, RAMBO V PRODUCTIONS, INC., RUPTURE CAL, INC., MON, LLC, SF FILM, LLC, SPEED KILLS PRODUCTIONS, INC., MILLENNIUM IP, INC., NIKOLA PRODUCTIONS, INC., WONDER ONE, LLC, BODYGUARD PRODUCTIONS, INC., OUTPOST PRODUCTIONS, INC., GLACIER FILMS 1, LLC, DEFINITION DELAWARE LLC, HANNIBAL CLASSICS INC., JUSTICE EVERYWHERE PRODUCTIONS LLC, STATE OF THE UNION DISTRIBUTION AND COLLECTIONS, LLC,

PARADOX STUDIOS, LLC, DALLAS BUYERS CLUB, LLC, HITMAN TWO PRODUCTIONS, INC., SCREEN MEDIA VENTURES, LLC and 42 VENTURES, LLC (collectively, "Plaintiffs") Motion for Order to Show Cause Why Judgment Defendants 1701 Management, LLC ("1701"), Charles Muszynski ("Muszynski"), and AUH20 LLC ("AUH20") (collectively, "Judgment Debtors") Should Not be Held in Civil Contempt [D.E. 295] (hereafter, "Motion for Contempt"). This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Beth Bloom, United States District Judge [D.E. 301]. The undersigned held a hearing on this matter on December 8, 2022 (hereafter, "Contempt Hearing"), pursuant to the undersigned's Order Setting Show Cause Hearing [D.E. 308]. For the reasons stated below, the undersigned respectfully recommends that Plaintiffs' Motion for Contempt [D.E. 295] be GRANTED and that:

- Judgment Debtor 1701 be found in contempt of Court based upon its failure to complete Forms 1.977 in accordance with Florida Rule of Civil Procedure 1.560, as required, failure to respond to the Motion for Contempt, and failure to appear at the Contempt Hearing.

- Judgement Debtor AUH20 be found in contempt of Court based upon its failure to complete Forms 1.977 in accordance with Florida Rule of Civil Procedure 1.560, a required, failure to respond to the Motion for Contempt, and failure to appear at the Contempt Hearing.

- Judgment Debtor Muszynski be found in contempt of Court based upon his failure to complete Form 1.977 in accordance with Florida Rule of Civil Procedure 1.560, as required, failure to respond to the Motion for Contempt, and failure to appear at the Contemtp Hearing; and

- a fine of $500 per day be imposed upon each of the Judgment Debtors, respectively, until they purge themselves of the contempt.

## I. CERTIFICATION OF FACTS

Pursuant to 28 U.S.C. § 636(e), the undersigned makes the following findings of fact, which were proven by clear and convincing evidence, and which are certified to the District Court

as establishing contempt of court.[1]

1. On March 28, 2022, the Court entered Default Final Judgment and awarded a money judgment of $15,172,403.00 in favor of Plaintiffs and against Judgment Debtors [D.E. 213].

2. On August 26, 2022, the Court ordered Judgment Debtors to complete Forms 1.977 by no later than October 11, 2022 [D.E. 265].

3. Each of the Judgment Debtors failed to comply with the Court's Order. Specifically, Judgment Debtors 1701 and AUH20 wholly failed to submit completed Forms 1.977; and Judgment Debtor Muszynski submitted a partially completed Form 1.977 [D.E. 304] that was stricken from the record [D.E. 305].

4. Each of the Judgment Debtors received notice of the Show Cause Hearing. See Certificate of Service [D.E. 303]; Paperless Order [D.E. 308].

5. Judgment Debtors did not appear at the December 8, 2022, Contempt Hearing.

6. At the Contempt Hearing, the undersigned admitted into evidence Plaintiffs' Exhibits P-1" through "P-12 [D.E. 311-1 through 311-12]"). See Plaintiffs' Exhibit List [D.E. 311]; Clerk's Exhibit and Witness List [D.E. 317].

7. Plaintiffs' Exhibits demonstrate that Judgment Debtor Muszynski's Form 1.977 is both incomplete and inaccurate.

## **FINDINGS**

Based on the foregoing Certified Facts, the undersigned finds, by clear and convincing evidence, that: Judgment Debtors had notice of August 26, 2022, the Court's Order requiring them

---

[1] The facts are established by the record and by the representations of Plaintiffs' counsel at the December 8, 2022 Contempt Hearing.

to complete Forms 1.977 by no later than October 11, 2022 [D.E. 265]; Judgment Debtors 1701 and AUH20 wholly failed to submit completed Forms 1.977; Judgment Debtor Muszynski submitted a partially completed Form 1.977 [D.E. 304] that was stricken from the record, is incomplete and inaccurate; Judgment Debtors had notice of the Contempt Hearing; and Judgment Debtors failed to appear at the Contempt Hearing as required.

The District Court's power to find Judgment Debtors in civil contempt for disobeying the Court's orders stems from the Court's inherent power to enforce compliance with its lawful orders. See United States v. Barnette, 129 F.3d 1179, 1182 n. 7 (11th Cir. 1997) (citing Citronelle-Mobile Gathering, Inc. v. Watkins, 943 F.2d 1297, 1301 (11th Cir.1991)).  Corporations may be held in civil contempt.  See Popular Bank of Florida v. Banco Popular De Puerto Rico, 180 F.R.D. 461, 465 (S.D. Fla. 1998) (finding defendant corporation in civil contempt for violating terms of preliminary injunction).  Under the circumstances of this case, the undersigned finds that the only way to obtain compliance with this Court's Orders is to find Judgment Debtors in civil contempt, and to impose upon each of the Judgment Debtors a fine of $500 per day until they purge themselves of the contempt.

## **RECOMMENDATION**

Based on the foregoing factual findings and legal authorities, the undersigned RESPECTFULLY RECOMMENDS that Plaintiffs' Motion for Contempt [D.E. 295] be GRANTED and that the District Court:

1) Find Judgment Debtors 1701, Muszynski, and AUH20 in civil contempt for their failure to fully comply with the Court's Order requiring them to submit completed Forms 1.977 [D.E. 265]; and

      2) Impose a fine of $500 per day, upon each of the Judgment Debtors, respectively, until they purge themselves of the contempt.

      Plaintiffs shall serve a copy of this Report and Recommendation on Judgment Debtors and shall file proof of service.  Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Beth Bloom, United States District Judge. Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein.  See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).  Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P.- 3).

      **RESPECTFULLY SUBMITTED** in Miami, Florida, this 12th day of December, 2022.

                                            ALICIA M. OTAZO-REYES
                                            UNITED STATES MAGISTRATE JUDGE

Copies via CM/ECF to:

United States District Judge Beth Bloom
Counsel of Record

Stolberg Law LLC
Agent for 1701 Management LLC
151 Calle de San Francisco, Suite 201
San Juan, PR 00901

Southpac Trust Nevis Limited
Agent for AUH20 LLC
Hunkins Plaza, PO Box 681
Main Street, Charlestown
NEVIS

Charles Muszynski
204 Rainbow Drive, #10485
Livingston, TX 77399-2004

Charles Muszynski
241 Rainbow Dr., #14166
Livingston, TX 77399-2041

Copies also furnished to Judgment Debtors by Plaintiffs as instructed herein