# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| **MILLENNIUM FUNDING, INC. et al,** | * | 21-cv-20862-BLOOM/Otazo-Reyes |
| Plaintiffs, | * | |
| v. | * | |
| **1701 MANAGEMENT LLC et al,** | * | |
| Defendants. | * | |
| and | * | |
| **Glo-Jet International Corp et al.** | * | |
| Garnishees | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

# MOTION TO SET ASIDE DEFAULT, OBJECTION TO REPORT AND RECOMMENDATION AND ANSWER TO WRIT OF GARNISHMENT

**TO THE HONORABLE COURT:**

**COMES NOW**, garnishee **GLO-JET INTERNATIONAL CORP and GLO-JET INTERNATIONAL HOLDINGS (PUERTO RICO) LLC** (collectively known as garnishee), by and through the undersigned attorney, and very respectfully **ALLEGES** and **PRAYS** as follows:

## FACTUAL BACKGROUND

1. On Aug. 19, 2022, the Court issued the Writs of Garnishments against Garnishees Glo-Jet Corp and Glo-Jet LLC. See ECF 260 and 261.

2. Garnishee Glo-Jet Corp was served the Writ on Sept. 13, 2022.

3. Garnishee Glo-Jet LLC was served the Writ on Sept. 29, 2022.

4. Manuel A. Keesee, as an executive officer of Garnishee, communicated several times with the office of both counsels for Plaintiffs and left messages inquiring about the nature of the allegations, but Counsel for Plaintiffs never returned the calls and inquiries. Keesee who is inexperienced in judgments or legal matters was unaware of the gravity and seriousness of the situation and failed to save the date in the calendar for filing an answer, but was more than willing to resolve the issue and at least contacted the attorneys for Plaintiffs. Keesee also though that this matter was part of a larger scam as he had already heard from Debtor's reputation.

5. On Oct. 27, 2022, a Clerk's Default (ECF 292) was entered against Garnishees for failing to appear, answer, or otherwise respond to the Writs despite having been served.

6. On November 7, 2022, Plaintiffs subsequently filed a Motion for Default Judgment (ECF 297) seeking final default judgment against Garnishees in the final judgment amount of $15,433,950.27.

7. The matter was referred to the Honorable Magistrate and a hearing on this matter was held on December 8, 2022.

8. A Report and Recommendation was filed by the Magistrate (ECF 326) recommends that Final Default Judgment be entered in favor of Plaintiffs and against Garnishees for falling to appear and answer.

## SETTING ASIDE THE DEFAULT

9. There is a "strong policy of determining cases on their merits" and defaults are viewed with disfavor. In re Worldwide Web Sys., Inc., 328 F.3d 1291, 1295 (11th Cir.

2003). "[T]he drastic remedy of a default judgment should not be resorted to where a party has made a clear intent to defend." Woodbury v. Sears, Roebuck & Co., 152 F.R.D. 229, 237 (M.D. Fla. 1993).

10. Federal Rule of Civil Procedure 55(c) provides that the Court "may set aside an entry of default for good cause." Because no default judgment has been entered yet, Rule 55(c) provides the applicable standard to review the Motion to Set Aside Default. Whether a defendant has demonstrated good cause to obtain relief from an entry of default depends on the circumstances and is "not susceptible to a precise formula." Neca v. Bodie Elec. Contrs. of Fla., No. 4:07-cv-187, 2008 U.S. Dist. LEXIS 129906, at *12 (N.D. Ga. May 28, 2008).

11. Generally, the Court considers whether defendant's failure to respond was culpable or willful, whether defendant acted promptly to vacate the default, whether defendant has meritorious defenses, and whether plaintiff will be prejudiced if the default is set aside. Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir. 1996). However, courts are free to examine other useful factors to identify circumstances that may warrant a finding of "good cause." Id.

12. Also, case law has shown to justify the claim of excusable neglect. See County National Bank of North Miami v. Sheridan, 403 So. 2d 502 (Fla. 4th DCA 1981)(writ reached bank attorney whose secretary, due to sudden illness, failed to set up a file and calendar the garnishment proceeding for a proper response); Edwards v. City of Fort Walton Beach, 271 So. 2d 136 (Fla. 1972) (complaint was buried under pile of documents when it was forwarded to insurer who was executing a nationwide change in [*42] its claim processing procedures); Florida Aviation Academy, Dewkat Aviation, Inc.

v. Charter Air Center, Inc., 449 So. 2d 350 (Fla. 1st DCA 1984)(inexperienced legal secretary failed to calendar the time for filing an answer to the complaint).

