UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-cv-20862-BLOOM/Otazo-Reyes

MILLENNIUM FUNDING, INC., et al.,

        Plaintiffs,

vs.

1701 MANAGEMENT, LLC, a Puerto Rico
limited liability company, et al.

        Defendants.
_____/

**DEFENDANT CHARLES MUSZYNSKI'S OBJECTION TO
MAGISTRATE'S REPORT AND RECOMMENDATION**

Defendant, CHARLES MUSZYNSKI ("Muszynski"), pursuant to Federal Rule of Civil Procedure 72 and Local Rule 4, submits this Objection to the Magistrate's Report and Recommendation and states as follows:

**INTRODUCTION**

1. On August 26, 2022, this Court ordered the Judgment Debtors, including Muszynski, to complete Form 1.977 by October 11, 2022. (Doc. 265.)

2. On November 7, 2022, Plaintiff filed a Motion for Order to Show Cause Hearing Why Judgment Debtors Should Not be Held in Civil Contempt ("Motion"). (Doc. 295.)

3. Despite repeated representations in the Motion that Richard Mockler, Esq., counsel for Muszynksi, was still counsel of record and receiving pleadings, Plaintiff did not attempt to comply with Local Rule 7.1(a)(3) by conferring with Mockler before filing the Motion. Accordingly, the Motion does not contain a certificate of good faith conference. (*See generally* Doc. 295.)

49675959 v3

4. Muszynski submitted Form 1.977 through his counsel, Mockler, prior to the hearing before Magistrate Judge Alicia M. Otazo-Reyes. (Doc. 304.)

5. The form was not notarized, but as more fully set forth in the Affidavit of Charles Muszynski attached hereto as Exhibit A ("Muszynski Affidavit"), Mockler had indicated to Muszynski that he would take care of notarizing the Form.

6. Muszynski has since learned that Mockler failed to file a notarized form as promised or to otherwise respond to the Motion, and Muszynski has timely retained new counsel to address his failure to respond to the Motion. See Exhibit A.

7. As more fully set for in his Affidavit, Muszynski in good faith sought to correct the contempt and address the Motion.

8. On December 12, 2022, Magistrate Judge Otazo entered a recommended finding of contempt against Muszynski for failure to complete the form and recommended a fine of $500 per day until completed.

9. In her Report and Recommendation, Magistrate Judge Otazo references "inaccuracies" in Muszynski's Form 1.977 but does not specifically describe the "inaccuracies" she observed.

10. The Motion before this Court addressed only Muszynski's failure to complete Form 1.977, and "inaccuracies" or allegations of perjury were not properly before the Magistrate.

11. Contemporaneously with this Objection, Muszynski has completed and notarized Form 1.977, which is attached as Exhibit B.

### ARGUMENT AND INCORPORATED MEMORANDUM OF LAW

A. **Lack of Civil Contempt**

Muszynski acted with reasonable diligence within the scope of his knowledge of the status

of these proceedings. Muszynski was unaware that his completed Form 1.977 was submitted without notarization, that his Form 1.977 did not cure any alleged prejudice resulting from the timing of its submission, or that the contempt hearing was proceeding against him. It was therefore erroneous for the Magistrate to recommend a finding of civil contempt against Muszynski.

"Civil contempt proceeding[s are] brought to enforce a court order that requires [a party] to act in some defined manner." *Mercer v. Mitchell*, 908 F.2d 763, 768 (11th Cir. 1990). A petitioner "must [first] establish by clear and convincing evidence that the alleged contemnor violated [a] court's earlier order." *United States v. Roberts*, 858 F.2d 698, 700 (11th Cir. 1988) (citation omitted). "[I]f a party does not strictly comply with a court's order, it does not necessarily warrant a finding of civil contempt." *Ruizdelatorre v. City of Miami Beach*, No. 06-21183-CIV-TORRES, 2007 WL 9702283, at *2 (S.D. Fla. Sept. 13, 2007). "Rather, a finding of contempt is found where a party fails to abide by a court's order if (1) the order is clear and unambiguous; (2) proof of noncompliance is clear and convincing; and (3) the respondent has not been 'reasonably diligent and energetic in attempting to accomplish what was ordered.'" *Id.* (quoting *Powell v. Ward*, 643 F.2d 924, 931 (2nd Cir.), *cert. denied*, 454 U.S. 832 (1981)).

