UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-20862-BLOOM/Otazo-Reyes

MILLENNIUM FUNDING, INC.,
a Nevada corporation, *et al.*,

      Plaintiffs,

v.

1701 MANAGEMENT LLC d/b/a
LIQUIDVPN, a Puerto Rico limited
liability company, *et al.*,

      Defendants.
_____/

## ORDER GRANTING EXPEDITED MOTION FOR WORLDWIDE ASSET RESTRAINT

**THIS CAUSE** is before the Court upon Plaintiffs Millennium Funding, Inc., Voltage Holdings, LLC, AMBI Distribution Corp., After Productions, LLC, After II Movie, LLC, Morgan Creek Productions, Inc., Bedeviled LLC, Millennium Media, Inc., Colossal Movie Productions, LLC, YAR Productions, Inc., FSMQ Film, LLC, FW Productions, LLC, Millennium IP, Inc., I Am Wrath Production, Inc., Killing Link Distribution, LLC, Badhouse Studios, LLC, LF2 Productions, Inc., LHF Productions, Inc., Venice PI, LLC, Rambo V Productions, Inc., Rupture CAL, Inc., MON, LLC, SF Film, LLC, Speed Kills Productions, Inc., Nikola Productions, Inc., Wonder One, LLC, Bodyguard Productions, Inc., Outpost Productions, Inc., Glacier Films 1, LLC, Definition Delaware LLC, Hannibal Classics Inc., Justice Everywhere Productions LLC, State of the Union Distribution and Collections, LLC, Paradox Studios, LLC, Dallas Buyers Club, LLC, Screen Media Ventures, LLC, and 42 Ventures, LLC's (collectively, "Plaintiffs") Motion for Worldwide Asset Restraint Against Defendants/Judgment Debtors Charles Muszynski ("Muszynski"), 1701 Management LLC ("1701"), and AUH20 LLC ("AUH20") (collectively,

"Judgment Debtors"). ECF No. [360]. Plaintiffs request that all entities controlled by Muszynski including Buhosabio LLC (Puerto Rico), WasteResources, LLC (New Mexico) and his various trusts be restrained to prevent him from depleting assets or moving his assets outside of the jurisdiction of the United States pursuant to 28 U.S.C. § 1651(a) (the All Writs Act), Fed. R. Civ. P. 65 and 69(a), and this Court's March 28, 2022, Order, ECF No. [213]. The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

I.     **FACTUAL BACKGROUND**

Plaintiffs filed their initial Complaint on March 3, 2021, seeking injunctive relief and damages against Charles Muszynski, 1701 MANAGEMENT, LLC d/b/a LIQUIDVPN, and DOES 1-100 ("Does 1-100"). *See* ECF No. [1]. On May 5, 2021, Plaintiffs filed their First Amended Complaint ("FAC") adding Quadranet, AUH2O, LLC, and others as defendants. *See* ECF No. [24]. On August 17, 2021, Plaintiffs filed their Second Amended Complaint ("SAC"). *See* ECF No. [96].

Less than 10 days after this action was filed and widely discussed in the media, Muszynski made five large withdrawals from the LiquidVPN PayPal account and thereafter Muszynski made two $4,452.00 withdrawals two days after his motion to quash was denied. ECF No. [360-2] at ¶¶ 4-5. On March 28, 2022, the Court granted Plaintiffs' Motion for Default Judgment and awarded a money judgment of more than $15,000,000.00. ECF Nos. [212]-[213].

Communications from Muszynski to Robert Pola indicate that Muszynski is using legal structures such as trusts to conceal his assets from Plaintiffs. *See* ECF No. [311-3]. One email states in relevant part "…MAJOR caution is the ex-wife's continued use of parasitic collection attorneys - the latest is Kerry Culpepper, the copyright troll, that cost me $300K is [*sic*] losses." *Id*. at 1.

Case No. 21-cv-20862-BLOOM/Otazo-Reyes

Another email reads in part:

> Besides tax elimination and privacy maximization objectives, a higher barrier to parasites (attorneys' claims) is desired. Wouldn't a multi-jurisdictional structure be more difficult for such claims by obscuring ownership (post founding), slow discovery, and income cases establish cash barriers to litigation (such as $100K bond in Nevis) vs. all UK based?

