# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No.: 21-cv-20862-BLOOM/Otazo-Reyes

MILLENNIUM FUNDING, INC., et al.,

      Plaintiffs,

      vs.

1701 MANAGEMENT LLC, et al.,

      Defendants,

      and

WasteResources, LLC,

      Garnishees.

_____

**PLAINTIFFS' MOTION FOR ORDER TO SHOW CAUSE HEARING WHY DEFAULT JUDGMENT SHOULD NOT BE GRANTED AGAINST GARNISHEE WASTERESOURCES (NEW MEXICO) LLC**

Plaintiffs MILLENNIUM FUNDING, INC., VOLTAGE HOLDINGS, LLC, AMBI DISTRIBUTION CORP., AFTER PRODUCTIONS, LLC, AFTER II MOVIE, LLC, MORGAN CREEK PRODUCTIONS, INC., MILLENNIUM FUNDING, INC., BEDEVILED LLC, MILLENNIUM MEDIA, INC., COLOSSAL MOVIE PRODUCTIONS, LLC, YAR PRODUCTIONS, INC., FSMQ FILM, LLC, FW PRODUCTIONS, LLC, MILLENNIUM IP, INC., I AM WRATH PRODUCTION, INC., KILLING LINK DISTRIBUTION, LLC, BADHOUSE STUDIOS, LLC, LF2 PRODUCTIONS, INC., LHF PRODUCTIONS, INC., VENICE PI, LLC, RAMBO V PRODUCTIONS, INC., RUPTURE CAL, INC., MON, LLC, SF FILM, LLC, SPEED KILLS PRODUCTIONS, INC., MILLENNIUM IP, INC., NIKOLA PRODUCTIONS, INC., WONDER ONE, LLC, BODYGUARD PRODUCTIONS, INC., OUTPOST PRODUCTIONS, INC., GLACIER FILMS 1, LLC, DEFINITION DELAWARE LLC, HANNIBAL CLASSICS INC., JUSTICE EVERYWHERE PRODUCTIONS LLC, STATE OF THE UNION DISTRIBUTION AND COLLECTIONS, LLC, PARADOX STUDIOS, LLC, DALLAS BUYERS CLUB, LLC, HITMAN TWO PRODUCTIONS, INC.,

20-023DBa

and SCREEN MEDIA VENTURES, LLC and 42 VENTURES, LLC (collectively "Plaintiffs"), move this honorable Court to schedule an Order for Show Cause Hearing why Plaintiffs should not be granted Final Default Judgment against Garnishee WasteResources, LLC ("WasteResources") for the judgment amount of **$15,497,199.46**.

## I.   FACTUAL BACKGROUND

On March 28, 2022, this Court granted Plaintiffs' motion for default judgment and awarded a money judgment of $15,172,403.00 in favor of Plaintiffs and against Defendants 1701 Management, LLC ("1701"), Charles Muszynski ("Muszynski"), and AUH2O LLC ("AUH2O"). *See* Doc. #213.

The money judgment has not been appealed, is valid and unsatisfied.  *See* Aff. of Culpepper at ¶5.

Plaintiffs' counsel obtained evidence that WasteResources is completely owned and controlled by Muszynski. For example, in a deposition transcript from Muszynski's divorce in Orange County Circuit Court, Muszynski's former business partner testified under oath that Muszynski receives income from WasteResources.  *See* Aff. of Culpepper at ¶17.

```
17   BY MR. ODEN:
18       Q.  Other than Waste Resources, are you aware of
19   any other income sources for Mr. Muszynski?
20       A.  I'm not.
21       Q.  Is it your understanding Waste Resources is
22   his sole means of employment right now?
23       A.  I do not know.
24       Q.  You said that he was gainfully employed, and
25   then you referenced Waste Resources, correct?
```

In credit applications Muszynski stated that he is employed by WasteResources. Muszynski's credit card statements show that he made regular payments to LAW 4 SMALL BUSINESS, P.C fees which is the agent for WasteResources.  *See* Aff. of Culpepper at ¶16.

| | 7027495744 | | | |
|---|---|---|---|---|
| 12/24/19 | LAW 4 SMALL BUSINESS<br>1923 87102<br>LEGAL SERVICES | ALBUQUERQUE | NM | $40.00 |

Further, records from the domain registrar Namecheap show that Muszynski owns the domain wasteresources.online associated with WasteResources. *See* Aff. of Culpepper at ¶3; Exhibit "2".

On Dec. 12, 2022, the Court issued the Writs of Garnishment against Garnishee WasteResources. *See* Docs. #327.

Garnishee WasteResources was served a subpoena in an ancillary New Mexico proceedings and the Writ on Dec. 13, 2022. *See* Doc. #332.

On Jan. 16, 2023, Plaintiffs served on Garnishee WasteResources and counsel for Judgment Debtor Muszynski a notice of intent to seek default judgment. *See* Aff. of Culpepper at ¶10; Exhibit "1".

On Jan. 24, 2023, a Clerk's Default [Doc. #369] was entered against Garnishee WasteResources for failing to appear, answer, or otherwise respond to the Writs despite having been served.

On Jan. 24, 2023, Plaintiffs filed a motion to compel WasteResources to comply with the subpoena in the ancillary New Mexico proceedings. *See* Aff. of Culpepper at ¶12.

## II.    LEGAL STANDARD

Default judgment may be entered against a party who "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a).

