UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-20862-BLOOM/Otazo-Reyes

MILLENNIUM FUNDING, INC.,
a Nevada corporation, *et al.*,

    Plaintiffs,

v.

1701 MANAGEMENT LLC d/b/a
LIQUIDVPN, a Puerto Rico limited
liability company, *et al.*,

    Defendants.
_____/

## OMNIBUS ORDER ON MOTION FOR DEFAULT JUDGMENT AND MOTION TO VACATE DEFAULT

**THIS CAUSE** is before the Court upon Plaintiffs Millennium Funding, Inc., Voltage Holdings, LLC, AMBI Distribution Corp., After Productions, LLC, After II Movie, LLC, Morgan Creek Productions, Inc., Bedeviled LLC, Millennium Media, Inc., Colossal Movie Productions, LLC, YAR Productions, Inc., FSMQ Film, LLC, FW Productions, LLC, Millennium IP, Inc., I Am Wrath Production, Inc., Killing Link Distribution, LLC, Badhouse Studios, LLC, LF2 Productions, Inc., LHF Productions, Inc., Venice PI, LLC, Rambo V Productions, Inc., Rupture CAL, Inc., MON, LLC, SF Film, LLC, Speed Kills Productions, Inc., Nikola Productions, Inc., Wonder One, LLC, Bodyguard Productions, Inc., Outpost Productions, Inc., Glacier Films 1, LLC, Definition Delaware LLC, Hannibal Classics Inc., Justice Everywhere Productions LLC, State of the Union Distribution and Collections, LLC, Paradox Studios, LLC, Dallas Buyers Club, LLC, Screen Media Ventures, LLC, and 42 Ventures, LLC's (collectively, "Plaintiffs") Motion for Order to Show Cause Hearing why Default Judgment Should not be Granted Against Garnishees Glo-Jet International Corp and Glo-Jet International Holdings (Puerto Rico) LLC, ("Motion for Default Judgment"), ECF No. [297] and Garnishees Glo-Jet International Corp

Case No. 21-cv-20862-BLOOM/Otazo-Reyes

and Glo-Jet International Holdings (Puerto Rico) LLC's (collectively, "Garnishees") Motion to Set Aside Default, Objection to Report and Recommendation and Answer to Writ of Garnishment, ECF No. [331], ("Motion to Vacate Default"). Plaintiffs filed a Response in Opposition to the Motion to Vacate Default ("Response"), ECF No. [333], to which Garnishees filed a Reply ("Reply"), ECF No. [344]. The Court has considered the Motion for Default Judgment, the Motion to Vacate Default, all opposing and supporting submissions, the record in this case, the relevant law, and is otherwise fully advised. For the reasons set forth below, Garnishees' Motion to Vacate Default is granted, and Plaintiffs' Motion for Default Judgment is denied.

## I. BACKGROUND

On March 28, 2022, the Court granted Final Default Judgment and awarded a judgment of $15,172,403.00 in favor of Plaintiffs and against Defendants 1701 Management, LLC, Charles Muszynski ("Muszynski"), and AUH2O LLC (collectively "Defendants" or "Judgment Debtors"). ECF No. [213]. On August 19, 2022, Plaintiffs moved for the entry of writs of garnishment ("Writs") against Garnishees for the purpose of satisfying the Final Default Judgment, ECF No. [259], and the requested Writs were issued on the same date, ECF Nos. [260]-[261]. Plaintiffs served the Writs and on October 26, 2022, after the deadline for Garnishees to answer has passed, Plaintiffs requested that the Clerk enter default against Garnishees, ECF No. [291]. On October 27, 2022, the Clerk entered the requested default. ECF No. [292].

