UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-20862-BLOOM/Otazo-Reyes

MILLENNIUM FUNDING, INC.,
a Nevada corporation, *et al.*,

    Plaintiffs,

v.

1701 MANAGEMENT LLC d/b/a
LIQUIDVPN, a Puerto Rico limited
liability company, *et al.*,

    Defendants.
_____/

## ORDER GRANTING PRELIMINARY INJUNCTION RESTRAINING ASSETS

**THIS CAUSE** is before the Court upon Plaintiffs Millennium Funding, Inc., Voltage Holdings, LLC, AMBI Distribution Corp., After Productions, LLC, After II Movie, LLC, Morgan Creek Productions, Inc., Bedeviled LLC, Millennium Media, Inc., Colossal Movie Productions, LLC, YAR Productions, Inc., FSMQ Film, LLC, FW Productions, LLC, Millennium IP, Inc., I Am Wrath Production, Inc., Killing Link Distribution, LLC, Badhouse Studios, LLC, LF2 Productions, Inc., LHF Productions, Inc., Venice PI, LLC, Rambo V Productions, Inc., Rupture CAL, Inc., MON, LLC, SF Film, LLC, Speed Kills Productions, Inc., Nikola Productions, Inc., Wonder One, LLC, Bodyguard Productions, Inc., Outpost Productions, Inc., Glacier Films 1, LLC, Definition Delaware LLC, Hannibal Classics Inc., Justice Everywhere Productions LLC, State of the Union Distribution and Collections, LLC, Paradox Studios, LLC, Dallas Buyers Club, LLC, Screen Media Ventures, LLC, and 42 Ventures, LLC's (collectively, "Plaintiffs") Motion for Preliminary Injunction Restraining Assets of Defendants/Judgment Debtors Charles Muszynski ("Muszynski"), 1701 Management LLC ("1701"), and AUH20 LLC ("AUH20") (collectively,

"Judgment Debtors"). ECF No. [360]. Plaintiffs request that the Temporary Restraining Order restraining assets owned and controlled by judgment debtors be converted to a preliminary injunction to prevent Judgment Debtors from depleting assets or moving assets outside of the jurisdiction of the United States pursuant to 28 U.S.C. § 1651(a) (The All Writs Act), Fed. R. Civ. P. 65 and 69(a), and this Court's March 28, 2022, Order, ECF No. [213]. The Court has carefully reviewed the Motion, the record in this case, the applicable law, considered the arguments raised at the hearing conducted on February 7, 2023 ("Hearing"), and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

I.      FACTUAL BACKGROUND

Plaintiffs filed their initial Complaint on March 3, 2021, seeking injunctive relief and damages against Charles Muszynski, 1701 MANAGEMENT, LLC d/b/a LIQUIDVPN, and DOES 1-100 ("Does 1-100"). *See* ECF No. [1]. On May 5, 2021, Plaintiffs filed their First Amended Complaint ("FAC") adding Quadranet, AUH2O, LLC, and others as defendants. *See* ECF No. [24]. On August 17, 2021, Plaintiffs filed their Second Amended Complaint ("SAC"). *See* ECF No. [96].

Less than 10 days after this action was filed and widely discussed in the media, Muszynski made five large withdrawals from the LiquidVPN PayPal account and subsequently, Muszynski made two $4,452.00 withdrawals two days after his motion to quash was denied. ECF No. [360-2] at ¶¶ 4-5. On March 28, 2022, the Court granted Plaintiffs' Motion for Default Judgment and awarded a money judgment of more than $15,000,000.00. ECF Nos. [212]-[213].

Communications from Muszynski to Robert Pola indicate that Muszynski is using legal structures such as trusts to conceal his assets from Plaintiffs. *See* ECF No. [311-3]. One email states in relevant part "…MAJOR caution is the ex-wife's continued use of parasitic collection attorneys -

2

Case No. 21-cv-20862-BLOOM/Otazo-Reyes

the latest is Kerry Culpepper, the copyright troll, that cost me $300K is [*sic*] losses." *Id*. at 1. Another, earlier email reads in part

> Besides tax elimination and privacy maximization objectives, a higher barrier to parasites (attorneys' claims) is desired. Wouldn't a multi-jurisdictional structure be more difficult for such claims by obscuring ownership (post founding), slow discovery, and income cases establish cash barriers to litigation (such as $100K bond in Nevis) vs. all UK based?

ECF No. [360-8] at 2.

