UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:  1:21-cv-20862-BB

MILLENNIUM FUNDING, INC., *et al.*,

    Plaintiffs,

v.

1701 MANAGEMENT, LLC DBA LIQUIDVPN, *et al.*,

    Defendants,

and,

TERRY LACY, *et al.*

    Garnishees.

___

**ORDER GRANTING MOTION JOINT EXPEDITED MOTION FOR STAY RELIEF TO ALLOW GARNISHEE BROWARD SHIPYARD, INC. TO PROCEED WITH A MARSHAL'S SALE AFTER OBTAINING  FINAL DEFAULT JUDGMENT AGAINST M/Y SMILING DOG IN U.S. DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA CASE NUMBER 0:22-CV-61548**

**THIS CAUSE** is before the Court upon the joint motion, ECF No. _____, of Plaintiffs/Judgment Creditors MILLENNIUM FUNDING, INC., VOLTAGE HOLDINGS, LLC, AMBI DISTRIBUTION CORP., AFTER PRODUCTIONS, LLC, AFTER II MOVIE, LLC, MORGAN CREEK PRODUCTIONS, INC., BEDEVILED LLC, MILLENNIUM MEDIA, INC., COLOSSAL MOVIE PRODUCTIONS, LLC, YAR PRODUCTIONS, INC., FSMQ FILM, LLC, FW PRODUCTIONS, LLC, MILLENNIUM IP, INC., I AM WRATH PRODUCTION, INC., KILLING LINK DISTRIBUTION, LLC, BADHOUSE STUDIOS, LLC, LF2 PRODUCTIONS, INC., LHF PRODUCTIONS, INC., VENICE PI, LLC, RAMBO V PRODUCTIONS, INC.,

1

RUPTURE CAL, INC., MON, LLC, SF FILM, LLC, SPEED KILLS PRODUCTIONS, INC., NIKOLA PRODUCTIONS, INC., WONDER ONE, LLC, BODYGUARD PRODUCTIONS, INC., OUTPOST PRODUCTIONS, INC., GLACIER FILMS 1, LLC, DEFINITION DELAWARE LLC, HANNIBAL CLASSICS INC., JUSTICE EVERYWHERE PRODUCTIONS LLC, STATE OF THE UNION DISTRIBUTION AND COLLECTIONS, LLC, PARADOX STUDIOS, LLC, DALLAS BUYERS CLUB, LLC, HITMAN TWO PRODUCTIONS, INC., SCREEN MEDIA VENTURES, LLC and 42 VENTURES, LLC (all collectively "Judgment Creditors") and Garnishee, Broward Shipyard, Inc. ("Broward Shipyard") for expedited stay relief regarding the Order Granting Preliminary Injunction Restraining Assets, ECF No. [399], so that Broward Shipyard may proceed expeditiously with executing its Final Default Judgment against M/Y Smiling Dog and its tender in U.S. District Court Southern District of Florida Case Number 0:22-cv-61548-RKA.

Judgment Creditors and Broward Shipyard previously filed a Joint Stipulation for Order Setting Priorities of Claims on Vessel, ECF No. [300] ("Joint Stipulation"), in this action. Judgment Creditors and Broward Shipyard also submitted a proposed Order Adopting the Parties' Joint Stipulation concerning the Priority of Liens and Custodia Legis Expenses. Judgment Creditors and Broward Shipyard incorporated the Joint Stipulation in their Joint Motion.

It is hereby ORDERED and ADJUDGED:

1. Garnishee Broward Shipyard has a maritime lien for necessaries against M/Y Smiling Dog ("Vessel") of $123,536.05.

2. Garnishee Broward Shipyard filed maritime Civil Action No. 0:22-cv-61548-RKA ("maritime action") against the Vessel in this Court that is currently pending before Judge Roy K. Altman.

3.     Judgment Creditors consent to the Court treating Garnishee's maritime lien for necessaries as a higher priority lien than Judgment Creditors' Judgment or Writ of Garnishment against Garnishee.

4.     Plaintiffs consent to the Court treating Garnishee Broward Shipyard's administrative priority claim for *custodia legis* of $998.85 per day beginning October 25, 2022 (date when the Marshal served the Warrant of Arrest on the Vessel) to the date the Vessel is released from arrest as higher priority than Judgment Creditors' Judgment.

5.     Garnishee Broward Shipyard shall recover from the Vessel the amounts owed for *custodia legis* and the maritime *necessaries* lien first, and Plaintiffs may execute their judgment against any surplus that remains after Garnishee is paid in full for *custodia legis* and the maritime *necessaries* lien.

6.     Garnishee Broward Shipyard may credit bid the amount owed for *custodia legis* and the maritime *necessaries* at the U.S. Marshals sale.

7.     Judge Roy K. Altman in the maritime action shall hold surplus funds from the Vessel's sale, if any, so that Judgment Creditors may execute the Judgment against any surplus.

8.     Judgment Creditors will not interfere in Garnishee's foreclosure action against the Vessel in *Broward Shipyard, Inc. v. M/Y Smiling Dog*, Civ. No. 0:22-cv-61548-RKA in this Court so that it can proceed to judgment and arrange a Marshal's sale as quickly as possible.

9.     Garnishee Broward Shipyard consents to Judgment Creditors not being required to pay a share of the *custodia legis* expenses based on their Joint Stipulation.

10. To the extent the Order Granting Preliminary Injunction Restraining Assets ("Preliminary Injunction"), ECF No. [399], is applicable, the Court relieves Broward Shipyard from the Preliminary Injunction and particularly:

a. Authorizes Broward Shipyard to execute its Final Default Judgment against M/Y *Smiling Dog* and its tender;

b. Authorizes the Marshals Service to sell M/Y *Smiling Dog* and its tender at public auction in accordance with Supplemental Admiralty Rule E(9);

c. Authorizes Broward Shipyard to credit bid its Final Default Judgment at any Marshal's sale of M/Y *Smiling Dog* and its tender;

d. Authorizes Broward Shipyard to complete its vessel foreclosure action in Case Number 0:22-cv-61548-RKA without further order of court in Case Number 1:21-cv-20862-BB; and

e. Authorizes Broward Shipyard, its agents, and the Marshals Service to perform any other actions to expeditiously perform the Marshal's sale.

11. Should there be a surplus from the vessel foreclosure action, Judgment Creditors may move to enforce their Judgment against the surplus in Case Number 0:22-cv-61548-RKA.

12. The Writ of Garnishment, ECF No. [288], against Broward Shipyard is hereby dissolved. Broward Shipyard and Judgment Creditors are responsible for their own attorney's fees and costs except for the $100 fee pursuant to Florida Statutes § 77.28 that Judgment Creditors have already paid.

13. Broward Shipyard is excused from any further participation in the present action 1:21-cv-20862-BB.

**DONE AND ORDERED** in Miami, Florida, this ___ day of _____, 2023.

_____
BETH BLOOM
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record *via* E-mail