UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-20862-BLOOM/Otazo-Reyes

MILLENNIUM FUNDING, INC.,
a Nevada corporation, *et al.*,

    Plaintiffs,

v.

1701 MANAGEMENT LLC d/b/a
LIQUIDVPN, a Puerto Rico limited
liability company, *et al.*,

    Defendants.
_____/

## ORDER GRANTING ALTERNATIVE SERVICE

**THIS CAUSE** is before the Court upon Plaintiffs Millennium Funding, Inc., Voltage Holdings, LLC, AMBI Distribution Corp., After Productions, LLC, After II Movie, LLC, Morgan Creek Productions, Inc., Bedeviled LLC, Millennium Media, Inc., Colossal Movie Productions, LLC, YAR Productions, Inc., FSMQ Film, LLC, FW Productions, LLC, Millennium IP, Inc., I Am Wrath Production, Inc., Killing Link Distribution, LLC, Badhouse Studios, LLC, LF2 Productions, Inc., LHF Productions, Inc., Venice PI, LLC, Rambo V Productions, Inc., Rupture CAL, Inc., MON, LLC, SF Film, LLC, Speed Kills Productions, Inc., Nikola Productions, Inc., Wonder One, LLC, Bodyguard Productions, Inc., Outpost Productions, Inc., Glacier Films 1, LLC, Definition Delaware LLC, Hannibal Classics Inc., Justice Everywhere Productions LLC, State of the Union Distribution and Collections, LLC, Paradox Studios, LLC, Dallas Buyers Club, LLC, Screen Media Ventures, LLC, and 42 Ventures, LLC's (collectively, "Plaintiffs") Motion for Leave to Serve Garnishee Southpac Trust Limited ("Garnishee") by Alternative Means, ECF

Case No. 21-cv-20862-BLOOM/Otazo-Reyes

No. [411], ("Motion"). The Court has carefully considered the Motion, the record, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

In the Motion, Plaintiff asserts that Garnishee's address is P.O. Box 11, Southpac Chambers, Rarotongo, Cook Islands. Plaintiff also provides the email addresses: accounts@southpactrust.com and qsvjchkfl@whoisprivacyprotect.com. As such, service of process must be accomplished pursuant to Rule 4(f) of the Federal Rules of Civil Procedure.[1] Rule 4(f) states:

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States:
>
> > (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
> >
> > (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
> >
> > > (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
> > >
> > > (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
> > >
> > > (C) unless prohibited by the foreign country's law, by:
> > >
> > > > (i) delivering a copy of the summons and of the complaint to the individual personally; or
> > > >
> > > > (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
> >
> > (3) by other means not prohibited by international agreement, as the court orders.

---

[1] According to Rule 4(h), "a domestic or foreign corporation . . . must be served: at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2).

Case No. 21-cv-20862-BLOOM/Otazo-Reyes

Fed. R. Civ. P. 4(f).

Upon review, the Court finds service to the two e-mail addresses provided and via FedEx is reasonably calculated to give notice to Garnishee of the Writ of Garnishment. "Federal courts in this District and others have authorized service via email pursuant to Rule 4(f)(3)." *TracFone Wireless, Inc. v. Bitton*, 278 F.R.D. 687, 693 (S.D. Fla. 2012). "Federal courts have also found that service via FedEx comports with the due process requirement for alternative service pursuant to Rule 4(f)(3)." *Id.* at 692. Plaintiff has also supplied a citation to a ruling from the District of Arizona where under the specific facts of the case, the court permitted service of process on Garnishee by alternative service, "by sending an email to Southpac's counsel and sending notice, via Federal Express, to Southpac's director in the Cook Islands." *Armed Forces Bank NA v. Dragoo*, No. CV-17-00786-PHX-ROS, 2018 U.S. Dist. LEXIS 236349, at *3 (D. Ariz. May 23, 2018). Here too, service by registered e-mail and FedEx is sufficient to satisfy due process.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion, **ECF No. [411]**, is **GRANTED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 21, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: Counsel of Record