UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

Case No.: 21-cv-20862-BLOOM/Otazo-Reyes

MILLENNIUM FUNDING, INC., et al.,

    Plaintiffs,

    vs.

1701 MANAGEMENT LLC, et al.,

    Defendants,

**PLAINTIFFS' MOTION FOR ORDER TO SHOW CAUSE HEARING WHY JUDGMENT DEBTORS SHOULD NOT BE HELD IN CIVIL CONTEMPT**

Plaintiffs/Judgment Creditors MILLENNIUM FUNDING, INC., VOLTAGE HOLDINGS, LLC, AMBI DISTRIBUTION CORP., AFTER PRODUCTIONS, LLC, AFTER II MOVIE, LLC, MORGAN CREEK PRODUCTIONS, INC., MILLENNIUM FUNDING, INC., BEDEVILED LLC, MILLENNIUM MEDIA, INC., COLOSSAL MOVIE PRODUCTIONS, LLC, YAR PRODUCTIONS, INC., FSMQ FILM, LLC, FW PRODUCTIONS, LLC, MILLENNIUM IP, INC., I AM WRATH PRODUCTION, INC., KILLING LINK DISTRIBUTION, LLC, BADHOUSE STUDIOS, LLC, LF2 PRODUCTIONS, INC., LHF PRODUCTIONS, INC., VENICE PI, LLC, RAMBO V PRODUCTIONS, INC., RUPTURE CAL, INC., MON, LLC, SF FILM, LLC, SPEED KILLS PRODUCTIONS, INC., MILLENNIUM IP, INC., NIKOLA PRODUCTIONS, INC., WONDER ONE, LLC, BODYGUARD PRODUCTIONS, INC., OUTPOST PRODUCTIONS, INC., GLACIER FILMS 1, LLC, DEFINITION DELAWARE LLC, HANNIBAL CLASSICS INC., JUSTICE EVERYWHERE PRODUCTIONS LLC, STATE OF THE UNION DISTRIBUTION AND COLLECTIONS, LLC, PARADOX STUDIOS, LLC, DALLAS BUYERS CLUB, LLC, HITMAN TWO PRODUCTIONS, INC., and SCREEN MEDIA VENTURES, LLC and 42 VENTURES, LLC (collectively "Plaintiffs"), move this honorable Court to schedule an Order for Show Cause Hearing why Defendants/Judgment Debtors 1701 Management, LLC ("1701"), Charles Muszynski ("Muszynski"), and AUH2O LLC ("AUH2O") (collectively: "Judgment Debtors") should not be

20-023DBa

held in contempt of court for failing to comply with: (1) this Court's Order of Jan. 25, 2023 ordering Judgment Debtors to respond without objections to Plaintiffs' Request for Production of Documents and to provide a location and time for an in-person deposition in ten (10) days (*see* Order [Doc. #371]); and (2) this Court's Order of Feb. 9, 2023 ordering Muszynski to "On or before February 22, 2023, Defendant Charles Muszynski shall obtain new counsel and have his new counsel file a Notice of Appearance with the Court, or notify the Court of his intention to proceed pro se" (Order [Doc. #398]).

This motion is pursuant to the Court's Order [Doc. #265] of Aug. 26, 2022, 28 U.S.C §1651(a) (The All Writs Act), Fed. R. Civ. P. 26, 37 and 69 and this Court's inherent authority to enforce its orders.

I.   **FACTUAL BACKGROUND**

1. On March 28, 2022, this Court granted Plaintiffs' motion for default judgment and awarded a money judgment of $15,172,403.00 in favor of Plaintiffs and against Judgment Debtors. *See* Doc. #213.

2. The money judgment is valid and remains unsatisfied. *See* Decl. of Counsel at ¶3.

3. On Dec. 12, 2022, Magistrate Judge Alicia M. Otazo-Reyes issued a Report and Recommendation ("R&R") [Doc. #326] recommending that Judgment Debtors be held in civil contempt and that a fine of $500/day be imposed upon each of the Judgment Debtors until they purge themselves of the contempt by completing Forms 1.977.

4. On Jan. 24, 2023, the Court issued the Order [Doc. #368] adopting the R&R and imposing the fine of $500/day until the Judgment Debtor purged themselves of the contempt.

