# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF FLORIDA

Case No.: 21-cv-20862-BLOOM/Otazo-Reyes

MILLENNIUM FUNDING, INC., et al.,

     Plaintiffs,

     vs.

1701 MANAGEMENT LLC, et al.,

     Defendants,

_____

## PLAINTIFFS' RESPONSE IN OPPOSITION TO GARNISHEES' MOTION FOR COSTS AND ATTORNEY'S FEES [DOC. #438]

JOEL B. ROTHMAN
**SRIPLAW**
21301 Powerline Road, Suite 100
Boca Raton, FL 33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

And

Kerry S. Culpepper
*Admitted pro hac vice*
**CULPEPPER IP, LLLC**
75-170 Hualalai Road
Suite B204
Kailua-Kona, HI  96740
808.464.4047 – Telephone
kculpepper@culpepperip.com

*Attorney for Plaintiffs*

## <u>TABLE OF CONTENTS</u>

I.    INTRODUCTION ...................................................................................................1

II.    RELEVANT FACTUAL BACKGROUND...............................................................2

III.    LEGAL STANDARD ............................................................................................6

IV.    ARGUMENT.........................................................................................................8

    a.   Glo-Jet's fee motion should be denied for failing to comply with L.R. 7.3. ......................8

       i.   Glo-Jet improperly files a different fee motion rather than the draft fee motion it sent to Plaintiffs....................................................................................................................8

       ii.   Glo-Jet fails to serve a draft fee motion on Plaintiffs within 30 days. .........................9

       iii.   Glo-Jet fails to serve a verified draft fee motion on Plaintiffs within 30 days..............9

       iv.   Glo-Jet fails to disclose the terms of any applicable fee agreements. .........................10

       v.   Glo-Jet fails to disclose the invoices. ........................................................................10

       vi.   Plaintiffs have been prejudiced by Glo-Jet's blatant disregard for L.R. 7.3. ..............11

       vii.   Glo-Jet has repeatedly disregarded this Court's local rules. .......................................12

    b.   Glo-Jet's fee motion should be denied for failing to comply with Fed. R. Civ. P. 54(d)(2). .................................................................................................................................13

    c.   Glo-Jet's fee motion should be denied because there was no judgment in its favor as prevailing party.................................................................................................................13

    d.   Glo-Jet should not be awarded fees in connection with responding to the subpoenas and the motion to vacate entry of default since this work was necessitated by its officer Mr. Keesee's gross negligence and not directly related to answering the Writs...........................16

    e.   Glo-Jet's unreasonable fees should be reduced. ................................................................16

       i.   Glo-Jet fees unreasonable due to its unclean hands should be reduced.........................17

       ii.   Glo-Jet should not get a fee award for clerical tasks....................................................18

       iii.   Glo-Jet's counsel's hourly rate should be reduced for legal research. .........................18

       iv.   Glo-Jet's fees should be reduced for lack of billing judgment....................................18

       v.   Glo-Jet should not be awarded fees for the redacted tasks...........................................19

       vi.   Glo-Jet' fees on behalf of other parties such as Mr. Keesee in his personal capacity

should not be awarded. ............................................................................................19

vii.    Glo-Jet fees should be offset by Plaintiffs fees because Glo-Jet failed to negotiate in good faith. .....................................................................................................................20

viii.    Glo-Jet fees for motions filed in violations of meet and confer requirement should be reduced.......................................................................................................................21

ix.    Glo-Jet's fees that are block billed should be reduced. ................................................21

x.    More than $21,000 dollars for just moving to vacate a default is an unreasonable charge..............................................................................................................................21

xi.    Glo-Jet's counsel's hourly rate should be reduced to $200........................................22

xii.    Glo-Jet should not be awarded fees on fees. ...............................................................22

xiii.    Glo-Jet should not be awarded fees for unverified time keeper.................................22

f.    Glo-Jet §1927 fee motion against Plaintiffs' counsels should be denied for failing to show vexatious conduct that multiplied the proceedings....................................................................23

g.    Glo-Jet §1927 fee motion should be denied for failing to show a nexus between any vexatious conduct and excess charges ......................................................................................25

h.    Glo-Jet's §1927 fee motion should be denied for failing to comply with L.R. 7.3............25

i.    Table of Proposed Reductions ........................................................................................25

j.    Glo-Jet's Motion for costs should be denied. .................................................................26

V.    CONCLUSION....................................................................................................................26

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                 **Page(s)**

*ACLU v. Barnes*,
    168 F.3d 423 (11th Cir. 1999) ......................................................................... 18, 19

*Akerman Senterfitt & Eidson, P.A. v. Value Seafood, Inc.*,
    121 So. 3d 83 (Fla. 3d DCA 2013) ................................................................. 13, 14

*Amlong & Amlong, P.A. v. Denny's, Inc.*,
    500 F.3d 1230 (11th Cir. 2006) .................................................................. 23, 24, 8

*Brown v. Baden  (In re Yagman)*,
    796 F.2d 1165 (9th Cir. 1986) ................................................................................ 7

*Burleigh House Condo., Inc. v. Rockhill Ins. Co.*,
    No. 21-22911-CIV, 2022 U.S. Dist. LEXIS 209712 (S.D. Fla. Nov. 18, 2022) .................... 6

*Buyer Fin. Corp. v. Oliveros*,
    196 So. 2d 451 (Fla. 3d DCA 1967) ....................................................................... 14

*Circuitronix, L.L.C. v. Shenzen Kinwong Elec. Co.*,
    No. 20-11413, 2021 U.S. App. LEXIS 35124 (11th Cir. Nov. 29, 2021) ............................ 20

*Conner Air Lines, Inc. v. Aviation Credit Corp.*,
    280 F.2d 895 (5th Cir. 1960) ................................................................................ 17

*Copeland v. Marshall*,
    641 F.2d 880 (D.C. Cir. 1980) ........................................................................ 18-19

*Daniels v. Sodexo, Inc.*,
    No.: 8:10-cv-00375-T-27AEP, 2013 U.S. Dist. LEXIS 109485, 2013 WL 4008744 ........... 24

*Fla. Patient's Comp. Fund v. Rowe*,
    472 So. 2d 1145 (Fla. 1985) ................................................................................ 17

*Fortgang v. Pereiras Architects Ubiquitous L.L.C.*,
    No. CV-16-3754(ADS) (AYS), 2018 U.S. Dist. LEXIS 40359 (E.D.N.Y. Mar. 9, 2018) .... 20

*Hensley v. Eckerhart*,
    461 U.S. 424 (1983) ................................................................................ 19, 20, 22

*Hepsen v. J.C. Christensen & Assocs.*,
    394 F. App'x 597 (11th Cir. 2010) ..................................................................... 19-20

*J.B. Hunt Transp., Inc. v. S & D Transp., Inc.*,
    589 F. App'x 930 (11th Cir. 2014) ............................................................... *passim*

*J.B. Hunt Transp., Inc. v. S & D Transp., Inc.*,
    CASE NO.: 0:11-cv-62096-DIMITROULEAS, 2013 U.S. Dist. LEXIS 196733 (S.D. Fla.
    Sept. 19, 2013) ................................................................................................ 7

*Jackson v. Waste Pro of Fla., Inc.*,
    No. 22-CV-60330-RUIZ/STRAUSS, 2022 U.S. Dist. LEXIS 165045 (S.D. Fla. Sept. 13,
    2022) ............................................................................................................. 7

*Korman v. Iglesias*,
   CASE NO. 18-21028-CV-WILLIAMS/TORRES, 2019 U.S. Dist. LEXIS 59185 (S.D. Fla.
   Apr. 4, 2019) ................................................................................................. 18, 26

*Macort v. Prem, Inc.*,
   208 F. App'x 781 (11th Cir. 2006) ............................................................ 23, 24, 7

*Mallory v. Harkness*,
   923 F. Supp. 1546 (S.D. Fla. 1996) .................................................................. 18

*Maner v. Linkan L.L.C.*,
   602 F. App'x 489 (11th Cir. 2015) .................................................................... 19

*Matthews v. First Fed. Sav. & Loan* ,
   571 So. 2d 2, 16 Fla. L. Weekly 491 (Fla. Dist. Ct. App. 1990) ........................... 14

*Millette v. Dek Techs.*,
   CASE NO. 08-60639-CV-COHN/SELTZER, 2010 U.S. Dist. LEXIS 151784 (S.D. Fla. Feb.
   22, 2010) ......................................................................................................... 14

*Munoz v. Kobi Karp Arch. & Interior* ,
   CASE NO. 09-21273-CIV-UNGARO/SIMONTON, 2010 U.S. Dist. LEXIS 55986, 2010 WL
   2243795, at *6 (S.D. Fla. May 13, 2010) ........................................................... 18

*Newman v. Physicians Diagnostic & Rehab. Servs.* ,
   No. 18-cv-81584-DIMITROULEAS/MATTHEWMAN, 2020 U.S. Dist. LEXIS 141834
   (S.D. Fla. Aug. 6, 2020) .................................................................................. 12

*Ovalle v. Perez*,
   CASE NO. 16-CV-62134-BLOOM/VALLE, 2017 U.S. Dist. LEXIS 186494 (S.D. Fla. Nov.
   9, 2017) .................................................................................................. 21, 22, 25

*Oxford Asset Mgmt. v. Jaharis*,
   297 F.3d 1182 (11th Cir. 2002) ......................................................................... 19

*Peer v. Lewis*,
   606 F.3d 1306 (11th Cir. 2010) ........................................................................... 8

*Peterson v. BMI Refractories*,
   124 F.3d 1386 (11th Cir. 1997) ............................................................. 24-25, 25, 8

*Saperstein v. Palestinian Auth.*,
   CASE NO. 04-20225-CIV-SEITZ/O'SULLIVAN, 2008 U.S. Dist. LEXIS 110375, 2008 WL
   4467535 ......................................................................................................... 20

*Schwartz v. Millon Air, Inc.*,
   341 F.3d 1220 (11th Cir. 2003) ........................................................................... 8

*SEIU Nat'l Indus. Pension Fund v. Hamilton Park Health Care Ctr., Ltd.*,
   304 F.R.D. 65 (D.D.C. 2014) ............................................................................ 20

*Seven Oaks Millwork v. Us*,
   No. 3:20-cv-28-BJD-MCR, 2021 U.S. Dist. LEXIS 171534 (M.D. Fla. Aug. 10, 2021) ...... 18

*State Farm Fire & Cas. Co. v. Palma* ,
   629 So. 2d 830 (Fla. 1993) ............................................................................... 22