13.   Entering a Default Judgment under the particular of the case circumstances would be tantamount to a **wrong and a gross miscarriage of justice**. Garnishee has no relationship with Debtors and no assets from Debtors providing a strong ironclad defense that is all that is required by the Writ by Florida Statutes § 77.081, the belated answer hardly prejudice Plaintiffs as Garnishee has no relationship with the Debtors, and Garnishes' failure to answer was not willful or culpable, although belated. The claim of excusable neglect is also strong as a layperson was the one that only received notice of the writ, however acted upon the later notifications from this Honorable Court.

## ANSWER

14.   At the time of service of the Writ, plus sufficient time not to exceed one business day for Garnishee to act expeditiously on the Writ, at the time of this Answer, and at all points between such times, Garnishee was NOT INDEBTED to Judgment Debtors, 1701 Management, LLC d/b/a Liquidvpn, Auh20, LLC and/or Charles Muszynski a/k/a Frederick Douglas.

15.   Prior to service of the writs Garnishee Glo-Jet International Corp. **DIRECTLY PAID** Marina Puerto del Rey ("PDR") in Fajardo, Puerto Rico $8,055.63 on July 14, 2021 and $8,055.63 on Jan. 5, 2022 for concept of rent/lease of a property that Debtor Muszynski was abandoning and that officer Manuel A. Keesee was taking over and signed a separate lease with Safe Harbor. It is a misstatement of fact that Debtor Muszynski paid using an account of Garnishee Glo-Jet International Corp. as he does not have access or authorization to initiate any payments on behalf of either garnishee. This

is in clear contrast to the AFFIDAVIT OF KERRY S. CULPEPPER at ECF 297-1. Because the transactions predate the issuance and service of the Writs Garnishee has no further responsibility with Plaintiffs. Garnishee can provide separately to the Court the transactions evidencing the deposits.

16. Further the affidavit of Culpepper does not indicate any dealing with Debtors from GLO-JET INTERNATIONAL HOLDINGS (PUERTO RICO) LLC, besides the mere mention of the entity. This indicates that garnishment against GLO-JET INTERNATIONAL HOLDINGS (PUERTO RICO) LLC should be dissolved.

17. Both Garnishees are independent and separate legal entities that do not have any legal ties with Judgment Debtors as they are not part of their shareholders, members, officer and/or part of the corporate structure.

18. Garnishees do not have any property belonging to the Judgment Debtors.

19. Garnishee does not know of any other persons indebted to Judgment Debtor(s) 1701 Management, LLC d/b/a Liquidvpn, Auh20, LLC, and/or Charles Muszynski a/k/a Frederick Douglas or who may have any of Judgment Debtors' property in their possession or control.

## COST AND ATTORNEY'S FEES

20. Garnishee has been obligated to retain counsel in this matter and is required to pay its attorneys a reasonable fee, for which it is entitled to an award of fees as provided by Florida Statute § 77.28.

21. To the extent a final judgment is entered with respect to the garnished funds, if any are so to be determined, Garnishee requests the Court to determine its costs and expenses, including a reasonable attorney fee, and allow Garnishees to offset such

amounts against the property or debt being garnished. Fla. Stat. § 77.28 ("On rendering final judgment, the court shall determine the garnishee's costs and expenses, including a reasonable attorney fee, and in the event of a judgment in favor of the plaintiff, the amount is subject to offset by the garnishee against the defendant whose property or debt owing is being garnished."). **Payment shall be made payable to counsel of record and mailed to the address below**.

      **WHEREFORE**, it is respectfully requested from this Honorable Court that it sets aside the default and that it permits the answer to the Writ of Garnishment.

                                **RESPECTFULLY SUBMITTED,**

                                **/s/ ALLAN AMIR RIVERA-FERNANDEZ**
                                Allan A. Rivera
                                FL Bar No. 1011093

                                CAPITAL CENTER BLDG., SUITE 401
                                239 ARTERIAL HOSTOS AVENUE
                                SAN JUAN, PUERTO RICO 00918
                                PHONE: (787) 763-1780
                                FAX:   (787) 763-2145
                                E-MAIL: allan@capital.tax

      **I HEREBY CERTIFY**: That I on this same date a true and correct copy of the foregoing was served by the Court's CM/ECF System to all parties and/or counsel registered to receive such service, and by email on to the parties and/or counsel on the Service List below.

                                **S/ ALLAN AMIR RIVERA-FERNANDEZ**
                                **Allan A. Rivera**

## SERVICE LIST

Kerry Culpepper
Culpepper IP, LLC
75-170 Hualalai Road, Suite B204
Kona, HI 96740
kculpepper@culpepperip.com

Joel Rothman
SRIPLAW, PLLC
21301 Powerline Road, Suite 100
Boca Raton, FL 33433
Joel.rothman@sriplaw.com

*Counsel for Plaintiffs*