Here, as more fully set out in the Muszynski Affidavit, Muszynski in good faith attempted to comply with the order to submit a completed Form 1.977, but his compliance was prevented by the acts or omissions of his counsel, Mockler. First, Mockler represented he would take care of notarizing Musynzski's completed Form 1.977. Next, Mockler never informed Muszynski that a hearing was scheduled on the Motion and that the issue of alleged contempt was not resolved. Mockler also never responded to repeated attempts by Muszynski to contact him to determine the status of this matter. Finally, unbeknownst to Muszynski, Mockler failed to submit a written

response to Plaintiff's Motion or to appear at the December 8, 2022 hearing on the Motion.[1] Muszynski was unaware that he remained in noncompliance with the Court's order to submit a complete and notarized Form 1.977 or that the December 8 hearing was proceeding against him. Contemporaneously with this Objection, Muszynski is submitting a properly notarized, complete Form 1.977. While untimely, the delay in Muszynski's submission does not rise to the level warranting a finding of civil contempt, particularly in light of Muszynski's lack of knowledge of the status of this action and Muszynski's provision of a complete (albeit unnotarized) Form 1.977 on November 29, 2022. *See Ruizdelatorre*, 2007 WL 9702283, at *3 (finding that 19-day delay in submitting answers to interrogatories did not warrant finding of civil contempt) (citing *SEC v. Lauer*, 2006 WL 2457671 (S.D. Fla. Jan. 24, 2006) (finding civil contempt for repeatedly failing to comply with Court's order for two and a half years) & *Piambino v. Bestline Prods., Inc.*, 645 F. Supp. 1210 (S.D. Fla. 1986) (finding civil contempt where attorneys failed to comply for court orders for well over a year)).

Civil contempt is the "*willful* disregard of the authority of the court." *All Web Leads, Inc. v. D'Amico*, No. 18-80571-CV-MIDDLEBROOKS, 2018 WL 6522167, at *2 (S.D. Fla. Nov. 9, 2018) (quoting *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1298 (11th Cir. 2002)) (emphasis added). The sanctioning of a party, as opposed to the party's counsel, "requires specific findings that the party was aware of, and/or responsible for, the wrongdoing." *Decorative Components Inc. v. ICON Computing Solutions, Inc.*, No. MC 1:12-00008-KD-C, 2012 WL 5398800, at *6 (S.D. Ala. Nov. 2, 2012) (quoting *Meridith v. Great Wolf Lodge of Kansas City, LLC*, No. 07-2529-DJW, 2008 WL 5109764, at *1 (D. Kan. Dec. 2, 2008)). In this case, it cannot be said that

---

[1] Mockler did not submit a memorandum of law in opposition to the Motion. Instead, on November 29, 2022, Mockler only filed Muszynski's completed (but not notarized) Form 1.977. (Doc. 304.)

Muszynski engaged in willful disregard of the Court's authority or that he (as opposed to Mockler) is responsible for the alleged wrongdoing. In the Recommendation, Magistrate Judge Otazo did not distinguish between the actions of Muszynski and Mockler. The Court should therefore decline to adopt the Report and Recommendation and find that Muszynski's alleged conduct does not rise to the level of civil contempt.

### B. Any Allegations of Inaccuracies in Form 1.977 are not Properly Before the Court.

The Motion sought sanctions for contempt based on Muszynski's failure to timely complete Form 1.977. The Federal Rules of Civil Procedure and this Court's Local Rules require that a motion be written and state its basis with particularity. *See* Fed. R. Civ. P. 7(b)(1); *Sanchez v. Matta*, 229 F.R.D. 649 (D.N.M., June. 24, 2004). Here, the Motion was directed only toward completion of the form. Plaintiff later submitted a "Reply" to the "Response" filed by Mockler on behalf of Muszynski, in which it raised for the first time any reference of "inaccuracies" in Muszynski's Form 1.977.[2] (Doc. 306.) The Magistrate's Recommendation then referenced "inaccuracies" in the incomplete Form 1.977 that was originally filed, without specifying the alleged inaccuracies found by the Magistrate. This is not properly part of the Motion or Recommendation before this Court, and Muszynski objects to any reference or inclusion of such "inaccuracies" as violative of Rule 7(b)(1), Federal Rules of Civil Procedure. *See Barnes v. Frameless Shower Doors & Enclosures, Inc.*, 14-CV-62243-BLOOM-VALLE, 2015 WL 6470318, at *3 n.4 (S.D. Fla. Oct. 27, 2015) ("In their reply brief, Defendants raise additional

---

[2] Even though Mockler did not file a written response or memorandum of law in opposition to the Motion, Plaintiff then filed a "Reply" on December 5, 2022. (Doc. 306.) The Reply was improper because Mockler did not submit any arguments on behalf of Muszynski to which Plaintiff needed to reply. *See* Local Rule 7.1(c) (providing that reply memoranda are "strictly limited to rebuttal of matters raised in the memorandum in opposition"). Plaintiff should not have been permitted to raise alleged "inaccuracies" in Muszynski's Form 1.977 for the first time in its Reply.

bases for sanctions that they did not raise in the initial Motion. . . The Court, however, will not consider arguments raised for the first time in a reply brief.") (citing *Novoferreiro v. Israel*, No. 14-CIV-62674, 2015 WL 2152682, at *5 (S.D. Fla. May 6, 2015)).