ECF No. [360-8] at 2.

In October of 2021, Muszynski ceased paying Broward Harbor, Inc. for dockage and other services for his M/Y Smiling Dog, a 1991 model 105-foot Chediek motor yacht registered in the Cayman Islands as Official Number 748072, its engines, tackle, furniture, furnishings, and appurtenances, including a 17-foot Boston Whaler tender ("yacht") and abandoned it at Broward Harbor. ECF No. [360-2] at ¶¶ 12-14. Muszynski shut down 1701's LiquidVPN and wrote off his $300,000 investment rather than continuing a venture that likely could have generated funds to pay off at least a part of the money judgment. *Id.* at ¶ 32. Additionally, Muszynski shifted profitable ventures owned by 1701 such as WasteWiser to his other controlled entity, Buhosabio LLC, and placed the bank accounts in the name of Terry Lacy to attempt to conceal his ownership. *See* ECF No. [311-3] ("AUH2O holds…1701 that has been abandoned - it used to own Liquid VPN but due to the DMCA action brought by the copyright troll - total loss...Buhosabio's account is in Terry Lacy's name and SSN.").

On Jan. 19, 2022, the Registrar of the High Court of Justice of the Eastern Caribbean Supreme Court St. Christopher and Nevis Circuit Court granted Plaintiffs' application and ordered a worldwide asset freeze ("TRO") of AUH2O and Muszynski's assets that was dated Jan. 18, 2022.[1] ECF No. [360-4]. On Jan. 20, 2022, Muszynski was personally served the

---

[1] Plaintiffs urge this Court, under the principles of international comity, to adopt the TRO issued by the High Court of Justice of the Eastern Caribbean Supreme Court St. Christopher and Nevis Circuit Court. Because this Court finds sufficient basis to issue its own TRO, it declines to adopt the TRO issued by the Nevis Court.

3

TRO in Nevis. ECF No. [360-2] at ¶26. On Jan. 20, 2022, Plaintiffs' counsel served a copy of the TRO on counsel for Garnishees and Muszynski via email. *Id*. at ¶27.

Plaintiffs now request that this Court enter a TRO restraining the assets and all entities controlled by Judgment Debtors.

**II.   LEGAL STANDARD**

To obtain a temporary restraining order, a party must demonstrate "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the nonmovant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. Rel Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005); *see also Levi Strauss & Co. v. Sunrise Int'l. Trading Inc.*, 51 F.3d 982, 985 (11th Cir. 1995) (applying the test to a preliminary injunction in a Lanham Act case).

Difficulty collecting on a judgment can be shown to be irreparable harm "…where there is a strong indication that the defendant may dissipate or conceal assets." *Micro Signal Research, Inc. v. Otus*, 417 F.3d 28, 31 (1st Cir. 2005) (finding irreparable injury where the defendant engaged in fraud and reorganized his business to frustrate the repayment of outstanding debt); *see also Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 881 (9th Cir. 2003) (irreparable injury was shown given the defendants' history of fraudulent intra- family transfers, their refusal to disclose asset information in defiance of court order, and their convenient divorce settlement shortly after entry of an order compelling discovery in aid of execution on a $5 million judgment against one of the defendants); *see also Textron Fin. Corp. v. Unique Marine, Inc.*, No. 08-10082-CIV, 2008 WL 4716965, at *8 (S.D. Fla. Oct. 22, 2008) (irreparable injury requirement was satisfied where the defendant had surreptitiously sold items

that the plaintiff had financed and in which the plaintiff had a security interest, without reimbursing the plaintiff; made a payment to the plaintiff that was returned for insufficient funds; and owed the plaintiff approximately $3.5 million).

### III. CONCLUSIONS

The declarations Plaintiffs submitted in support of their Motion support the following conclusions of law:

A. Plaintiffs have already prevailed on the merits by virtue of the Final Default Judgment entered against judgment debtors.