Fla. Stat. §77.06(1) (2022) provides that "Service of the writ shall make garnishee liable for all debts due by him or her to defendant and for any tangible or intangible personal property of defendant in the garnishee's possession or control at the time of the service of the writ or at any time between the service and the time of the garnishee's answer."

Fla. Stat. §77.081(2) (2022) provides that "On the entry of judgment for plaintiff, a final judgment shall be entered against the garnishee for the amount of plaintiff's claim with interest and costs."

The Florida Supreme Court has stated that "section 77.081(2) applies only to a prejudgment writ of garnishment and that a writ of garnishment under chapter 77 asserts a claim

for an unliquidated sum." *BellSouth Adver. & Pub. Corp. v. Sec. Bank, N.A.*, 698 So. 2d 254, 256 (Fla. 1997).

## III.     ANALYSIS

### A. Personal Jurisdiction over the Garnishees is appropriate

Florida's long-arm statute provides that a court may exercise jurisdiction over a party engages in the acts of:

(1) "Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state." Fla. Stat. § 48.193(1) (a)(1)

(2) "…engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity." Fla. Stat. § 48.193(1) (b)(2).

Although Garnishee WasteResources is a New Mexico LLC, it is owned and controlled by Muszynski who this Court has already determined to be subject to the jurisdiction of this court by virtue of the default judgment[1]. *See* Aff. of Culpepper at ¶17. Further, Muszynski operated WasteResources from Florida and therefore WasteResources had "agency in this state" as provided by (a)(1). Moreover, as Muszynski resided in Florida while operating WasteResources, WasteResources "engaged in substantial and not isolated activity within this state" as provided in (b)(2). *See* Aff. of Culpepper at ¶3.

### B.  Garnishee was served the Writ of Garnishment and default was entered.

On Dec. 15, 2022, the Writ [Doc. #327] was served on Garnishee WasteResources. *See* Affidavit of Michael Tinkler [Doc. #332].

On Jan. 16, 2023, Plaintiffs served on Garnishee WasteResources and counsel for Judgment Debtor Muszynski a notice of intent to seek default judgment.

On Jan. 24, 2023, the Plaintiffs requested that default be entered against Garnishee WasteResources. *See* Doc. #365.   A copy of the request was served on Garnishee. *See* Id. (Certificate of Service).

On Jan. 24, 2023, the Clerk entered default against Garnishees. *See* Doc. #369.

Accordingly, it is clear that Garnishee WasteResources has purposefully chosen to default.

### C.  The Writ of Garnishment clearly states the Judgment Amount

---

1 Note that Muszynski waived personal jurisdiction by appearing and making a motion to quash [Doc. #126] without contesting personal jurisdiction.

The Writ of Garnishment clearly states that the amount of Plaintiffs' claim is **$15,497,199.46.**  Accordingly, Garnishee was on notice of the amount that it can be held liable.  Yet Garnishee has chosen to purposefully default rather than disclose the amount of Judgment Debtors' property in its possession as required by Fla. Stat. §77.06(1).  Plaintiffs reemphasize the evidence discussed above showing the relationship between Garnishee and Judgment Debtor Muszynski and that it is in fact one of his *alter egos*.   Per *BellSouth* the Court is required to give notice of a hearing to Garnishee before awarding damages.  *See Bellsouth Advert. & Publ'g Corp. v. Sec. Bank, N.A.*, 698 So. 2d 254, 256 (Fla. 1997) ("Thus, BellSouth was required to give notice of trial on damages and to adduce proof of the amount of Garfield's money held by Security Bank").  At the hearing, Garnishee can be given an opportunity to rebut the presumption that it holds the judgment amount of Muszynski's funds in its possession or that Muszynski has an ownership interest in it.

IV.   **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court order a show cause hearing why it should not enter final default judgment against Garnishee in the form of the proposed Final Default Judgment.


DATED:      Jan. 30, 2023                    Respectfully submitted,


/s/ *Joel B. Rothman*
JOEL B. ROTHMAN
Florida Bar No. 98220
joel.rothman@sriplaw.com

**SRIPLAW**
21301 Powerline Road, Suite 100
Boca Raton, FL 33433
561.404.4350 – Telephone
561.404.4353 – Facsimile


And

Kerry S. Culpepper
*Admitted pro hac vice*
**CULPEPPER IP, LLLC**

5

75-170 Hualalai Road
Suite B204
Kailua-Kona, HI  96740
808.464.4047 – Telephone
kculpepper@culpepperip.com

*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on <u>Jan. 27, 2023</u> and by the methods of service noted below, a true and correct copy of the foregoing was served on Garnishee WasteResources.

<u>Via First Class Mail</u>
WasteResources, LLC
320 Gold Ave SW, STE 620
PMB 1320
Albuquerque, NM 87102

<u>Via First Class Mail</u>
Stolberg Law LLC
Agent for 1701
MANAGEMENT LLC
151 Calle de San Francisco
Suite 201
San Juan, PR 00901

<u>Via Airmail</u>
Southpac Trust Nevis
Limited,
Agent for AUH2O LLC
Hunkins Plaza, PO Box 681
Main Street, Charlestown
NEVIS

DATED: Jan. 30, 2023

/**s**/ *Joel B. Rothman*
JOEL B. ROTHMAN
Florida Bar No. 98220
joel.rothman@sriplaw.com

**SRIPLAW**
21301 Powerline Road, Suite 100
Boca Raton, FL 33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

And

CULPEPPER IP, LLLC

Kerry S. Culpepper

Virginia Bar No. 45292
Hawaii Bar No. 9837
CULPEPPER IP, LLLC
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawai'i 96740