On November 7, 2022, Plaintiffs filed their Motion for Default Judgment seeking final default judgment against Garnishees in the amount of $15,433,950.72. ECF No. [297]. The Court referred the Motion for Default Judgment to Magistrate Judge Alicia M. Otazo-Reyes for Report and Recommendation ("R&R"). ECF No. [301]. On December 8, 2022, Judge Otazo-Reyes held a hearing on the Motion for Default Judgment ("Hearing"). ECF No. [316]. Garnishees did not respond to the Motion for Default Judgment and did not appear at the Hearing. Thereafter, on December 12, 2022, Judge Otazo-Reyes issued a R&R in which she

recommended that Final Default Judgment be entered in favor of Plaintiffs and against Garnishees in the amount of Plaintiffs' claim of $15,433,950.27. ECF No. [326]. The R&R advised the parties to file any objections within fourteen days of the date of service of a copy of the R&R. *Id*. at 3.

On December 14, 2022, within the time to file objections to the R&R, Garnishees filed their Motion to Vacate Default in which they argue that the Court should set aside the Default for good cause. *See generally* ECF No. [331]. Garnishees indicate that an executive officer of Garnishees attempted to contact counsel for Plaintiffs, was unaware of the gravity and seriousness of the Writs and failed to save the date in the calendar for filing an answer. *Id*. at 2. Garnishees included in their Motion to Vacate Default their Answer to the Writs.

Plaintiffs respond that Garnishees failed to articulate any objections to the R&R, Garnishees failed to satisfy the standard for setting aside a default judgment or setting aside default because they failed to present evidence of excusable neglect and failed to present a meritorious defense, and Plaintiffs would be prejudiced if the Motion to Vacate Default is granted. *See* ECF No. [333]. Plaintiffs also argue that Garnishees' Answer should be stricken for being filed late and without leave of Court. ECF No. [333] at 9-10. Garnishees thereafter filed a Reply in which they argue that because they filed an Answer, the Court cannot enter Default Judgment, their Answer presents a meritorious defense, and Plaintiffs have not shown great burden or prejudice. ECF No. [344].

Plaintiffs thereafter filed a Motion to Strike Garnishees' Reply in which they argue that Garnishees improperly introduced exhibits, factual assertions, and legal arguments for the first time in Reply. ECF No. [350]. Garnishees filed a Response in Opposition to Plaintiffs' Motion to Strike, ECF No. [356], to which Plaintiffs filed a Reply, ECF No. [358]. Garnishees thereafter filed a Petition for Leave to Sur-Reply and Sur-Reply, ECF No. [374]. On January 27, 2023, Garnishees filed a Motion to Withdraw the Motion to Vacate where they request

3

conditional relief stating, "[i]f the Court is inclined to Strike or to grant Default Judgment against Garnishees it should permit withdrawal and refiling ECF Nos. 331 and 344, correct them and consolidate them via the Rule 11 safe harbor mechanism." ECF No. [379].

## II. LEGAL STANDARD

### A. Vacate Default

Rule 55(c) of the Federal Rules of Civil Procedure provides that the Court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "Good cause" is a "mutable" and "liberal" standard, "varying from situation to situation" depending on the facts of a given case. *Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). The good cause standard that is utilized in setting aside an entry of default is less rigorous than the required showing to set aside a default judgment. *E.E.O.C. v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 528 (11th Cir. 1990). Further, the Eleventh Circuit maintains a "strong policy of determining cases on their merits and we, therefore, view defaults with disfavor." *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). In considering whether to set aside a clerk's entry of default, "[c]ourts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." *Compania Interamericana*, 88 F.3d at 951.

### B. Default Judgment

Federal Rule of Civil Procedure 55(b)(2) authorizes a court to enter default judgment against a defendant who fails to plead or otherwise defend. Fed. R. Civ. P. 55(b)(2). "Entry of default judgment is only warranted when there is a sufficient basis in the pleadings for the judgment entered." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (internal quotation omitted).