In October of 2021, Muszynski ceased paying Broward Harbor, Inc. for dockage and other services for his M/Y Smiling Dog, a 1991 model 105-foot Chediek motor yacht registered in the Cayman Islands as Official Number 748072, its engines, tackle, furniture, furnishings, and appurtenances, including a 17-foot Boston Whaler tender ("yacht") and abandoned it at Broward Harbor. ECF No. [360-2] at ¶¶ 12-14. Muszynski shut down 1701's LiquidVPN and wrote off his $300,000 investment rather than continuing a venture that likely could have generated funds to pay off at least a part of the money judgment. *Id.* at ¶ 32.

Additionally, Plaintiffs have provided evidence that Muszynski shifted profitable ventures owned by 1701 such as WasteWiser to his other controlled entity Buhosabio LLC and placed the bank accounts in the name of Terry Lacy to attempt to conceal his ownership. *See* ECF No. [311-3] ( "AUH2O holds…1701 that has been abandoned - it used to own Liquid VPN but due to the DMCA action brought by the copyright troll - total loss...Buhosabio's account is in Terry Lacy's name and SSN.").

On Aug. 10, 2022, the Plaintiffs filed a Motion for Court Order Requiring Defendants to Complete Form 1.977, ECF No. [249], which the Court granted on August 25, 2022, ECF No. [265]. Thereafter, on Nov. 5, 2022, Plaintiffs filed a Motion for Order to Show Cause Hearing Why Defendants Should Not be Held in Civil Contempt, ECF. No. [295] ("OSC Motion"). The OSC Motion included a Certificate of Service stating that it was sent by mail to Defendants. *Id.*

3

The OSC Motion was referred to Magistrate Judge Alicia M. Otazo-Reyes for Report and Recommendation, ECF No. [301]. Judge Otazo-Reyes subsequently conducted a hearing and issued a Report and Recommendation ("R&R"), ECF No. [326], in which she found that: (i) Defendants received notice of the Show Cause Hearing and (ii) the admitted exhibits show that the Form 1.977 Muszynski submitted, ECF No. [304], was both incomplete and inaccurate. ECF No. [326] at ¶¶ 4-7. The R&R further recommended that Defendants be held in civil contempt and that a fine of $500 per day be imposed upon each of Defendants until they purge themselves of the contempt. On January 24, 2023, the Court adopted the R&R. ECF No. [368].

On Jan. 19, 2022, the Registrar of the High Court of Justice of the Eastern Caribbean Supreme Court St. Christopher and Nevis Circuit Court granted Plaintiffs' application and ordered a worldwide asset freeze ("TRO") of AUH2O and Muszynski's assets that was dated Jan. 18, 2022.[1] ECF No. [360-4]. On Jan. 20, 2022, Muszynski was personally served the TRO in Nevis. ECF No. [360-2] at ¶26. On Jan. 20, 2022, Plaintiffs' counsel served a copy of the TRO on the counsels for Garnishees and Muszynski via email. *Id*. at ¶27.

On Jan. 25, 2023, the Court entered a Temporary Restraining Order ("TRO"), ECF No. [370]. The Order granting TRO set a hearing on the Plaintiffs' Motion for Preliminary Injunction for February 7, 2023.

On Feb. 4, 2023, Garnishee Buhosabio LLC ("Buhosabio") filed a Response, ECF No. [386], to Plaintiffs' Motion requesting that: Plaintiffs inform the Court of the actual status of the parallel action in the Nevis Court; the Court continue the hearing on the TRO until the

---

[1] Plaintiffs urged this Court, under the principles of international comity to adopt the TRO issued by the High Court of Justice of the Eastern Caribbean Supreme Court St. Christopher and Nevis Circuit Court. Because this Court found sufficient basis to issue its own TRO, and now finds sufficient basis to enter a preliminary injunction, it declines to adopt the TRO issued by the Nevis Court.

parallel action in the Nevis Court is decided; and accept Buhosabio's appearance as a limited appearance. No other evidence was presented at the hearing.

On February 6, 2023, Plaintiffs filed a Notice, ECF No. [390], that included as exhibits the latest filings in the parallel action in the Nevis Court in response to Buhosabio's request.

On February 7, 2023, the Court held the Hearing and heard arguments from counsel for Plaintiffs, Garnishee Terry Lacy ("Lacy"), and Garnishee Buhosabi. Counsel for Muszynski appeared but represented that he no longer had authority to speak on behalf of his client and requested to withdraw. Having considered the evidence and the arguments, the Court grants Plaintiffs' Motion and enters a Preliminary Injunction.