5. On Jan. 25, 2023, Magistrate Judge Alicia M. Otazo-Reyes ordered that "Within ten (10) days from the date of this Order, Judgment Debtors SHALL respond without objections to Plaintiffs' Request for Production and serve responsive documents on Plaintiffs' counsel…[and] Charles Muszynski SHALL provide Plaintiffs' counsel with the location and time when he will be available for an in-person deposition." Order [Doc. #371].

6. On Feb. 7, 2023, Plaintiffs' counsel emailed Muszynski to meet and confer regarding his failure to comply with the Jan. 25, 2023 Order. *See* Decl. of Counsel at ¶7; Ex. "A".

7. On Feb. 9, 2023, this Court issued an Order [Doc. #398] ordering Muszynski to "On or before February 22, 2023, Defendant Charles Muszynski shall obtain new counsel and have his new counsel file a Notice of Appearance with the Court, or notify the Court of his intention to proceed pro se".

2

8. On Feb. 13, 2023, Muszynski sent Plaintiffs' counsel an email where he stated, "My intent is to rectify within 10 days, given the circumstances". *See* Decl. of Culpepper at ¶7; Ex. "A"

9. On Feb. 20, 2023, Muszynski sent Plaintiffs' counsel an email where he stated that the parallel Nevis proceedings had impacted his "capacity to retain representation until, at a minimum, March 12th due to inadequate funds." *See Id.*

10. Judgment Debtors have failed to submit completed Forms 1.977 as required by the Jan. 24, 2023 Order. *See* Decl. of Culpepper at ¶4.

11. Upon information and belief, Muszynski has failed to pay the $500/day fine. *See Id.*

12. Judgment Debtors have failed to respond without objections to Plaintiffs' Request for Production as required by the Jan. 25, 2023 Order. *See Id.* at ¶8.

13. Muszynski has failed to provide Plaintiffs' counsel with the location and time when he will be available for an in-person deposition as required by the Jan. 25, 2023 Order. *See Id.*

14. Muszynski has failed to obtain new counsel and have his new counsel file a Notice of Appearance with the Court, or notify the Court of his intention to proceed pro se as required by the Feb. 9, 2023 Order. *See* Id. at ¶9.

15. Muszynski is an officer of 1701 and AUH2O. *See* Id. at ¶10.

## II.     LEGAL STANDARD

16. Fed. R. Civ. P. 69(a)(2) states that "In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person….as provided in these rules…"

17. Fed. R. Civ. P. 26(b) states that "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

18. Fed. R. Civ. P. 37(b)(2)(A) provides that if a party or a party's managing agent fails to obey an order or provide discovery, the Court may issue a just order.  Rule 37(b)(2)(A)(vii) provides "treating as contempt of court the failure to obey any order.." as an example of a just

3

order.

19. The Supreme Court has long recognized the power of the district courts to enforce judgments and decrees. *See Riggs v. Johnson County*, 73 U.S. 166, 187, 18 L. Ed. 768 (1867).

20. "The District Court's power to find [a party] in civil contempt for disobeying the Court's orders stems from the Court's inherent power to enforce compliance with its lawful orders." *Casino Royale, LLC v. Fittipaldi Industria Nautica Ltd a*, No. 13-21891-CIV, 2017 U.S. Dist. LEXIS 23356, 2017 WL 10775240, at *3 (S.D. Fla. Feb. 16, 2017), *report and recommendation adopted sub nom. Casino Royale, LLC v. Fittipaldi Industria Nautica Ltda.*, No. 1:13-CV-21891-UU, 2017 U.S. Dist. LEXIS 231235, 2017 WL 10775239 (S.D. Fla. Mar. 8, 2017) (citing *United States v. Barnette*, 129 F.3d 1179, 1182 n. 7 (11th Cir. 1997)). "To find contempt, there must be clear and convincing evidence that: (1) the allegedly violated order was valid and lawful; (2) the order was clear, definite and unambiguous; and (3) [*3] the alleged violator had the ability to comply with the order."