*Zelaya/Capital Int'l Judgment, L.L.C. v. Zelaya*,
    769 F.3d 1296 (11th Cir. 2014) ............................................................. 14, 15

**Statutes**

28 U.S.C. § 1395 ............................................................................................. 8

28 U.S.C. § 1920 ....................................................................................... 10, 6

28 U.S.C. § 1927 ................................................................................... *passim*

Fla. Stat. § 77.07 ...................................................................................... 13, 14

Fla. Stat. § 77.28 .................................................................................. *passim*

Fla. Stat. § 77.082 ......................................................................................... 13

Fla. Stat. § 627.428 ....................................................................................... 22

**Rules**

Fed. R. Civ. P. 5 .......................................................................................... 6, 9

Fed. R. Civ. P. 7.1 ......................................................................................... 12

Fed. R. Civ. P. 7.3 ............................................................................... *passim*

Fed. R. Civ. P. 11 ...................................................................................... 25, 4

Fed. R. Civ. P. 15 ...................................................................................... 25, 4

Fed. R. Civ. P. 41 .......................................................................................... 13

Fed. R. Civ. P. 54 ................................................................................... 13, 6, 9

Fed. R. Evid. 408 ........................................................................................... 20

Plaintiffs/Judgment Creditors MILLENNIUM FUNDING, INC., VOLTAGE HOLDINGS, LLC, AMBI DISTRIBUTION CORP., AFTER PRODUCTIONS, LLC, AFTER II MOVIE, LLC, MORGAN CREEK PRODUCTIONS, INC., BEDEVILED LLC, MILLENNIUM MEDIA, INC., COLOSSAL MOVIE PRODUCTIONS, LLC, YAR PRODUCTIONS, INC., FSMQ FILM, LLC, FW PRODUCTIONS, LLC, MILLENNIUM IP, INC., I AM WRATH PRODUCTION, INC., KILLING LINK DISTRIBUTION, LLC, BADHOUSE STUDIOS, LLC, LF2 PRODUCTIONS, INC., LHF PRODUCTIONS, INC., VENICE PI, LLC, RAMBO V PRODUCTIONS, INC., RUPTURE CAL, INC., MON, LLC, SF FILM, LLC, SPEED KILLS PRODUCTIONS, INC., NIKOLA PRODUCTIONS, INC., WONDER ONE, LLC, BODYGUARD PRODUCTIONS, INC., OUTPOST PRODUCTIONS, INC., GLACIER FILMS 1, LLC, DEFINITION DELAWARE LLC, HANNIBAL CLASSICS INC., JUSTICE EVERYWHERE PRODUCTIONS LLC, STATE OF THE UNION DISTRIBUTION AND COLLECTIONS, LLC, PARADOX STUDIOS, LLC, DALLAS BUYERS CLUB, LLC, HITMAN TWO PRODUCTIONS, INC., SCREEN MEDIA VENTURES, LLC and 42 VENTURES, LLC (all collectively "Plaintiffs"), by and through their counsels, Plaintiffs' counsel Kerry Culpepper and his law firm Culpepper IP, LLLC and Plaintiffs' counsel Joel Rothman and his law firm SRIP Law (collectively, "Plaintiffs' counsels") file their opposition to the Motion for Costs and Attorney's Fees [Doc. #438] ("Motion") of Garnishees GLO-JET INTERNATIONAL CORP. and GLO-JET INTERNATIONAL HOLDINGS (PUERTO RICO) LLC (collectively, "Glo-Jet").  For the reasons discussed below, the Motion should be denied.

## I.     **INTRODUCTION**

1.      Glo-Jet successfully convinced this honorable Court to set aside entry of default and reject Magistrate Judge Alicia M. Otazo-Reyes Report and Recommendation ("R&R") [Doc. #326] by arguing *inter alia* that "there is no evidence this delay has resulted in any substantial prejudice to any of the parties" and that Glo-Jet has "…no relationship with Judgment Debtors…and therefore have "a strong ironclad defense.""  Order [Doc. #383] at pgs. 6 and 8. Glo-Jet's arguments were false.  Glo-Jet's officer Mr. Keesee indeed had a relationship with Defendant/Judgment Debtor Muszynski ("Muszynski") and was involved in his plan to export minerals from Africa using Glo-Jet's resources.  *See* Ex. "G" and "H".  Nonetheless, Mr. Keesee stated in his affidavit under penalty of perjury that the assertion that Glo-Jet was involved with Muszynski to export mineral was "utterly ridiculous".  Doc. #344-1 at ¶¶6-7.  Despite a subpoena,

Glo-Jet's counsel deceptively waited until *after* Plaintiffs voluntarily dissolved the Writs to disclose the evidence of Mr. Keesee's involvement. *See* Decl. of Culpepper at ¶91.   Glo-Jet's strategy of refusing to comply with subpoenas and waiting until its Reply Brief to reveal its arguments and affidavits paid off by robbing Plaintiffs of an opportunity to respond.

2.      After succeeding by deception and strategic delay, Glo-Jet now audaciously requests this Court award its purported attorneys' fees pursuant to §77.28 of Florida statutes although Glo-Jet failed to comply with this Court's local rules in nearly every one of its filings – including even in its fee motion where it failed to timely serve a verified draft fee motion on Plaintiffs' counsel and even filed a *different* fee motion from the draft it sent to Plaintiffs. *See* Id. at ¶¶14-21. Glo-Jet is asking for exactly what this Court said it was *not going to do*, reward it "for skipping the Hearing and…then filing the Motion to Vacate." Order [Doc. #383] at pg. 7.  Aware of the fallacies in the §77.28 motion, Glo-Jet makes the monumental overreach of also motioning for sanctions pursuant to 28 U.S.C. §1927 against Plaintiffs' counsels for opposing Glo-Jet's motion to vacate default – even though Glo-Jet later sought to "withdraw ECF Nos. 331 and 344 and refile it as a single motion", thereby conceding that its counsel was aware of the deficiencies in the motion to vacate.  Doc. #356 at ¶¶24-25.

3.      Glo-Jet's §1927 motion is a monumental overreach that underscores the weakness of its underlying §77.28 motion.  Besides merely reciting the §1927 standard, Glo-Jet fails to provide specific examples of vexatious conduct besides referring to a motion for sanctions under Rule 11 served on its counsel that was not even filed and explicitly withdrawn.  Indeed, Glo-Jet even tried to use the sanction motion as basis for withdrawing the very document complained of in the sanctions motion which is one of the purposes of Rule 11.  Glo-Jet struggles to find any specific examples of vexatious conduct because there were none.  Moreover, Glo-Jet even fails to detail what charges are due to the purported vexatious conduct.  Glo-Jet's motion for fees should be denied.

## II.    <u>RELEVANT FACTUAL BACKGROUND</u>

4.      On March 28, 2022, this Court granted Plaintiffs' motion for default judgment and awarded a money judgment of $15,172,403.00 in favor of Plaintiffs and against Defendants including Defendant Muszynski. *See* Doc. #213.

5.      On Aug. 19, 2022, the Court issued Writs of Garnishments [Doc. ##260, 261] ("Writs") against Glo-Jet.

6.      On Sept. 12 and 29 of 2022, Glo-Jet was served the Writs and subpoenas. *See* Affs. of Raymound Bounds [Doc. #276] and Carlos J. Martínez [Doc. #280].

7.      On October 26, 2022, Plaintiffs file a Motion for Entry of Clerk's Default [Doc. #291] requesting that default be entered against Glo-Jet for failing to appear, answer, or otherwise respond to the Writs. The Motion included a certificate of service stating that a copy was mailed to Glo-Jet on same day as filing. *See* Motion [Doc. #291] at pgs. 4-5.

8.      On October 27, 2022, a Clerk's Default [Doc. #292] was entered against Glo-Jet.

9.      On November 7, 2022, Plaintiffs filed their Motion for Default Judgment [Doc. #297] seeking final default judgment against Glo-Jet in the final judgment amount of $15,433,950.27. The Motion included a certificate of service stating that a copy was mailed to Glo-Jet on Nov. 4, 2022. *See* Motion [Doc. #297] at pgs. 6-7.

10.     On November 28, 2022, the Court issued an Order [Doc. #302] setting a show cause hearing via Zoom on Dec. 8, 2022. Plaintiffs served a copy of the Order on Glo-Jet by ordinary mail. *See* Certificate of Service [Doc. #303]. Raymond Bounds also personally served a copy of the Order on an adult at the Florida office of Glo-Jet on Dec. 5, 2022. *See* Affidavit of Service [Doc. #307].

11.     During the Show Cause Hearing, the Court entered 12 exhibits pertaining to Glo-Jet's relationship with Defendants including a wire transfer payment from a Glo-Jet account to pay rent for an apartment lease renewal signed by Defendant Muszynski and emails in which Defendant Muszynski described a venture to use charter planes apparently affiliated with Glo-Jet to export gold and other minerals from Africa. *See* Doc. #317.

12.     On Dec. 12, 2022, the Court issued the R&R [Doc. #326] that included factual findings: (1) Glo-Jet failed to appear at the Show Cause Hearing; (2) Glo-Jet failed to respond to the motion for default judgment; and (3) Plaintiffs served Glo-Jet with the Notice of the Show Cause Hearing on November 29, 2022, and December 6, 2022. *See* R&R [Doc. #326] at pgs. 2-3.

13.     On Dec. 12, 2022, Plaintiffs sent a copy of the R&R to Glo-Jet by ordinary mail. *See* Certificate of Service [Doc. #328].

14.     On Dec. 14, 2022, Glo-Jet filed the Motion to set aside default, objection to the R&R and belated answer to the Writs. *See* Doc. #331. Glo-Jet's counsel did not meet and confer with counsel for Plaintiffs before filing the Motion and the Motion did not include the meet and confer certification required by L.R. 7.1(a)(3).

15.     On Dec. 23, 2022, Plaintiffs filed their Opposition [Doc. #333] to the Motion.

16.     On Jan. 6, 2023, Plaintiffs served a motion for sanctions [Doc. #374-1] pursuant to Fed. R. Civ. P. 11(c) on Glo-Jet and its counsel by mail.  *See* Decl. of Culpepper at ¶71.

17.     On Jan. 9, 2023, Glo-Jet filed a Reply Brief [Doc. #344] in support of its Motion.

18.     On Jan. 11, 2023, Plaintiffs filed a Motion to Strike [Doc. #350] Glo-Jet's Reply Brief.

19.     On Jan. 13, 2023, Glo-Jet sent a response to the subpoena that included payment records to PDR and a photograph of text messages from Defendant Muszynski to Glo-Jet's officer Mr. Keesee.  *See* Decl. of Culpepper at ¶74; Ex. "D"

20.     On Jan. 19, 2023, Glo-Jet filed its Opposition [Doc. #356] to the motion to strike which included a motion for "leave to amend ECF Nos. 331 and 344, withdraw them without abandoning its defenses and claims and move to consolidate both Motions under a single one."