## CONCLUSION

WHEREFORE, Defendant, Charles Muszynski, respectfully requests that this Court strike references in the Recommendation to any alleged "inaccuracies" Muszynski's completed Form 1.977, find that the attached Form 1.977 (Exhibit B) complies with the requirements of the Recommendation as to Muszynski, and hold the Muszynski did not knowingly violate the Court's order to submit a completed Form 1.977 as necessary for a finding of civil contempt.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 27, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Douglas K. Gartenlaub
DOUGLAS K. GARTENLAUB, ESQUIRE
Florida Bar No.: 0010420
Email:  dgartenlaub@burr.com
Secondary Email:  lloving@burr.com
200 South Orange Avenue, Suite 800
Orlando, FL 32801
Telephone: (407) 540-6600
Facsimile: (407) 540-6601
**ATTORNEYS FOR DEFENDANTS, CHARLES MUSZYNSKI and WASTE PROFESSIONALS, LLC, a Florida limited liability company d/b/a TALISMARK**

# EXHIBIT "A"

43283181 v1

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

Case No.: 21-cv-20862-BLOOM/Otazo-Reyes

MILLENNIUM FUNDING, INC., et al.,

    Plaintiffs.

vs.

1701 MANAGEMENT LLC, et al.,

    Defendants,

And

GLO-JET INTERNATIONAL CORP, et al.,

    Garnishees.

_____/

## AFFIDAVIT OF CHARLES MUSZYNSKI

I am over the age of eighteen (18) and competent to give the information stated herein from personal knowledge.

1.    I retained Richard Mockler, Esq. to make a special appearance only to contest as inadequate the service of process in this matter and raise the issue of this Court's jurisdiction over me as I am not a Citizen of the United States and do not reside there.

2.    I have since learned that though he may have contested service in the matter he failed to raise the matter of jurisdiction and may have only contested service of process.

3.    Though it was my understanding he would make a personal appearance solely for these purposes and not technically appear in the case, I have since learned he made a general appearance and continued to receive pleadings in the instant matter.

49665350 v1

4. At no time did he provide me with copies, information or advice regarding these pleadings pleading beyond the Motion to Quash until the contempt at issue arose.

5. I again contacted Mr. Mockler when I learned that I could be held in contempt for failure to file Form 1.977.

6. I consulted with Mr. Mockler regarding filling out Form 1.977 and subsequently filled out the form.

7. Based on Mr. Mockler's instructions, I sent him a copy of the form and he assured he would properly file a notarized copy of it as he knows me personally.

8. Mr. Mockler never informed me that a hearing had been set. I have since learned that he did not file a properly notarized copy of the form in question, was advised by the Court Clert to re-file, did not attend, nor advise me of the hearing.

9. I have since learned that a hearing was held and that a recommendation of contempt for failure to file the form has been made.

10. At all times, it was my intent to properly fill out and comply with this Court's Order regarding me to fill out Form 1.977.

11. Since learning of the hearing, I have made numerous attempts to contact Mr. Mockler by e-mail and phone with no response.

12. Left with no other choice, I have now retained the firm of Burr & Forman LLP to represent me in this matter and assist me in the filing of Form 1.977 which is being filed contemporaneously with this affidavit.

FURTHER AFFIANT SAYETH NAUGHT.

*Charles Alexander Muszynski*
Charles Muszynski

STATE OF __Texas__

COUNTY OF __Harris__

      The foregoing instrument was acknowledged before me by means of ☐ physical presence, or ☑ online notarization, this 23rd day of December, 2022, by CHARLES MUSZYNSKI, who is: ☐ personally known to me, or ☑ has produced __DRIVER LICENSE__ as identification.

*[Signature]*

Notary Public, State of Texas
My Commission Expires: 09/10/2024
[Print, type or stamp name]
Notarized online using audio-video communication

**John Louis Williams JR**
ID NUMBER
13267006-4
COMMISSION EXPIRES
September 10, 2024

49665350 v1

3

# EXHIBIT "B"

43283181 v1

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

Case No.: 21-cv-20862-BLOOM/Otazo-Reyes

MILLENNIUM FUNDING, INC. et al.,

    Plaintiffs,

vs.

1701 MANAGEMENT LLC et al.,

    Defendants.

---

Form 1.977 - FACT INFORMATION SHEET
(a) For Individuals

---

Full Legal Name:   Charles Alexander Muszynski

Nicknames or Aliases:   None

Residence Address:   Fig Tree, #1, St. Kitts & Nevis, W.I.