B. Because Judgment Debtors are concealing assets and moving assets so as to be unreachable by Plaintiffs, Plaintiffs are likely to suffer immediate and irreparable injury if a temporary restraining order is not granted. The following specific examples set forth in the Motion demonstrate that Plaintiffs are likely to suffer irreparable injury if the assets of Judgment Debtors are not restrained:

  a. Plaintiffs have provided written communications from Muszynski to Robert Pola indicating that Muszynski is using legal structures such as trusts to conceal his assets from Plaintiffs – even naming Plaintiffs' counsel Kerry Culpepper by name. *See* ECF No. [311-3] at 1 ("…MAJOR caution is the ex-wife's continued use of parasitic collection attorneys - the latest is Kerry Culpepper, the copyright troll, that cost me $300K is [*sic*] losses.").

  b. Less than 10 days after this action was filed and widely discussed in the media, Muszynski made five large withdrawals from the LiquidVPN PayPal account and that Muszynski made two $4,452.00 withdrawals two days after his motion to quash was denied. ECF No. [360-2] at ¶¶ 4-5.

    c. Plaintiffs have also provided evidence that Muszynski completely abandoned assets that he did not timely transfer out of the US. Muszynski abandoned his yacht at Broward Harbor and ceased paying docking fees since October of 2021. *Id.* at ¶¶ 12-14. Plaintiffs suggest that Muszynski could have easily sold the yacht so that the funds could have been used to satisfy the money judgment entered in this case.

    d. Plaintiffs also argue that Muszynski shut down 1701's LiquidVPN and wrote off his $300,000 investment rather than continuing a venture that likely could have generated funds to pay off at least a part of the money judgment. *Id.* at ¶ 32. They suggest that instead, Muszynski shifted profitable ventures owned by 1701 such as WasteWiser to his other controlled entity Buhosabio LLC and placed the bank accounts in the name of Terry Lacy to attempt to conceal his ownership. *See* ECF No. [311-3] ( "AUH2O holds…1701 that has been abandoned - it used to own Liquid VPN but due to the DMCA action brought by the copyright troll - total loss...Buhosabio's account is in Terry Lacy's name and SSN.").

C. The balance of potential harm to Judgment Debtors in restraining their assets in order to enforce this Court's Judgment is outweighed by the potential harm to Plaintiffs who are entitled to collect the Judgment.

D. The public interest favors issuance of a temporary restraining order to enforce this Court's Judgment, to encourage respect for the law, and to ensure parties comply with court orders.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiffs' Motion, **ECF No. [360]**, is **GRANTED** as follows:

(1) Judgment Debtors 1701 Management LLC, AUH2O LLC and Charles Muszynski

and their officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Judgment Debtor having notice of this Order are temporarily restrained from:

(a) Causing any company, limited liability company, corporation, partnership, limited partnership in which it is a shareholder or director or otherwise has an interest to be revoked, re-domiciled, de-registered, struck off, liquidated, wound-up, merged or otherwise have its status changed;

(b) Cause any trust for which any of Judgment Debtors is a beneficiary or controlling party to dissipate its assets;

(c) In any way dispose of or deal with or diminish the value of any of their assets whether the asset is within or outside the United States and whether any of them own the asset solely or jointly.

(2) Until the Return Hearing Date or further order of the Court, Judgment Debtors may not directly or indirectly remove from any funds held in bank accounts under their name or under their control or in any way dispose of, deal with or diminish the value of any of the assets of the Judgment Debtors.

(3) Further, the prohibitions in above paragraphs include but are not limited to any money standing to the credit of any bank account or portfolio account including the amount of any check drawn on such account which has not been cleared in the name of any of the Judgment Debtors.

(4) For the purpose of this Order, the Judgment Debtors' assets include any asset which any of the Judgment Debtors has the power, directly or indirectly, to dispose of or deal with. The Judgment Debtors are to be regarded as having such power if a third party holds or controls the assets in accordance with the Judgment Debtors' direct or indirect instructions.