## III. DISCUSSION

Case No. 21-cv-20862-BLOOM/Otazo-Reyes

Garnishees argue that the Clerk's Default should be vacated because they have shown good cause and Plaintiffs will not be prejudiced if default is vacated. Garnishees further contend that the Court cannot enter default judgment because Garnishees filed their Answer. Plaintiffs respond that Garnishees failed to satisfy the standard for setting aside a default judgment or for setting aside a default, Plaintiffs will be prejudiced if the Court vacates default, and via their Motion to Strike, Plaintiffs contend that the Court should disregard Garnishees' argument that the Court cannot enter Default Judgment because it was improperly raised for the first time in Reply. Plaintiffs argue that the Court should adopt the R&R and enter Default Judgment against Garnishees.

The Court applies Rule 55(c) to analyze Garnishees' Motion to Vacate Default. Plaintiffs argue that the Rule 60 standard applies to the Motion to Vacate Default because the R&R recommends granting Plaintiffs' Motion for Default Judgment. However, a default judgment was not entered against Garnishees. Therefore, Garnishees are moving to set aside an entry of default which is governed by Fed. R. Civ. P. 55(c) rather than moving to set aside a default judgment which is governed by Fed. R. Civ. P. 60. The Court therefore applies Rule 55(c)'s "good cause" standard to evaluate Garnishees' Motion to Vacate Default.

### A. Good Cause to Vacate

Garnishees contend that good cause exists to vacate the Clerk's Default. Plaintiffs argue that Garnishees have not shown that good cause exists to vacate the Clerk's Default. As stated above, to determine whether good cause exists to vacate a default, among other things, courts consider "whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." *Compania Interamericana Exp.-Imp., S.A.,* 88 F.3d 948, 951.

### i. Whether Default Culpable or Willful

"[A] 'party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings.'" *S.E.C. v. Johnson*, 436 F. App'x 939, 945 (11th Cir. 2011) (quoting *Compania Interamericana*, 88 F.3d at 951). By contrast, a brief delay resulting from, as examples, inadvertence or mistake, or confused litigation or case management strategy, will not vitiate good cause. *See, e.g., Lopez v. Colonial Grp. of Am. Corp.*, No. 12-22208-Civ., 2013 WL 1503260, at *2 (S.D. Fla. Apr. 12, 2013) (determining that delay was neither willful nor culpable where defendant moved to vacate sixteen days after entry due to mistaken litigation strategy); *S.E.C. v. Altomare*, No. 14-61196-CIV, 2014 WL 4388614, at *2 (S.D. Fla. Sept. 5, 2014) (considering request for vacatur after two weeks as a "rapid" response, evidencing a lack of culpable disregard for the missed deadlines); *Rodriguez v. Brim's Food, Inc.*, No. 13-cv-20600, 2013 WL 3147348, at *2 (S.D. Fla. June 19, 2013) (motion to vacate default by newly retained counsel eleven days after deadline showed that there was "no willful disregard involved as a reason for their failure to respond*"); Joseph v. Mortgage Experts of S. Fla., Inc.*, No. 12-CV-23884, 2013 WL 2384247, at *2 (S.D. Fla. May 30, 2013) (same, with six-week delay).

Garnishees argue that they were not culpable or willful in defaulting. Plaintiffs contend that Garnishees are culpable and that their defaults were willful.

It is undisputed that Garnishees moved to vacate default less than seven weeks after the Clerk entered Default. Garnishees have indicated that their officer, Manuel A. Keesee ("Keesee"), failed to save the calendar date, believed that the Writs were part of a scam, and that Keesee attempted to communicate with Plaintiffs' counsel. Plaintiffs contend that Keesee's failure to save the calendar date amounts to disregard for the legal system. The Court finds that Keesee's explanation that he believed the Writs were part of a scam and that he made at least one attempt to contact Plaintiffs' counsel is sufficient to show that default was not culpable or willful under the circumstances when considering the lenient standard applied to a Motion to Vacate Default. *See Baker v. Warner/Chappell Music, Inc.*, 2015 WL 1534522, at *3 (S.D. Fla. Apr. 6, 2015) ("To

obtain relief under Rule 55(c), the movant must only make a 'bare minimum showing' to support its claim for relief." (quoting *Jones v. Harrell*, 858 F.2d 667, 669 (11th Cir. 1988)).