**II.    LEGAL STANDARD**

To obtain a temporary restraining order, a party must demonstrate "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the nonmovant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. Rel Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005); *see also Levi Strauss & Co. v. Sunrise Int'l. Trading Inc.*, 51 F.3d 982, 985 (11th Cir. 1995) (applying the test to a preliminary injunction in a Lanham Act case).

Difficulty collecting on a judgment can be shown to be irreparable harm "…where there is a strong indication that the defendant may dissipate or conceal assets." *Micro Signal Research, Inc. v. Otus*, 417 F.3d 28, 31 (1st Cir. 2005) (finding irreparable injury where the defendant engaged in fraud and reorganized his business to frustrate the repayment of outstanding debt); *see also Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 881 (9th Cir. 2003) (irreparable injury was shown given the defendants' history of fraudulent intra- family

5

transfers, their refusal to disclose asset information in defiance of court order, and their convenient divorce settlement shortly after entry of an order compelling discovery in aid of execution on a $5 million judgment against one of the defendants); *see also Textron Fin. Corp. v. Unique Marine, Inc.*, No. 08-10082-CIV, 2008 WL 4716965, at *8 (S.D. Fla. Oct. 22, 2008) (irreparable injury requirement was satisfied where the defendant had surreptitiously sold items that the plaintiff had financed and in which the plaintiff had a security interest, without reimbursing the plaintiff; made a payment to the plaintiff that was returned for insufficient funds; and owed the plaintiff approximately $3.5 million). 20.

In *Shim v. Buechel*, the Florida Supreme Court stated that a trial court may order a defendant over whom it has in personam jurisdiction to act on foreign property pursuant to Fla. Stat. § 56.29(6). *See Shim v. Buechel*, 339 So. 3d 315, 317 (Fla. 2022)

### III.   CONCLUSIONS

The declarations Plaintiffs submitted in support of their Motion, evidence presented in subsequent filings, and argument at the Hearing support the following conclusions of law:

A. Plaintiffs have already prevailed on the merits by virtue of the Final Default Judgment entered against judgment debtors.

B. Because Judgment Debtors are concealing assets and moving assets so as to be unreachable by Plaintiffs, Plaintiffs are likely to suffer immediate and irreparable injury if the preliminary injunction is not granted. The following specific examples set forth in the Motion demonstrate that Plaintiffs are likely to suffer irreparable injury if the assets of Judgment Debtors are not restrained:

   a. Plaintiffs have provided written communications from Muszynski to Robert Pola indicating that Muszynski is using legal structures such as trusts to conceal his

assets from Plaintiffs – even naming Plaintiffs' counsel Kerry Culpepper by name. *See* ECF No. [311-3] at 1 ("…MAJOR caution is the ex-wife's continued use of parasitic collection attorneys - the latest is Kerry Culpepper, the copyright troll, that cost me $300K is [*sic*] losses.").

b. Less than 10 days after this action was filed and widely discussed in the media, Muszynski made five large withdrawals from the LiquidVPN PayPal account and that Muszynski made two $4,452.00 withdrawals two days after his motion to quash was denied. ECF No. [360-2] at ¶¶ 4-5.

c. Plaintiffs have also provided evidence that Muszynski completely abandoned assets that he did not timely transfer out of the US. Muszynski abandoned his yacht at Broward Harbor and ceased paying docking fees since October of 2021. *Id.* at ¶¶ 12-14. Plaintiffs suggest that Muszynski could have easily sold the yacht so that the funds could have been used to satisfy the money judgment entered in this case.

d. Plaintiffs also argue that Muszynski shut down 1701's LiquidVPN and wrote off his $300,000 investment rather than continuing a venture that likely could have generated funds to pay off at least a part of the money judgment. *Id.* at ¶ 32.

e. Plaintiffs suggest that Muszynski shifted profitable ventures owned by 1701 such as WasteWiser to his other controlled entity Buhosabio LLC and placed the bank accounts in the name of Terry Lacy to attempt to conceal his ownership. *See* ECF No. [311-3] ("AUH2O holds…1701 that has been abandoned - it used to own Liquid VPN but due to the DMCA action brought by the copyright troll - total loss...Buhosabio's account is in Terry Lacy's name and SSN.").

f. Judgment Debtor Muszynski is currently in contempt of court for failing to submit

   a Form 1-977 Fact Information Sheet. ECF No. [368].

C. The balance of potential harm to Judgment Debtors in restraining their assets in order to enforce this Court's Judgment is outweighed by the potential harm to Plaintiffs who are entitled to collect the Judgment.