### III.   ANALYSIS

#### A.  The Court's orders were valid, lawful, clear, definite and unambiguous.

21. The Order for the Judgment Debtors to complete Forms 1.977 is valid pursuant to Fla. R. Civ. P. 1.560(b).  The Order for the Judgment Debtors and Muszynski specifically to pay the $500/day fine; respond without objections to Plaintiffs' Request for Production; provide Plaintiffs' counsel with the location and time when he will be available for an in-person deposition as required by the Jan. 25, 2023 Order are valid pursuant to Fed. R. Civ. P. 26 and 37.

22. The Order for Muszynski to obtain new counsel and have his new counsel file a Notice of Appearance with the Court, or notify the Court of his intention to proceed *pro se* are valid pursuant to this Court's inherent authority.

23. Judgment Debtors have not even attempted to comply with the Orders.

24. Each of these Order is clear, definite and unambiguous.

#### B.  Judgment Debtors had the ability to comply with the order.

25. Muszynski has communicated with this Court since being held in Contempt. *See* Doc. #392.  Muszynski has actively participated in the parallel proceedings in Nevis where he argues that this Court never had jurisdiction over him and has cited documents in this proceeding. *See* Decl. of Culpepper at ¶6.  Further, Muszynski has replied to Plaintiffs' counsel by email concerning this matter.  *See* Ex. "A".  Accordingly, Muszynski has notice of the orders.

4

**C.  The Court should order that Muszynski be arrested and held until he complies with the Court's orders.**

Neither a multi-million dollar judgment or a $500/day fine has persuaded Muszynski to comply with Court Orders.  Accordingly, confinement of Muszynski will be the only means to coerce him to comply with the Court order.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court order a show cause hearing why Judgment Debtors should not be held in contempt for failing to comply with this Court's orders.


DATED:      Feb. 9, 2023                            Respectfully submitted,


                                                    */s/ Joel B. Rothman*
                                                    JOEL B. ROTHMAN
                                                    Florida Bar No. 98220
                                                    joel.rothman@sriplaw.com
                                                    CRAIG A. WIRTH
                                                    Florida Bar Number:  125322
                                                    craig.wirth@sriplaw.com

                                                    **SRIPLAW**
                                                    21301 Powerline Road, Suite 100
                                                    Boca Raton, FL 33433
                                                    561.404.4350 – Telephone
                                                    561.404.4353 – Facsimile

                                                    And

                                                    Kerry S. Culpepper
                                                    *Admitted pro hac vice*
                                                    **CULPEPPER IP, LLLC**
                                                    75-170 Hualalai Road
                                                    Suite B204
                                                    Kailua-Kona, HI  96740
                                                    808.464.4047 – Telephone
                                                    kculpepper@culpepperip.com

                                                    *Attorney for Plaintiffs*

5

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on Mar. 9, 2023 and by the methods of service noted below, a true and correct copy of the foregoing was served on Defendants 1701 MANAGEMENT LLC d/b/a LIQUIDVPN, AUH2O LLC, and CHARLES MUSZYNSKI a/k/a FREDERICK DOUGLAS.

| Via First Class Mail | Via Airmail | Via Airmail |
|---|---|---|
| Stolberg Law LLC<br>Agent for 1701 MANAGEMENT LLC<br>151 Calle de San Francisco<br>Suite 201<br>San Juan, PR 00901 | Southpac Trust Nevis Limited,<br>Agent for AUH2O LLC<br>Hunkins Plaza, PO Box 681<br>Main Street, Charlestown<br>NEVIS | CHARLES MUSZYNSKI<br>Post Office Box 1423,<br>Basseterre, St. Kitts & Nevis<br><br>Via E-mail<br>usfilefolder@protonmail.com |

DATED: Mar. 9, 2023

/s/ Joel B. Rothman
JOEL B. ROTHMAN
Florida Bar No. 98220
joel.rothman@sriplaw.com

**SRIPLAW**
21301 Powerline Road, Suite 100
Boca Raton, FL 33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

And

CULPEPPER IP, LLLC,

/s/ Kerry S. Culpepper
Kerry S. Culpepper

Virginia Bar No. 45292
Hawaii Bar No. 9837
CULPEPPER IP, LLLC
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawai'i 96740