21.     On Jan. 19, 2023, Plaintiffs sent a subpoena to Mr. Keesee in his personal capacity to Glo-Jet's counsel after confirming that Glo-Jet's counsel would also represent Mr. Keesee in his personal capacity. The subpoena requested "From 1/1/2021 to present: All written communications (e.g., emails, txt messages, etc.) between you and Charles Muszynski pertaining to (a) this case; (b) Glo-Jet; (c) Federal Minerals; (d) proposals to export Gold from Africa; (e) Trusts controlled by Charles Muszynski; (f) Kerry Culpepper; & (g) efforts to evade creditors." Ex. "1" [Doc. #389-1].

22.     On Jan. 20, 2023, Plaintiffs filed their Reply [Doc. #358] in support of their motion to strike.

23.     On Jan. 26, 2023, Glo-Jet filed a Motion for leave to file a Sur-Reply [Doc. #374]. Glo-Jet's counsel failed to meet and confer with Plaintiffs' counsel prior to this Motion.  Rather, he merely emailed a copy of the Motion to Plaintiffs' counsel prior to filing. Rather, he merely emailed a copy of the Motion to Plaintiffs' counsel on Jan. 25 prior to filing and stated that he would be filing it the next day.

24.     On Jan. 27, 2023, Glo-Jet filed a Petition for Leave to Withdraw and Refile in the Alternative ECF Nos. 331 and 334 [Doc. #379] in which it stated, "As Plaintiffs argue that the opening brief is fatally flawed, Garnishees can therefore use both Rule 11 and Rule 15 to amend it, if the Court is so inclined to strike or to grant Default Judgment."  Glo-Jet's counsel failed to meet and confer with Plaintiffs' counsel prior to this Motion.  Rather, he merely emailed a copy

of the Motion to Plaintiffs' counsel prior to filing and stated that he would be filing it the next day.

25.     On Jan. 30, 2023, Glo-Jet's counsel served an "Answer and objection" to the subpoena on behalf of Mr. Keese refusing to disclose any documents.  *See* Ex. "3" [Doc. #389-3].

26.     On Feb. 1, 2023, the Court issued the Order [Doc. #383] granting Glo-Jet's Motion to vacate default and declined to adopt the R&R.

27.     On Feb. 2, 2023, Glo-Jet filed the Answer to Writ and Motion to Dissolve the Writs. *See* Doc. #384.  Again, Glo-Jet's counsel failed to meet and confer with Plaintiffs' counsel prior to filing the motion.

28.     On Feb. 6, 2023, Plaintiffs filed a Motion to Voluntarily Dissolve the Writs. *See* Doc. #391.

29.     On Feb. 6, 2023, Plaintiffs noticed a hearing on the Keesee subpoena dispute for March 1, 2023.  See Doc. #389.

30.     On Feb. 7, 2023, the Court issued the Order [Doc. #396] dissolving the Writs.

31.     On Feb. 17, 2023, Glo-Jet filed a Motion for Summary Judgment and Memorandum of Law, Request for Dismissal with Prejudice and Award for Attorneys' Fees and Costs. *See* Doc. #412.  Glo-Jet's counsel failed to meet and confer with Plaintiffs' counsel prior to filing this motion.

32.     On Feb. 21, 2023, the Court issued a paperless Order [Doc. #413] denying Glo-Jet's motion for summary judgment.  In the Order, the Court stated, "If Garnishees seek to recover attorneys' fees they must file a Motion for Attorneys' Fees that complies with Local Rule 7.3."

33.     On Feb. 21, 2023, Glo-Jet emailed Plaintiffs' counsels an unverified and undated fee motion, a table of charges labeled "Invoice for litigation in Federal Southern" and an unsigned affidavit of counsel.  *See* Decl. of Culpepper at ¶4; Ex. "A".

34.     On Feb. 23, 2023, Glo-Jet emailed Plaintiffs' counsel a signed affidavit of counsel. *See* Decl. of Culpepper at ¶7; Ex. "B".

35.     On Feb. 28, 2023, Glo-Jet sent a response to the Keesee subpoena that included a document that its counsel described as "…Federal Minerals Plan that debtor Muszynski had sent to Mr. Keesee personally. Nothing came out of it in accordance with Mr. Keesee."  Glo-Jet's counsel further clarified that "…Muszynski communicated with Keesee through telegram or signal automatically setting messages to delete after a short period of time. The previous text messages disclosed are the only ones that remain and were from an old cellphone of Keesee."  Decl. of

Culpepper at ¶91; Ex. "H".

36.     On March 6, 2023, Plaintiffs served Glo-Jet by priority mail their objections to the fee motion without conceding objections for lack of proper service. *See* Id. at ¶9; Ex. "C".

37.     On March 9, 2023, Plaintiffs emailed Glo-Jet's counsel a courtesy copy of the objections they served Glo-Jet on March 6, 2023. *See* Decl. of Culpepper at ¶10.

38.     On March 14, 2023, Glo-Jet served Plaintiffs by certified mail the same fee motion and table of charges of Feb. 21, the same affidavit of Feb. 23, a second affidavit of Glo-Jet's counsel dated March 14, 2023, and Glo-Jet's reply to Plaintiffs' objections. *See* Id. at ¶11.

39.     On March 17, 2023, Glo-Jet's counsel and Plaintiffs' counsel met and conferred by phone but were unable to reach an agreement on the fee motion.  At the conclusion, Glo-Jet's counsel stated that he would add the meet and confer information to the fee motion.  Besides that addition, Plaintiffs' counsel did not consent to Glo-Jet filing a different fee motion with new arguments. *See* Id. at ¶13.

40.     On March 25, 2023, Glo-Jet filed the Motion for Costs and Attorneys' Fees [Doc. #438].  This motion is different from the draft fee motion in it includes additional arguments in response to Plaintiffs' objections. *See* Decl. of Culpepper at ¶¶14-23.

### III.    LEGAL STANDARD

41.     Fed. R. Civ. P. 5(b) provides that service of motions may be made by (2)(C) mailing to the party's attorney's last known address or 2(F) delivering it by any other means that the person consented to in writing.

42.     Fed. R. Civ. P. 54(d)(2) requires a "judgment" be specified in a motion for attorney's fees.

43.     L.R. 7.1(a)(3) requires attorneys to attempt in good faith to confer with opposing counsel before filing a motion. *See Burleigh House Condo., Inc. v. Rockhill Ins. Co.*, No. 21-22911-CIV, 2022 U.S. Dist. LEXIS 209712, at *11 (S.D. Fla. Nov. 18, 2022).

44.     L.R. 7.3 (a) requires that "A motion for an award of attorneys' fees and/or non-taxable expenses and costs arising from the entry of a final judgment or order shall not be filed until a good faith effort to resolve the motion, as described in paragraph (b) below…" and that a fee motion *inter alia*: (4) disclose the terms of any applicable fee agreement; (6) describe and document with invoices all incurred and claimed fees and expenses not taxable under 28 U.S.C. § 1920; and (7) be verified.

45.     L.R. 7.3(b) requires that "a draft motion compliant with Local Rule 7.3(a)(1)-(8) must be served but not filed at least thirty (30) days prior to the deadline for filing any motion for attorneys' fees…"

46.     L.R. 7.3 is strictly construed.  *See Jackson v. Waste Pro of Fla., Inc.*, No. 22-CV-60330-RUIZ/STRAUSS, 2022 U.S. Dist. LEXIS 165045, at *14 (S.D. Fla. Sep. 13, 2022) ("It is within this Court's discretion to deny recovery of any attorneys' fees for his failure to strictly comply with the local rules."); *J.B. Hunt Transp., INc. v. S&D Transp., Inc.*, No. 11-62096-CIV-DIMITROULEAS/S, 2013 U.S. Dist. LEXIS 196762, at *11 (S.D. Fla. Sep. 11, 2013) (Magistrate Judge's R&R stating "…the Local Rules of this Court set forth the method of proving that a party is entitled to its claimed attorney's fees…the undersigned believes that those Rules must be strictly enforced in the interests of fairness to the losing party and judicial economy"), R&R adopted at *J.B. Hunt Transp., Inc. v. S & D Transp., Inc.*, 2013 U.S. Dist. LEXIS 196733 (S.D. Fla., Sept. 19, 2013)("The Court agrees with the Magistrate Judge "that those Rules must be strictly enforced in the interests of fairness to the losing party and judicial economy.""); *J.B. Hunt Transp., Inc. v. S & D Transp., Inc*., 589 F. App'x 930, 933-34 (11th Cir. 2014) (affirming denial of fee motion based on failure to comply with Local Rule 7.3).

47.     §77.28 of Florida statutes provides that:

On rendering final judgment, the court shall determine the garnishee's costs and expenses, including a reasonable attorney fee, and in the event of a judgment in favor of the plaintiff, the amount is subject to offset by the garnishee against the defendant whose property or debt owing is being garnished. In addition, the court shall tax the garnishee's costs and expenses as costs. The plaintiff may recover in this manner the sum advanced by him or her, and, if the amount allowed by the court is greater than the amount paid together with any offset, judgment for the garnishee shall be entered against the party against whom the costs are taxed for the deficiency.

48.     28 U.S.C. § 1927 provides for fee awards against attorneys who personally "unreasonably and vexatiously" multiply the proceedings. The Eleventh Circuit has held that "as an initial matter, the language of Section 1927 makes clear that it only applies to unnecessary filings after the lawsuit has begun." *Macort v. Prem, Inc.*, 208 Fed. App'x. 781, 786 (11th Cir. 2006) (citing *In re Matter of Yagman*, 796 F. 2d 1165, 1187 (9th Cir. 1986)).

49.     § 1927 is limited to conduct which multiplies the proceedings. The movant must show that (1) counsel engaged in "unreasonable and vexatious" conduct; (2) counsel's conduct multiplied the proceedings, and (3) the amount of sanction equals the amount of excess fees and

costs caused by the objectionable conduct. *See Peer v. Lewis*, 606 F. 3d 1306, 1314 (11th Cir. 2010). The amount of the sanction cannot be greater than the costs occasioned by the objectionable conduct. *Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225 (11th Cir. 2003). The conduct must be "so egregious that it is 'tantamount to bad faith.'" *Amlong & Amlong P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239 (11th Cir. 2007).