Mailing Address (if different):   P. O. Box 1423, Basseterre, St. Kitts, W.I.

Telephone Numbers: (Home)   None

(Business)   None

Name of Employer:   None

Address of Employer:   None

Position or Job Description:   None

Rate of Pay: $_____ per _____. Average Paycheck: $ _____ per_____.

Average Commissions or Bonuses: $ _____ per _____

Commissions or bonuses are based on_____

1

Other Personal Income: $ _____ from  Trustee, determined upon approval of requests
(Explain details on the back of this sheet or an additional sheet if necessary.)

Social Security Number:  ***-**-1273          Birthdate: 28/12/1964
Driver's License Number: 7083304
Marital Status:   Single         Spouse's Name: _____

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*Spouse Related Portion*

Spouse's Address (if different): _____
Spouse's Social Security Number: _____ Birthdate: _____

Spouse's Employer: _____
Spouse's Average Paycheck or Income: $ _____ per _____
Other Family Income: $ _____ per _____

(Explain details on back of this sheet or an additional sheet if necessary.)

Describe all other accounts or investments you may have, including stocks, mutual funds, savings bonds, or annuities, on the back of this sheet or on an additional sheet if necessary.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Names and Ages of All Your Children (and addresses if not living with you): Reached majority, adult
Child Support or Alimony Paid: $ _____ per  No child support. Alimony not paid.
Names of Others You Live With:  None
Who is Head of Your Household?     X     You _____ Spouse _____ Other Person
Checking Account at: Bank of Nevis  Account #  XXX389, all others abandoned
Savings Account at: _____  Account # _____

For Real Estate (land) You Own or Are Buying:
Address:  None
All Names on Title: _____
Mortgage Owed to: _____
Balance Owed: _____
Monthly Payment: $ _____
(Attach a copy of the deed or mortgage, or list the legal description of the property on the back of this sheet or an additional sheet if necessary. Also provide the same information on any other property you own or are buying.)

2

For All Motor Vehicles You Own or Are Buying:

Year/Make/Model: <u>  None                                              </u>   Color: <u>          </u>
Vehicle ID No.: <u>                                          </u>   Tag No: <u>          </u>   Mileage:

Names on Title: <u>    </u>            Present Value: $ <u>              </u>

Loan Owed to: <u>                                                              </u>
Balance on Loan: $ <u>                                                        </u>
Monthly Payment: $ <u>                                                       </u>
(List all other automobiles, as well as other vehicles, such as boats, motorcycles, bicycles, or aircraft, on the back of this sheet or an additional sheet if necessary.)

Have you given, sold, loaned, or transferred any real or personal property worth more than $100 to any person in the last year? If your answer is "yes," describe the property, market value, and sale price, and give the name and address of the person who received the property.  *No.*

Does anyone owe you money? Amount Owed: $ <u> No.                          </u>
Name and Address of Person Owing Money: <u>                                </u>
Reason money is owed: <u>                                                    </u>

Please attach copies of the following:

a.   Your last pay stub.   *None*

b.   Your last 3 statements for each bank, savings, credit union, or other financial account.   *Access not possible without in person verification and purchase; not at location.*

c.   Your motor vehicle registrations and titles.   *None*

d.   Any deeds or titles to any real or personal property you own or are buying, or leases to property you are renting.   *None*

e.   Your financial statements, loan applications, or lists of assets and liabilities submitted to any person or entity within the last 3 years.   *None*

f.   Your last 2 income tax returns filed.   *Not available, would have to get from US IRS*

3

UNDER PENALTY OF PERJURY, I SWEAR OR AFFIRM THAT THE FOREGOING ANSWERS ARE TRUE AND COMPLETE.

*Charles Alexander Muszynski*

Judgment Debtor

STATE OF ~~FLORIDA~~ Virginia KJW

COUNTY OF Richmond

Sworn to (or affirmed) and subscribed before me this 27th day of December 2022 (year) by (name of person making statement).

Kushena J Woods
REGISTRATION NUMBER
7899828
COMMISSION EXPIRES
July 31, 2024
Notarized online using audio-video communication

Kushena J Woods   7899828   Exp:07/31/2024
Notary Public State of ~~Florida~~ KJW

Personally known _____ OR Produced identification ✔

Type of identification produced   PR DL#7083304

**YOU MUST MAIL OR DELIVER THIS COMPLETED FORM, WITH ALL ATTACHMENTS, TO THE PLAINTIFF'S JUDGMENT CREDITOR OR THE PLAINTIFF'S JUDGMENT CREDITOR'S ATTORNEY, BUT DO NOT FILE THIS FORM WITH THE CLERK OF THE COURT.**

4