Case No. 21-cv-20862-BLOOM/Otazo-Reyes

(5) For the avoidance of doubt, this Order applies to any Trusts for which any Judgment Debtor is a beneficiary or has controlling power.

(6) It is a contempt of Court for any person notified of this order knowingly to assist in or permit a breach of this Order.

(7) Upon receipt of notice of this Asset Restraining Order, all financial institutions or companies holding funds/cryptocurrencies including but not limited to payment processors, banks, escrow services, and/or money transmitters, and their related companies and affiliates, shall immediately identify and restrain all funds, as opposed to ongoing account activity, for Judgment Debtors 1701 Management LLC, AUH2O LLC, Charles Muszynski, Judgment Debtors *alter egos* Rudolph Trident LLC, Antilles LLC, Evkleddihn LLC, Dusko Popov Trust, F.A. Hayek Trust; Solzhenitzyn; as identified by name and/or email addresses: charelsam@hush.com; cmuszynski@talismark.com; charles@4equity.co, as well as all funds in or which are transmitted into (i) any other accounts of the same customer(s); (ii) any other accounts which transfer funds into the same financial institution/advertising account(s), and/or any of the other accounts subject to this Order; and (iii) any other financial institution accounts;

(8) Any Third Parties including Garnishees or financial institution holders subject to this Order and not owned or controlled by any of the Judgment Debtors in this action may apply to the court at any time to vary or set aside this order (or so much of it as affects that person) after meeting and conferring with Plaintiffs' counsel.

(9) This Order shall remain in effect from the date of entry of this Order to **February 7, 2023, at 11:59 p.m.**

(10) Although Plaintiffs contend that no bond security is necessary under Rule 65(c), they cite no authority. *See* ECF No. [360] at ¶ 96. Local Rule 7.1(a)(1) requires a memorandum

Case No. 21-cv-20862-BLOOM/Otazo-Reyes

of law citing supporting authorities. Fla. L.R. 7.1(a)(1). Courts in this district have held that where a party cites no legal authority it is grounds itself to reject an argument. *See e.g. Goldberg for Jay Peak, Inc. v. Raymond James Fin., Inc.*, 16-21831-CIV, 2017 WL 7791564, at *7 (S.D. Fla. Mar. 27, 2017). The Court rejects Plaintiffs' argument regarding a bond security. Pursuant to 15 U.S.C. § 1116(d)(5)(D) and Federal Rule of Civil Procedure 65(c), Plaintiffs shall post a bond in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00), as payment of damages to which Defendants may be entitled for a wrongful injunction or restraint. In the Court's discretion, the bond may be subject to increase should an application be made in the interest of justice.

(11) A **hearing** is set before this Court via **Zoom teleconference** on **February 7, 2023, at 9:00 a.m.**, at which time Judgment Debtors and/or any other affected persons may challenge the appropriateness of this Order and move to dissolve the same and at which time the Court will hear argument on Plaintiffs' requested preliminary injunction to remain in place until Judgment Debtors accurately and completely complete Form 1.977 and/or Plaintiffs' counsel certifies that he has been able to ascertain all of Judgment Debtors' assets. **The Zoom hyperlink is: https://www.zoomgov.com/j/1600643106?pwd=TjQ2QUVDL1lUNlE0YnIyNVdPaHYvQT09 Alternatively, the Zoom Meeting ID is: 160 064 3106; and the Passcode is: 908104.**

(12) Judgment Debtors are on notice that failure to appear at the hearing may result in the imposition of a preliminary injunction against them pursuant to 15 U.S.C. § 1116(d); Fed. R. Civ. P. 65, the All Writs Act, 28 U.S.C. § 1651(a); and this Court's inherent authority.

(a) Any response or opposition to Plaintiffs' Motion must be filed and served on Plaintiffs' counsel forty-eight (48) hours prior to the hearing scheduled for **February 7, 2023, at 9:00 a.m.**, and filed with the Court along with Proof of Service.

9

(b) Plaintiffs shall file any Reply Memorandum twenty-four (24) hours prior to the hearing set for **February 7, 2023, at 9:00 a.m**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 24, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record