    **ii.  Prejudice to Plaintiffs**

Mere delay in litigation, especially in the early stages of a case (prior to entry of a scheduling order of commencement of discovery), does not constitute prejudice to Plaintiff for purposes of considering a motion to vacate default. *See Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1357 (11th Cir. 2009) ("But the inquiry is whether prejudice results from the delay, not from having to continue to litigate the case."); S*untrust Bank v. Armsey*, No. 09-80606-CIV, 2010 WL 731802, at *2 (S.D. Fla. Feb. 26, 2010) ("Delay in adjudicating a plaintiff's claim does not qualify as sufficient prejudice under Rule 55. Instead, [a plaintiff] would have to show that the delay would result in a loss of evidence, increased opportunities for fraud, or discovery difficulties.") (quoting Burrell v. Henderson, 434 F.3d 826, 835 (6th Cir. 2006)).

Garnishees argue that Plaintiffs will not face a great burden or prejudice if their Motion to Vacate Default is granted. Garnishees contend that neither requiring Plaintiffs to litigate on the merits of the claim or the delay caused by their failure to timely answer the Writs is sufficient to constitute prejudice. Plaintiffs argue that they will be prejudiced if the Motion to Vacate Default is granted because Garnishees did not respond to subpoenas served on Garnishees at the same time as the Writs, and Plaintiffs lost the opportunity to obtain evidence for enforcing the money judgment against the Judgment Debtors. Plaintiffs also argue that their valuable time was spent at the Hearing and preparing the Motion for Default Judgment, and Garnishees should not be rewarded for skipping the Hearing.

While it is true Plaintiffs suffered a delay in litigating the Writs and that time was spent in the Hearing on Plaintiffs Motion for Default Judgment, there is no evidence this delay has resulted in any substantial prejudice to any of the parties. The Court does not seek to reward Garnishees for skipping the Hearing and points out that by doing so and then filing the Motion to Vacate,

Garnishees have unnecessarily taxed Court resources. Garnishees did not prejudice Plaintiff. The Hearing lasted only twenty-nine minutes and Plaintiffs will still be able to pursue the relief sought under the Writs. Plaintiffs simultaneously pursued other writs of garnishment and therefore had other means to locate and collect the money owed by Judgment Debtors. By contrast, permitting the Default to stand and Plaintiffs to proceed with default judgment would likely result in significant financial loss to Garnishees. See, e.g., Lopez, 2013 WL 1503260, at *2 (that defendant would suffer significant financial loss weighed in favor of vacating default); Daytona Tourist Charter Corp. v. Broward Servs. Ltd., No. 12-20221-Civ, 2012 WL 3042992, at *2 (S.D. Fla. July 25, 2012) (same); Domineck v. One Stop Auto Shop, Inc., 302 F.R.D. 695, 699 (N.D. Ga. 2014) (same).

### iii. Meritorious Defense

"[W]ith respect to a meritorious defense, '[l]ikelihood of success is not the measure;' [i]nstead, the movant need only provide 'a hint of a suggestion' that her case has merit." *Griffin IT Media, Inc. v. Intelligentz Corp.*, No. 07-80535-CIV, 2008 WL 162754, at *3 (S.D. Fla. Jan. 16, 2008) (quoting *Keegel v. Key West & Caribbean Trading Co.*, 627 F.2d 372, 374 (D.C. Cir. 1980); *Moldwood Corp. v. Stutts*, 410 F.2d 351, 352 (5th Cir. 1969)).

Garnishees argue that Garnishees have no relationship with Judgment Debtors and no assets from Judgment Debtors and therefore have "a strong ironclad defense." ECF No. [331] at ¶ 13. Plaintiffs argue that Garnishees failed to state whether they had property of the Judgment Debtors or knew of persons indebted to Judgment Debtors from the time of service up until they filed the Answer as required in the Writs. Plaintiffs also attack the Answer as "implausible" and "fantastical" based on facts that Plaintiffs allege. In Reply, "Garnishees reiterate that from September 29, 2022 (date of Wirt of service up until today) they have no property of the debtors." ECF No. [344] at ¶ 27.