D. The public interest favors issuance of a temporary restraining order to enforce this Court's Judgment, to encourage respect for the law, and to ensure parties comply with court orders.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiffs' Motion, **ECF No. [360]**, is **GRANTED** as follows:

(1) Judgment Debtors 1701 Management LLC, AUH2O LLC and Charles Muszynski and their officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Judgment Debtor having notice of this Order are restrained and enjoined until further order from this Court as follows:

(a) Causing any company, limited liability company, corporation, partnership, limited partnership in which it is a shareholder or director or otherwise has an interest to be revoked, re-domiciled, de-registered, struck off, liquidated, wound-up, merged or otherwise have its status changed;

(b) Cause any trust for which any of Judgment Debtors is a beneficiary or controlling party to dissipate its assets;

(c) In any way dispose of or deal with or diminish the value of any of their assets whether the asset is within or outside the United States and whether any of them own the asset solely or jointly.

(d) In any way knowingly dispose of or deal with or diminish the value of any

assets controlled by a trust or other equivalent legal entity for which any Judgment Debtors are the beneficiary whether the asset is within or outside of the United States.

(2) Until further order of this Court, Judgment Debtors may not directly or indirectly remove from any funds held in bank accounts under their name or under their control or in any way dispose of, deal with or diminish the value of any of the assets of the Judgment Debtors.

(3) Further, the prohibitions in above paragraphs include but are not limited to any money standing to the credit of any bank account or portfolio account including the amount of any check drawn on such account which has not been cleared in the name of any of the Judgment Debtors.

(4) For the purpose of this order, the Judgment Debtors' assets include any asset which any of the Judgment Debtors has the power, directly or indirectly, to dispose of or deal with. The Judgment Debtors are to be regarded as having such power if a third party holds or controls the assets in accordance with the Judgment Debtors' direct or indirect instructions. Assets include, but are not limited to real property, personal property, US or foreign currency, cryptocurrency, stocks, bonds, inventories of companies controlled by Muszynski directly or indirectly through a trust or other entity.

(5) For the avoidance of doubt, this Order applies to any trusts for which any Judgment Debtor is a beneficiary or has controlling power.

(6) No trustee for any trust within or outside of the United States shall distribute any funds to Judgment Debtors as beneficiaries until further order of this Court.

(7) It is a contempt of Court for any person notified of this order knowingly to assist in or permit a breach of this order.

(8) Upon receipt of notice of this Preliminary Injunction, all financial institutions or companies holding funds/cryptocurrencies including but not limited to payment processors, banks,

escrow services, and/or money transmitters, and their related companies and affiliates, shall immediately identify and restrain all funds, as opposed to ongoing account activity, for Judgment Debtors 1701 Management LLC, AUH2O LLC, Charles Muszynski, Judgment Debtors *alter egos* Rudolph Trident LLC, Antilles LLC, Evkleddihn LLC, Dusko Popov Trust, F.A. Hayek Trust; Solzhenitzyn; as identified by name and/or email addresses: charelsam@hush.com; cmuszynski@talismark.com; charles@4equity.co, as well as all funds in or which are transmitted into (i) any other accounts of the same customer(s); (ii) any other accounts which transfer funds into the same financial institution/advertising account(s), and/or any of the other accounts subject to this Order; and (iii) any other financial institution accounts;

(9) Any Third Parties including Garnishees or financial institution holders subject to this Order and not owned or controlled by any of the Judgment Debtors in this action may apply to the court at any time to vary or set aside this order (or so much of it as affects that person) after meeting and conferring with Plaintiffs' counsel.

(10)  This Order shall remain in effect from the date of entry of this Order until further order of this Court to be entered after each Judgment Debtor submits completed Forms 1.977 to Plaintiffs' counsel and this Court concludes that those forms are complete and accurate.

(11)  For the avoidance of doubt, this Order applies to Terry Lacy and Buhosabio to the extent that they possess assets that are owned and/or controlled by Judgment Debtors or a trust or other legal entity for which Judgment debtors are beneficiaries.

(12)  The Court directs the Clerk to return the $10,000.00 bond submitted by Plaintiffs, ECF No. [383], to Plaintiffs' counsel at:

Culpepper IP, LLC
c/o Kerry S. Culpepper
75-170 Hualalai Road, Suite B204

Case No. 21-cv-20862-BLOOM/Otazo-Reyes

Kailua Kona, HI 96740

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 8, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Charles Muszynski
PO Box 1423
Basseterre, St. Kitts & Nevis
Email: usfilefolder@protonmail.com