50.     The amount of the § 1927 sanction "must bear a financial nexus to the excess proceedings." *Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997).

51.     "§ 1927, being penal in nature, must be strictly construed". *Id.* at 1395.

## IV.     ARGUMENT
### a.    Glo-Jet's fee motion should be denied for failing to comply with L.R. 7.3.

52.     L.R. 7.3 (a) requires that "A motion for an award of attorneys' fees and/or non-taxable expenses and costs arising from the entry of a final judgment or order shall not be filed until a good faith effort to resolve the motion, as described in paragraph (b) below…" L.R. 7.3 (b) requires that "a draft motion compliant with Local Rule 7.3(a)(1)-(8) must be served at least thirty (30) days prior to the deadline for filing any motion for attorneys' fees…"  Glo-Jet asserts that the Order [Doc. #396] of Feb. 7, 2023 is the order that provides the basis for attorney fees.  *See* Mot. at ¶14.  Accordingly, per L.R. 7.3(b), Glo-Jet was required to serve the draft motion that disclosed the terms of the fee agreement, described and documents all invoices and was verified by March 9, 2023 and, per (a), file the draft motion if efforts to resolve it were not successful.  *See* Decl. of Culpepper at ¶12.  As explained below, Glo-Jet has completely failed to comply with L.R. 7.3(a) or (b) and this Court's Order [Doc. #413] ordering Glo-Jet to "file a Motion for Attorneys' Fees that complies with Local Rule 7.3."

### i.    Glo-Jet improperly files a different fee motion rather than the draft fee motion it sent to Plaintiffs.

53.     L.R. 7.3(a) and (b) requires Glo-Jet to serve a copy of the draft fee motion on Plaintiffs and then file it after the meet and confer.  However, because the fee motion [Doc. #438] Glo-Jet filed is different from the draft motion it sent to Plaintiffs' counsel on Feb. 21, 2023, Glo-Jet failed to meet and confer.  The differences between the draft and filed fee motions are not mere formal changes.  The draft fee motion is 10 pages while the filed fee motion is 12 pages and includes additional arguments made by Glo-Jet to try to preempt arguments Plaintiffs made in their objections to the draft fee motion and a second affidavit.  *See, e.g.* Motion at ¶¶9, 15-18, 24, 26, 39-40.  Glo-Jet even (improperly) adds a motion within a motion in the last paragraph moving for

a request for first determination of entitlement per Rule 54(d)(2)(C).  L.R. 7.3's purpose is to "provides a mechanism to assist parties in resolving attorneys fee and costs disputes by agreement," not for allowing the movant to preview the opposing party's objections and submit a different fee motion preempting the objections.  If the Court considers and grant Glo-Jet's new fee motion, it will be punishing Plaintiffs for describing with reasonable particularity each time entry to which they objected and providing the supporting legal authority in an effort to reach a good faith resolution in compliance with L.R. 7.3(a) and sending a clear message to future litigants served with a draft fee motion that their objections should be limited and carefully drafted to avoid tipping their hand to the legal deficiencies of the movant's fee motion. Thus, the "mechanism" this Court is providing to parties by L.R. 7.3(a) would be rendered useless.  That is why the Eleventh Circuit in *J.B. Hunt Transp.* agreed with this Court's decision to deny attorney's fees when the movant failed to comply with L.R. 7.3(a) because the requirements of L.R. 7.3(a) must be strictly enforced "in the interests of fairness to the losing party and judicial economy". *J.B. Hunt Transp.,* 589 F. App'x at 933-34 (11th Cir. 2014).  Glo-Jet should have negotiated its fees in view of the weak points in its draft fee motion pointed out by Plaintiffs rather than filing a new fee motion that attempts to preempt Plaintiffs' arguments and strengthen its motion.

### ii.   Glo-Jet fails to serve a draft fee motion on Plaintiffs within 30 days.

54.   L.R. 7.3(b) requires that "a draft motion…must be served but not filed at least thirty (30) days prior to the deadline for filing any motion for attorneys' fees…"  However, rather than serving a copy of the draft motion on Plaintiffs' counsel as required by Fed. R. Civ. P. 5(b), on Feb. 21, 2023 Glo-Jet's counsel merely emailed a copy to Plaintiffs' counsel.  However, Plaintiffs' counsel never consented in writing to accept papers from Glo-Jet's counsel by email. *See* Decl. of Culpepper at ¶8.  Accordingly, Glo-Jet's counsel failed to *serve* a copy of the draft motion on Plaintiffs' counsel within 30 days prior to the deadline as called for in L.R. 7.3(b).  In response to Plaintiffs' objections, Glo-Jet's counsel attempted to rectify this fatal error by sending the draft fee motion to Plaintiffs' counsel by certified mail on March 14, 2023.  *See* Id. at ¶11; Mot. at ¶18. However, the failure was not cured because it was after the 30 day deadline of March 9, 2023.

### iii.   Glo-Jet fails to serve a verified draft fee motion on Plaintiffs within 30 days.

55.   L.R. 7.3(b) requires that the draft motion be "compliant with Local Rule 7.3(a)(1)-(8)".  L.R. 7.3(a)(7) requires that the fee motion be verified.  Assuming *arguendo* that sending by email was appropriate service, Glo-Jet failed to serve a *verified* draft fee motion.  Rather, Glo-Jet's

counsel sent to Plaintiffs' counsels by email on Feb. 21, 2023 a draft fee motion that was undated, included an ECF style signature and a false and undated certificate of service. *See* Ex. "A". On Feb. 23, 2023, Glo-Jet's counsel sent to Plaintiffs' counsel by email an affidavit of counsel that does not even refer to the draft motion. *See* Ex. "B". In response to Plaintiffs' objections, Glo-Jet's counsel attempted to rectify this fatal error by sending the second affidavit with the draft fee motion to Plaintiffs' counsel by mail on March 14, 2023. *See* Decl. of Culpepper at ¶11; Mot. at ¶18. However, this was untimely because it was after the 30 day deadline of March 9, 2023 as pointed above. Moreover, both the first and second affidavits of Mr. Rivera do not verify the fee motion because they do not even refer to it. Accordingly, Glo-Jet did not serve a verified fee motion on Plaintiffs or even file a verified fee motion.

### iv.  Glo-Jet fails to disclose the terms of any applicable fee agreements.

56.    L.R. 7.3(b) requires that the draft motion be "compliant with Local Rule 7.3(a)(1)-(8)". L.R. 7.3(a)(4) requires that the fee motion disclose the terms of any applicable fee agreement. Assuming *arguendo* that sending by email was appropriate service, Glo-Jet failed to disclose the terms of any applicable fee agreement in the draft fee motion. Rather, in the affidavit of Feb. 23, 2023 Glo-Jet's counsel merely states he "was retained by Garnishees at a fee rate of $300/hour and a fee agreement was signed…" However, Glo-Jet's counsel failed to include the fee agreement or include the other terms. In response to Plaintiffs' objections, Glo-Jet's counsel attempted to rectify this fatal error by sending the second affidavit dated March 14, 2023 that described further details of the fee agreement and explicitly refers to Plaintiffs' objections. *See* Doc. #483-3 at ¶¶4-7. However, this second affidavit was after the 30 day deadline of March 9, 2023. Further, the second affidavit fails to include a copy of the applicable fee agreement. Despite the second affidavit not being timely served on Plaintiffs, Glo-Jet included it in the filed motion. Indeed, in the Motion Glo-Jet admits that it sent this second affidavit after the March 9, 2023 deadline and in response to Plaintiffs' objections.

### v.  Glo-Jet fails to disclose the invoices.

57.    L.R. 7.3(b) requires that the draft motion be "compliant with Local Rule 7.3(a)(1)-(8)". L.R. 7.3(a)(6) requires that the fee motion describe and document with *invoices* all incurred and claimed fees and expenses not taxable under 28 U.S.C. § 1920. Glo-Jet's counsel failed to serve the invoices. Rather, Glo-Jet's counsel sent to Plaintiffs' counsels by email on Feb. 21, 2023 a chart of Glo-Jet's counsel purported charges. *See* Ex. "A". Although the chart is labeled

"invoice" it does not appear to be an invoice.   *See J.B. Hunt Transp.*, 589 F. App'x at 934 (11th Cir. 2014) (affirming denial of motion for attorney fees for failing to provide an invoice of expense as well as other violation of L.R. 7.3).   Plaintiffs have asserted in their objections that because Defendant Muszynski is the responsible party for these charges, Glo-Jet did not actually pay $21,180 in attorneys' fees.   Counsel for Glo-Jet has failed to provide proof that Glo-Jet actually expended $21,180 rather that someone else such as Defendant Muszynski paid the fees or reimbursed Glo-Jet.

### vi.  Plaintiffs have been prejudiced by Glo-Jet's blatant disregard for L.R. 7.3.

58.      Plaintiffs have been prejudiced by Glo-Jet's failure to comply with L.R. 7.3.  For example, Plaintiffs objected to any award because Glo-Jet did not provide proof that Glo-Jet agreed to pay $21,180 in attorneys' fees such as the attorney-client agreement or the invoices and payment records.  §77.28 provides for "a reasonable attorney fee" and defines "attorney fee" as "which the garnishee expends or agrees to expend in obtaining representation in response to the writ". Plaintiffs' counsel has a reasonable belief that Defendant Muszynski (not Glo-Jet) is ultimately responsible for Glo-Jet's fees and that he expended any fees.  This belief is based upon Glo-Jet's officer Mr. Keesee's relationship with Muszynski (*see* Doc. #344-1 at ¶¶5-6, Ex. "D" and "G"), Glo-Jet's counsel Mr. Rivera's representation of another Garnishee Buhosabio LLC, arguments Mr. Rivera made in Buhosabio LLC's Opposition (*see* Doc. #386) to a preliminary injunction against Muszynski and in the hearing on the motion that benefited Muszynski and completely contradicted assertions Buhosabio LLC made earlier in its Answer (in Doc. #385) that it held no assets of Muszynski.  In his second affidavit [Doc. #483-3], Mr. Rivera attempts to rectify the failure to provide the invoices and payment records by providing further details but still failing to provide the documents.  Glo-Jet and its counsel already played word games in the affidavit of Mr. Keesee [Doc. #344-1] where he stated that allegations that Glo-Jet was involved with Muszynski to export minerals from Africa were "ridiculous" even though he possessed a business plan to that exact effect.  Against that background, Plaintiffs should not have to rely merely on an untimely affidavit of Glo-Jet's counsel to show who paid the bills.  Further, Glo-Jet should not be allowed to strategically wait to submit the evidence such as its invoices in its Reply Brief just as it did with the motion to set aside default to rob Plaintiffs of an opportunity to rebut the purported evidence. Accordingly, Plaintiffs have been prejudiced by Glo-Jet's failure to disclose the fee agreement and

invoices that could have proven Plaintiffs' assertions.