Garnishees have presented a meritorious defense. If they do not have any property of debtors no assets can be garnished from them to satisfy the debts of Judgment Debtors. This factor weighs heavily in favor of granting the Motion to Vacate Default.

Garnishees have demonstrated good cause and the Court therefore grants the Motion to Vacate Default.

**B. Court Cannot Enter Default Judgment**

In addition to moving to vacate the Default, the Court notes that Garnishees have now filed an Answer. ECF No. [331] at 4-6. Without striking that Answer, the Court cannot enter a default or the requested default judgment.[1]

Federal Rule of Civil Procedure 55(b)(2) authorizes a court to enter default judgment against a defendant who fails to plead or otherwise defend. Fed. R. Civ. P. 55(b)(2). "If the defendant has answered the complaint but fails to appear at trial, issue has been joined, and the court cannot enter a default judgment." *Solaroll Shade & Shutter Corp., Inc. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1134 (11th Cir. 1986). Another district court in this circuit considering a motion for default noted that "[t]he Court has not entered a default judgment against any of these three defendants, and each defendant has filed a responsive pleading to plaintiff's complaint. As such, any entry of default by the Clerk under Fed. R. Civ. P. 55(b)(1) would be void." *Skeete v.*

---

[1] Plaintiffs contend that the Court should Strike Garnishees Reply in which Garnishees improperly raise a new legal theory and attach evidence for the first time. The Court denies Plaintiffs' Motion to Strike, ECF No. [350]. "[I]t's well-established that '[a]rguments not properly presented in a party's initial brief or raised for the first time in a reply brief are deemed waived.'" *MY. P.I.I. LLC v. H&R Marine Eng'g, Inc.*, 544 F. Supp. 3d 1334, 1349 (S.D. Fla. 2021)). Thus, to the extent that Garnishees' Reply raises new arguments not addressed in their Motion to Vacate Default the Court will disregard such arguments. The Court is however constrained by binding Eleventh Circuit precedent and the Federal Rules of Civil Procedure and therefore cannot disregard Garnishees' citation to *Solaroll Shade & Shutter Corp., Inc. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, which is controlling here.

Case No. 21-cv-20862-BLOOM/Otazo-Reyes

*EntertainmentStudios Home Entm't, Inc.*, 1:10-CV-2709-JEC, 2011 WL 4014459, at *8 (N.D. Ga. Sept. 8, 2011).

Here the Clerk entered Default, Plaintiffs moved for default judgment, and Judge Otazo-Reyes recommended that this Court enter default judgment. During the period provided to the parties to raise objections to the R&R, Garnishees filed the Instant Motion to Vacate Default in which they answered the Writs. Eleventh Circuit binding precedent dictates that because Garnishees have Answered the Writs, the Court may no longer enter default judgment against Garnishees. The Court therefore denies Plaintiffs' Motion for Default Judgment and declines to adopt the R&R which was filed prior to Garnishees filing their Answer.

IV. **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Garnishees' Motion to Vacate Default, **ECF No. [331]**, is **GRANTED**;

2. The Clerk's Default, **ECF No. [292]**, is **VACATED**;

3. Plaintiffs' Motion for Default Judgment, **ECF No. [297]**, is **DENIED**;

4. The Court **DECLINES TO ADOPT** the R&R, **ECF No [326]**;

5. Plaintiffs' Motion to Strike, **ECF No. [350]**, is **DENIED**;

6. Plaintiffs' Motions for Extension of Time, **ECF Nos. [377], [381]**, are **DENIED AS MOOT**;

7. Garnishee's Motion to File Sur-Reply, **ECF No. [374]**, and Motion to Withdraw, **ECF No. [379]**, are **DENIED AS MOOT.**

Case No. 21-cv-20862-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 1, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record