**vii.   Glo-Jet has repeatedly disregarded this Court's local rules.**

59.      Glo-Jet's complete failure to comply with L.R. 7.3 despite being ordered to do so by this Court (*see* Order [Doc. #413]) alone is sufficient independent basis to deny its motion. *See J.B. Hunt Transp.,* 589 F. App'x at 934 (11th Cir. 2014) (affirming this Court's denial of a motion for attorney's fees for failure to comply with L.R. 7.3). However, Plaintiffs emphasize to this Court that Glo-Jet's fee motion is not the only time its counsel has failed to follow the local rules.  Glo-Jet has complicated these proceedings by repeatedly failing to properly meet and confer with Plaintiffs before filing Motions.  For example, Glo-Jet failed to meet and confer with Plaintiffs' counsel prior to filing the Motion to Set Aside Default and to filing the motion to dissolve the writs of garnishments as required by L.R. 7.1(a)(3).  Glo-Jet also blatantly violated the spirit of the meet and confer requirement by filing of a motion for 10-day extension [Doc. #336] on 6:13 AM (Hawaii Time) less than 1.5 hours from which he emailed the undersigned and his co-counsel at 4:50 AM (same Hawaii Time) to "meet and confer".  The certification in Mr. Rivera's motion that he "made reasonable efforts to confer with all parties or non-parties who may be affected by the relief sought" by emailing Plaintiffs' counsel less than 1 and a half hours earlier was plainly false. Further, Glo-Jet's Reply Brief [Doc. #344] in support of its motion to set aside default Glo-Jet improperly raised new evidence in violation of L.R. 7.1(a)(c) that the Court noted it would not consider.  *See* Order [Doc. #383] at FN1 ("…to the extent that Garnishees' Reply raises new arguments not addressed in their Motion to Vacate Default the Court will disregard such arguments."). The Reply Brief also exceeded the 10-page limit of L.R. 7.1(a)(c).  Glo-Jet's counsel tried to get around this rule by improperly including a motion for leave to file excess pages within the Reply Brief.  *See Newman v. Physicians Diagnostic & Rehab. Servs.*, No. 18-cv-81584, 2020 U.S. Dist. LEXIS 141834, at *20 (S.D. Fla. Aug. 6, 2020) ("Responses and motions are to be filed separately under Southern District of Florida Local Rule 7.1").  Glo-Jet repeatedly filed motions within an opposition and combined multiple motions in one document in violation of L.R. 7.1.  For example, Glo-Jet's Opposition [Doc. #356] to Plaintiffs' motion to strike included a motion for "leave to amend ECF Nos. 331 and 344, withdraw them without abandoning its defenses and claims and move to consolidate both Motions under a single one."  Glo-Jet's stated in the Motion for Sur-Reply [Doc. #374] that he accepted that the motions should have been filed separately and that "This was an inobservance of Counsel", yet continued to file multiple motions within motions

12

in Glo-Jet's Answer to Writ and Motion to Dissolve the Writs [Doc. #384] and Glo-Jet's Motion for Summary Judgment and Memorandum of Law, Request for Dismissal with Prejudice and Award for Attorneys' Fees and Costs [Doc. #412].  Further, Glo-Jet's including of a Motion for Attorney's Fees in its Motion for Summary Judgment [Doc. #412] violated L.R. 7.3.  Glo-Jet's Motion for Summary Judgment (besides not making sense since the Writs had been dissolved) also violated L.R. 16.1(b) because Glo-Jet filed it prior to a scheduling order.

60.     The Court likely exercised its discretion to overlook Glo-Jet's counsel's repeated violations of the local rules in connection with the motion to set aside default.  However, now Glo-Jet is seeking affirmative relief of a money judgment against Plaintiffs and Plaintiffs' counsels.  Accordingly, the Court should not overlook Glo-Jet's counsel's failure to comply with L.R. 7.3 in view of his repeated failure to comply with local rules.

**b.   Glo-Jet's fee motion should be denied for failing to comply with Fed. R. Civ. P. 54(d)(2).**

61.     Although Glo-Jet states its motion is also pursuant to Rule 54(d)(2), Glo-Jet failed to specify the judgment that gave basis for its fee motion as required by Rule 54(d)(2) (and L.R. 7.3).  Plaintiffs pointed this out in their objections.  Glo-Jet attempts to preempt this deficiency by shifting to (incorrectly) arguing that the dissolution of the Writs was tantamount to a judgment in its new fee motion.  However, this argument should not be considered because it was not in the draft fee motion.  Moreover, as explained below, dissolution of a writ of garnishment is not a final judgment.

**c.    Glo-Jet's fee motion should be denied because there was no judgment in its favor as prevailing party.**

62.     §77.28 of Florida statutes provides "…*judgment* for the garnishee shall be entered against the party against whom the costs are taxed for the deficiency."  Accordingly, §77.28 requires a judgment for the garnishee for an award of Garnishees costs.  However, there is no "final judgment" awarded in favor of Glo-Jet.  Rather, the Writs of Garnishment were dissolved without any final judgment.  In comparison, other sections such as §77.07(5) and §77.082 provide for "discharge of liability."  However, Glo-Jet was not discharged from liability.  Rather, the dissolution of the writs was akin to a dismissal without prejudice Fed. R. Civ. P. 41(a) because Plaintiffs could apply for Writs against second Glo-Jet again.  *See Senterfitt v. Value Seafood, Inc.*, 121 So.3d 83 (Fla. App. 2013) (Third District Court of Appeal notes that automatic dissolution of a writ per §77.07(5) did not prevent issuance of a subsequent writ of garnishment because

13

automatic dissolution was not a final judgment).  Accordingly, there is no prevailing party per §77.28.  This point was also noted by the Eleventh Circuit in *Zelaya/Capital Int'l Judgment, LLC v. Zelaya*, 769 F.3d 1296, 1305 (11th Cir. 2014) ("Florida law does not answer the question of who should pay a garnishee's attorney fees and costs when no party has truly prevailed.").  *See also Buyer Finance Corporation v. J.W. Oliveros*, 196 So.2d 451 (Fla. App. 1967) (reversing Order granting attorney's fees to Garnishee because the record did not reflect a final judgment and noting that §77.28 provides for …attorney's fee to the garnishee only upon rendering of a final judgment).

63.    Glo-Jet cites the case of *Matthews v. First Federal Sav. and Loan of Englewood*, 571 So.2d 2, 16 Fla. L. Weekly 491 (Fla. App. 1990) for the position that dissolution of a writ is tantamount to a final judgment.  *See* Mot. at ¶15.  Initially, Plaintiffs object to this argument because Glo-Jet did not include it in the draft motion it sent to Plaintiffs' counsel as required by L.R. 7.3 (see above discussion).  Rather, Glo-Jet added it to try to preempt this argument that was in Plaintiffs' objections.  Nonetheless, Glo-Jet omits key language from *Matthews*: "We agree with the garnishees in this matter that the order previously appealed, *granting the garnishees' motion to dismiss* and dissolving the writ of garnishment, was tantamount to a final judgment."  *Id.* (emphasis added).   Here, Glo-Jet did not file a motion to dismiss.  Rather, Glo-Jet improperly filed a motion to dissolve the Writs that was improper because §77.07(1) only permits "The defendant" and (2) "any other person having an ownership interest in the property…" to file motions to dissolve writs of garnishments.  Glo-Jet likely is aware of this deficiency.  That can be the only logical reason it filed a motion for summary judgment [Doc. #412] even after the Writs had been dissolved – this was a misguided attempt to get a judgment.  Moreover, *Matthews* was distinguished by the Third District Court of Appeal in *Senterfitt* where the Court concluded that the automatic dissolution of a writ per §77.07(5) did not prevent issuance of a subsequent writ of garnishment because automatic dissolution was not a final judgment.  *See Senterfitt*, 121 So.3d 83 (Fla. App. 2013) ("because the facts surrounding the dissolution in *Matthews* are unknown, we cannot similarly conclude that the dissolution here is also tantamount to a final judgment…")  Glo-Jet's citation to this Court's decision in *Millette v. Dek Techs.* is also unavailing because in *Millette* "the Court entered a final judgment in favor of Garnishee." *Millette v. Dek Techs.*, No. 08-60639-CV-COHN/SELTZER, 2010 U.S. Dist. LEXIS 151784, at *4 (S.D. Fla. Feb. 22, 2010).  Here no final judgment was entered.

64.    Accordingly, because there is no prevailing party, the present case is similar to

14

*Zelaya* where the Eleventh Circuit agreed with this Court's conclusion that "where Florida's garnishment statute does not "mandate which party should bear the garnishee bank's expenses in the circumstances of the instant case, the matter lies within the discretion of the trial court."" *Zelaya*, 769 F.3d at 1305 (11th Cir. 2014). But Glo-Jet has failed to include any arguments for why this Court should exercise discretion and award fees. In *Zelaya* the Eleventh Circuit agreed with this Court's decision to award fees against the Judgment Creditor ZC because it "initiated and vigorously litigated the garnishment proceedings, and then failed to meet its burden of proving that the account to be garnished was Zelaya's property." *Id.* In *Zelaya*, the Judgment Creditor ZC motioned for default judgment against Deutsche Bank even though it had answered the writ and prompted several rounds of motions practice, multiple subpoenas, and a hearing before a magistrate judge and required Deutsche Bank to:

> moved to quash an improperly served subpoena to appear at a hearing on a motion to dissolve the writ, arranged for two witnesses to travel from New York with counsel to appear at a hearing in the matter, collected documents and information in response to subpoenas served related to the writ of garnishment and required to carefully monitor numerous motions in the matter that had potential implications for [Deutsche Bank's] obligations.
> *Id.* at 1300.

In stark contrast to ZC's behavior, Plaintiffs motioned for default judgment *prior* to Glo-Jet filing an answer to the Writs and response to the subpoena. Moreover, Plaintiffs moved to voluntarily dissolve the Writs after concluding that the venture between Muszynski and Glo-Jet (or Keesee) failed. *See* Decl. of Culpepper at ¶97. Glo-Jet never had to move to quash improperly served subpoenas or arrange for any of its witnesses to travel like Deutsche Bank in *Zelaya*. Moreover, if Glo-Jet (and its officer Mr. Keesee) had just responded to the subpoenas forthrightly and admitted that it had considered a venture with Mr. Muszynski that failed rather than feigning as if it had no relationship with Muszynski or that the assertion that it had a relationship with Muszynski was "utterly ridiculous", it could have avoided this entire matter. *See* Id. As discussed below, this entire litigation is the fault of Mr. Keesee's gross negligence in ignoring the writs and subpoenas and his lack of candor in failing to initially disclose documents in his possession pertaining to Muszynski's business plan to use Glo-Jet to export minerals from Africa. Accordingly, the Court should not exercise discretion to grant Glo-Jet's attorney fees. If anyone, Mr. Keesee should be made to bear Glo-Jet's fees. Further, because §77.28 only provides that "the amount is subject to offset by the garnishee against the defendant whose property or debt owing is being garnished"

and  Plaintiffs have obtained a judgment against Defendants, at best, Glo-Jet can only obtain an offset from the judgment amount.

        **d.**  **Glo-Jet should not be awarded fees in connection with responding to the subpoenas and the motion to vacate entry of default since this work was necessitated by its officer Mr. Keesee's gross negligence and not directly related to answering the Writs.**

65.     As conceded by Glo-Jet's officer Mr. Keesee, he failed to save the calendar date, believed that the Writs were part of a scam, and made one attempt to communicate with Plaintiffs' counsel.  *See* Order [Doc. #383] at pg. 6.  Accordingly, Glo-Jet's need to file a motion to set aside default is Mr. Keesee's fault.  Plaintiffs rightly pointed out in their Opposition [Doc. #333] that Glo-Jet failed to include any evidence in the motion to set aside default, and that the assertions in the motion (such as that Mr. Keesee "communicated several times with the office of both counsels for Plaintiffs and left messages inquiring about the nature of the allegations, but Counsel for Plaintiffs never returned the calls and inquiries" and "inexperienced in judgments or legal matters") were either outright wrong or dubious.  Against that backdrop, Plaintiffs chose not to take Glo-Jet's fantastical assertions on face value and opposed Glo-Jet's motion.  *See* Decl. of Culpepper at ¶¶65-69.  Indeed, Glo-Jet did not set forth any of its evidence until the Reply Brief [Doc. #344].

66.     Moreover, assuming *arguendo* that §77.28 is applicable (although Plaintiffs maintain it is not because Garnishees did not obtain a judgment), it only applies to fees in connection with Glo-Jet's response to the Writ of Garnishment.  Further, those fees are not *against Plaintiffs* because §77.28 only provides that "the amount is subject to offset by the garnishee against the defendant whose property or debt owing is being garnished".  Plaintiffs have obtained a judgment against Defendants.  Accordingly, Glo-Jet can only obtain an offset from the judgment amount for its fees in connection with Glo-Jet's response to the Writ of Garnishment.  At best, this would be Glo-Jet's fees for answering the Writ.

67.     Similarly, Plaintiffs object to an award of fees for Glo-Jet's response to a subpoena that was served on it prior to entry of default on the Writ.  §77.28 does not cover fees for responding to subpoenas.

        **e.**  **Glo-Jet's unreasonable fees should be reduced.**

68.     §77.28 provides for "the court shall determine…a reasonable attorney fee".  The Florida Supreme Court has found that "the federal lodestar approach…provides a suitable

foundation for an objective structure." *Florida Patient's Compensation Fund. v. Rowe*, 472 So.2d 1145, 1150 (Flo. 1985). Should this Court award fees, the fees should be reduced. In Plaintiffs' objections, they have set forth the applicable reductions. *See* Ex. "C".

          **i.**  **Glo-Jet fees unreasonable due to its unclean hands should be reduced.**

69.      "Equitable considerations may be a factor in the determination of a reasonable attorneys' fee." *Conner Air Lines, Inc. v. Aviation Credit Corp.*, 280 F.2d 895, 901 (5th Cir. 1960). Plaintiffs object to any award of fees because Glo-Jet has unclean hands. Glo-Jet's opening motion was rife with assertions easily shown to be untrue by public records and the admitted exhibits. Firstly, Glo-Jet began its motion to vacate default with the false statement that Glo-Jet's officer Mr. Keesee communicated several times with Plaintiffs' counsels. Then, Mr. Rivera-Fernandez falsely stated that Keesee is inexperienced in judgments or legal matters. However, a mere Google search of "Manuel Keesee" returns the Report and Recommendation in *Gonzalez v. Agave Metal Trading LLC*, No. 6:18-cv-1294-Orl-31TBS (M.D. Fla. Dec. 13, 2018) holding Keesee personally liable for $150,000 for breach of contract and failure to pay a note in connection with his scheme to export gold from Kenya. *See* Decl. of Culpepper at ¶66.

70.      Glo-Jet was served a subpoena on Sept. 13, 2022 requesting *inter alia* "records pertaining to Charles Muszynski ("Muszynski")". *See* Doc. ##, 276, 297-1 at ¶13. Glo-Jet did not respond to the subpoena until Jan. 13, 2023, and the response did not include the 6-13-2021 (*see* Exhibit "H") Muszynski document. Glo-Jet's counsel took the frivolous position that a document in Mr. Keesee's possession was different from a document in Glo-Jet's possession although Mr. Keesee is Glo-Jet's officer. This position in untenable in view of the facts that Mr. Keesee was intermittingly involved in the preparation of the response to the subpoena and Glo-Jet's reply brief. Nonetheless, Plaintiffs served a similar subpoena on Mr. Keesee on Jan. 19, 2023 with a response deadline of Feb. 3, 2023. Mr. Keesee's (and Glo-Jet's) counsel again sent frivolous objections [Doc. #389-3] to the subpoena to delay providing a response including the 6-13-2021 Muszynski document evidencing Glo-Jet's relationship with Mr. Muszynski and completely contradicting Mr. Keesee's declaration [Doc. #344-1] until Feb. 28, 2023 (two days before the hearing on Mr. Keesee's objection) after the Writs were dissolved. *See* Decl. of Culpepper at ¶¶83, 91. The 6-13-2021 Muszynski document completely contradicts Mr. Keesee's affidavit [Doc. #344-1] where he states that he knew Mr. Muszynski merely "as a cordial acquaintance" through the trash/solid waste business and that he finds "Plaintiffs' assertion [of Glo-Jet's involvement in mineral trade

in Africa] as "utterly ridiculous" because it describes multiple meetings with Glo-Jet to schedule a flight for exporting gold and a planned itinerary for Mr. Keesee to fly with Mr. Muszynski to New York.

71.     Glo-Jet's behavior in filing the deceptive Keesee affidavits, falsely arguing that it has no relationship with Muszynski and thwarting rightful discovery renders its hands unclean and thus its attorney's fees unreasonable.

### ii.  Glo-Jet should not get a fee award for clerical tasks.

72.     Plaintiffs object to an award for Glo-Jet's counsel in connection with filings for extensions of time that are not entitled to a fee award.  *See Korman v. Iglesias*, No. 18-21028-CV, 2019 U.S. Dist. LEXIS 59185, at *11-12 (S.D. Fla. Apr. 4, 2019) (describing billing an hour for motions for extension of time to respond to a complaint and proposed orders as not recoverable); *Munoz v. Kobi Karp Arch. & Interior*, 2010 U.S. Dist. LEXIS 55986, 2010 WL 2243795, at *6 (S.D. Fla. May 13, 2010) ("Plaintiff's counsel is not entitled to recover attorney's fees for the performance of clerical tasks.").  The Court should not award fees in connection with Glo-Jets motions for extensions of time (12/29/2022 & 1/26/2023).  Plaintiffs should not be responsible for Glo-Jet's and/or Glo-Jet's failure to complete and file documents within the applicable deadlines.

### iii.  Glo-Jet's counsel's hourly rate should be reduced for legal research.

73.     Plaintiffs object to an award of attorney's fee for tasks performed by Mr. Rivera that should have been done by a paralegal such as conducting legal research.  Courts should consider "the skill required to perform the legal services" when determining the prevailing market rate. *Mallory v. Harkness*, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996).  Mr. Rivera's entries include numerous entries for legal research (e.g. 12/14/2022, 1/19/2022) that should have been done by a paralegal. The hourly rates for conducting legal research and other paralegal tasks should be "$150 per hour, which is in line with the prevailing paralegal rate for senior paralegals". *Seven Oaks Millwork v. Us*, No. 3:20-cv-28-BJD-MCR, 2021 U.S. Dist. LEXIS 171534, at *24 (M.D. Fla. Aug. 10, 2021).

### iv.  Glo-Jet's fees should be reduced for lack of billing judgment.

74.     Plaintiffs object to an award of any fees that amount to more than 1 hour per page of the relevant pleading. *See Korman v. Iglesias*, No. 18-21028-CV, 2019 U.S. Dist. LEXIS 59185, at *12-13 (S.D. Fla. Apr. 4, 2019) (concluding that roughly 1.5 hours spent on each page of a pleading "is clearly excessive"); *ACLU v. Barnes*, 168 F.3d 423, 429 (11th Cir. 1999) (recognizing that properly exercising "billing judgment" entails excluding unnecessary hours); *Copeland v.*

*Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980) ("In the private sector, "billing judgment" is an important component in fee setting. It is no less important here.")  Glo-Jet's Answer (pg. 4-5 at Doc.#331) is only two pages yet at entry 12/14/2022 Mr. Rivera charged 5 hours ($1500) for the simple Answer denying liability. Glo-Jet's Reply [Doc. #344] was 15 pages long, yet Glo-Jet's counsel includes over $9300 of charges. Should Glo-Jet's fee motion be granted, the fees for the Answer should be reduced to three hours and for the Reply brief should be limited to 22.5 hours.

### v.  Glo-Jet should not be awarded fees for the redacted tasks.

75.     Plaintiffs object to any award of fees for which Glo-Jet's attorneys failed to provide "a description of the tasks done during those hours" as required by LR 7.3(a)(5)(C).  *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1197 (11th Cir. 2002) ("We caution, however, that where a significant number of entries are severely redacted or it appears that fee counsel has failed to use billing judgment, it may be an abuse of discretion to award fees based on the redacted entries."). Glo-Jet's time sheet redacts numerous entries to the point that Plaintiffs' counsel cannot determine if the charges are reasonable.  Plaintiffs are particularly prejudiced by Glo-Jet's redactions because Glo-Jet's counsel has appeared also on behalf of Buhosabio LLC.  Upon information and belief, Glo-Jet's counsel failed to disclose the attorney client agreement or fee payment records because Defendant Muszynski is using Mr. Rivera (as counsel for Buhosabio and Glo-Jet) as a stalking horse to participate in this case despite the outstanding contempt order against him. *See* Doc. #368.

### vi.  Glo-Jet' fees on behalf of other parties such as Mr. Keesee in his personal capacity should not be awarded.

76.     Plaintiffs object to an award of fees to Glo-Jet for Work performed on other matters. *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *ACLU v. Barnes*, 168 F.3d 423, 429 (11th Cir. 1999); *Maner v. Linkan LLC*, 602 F. App'x 489, 491 (11th Cir. 2015) citing *Hensley* at 1941 ("The district court also has the discretion to exclude work performed on unrelated actions"). Plaintiffs object to an award of fees to Glo-Jet for time its counsel spent representing Mr. Keesee in connection with the subpoena (1/19, 1/23 and 1/30/2023 charges).  Glo-Jet's counsel indicated that representation of Mr. Keesee individually would be separate from Glo-Jet.  *See* Decl. of Culpepper at 78; Doc. #389-1.  Accordingly, he cannot now turn around and argue that his representation of Mr. Keesee is also part of his representation of Glo-Jet.

### 7. Glo-Jet's fees for wasteful and unnecessary work should be reduced.

77.     Plaintiffs object to a fee award for work that was wasteful and or unnecessary.  *See Hepsen v. J.C. Christensen & Assocs., Inc.*, 394 F. App'x 597, 600 (11th Cir. 2010) (affirming

reduction of fees by 50% across the board due to "a number of examples of redundant, excessive, or vague entries"). Plaintiffs object to any award of fees for Glo-Jet's blitzkrieg of wasteful and useless motions it filed such as #374 (Motion for Sur-Reply), #379 (Motion to Withdraw) and #412 (Motion for Summary Judgment). It should be noted that Glo-Jet filed the Motion for Summary Judgment [Doc. #412] after the Court had dissolved the Writs and the Court denied it in a paperless order. Glo-Jet's fees for filings #374 (Motion for Sur-Reply), #379 (Motion to Withdraw), #384 (Motion to Dissolve Writ), and #412 (Motion for Summary Judgment) should also not be awarded because these motions were denied by the Court. *See Hensley*, 461 U.S. at 440, 103 S. Ct. at 1943 (1983). Glo-Jet should not be awarded for "its attorneys squandered time on meritless issues." *Circuitronix, LLC v. Shenzen Kinwong Elec. Co.*, No. 20-11413, 2021 U.S. App. LEXIS 35124, at *5-6 (11th Cir. Nov. 29, 2021) (citing *Hensley*, 461 U.S. at 435 in support).

### vii.   Glo-Jet fees should be offset by Plaintiffs fees because Glo-Jet failed to negotiate in good faith.

78.   Plaintiffs object to an award of attorney's fees because Glo-Jet refused to engage in reasonable settlement discussions. *See Fortgang v. Pereiras Architects Ubiquitous LLC*, No. CV163754ADSAYS, 2018 U.S. Dist. LEXIS 40359, (E.D.N.Y. Mar. 9, 2018) ("Rule 408 does not bar consideration of settlement discussions in the context of determining whether attorneys' fees are appropriate...") Glo-Jet's officer Mr. Keesee's gross negligence caused Plaintiffs to incur substantial time and fees due to its default. *See Saperstein v. Palestinian Auth.*, No. 04-20225-CIV, 2008 U.S. Dist. LEXIS 110375, 2008 WL 4467535, at *16 (S.D. Fla. Sept. 29, 2008) (noting that in exercising its discretion to set aside a default, courts have inherent authority to impose a reasonable condition on the vacatur, including awarding reasonable attorneys' fees, to avoid undue prejudice to the non-defaulting party); *see also Serv. Emps. Int'l Union Nat'l Industry Pension Fund v. Hamilton Park Health Care Ctr., Ltd*, 304 F.R.D. 65, 71-72 (D.D.C. 2014) (finding that in exercising its discretion to set aside a default the most common condition courts impose "is that the defendant reimburse the plaintiff for costs—typically court costs and attorney's fees—incurred because of the default"). Plaintiffs offered to consent to setting aside the default if Garnishee reimbursed their attorneys' fees in connection with entering default, filing the motion for default judgment and attending the evidentiary hearing but Glo-Jet refused. Plaintiffs incurred over $20,000 in billable fees prior to Mr. Rivera beginning his blitzkrieg of wasteful motions. Yet, as shown by Mr. Rivera's time entry at 1/18/2023, Glo-Jet refused to engage in any negotiations. Should the Court be inclined to award Glo-Jet's fees, the amount should be offset by Plaintiffs'

fees of $20,000 in connection with the entry of the default.

### viii.  Glo-Jet fees for motions filed in violations of meet and confer requirement should be reduced.

79.     Plaintiffs object to an award of fees in connection with any motion for which Glo-Jet failed to properly meet and confer with Plaintiffs' counsel prior to preparing the document to avoid taxing court resources.  Particularly, Plaintiffs object to an award of fees in connection with the motion for extension of time [Doc. #336].  Glo-Jet's counsel Mr. Rivera filed the motion for extension [Doc. #336] on 6:13 AM (Hawaii Time) less than 1.5 hours from which he emailed the undersigned and his co-counsel at 4:50 AM to "meet and confer".   The certification in Mr. Rivera-Fernandez's motion that he "made reasonable efforts to confer with all parties or non-parties who may be affected by the relief sought" was plainly false.

80.     Plaintiffs also object to any award of fees for Glo-Jet's Motions to Vacate Default [Doc.#331]; to Dissolve the Writs [Doc. #384] and for Summary Judgment [Doc. #412], Motion for Sur-Reply [Doc. #374] and Petition for Leave to Withdraw and Refile [Doc. #379] since these motions were filed without first meeting and conferring with Plaintiffs.  Glo-Jet's counsel's tactics of sometimes emailing drafts (of Docs. ##374 and 379) of his motion to Plaintiffs does not satisfy the meet and confer requirement.

### ix.  Glo-Jet's fees that are block billed should be reduced.

81.     Block Billing is defined as "the practice of including multiple distinct tasks within the same time entry."  *Ovalle v. Perez*, No. 16-CV-62134, 2017 U.S. Dist. LEXIS 186494, at *9 (S.D. Fla. Nov. 9, 2017).  Plaintiffs object to an award of fees to Glo-Jet for which its counsel engaged in block billing.   For those entries for which a description is not redacted, Mr. Rivera makes extensive use of block billing.  On 12/14/2022, Mr. Rivera describes research and drafting of answer.  On 12/28/2022, he describes <u>10 hours</u> for drafting of reply and affidavits.  Because of Mr. Rivera's extensive use of block billing, Plaintiffs cannot evaluate the reasonableness of the charges.

### x.  More than $21,000 dollars for just moving to vacate a default is an unreasonable charge.

82.     The amount requested by Glo-Jet for a simple task is unreasonable.  For context, Glo-Jet's counsel has charged more than half of what a different Court awarded Plaintiffs' counsel for successfully arguing for a Temporary Restraining Order, Preliminary Injunction, Default Judgment and conducting extensive discovery entailing studying thousands of entries in excel spreadsheets.  *See* Decl. of Culpepper at ¶47.  If Glo-Jet had simply met and conferred with

Plaintiffs' counsel's and been forthright in Mr. Keesee's relationship with Muszynski, the Writs could have been dissolved earlier without burdensome motion practice. *See* Id. at ¶97. Glo-Jet's fees for such a simple task are unreasonable.

### xi.  Glo-Jet's counsel's hourly rate should be reduced to $200.

83.     Glo-Jet's counsel has less than half the years of experience of Plaintiffs' counsel, yet he asserts an hourly rate that is 75 percent of Plaintiffs' counsel. An hourly rate of $200 is more in line with Mr. Rivera's experience. *See* Id. at ¶97.

### xii.  Glo-Jet should not be awarded fees on fees.

84.     An application for attorney's fees "should not result in a second major litigation." *Hensley*, 461 U.S. at 437 (1983). Per Glo-Jet's purported invoice, $900 was charges for "motion for costs and attorneys [*sic*] fees". Plaintiffs object to a fee award for preparation of Glo-Jet's motion for a fee award because §77.28 does not authorize an award of fees on fees. Glo-Jet cites the case of *State Farm Fire & Cas. Co. v. Palma*, 629 So. 2d 830 (Fla. 1993) for the position that it entitled to fees on fees. *See* Mot. at ¶26. Initially, Plaintiffs object to this argument because Glo-Jet did not include it in the draft motion it sent to Plaintiffs' counsel as required by L.R. 7.3 (see above discussion). Rather, Glo-Jet added it to try to preempt this argument that was in Plaintiffs' objections. Nonetheless, as Glo-Jet itself concedes, *State Farm Fire & Cas. Co.* (1) dealt with §627.428(1) rather than §77.28. There is an important difference with §77.28 because §627.428(1) "clearly provides that attorney's fees shall be decreed against the insurer when judgment is rendered in favor of an insured or when the insured prevails on appeal." *State Farm Fire & Cas. Co.*, 629 So. 2d at 832 (Fla. 1993). Plaintiffs are not Glo-Jet's insurer. Further, as argued above, there is no judgment in Glo-Jet's favor. Also conceded by Glo-Jet, *State Farm Fire & Cas. Co.* (2) only provides for attorney's fees for entitlement, not for litigating the amount of fees. Due to Glo-Jet's counsel's propensity for block billing, he did not separate the amount of charges for entitlement and those for setting forth the amount of fees.

### xiii.  Glo-Jet should not be awarded fees for unverified time keeper.

85.     As discussed above, Glo-Jet failed to serve Plaintiffs with an affidavit verifying the purported time of Mr. Rivera. Even the first and second affidavits of Mr. Rivera fail to verify the time. *See* Docs. ##438-2, 438-3. At best, in the first affidavit, Mr. Rivera states the time records represent a reasonable rate but he fails to state that they are true and accurate charges to verify the charges. *See* Doc. #438-2 at ¶8.

**f.   Glo-Jet §1927 fee motion against Plaintiffs' counsels should be denied for failing to show vexatious conduct that multiplied the proceedings.**

86.     Because §1927 only applies to unnecessary filings after the lawsuit has begun, Glo-Jet was obligated to point to specific filings that showed unreasonable and vexatious conduct that multiplied the proceedings after the Writs of Garnishments were issued. *Macort*, 208 Fed. App'x. at 786 (11th Cir. 2006).  Besides merely reciting the §1927 standard, Glo-Jet has at best only provide two examples of what it purports to be bad faith vexatious conduct: (1) "filing motion after motion creating undue burden and expense even when admonished that they actions clearly went against the established precedent of *Solaroll*"; and (2) serving Garnishee's attorney with a motion for sanctions only to later have it withdrawn demonstrating its frivolity and implausibility".  Mot. at pp. 9-10.

87.     Regarding (1), Glo-Jet did not bring up *Solaroll* or present any evidence in support of its motion until its Reply Brief [Doc. #44].  Plaintiffs only filed <u>one</u> substantive additional motion – to strike Glo-Jet's reply brief for improperly waiting until the Reply Brief to cite *Solaroll* and present evidence.  *See* Plaintiffs' Motion to Strike [Doc. #350].  By Glo-Jet's strategy of waiting until its Reply Brief to present its evidence and legal arguments, Glo-Jet robbed Plaintiffs of the opportunity to argue that (i) the factual findings based upon evidence presented during the noticed evidentiary hearing stand despite *Solaroll*; (ii) the evidentiary hearing was the trial where Glo-Jet failed to appear so the default judgment was consistent with *Solaroll*; and (iii) that Glo-Jet had just made a mere general denial of liability in the proposed Garnishee Answer just like the general denial that was rejected as an unmeritorious defense in *Solaroll*.  Plaintiffs were punished for complying with the rules by not attempting to sneak these arguments in their motion to strike and Glo-Jet was rewarded for violating local rules.  Although the Motion to Strike was denied, in the Order [Doc. #383], the Court explicitly noted that it would not consider the new arguments except for *Solaroll*.  Order at FN1.  Therefore, the Motion to Strike was not "so egregious that it is 'tantamount to bad faith.'" *Amlong & Amlong*, 500 F.3d at 1239 (11th Cir. 2007).  Besides the Motion to Strike, the only other filed motion was Plaintiffs' motions for extensions of time [Docs. ##377, 381] to oppose Glo-Jet's wasteful and useless "motion after motion" such as #374 (Motion for Sur-Reply) and #379 (Motion to Withdraw).  Glo-Jet even filed a Motion for Summary Judgment [Doc. #412] *after the Writs had been dissolved*.  *See* Order [Doc. #413].  If anyone is guilty of multiplying these proceedings, it is Glo-Jet's counsel.

88.     Regarding (2), Glo-Jet incorrectly states that Plaintiffs withdrew the motion for

sanctions because of its "frivolity and implausibility". Mot. at p. 8. Not so. Plaintiffs' counsel only withdrew the sanction motion after a professional telephone conversation between lawyers where Glo-Jet's counsel alluded that Mr. Keesee may have done some things in his personal capacity rather than as an officer of Glo-Jet. Accordingly, Plaintiffs' counsel decided it would be counterproductive to proceed with the sanctions motion. *See* Decl. of Culpepper at ¶77. Glo-Jet has not countered the arguments in the sanctions motion such as the patently false statement that Mr. Keesee contacted Plaintiffs' counsels multiple times and left messages or that Mr. Keesee has no experience in legal affairs. Even in Mr. Keesee's affidavit in the Reply Brief he backed down from asserting he made multiple calls and left messages to just saying he "decided to call Plaintiffs' Attorney. However, upon receiving a no answer, my suspicions as to the potential scam was confirmed." Doc. #344-1 at ¶8. Accordingly, the arguments in Plaintiffs sanctions motion were correct. Moreover, Glo-Jet argued in its Motion for leave to Withdraw and refile in the alternative ECF Nos. 331 and 334 [Doc. #379] that it wished to *take advantage of the safe harbor* provided by the withdrawn sanction motion and withdraw and/or amend the very Motion [Doc. #331] complained of in the sanctions motion. Glo-Jet cannot plausibly argue that the sanctions motion was frivolous when it filed papers to withdraw the document based upon this very sanctions motion. Moreover, §1927 does not apply to merely frivolous documents, but rather to conduct which multiplies the proceedings that is "so egregious that it is 'tantamount to bad faith.'" *Amlong & Amlong P.A.*, 500 F.3d at 1239 (11th Cir. 2007).

89.    Indeed, the substance of the sanctions motion was further proven true when Mr. Keesee finally disclosed the 6-13-2021 Muszynski document evidencing Glo-Jet's relationship with Mr. Muszynski and completely contradicting Mr. Keesee's declaration [Doc. #344-1] on Feb. 28, 2023 (two days before the hearing on Mr. Keesee's objection) and after the Writs were dissolved. Further, it is contradictory to accuse Plaintiffs' counsel of vexatiously multiplying the proceedings by *withdrawing* a document which by nature subtracts from the proceedings. Nonetheless, since the sanction motion was never filed, it is not an "unnecessary filings after the lawsuit has begun" that is applicable to §1927. *Macort*, 208 Fed. App'x. 786 (11th Cir. 2006). Further, Plaintiffs' counsel cannot multiply the proceedings by withdrawing a document. *See Daniels v. Sodexo, Inc.*, 2013 U.S. Dist. LEXIS 109485, 2013 WL 4008744, at *7 (M.D. Fla. Aug. 5, 2013) (citing *Peterson*, 124 F.3d at 1396) (*"*The second requirement, relating to multiple proceedings, is only satisfied when an attorney's conduct "results in proceedings which would not

24

have been conducted otherwise.""").  On the other hand, it is Glo-Jet that this Court noted has "…unnecessarily taxed Court resources".   Order [Doc. #383] at pg. 7.

90.     Glo-Jet has failed to provide any example of Plaintiffs' counsels multiplying these proceedings vexatiously and unreasonably.  Accordingly, Glo-Jet's motion for attorney's fees under §1927 against Plaintiffs' counsels should be denied.  However, should the Court be inclined to grant the §1927 Motion, the award should only be against Culpepper IP, LLLC and Kerry Culpepper since SRIP Law and Joel Rothman merely served as local counsel. *See* Decl. of Culpepper at ¶¶3 and 49.

**g.  Glo-Jet §1927 fee motion should be denied for failing to show a nexus between any vexatious conduct and excess charges**

91.     Glo-Jet, as the movant, had the burden to show a nexus between the purported vexations conduct and excess charges but completely failed to do so.  *See Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997).  At best, referring to Glo-Jet's counsel's purported invoice for litigation, the only charges related to the sanctions motion are the 1/9/2023 charge of $300 for reviewing the motion and the 1/10/2023 of $450.  Plaintiffs again emphatically point out that the sanctions motion was not frivolous and that Glo-Jet conceded to this effect by arguing in its own Motion that it should be able to withdraw the complained of document based upon *the safe harbor* provided by the withdrawn sanction motion.   Nonetheless, should the Court be inclined to grant this motion, at most Glo-Jet should be awarded is $300 for the 1/6/2023 charge since the 1/10/2023 charge of $450 was block billed with two items (motion to withdraw under Rule 11 and motion to withdraw under Rule 15).  Block billing is defined as "the practice of including multiple distinct tasks within the same time entry." *Ovalle v. Perez*, No. 16-CV-62134, 2017 U.S. Dist. LEXIS 186494, at *9 (S.D. Fla. Nov. 9, 2017).

**h.  Glo-Jet's §1927 fee motion should be denied for failing to comply with L.R. 7.3.**

92.     As discussed above, Glo-Jet has completely failed to comply with L.R. 7.3.

**i.  Table of Proposed Reductions**

| Objection | Amount to be Reduced |
|---|---|
| Vague - Unsupported by Billing Statements/Lacks Particularity/Redactions | $2130 |

| | |
|---|---|
| Non-Glo-Jet client (Keesee in personal capacity) | $390 |
| Excessive | $7500 |
| Block Billing | $2100 |
| Time Keeper not Verified | $21,180 |
| Paralegal (motions for extension) | $1050 |
| Fees on Fees | $900 |
| Motion to Set Aside [Doc. #331] (failed to meet and confer prior to filing) | $2750 |
| Reply [Doc. #344] (improperly included new evidence) | $9500 |
| Reply [Doc. #344] (Excessive – over $9000 for only 15 pages of legal arguments, reduce to 1 hour per page of the relevant pleading. *See Korman v. Iglesias*, No. 18-21028-CV, 2019 U.S. Dist. LEXIS 59185, at *12-13 (S.D. Fla. Apr. 4, 2019) | $4500 |
| Motion for Sur-Reply [Doc. #374] (Wasteful and Excessive) | $900 |
| Motion to Dissolve [Doc. #384] (Failure to meet and confer with Plaintiffs' counsel prior to filing) | $1200 |
| Motion for Summary Judgment [Doc. #412] (wasteful and unnecessary since Writs already dissolved; failure to meet and confer with Plaintiffs' counsel) | $900 |
| Motion for costs and attorney's fees (objection based upon fees on fees) | $900 |

      **j.**   **Glo-Jet's Motion for costs should be denied.**

     93.    Glo-Jet has failed to provide a bill of costs or any evidence of taxable costs as required by L.R. 7.3(c). Accordingly, Glo-Jet's motion for costs should be denied.

**V.**      **CONCLUSION**

     94.    As explained above, Glo-Jet fee motion flagrantly violates L.R. 7.3, fails to set forth any judgment in its favor that supports attorney's fees as required by §77.28 of Florida statutes and Fed. R. Civ. P. 54(d)(2) and does not even begin to satisfy the exacting standard of §1927.

Accordingly, its fee motion against Plaintiffs and Plaintiff's counsel should be denied.


DATED:  April 5, 2023                     Respectfully submitted,


                                          */s/ Joel B. Rothman*
                                          JOEL B. ROTHMAN
                                          Florida Bar No. 98220
                                          joel.rothman@sriplaw.com

                                          **SRIPLAW**
                                          21301 Powerline Road, Suite 100
                                          Boca Raton, FL 33433
                                          561.404.4350 – Telephone
                                          561.404.4353 – Facsimile

                                          And

                                          Kerry S. Culpepper
                                          *Admitted pro hac vice*
                                          **CULPEPPER IP, LLLC**
                                          75-170 Hualalai Road
                                          Suite B204
                                          Kailua-Kona, HI  96740
                                          808.464.4047 – Telephone
                                          kculpepper@culpepperip.com

                                          *Attorney for Plaintiffs*

27

## CERTIFICATE OF SERVICE

I hereby certify that on the below date, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served on this day on all those identified on the Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

DATED: April 5, 2023

/s/ *Joel B. Rothman*
JOEL B. ROTHMAN
Florida Bar No. 98220
joel.rothman@sriplaw.com

**SRIPLAW**
21301 Powerline Road, Suite 100
Boca Raton, FL 33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

And

CULPEPPER IP, LLLC

Kerry S. Culpepper
Virginia Bar No. 45292
Hawaii Bar No. 9837
CULPEPPER IP, LLLC
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawai'i 96740