UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

Case No.: 21-cv-20862-BLOOM/Otazo-Reyes

MILLENNIUM FUNDING, INC., et al.,

    Plaintiffs,

vs.

1701 MANAGEMENT LLC, et al.,

    Defendants,

_____

**PLAINTIFFS' SECOND RENEWED MOTION FOR ORDER TO SHOW CAUSE HEARING WHY JUDGMENT DEBTORS SHOULD NOT BE HELD IN CIVIL CONTEMPT FOR VIOLATING THE JAN. 24, 2023 ORDER AND THE APRIL 11, 2023 ORDER; MOTION FOR STANDING ORDER**

Plaintiffs/Judgment Creditors MILLENNIUM FUNDING, INC., VOLTAGE HOLDINGS, LLC, AMBI DISTRIBUTION CORP., AFTER PRODUCTIONS, LLC, AFTER II MOVIE, LLC, MORGAN CREEK PRODUCTIONS, INC., MILLENNIUM FUNDING, INC., BEDEVILED LLC, MILLENNIUM MEDIA, INC., COLOSSAL MOVIE PRODUCTIONS, LLC, YAR PRODUCTIONS, INC., FSMQ FILM, LLC, FW PRODUCTIONS, LLC, MILLENNIUM IP, INC., I AM WRATH PRODUCTION, INC., KILLING LINK DISTRIBUTION, LLC, BADHOUSE STUDIOS, LLC, LF2 PRODUCTIONS, INC., LHF PRODUCTIONS, INC., VENICE PI, LLC, RAMBO V PRODUCTIONS, INC., RUPTURE CAL, INC., MON, LLC, SF FILM, LLC, SPEED KILLS PRODUCTIONS, INC., MILLENNIUM IP, INC., NIKOLA PRODUCTIONS, INC., WONDER ONE, LLC, BODYGUARD PRODUCTIONS, INC., OUTPOST PRODUCTIONS, INC., GLACIER FILMS 1, LLC, DEFINITION DELAWARE LLC, HANNIBAL CLASSICS INC., JUSTICE EVERYWHERE PRODUCTIONS LLC, STATE OF THE UNION DISTRIBUTION AND COLLECTIONS, LLC, PARADOX STUDIOS, LLC, DALLAS BUYERS CLUB, LLC, HITMAN TWO PRODUCTIONS, INC., SCREEN MEDIA VENTURES, LLC and 42 VENTURES, LLC (collectively "Plaintiffs"), move this honorable Court to schedule an Order for Show Cause Hearing why Defendants/Judgment Debtors 1701 Management, LLC ("1701"), Charles Muszynski ("Muszynski"), and AUH2O LLC ("AUH2O") (collectively: "Judgment Debtors") should not be

held in contempt of court for failing to comply with: (1) this Court's Order of Jan. 24, 2023 adopting the Report and Recommendation [Doc. #322] that Judgment Debtors each be fined $500/day (*see* Order [Doc. #368]); and (2) this Court's Order of April 11, 2023 ordering that Muszynski "shall serve on Plaintiffs: a fully completed Form 1.977 for himself: a fully completed Form 1.977 for AUH20 in his capacity as its manager; …full responses without objections to the pending Request for Production directed at him…" (Order [Doc. #457]) and for a Standing Order to Show Cause.

This motion is pursuant to the Court's Order [Doc. #265] of Aug. 26, 2022, Order [Doc. #368] of Jan. 24, 2023, Order [Doc. #457] of April 11, 2023, 28 U.S.C §1651(a) (The All Writs Act), Fed. R. Civ. P. 26, 37 and 69 and this Court's inherent authority to enforce its orders.

## I.     PRELIMINARY STATEMENT

1. Neither the Jan. 24, 2023 Order fining each of Judgment Debtors $500/day until Muszynski submitted the completed Forms 1.977 nor the April 11, 2023 Order ordering Defendant to *fully complete* the Forms 1.977 and serve *full responses* to Request for Productions under threat of incarceration persuaded Muszynski to cease his contemptuous activities.  In the contrary, he has expanded his wrongful conduct by explicitly stating his intent *not* to answer certain questions that will reveal his control over certain trusts to hinder enforcement of this Court's money judgment against him.  His continued and expanded conduct (on behalf of himself and AUH2O and 1701 as these entities officer) can only be interpreted as a total and intentional disregard for the authority of this Court and the validity of its Orders, especially given the clarity of the Court's statement on April 11, 2023 warning Muszynski not to play games.  It is now abundantly clear that only the full weight of the Court's coercive power can compel Muszynski to comply with the Court's Orders.

## II.    FACTUAL BACKGROUND

2. On March 28, 2022, this Court granted Plaintiffs' motion for default judgment and awarded a money judgment of $15,172,403.00 in favor of Plaintiffs and against 1701, Muszynski, and AUH2O.  *See* Doc. #213.

3. Muszynski is an officer of 1701 and AUH2O.  *See* Id. at ¶10; Doc. #406-1 at pg. 6.

4. The money judgment is valid and remains unsatisfied.  *See* Decl. of Kerry Culpepper at ¶3.

5. On Dec. 12, 2022, Magistrate Judge Alicia M. Otazo-Reyes issued a Report and Recommendation ("R&R") [Doc. #326] recommending that Judgment Debtors be held in civil contempt and that a fine of $500/day be imposed upon each of the Judgment Debtors until they

purge themselves of the contempt by completing Forms 1.977.

6. On Dec. 30, 2022, Plaintiffs filed an *Ex Parte* Application for a worldwide temporary asset freeze of the assets of Muszynski and AUH2O in The Eastern Caribbean Supreme Court St. Christopher and Nevis Circuit Court. *See* Doc. #360-18.

7. On Jan. 19, 2023, the Nevis Circuit Court granted Plaintiffs' application and ordered a worldwide asset freeze ("Nevis Worldwide Asset Restraint") of AUH2O and Muszynski's assets that was dated Jan. 18, 2022. *See* Doc. #360-4.

8. On Jan. 20, 2023, Plaintiffs served First Interrogatories on Judgment Debtors via ordinary mail to their last address and email to Muszynski's prior counsels Gartenlaub and Mockler. *See* Doc. #466-1 at pg. 6.

9. On Jan. 24, 2023, the Court issued the Order [Doc. #368] adopting the R&R and imposing the fine of $500/day until the Judgment Debtor purged themselves of the contempt.

10. On Jan. 25, 2023, Magistrate Judge Alicia M. Otazo-Reyes ordered that "Within ten (10) days from the date of this Order, Judgment Debtors SHALL respond without objections to Plaintiffs' Request for Production and serve responsive documents on Plaintiffs' counsel…[and] Charles Muszynski SHALL provide Plaintiffs' counsel with the location and time when he will be available for an in-person deposition." Order [Doc. #371].

11. On Feb. 3, 2023, in the Nevis parallel action, Muszynski filed an Account of Assets of AUH2O admitting that he is the manager of AUH2O and disclosing AUH2O's managers. *See* Doc. #406-1 at pg. 6.

**REGISTER OF MEMBERS OF AUH20, LLC**

| Member's Name | Member's Address | Percentage Membership Interest | Appointed M/D/Y | Resigned M/D/Y |
|---|---|---|---|---|
| SOUTHPAC TRUST NEVIS LIMITED, as Trustee of F. A. Hayek Irrevocable Settlement | PO Box 681, Hunkins Plaza, Main Street, Charlestown, Nevis | 100% | 28/02/2020 | 13/06/2022 |
| Barrett Venture Holdings LLC, as Trustee of F. A. Hayek Irrevocable Settlement | The Provident House, Central Government Road, Charlestown, Nevis | 100% | 13/06/2022 | |

12. On Feb. 9, 2023, this Court issued a preliminary injunction restraining Judgment

3

Debtors and entities under their control from *inter alia* dissipating assets worldwide. *See* Doc. #399 ("US Worldwide Asset Restraint").

13. On Feb. 13, 2023, the Nevis Circuit Court issued an order varying the Nevis Worldwide Asset Restraint to permit Mr. Muszynski to withdraw EC$1,250 per week and a lump sum of US$3,122.01.

> **IT IS HEREBY ORDERED THAT:**
>
> 1. The world-wide freezing Order dated 12 January 2023 is varied to provide that:
>
>    a. The 2nd Respondent is permitted the lump sum payment of EC$1,250.00 per week from his account number ending in 389 at the Bank of Nevis for personal living expenses and reasonable amounts for legal advice and representation; and
>
>    b. The 2nd Respondent is permitted the lump sum payment of US$3,122.01 from his account number ending in 389 at the Bank of Nevis to facilitate the payment of monies due and owing on his credit card ending in 7725.

14. On March 31, 2023, the Nevis Circuit Court issued an order varying the Nevis Worldwide Asset Restraint to permit Mr. Muszynski to withdraw $920 for payments to his credit card.

> **IT IS HEREBY ORDERED THAT:**
>
> 1. The Parties are permitted to file further affidavits on or before 27 March 2023.
>
> 2. The Parties are permitted to file further skeleton arguments on or before 27 March 2023.
>
> 3. The world-wide freezing Order dated 12 January 2023 and varied by order dated 3 February 2023 is further varied to provide that the 2nd Defendant is permitted the lump sum payment of US$920.00 from his account number ending in 389 at the Bank of Nevis together with the sums for reasonable bank charges to facilitate the payment of monies due and owing on his credit card ending in 7725 towards the payment of his health insurance policy.
>
> 4. The world-wide freezing Order is continued until the Court delivers its judgement on the Defendants' Notice of Application.
>
> 5. The issue of costs is reserved.

15. On April 3, 2023, the Nevis Circuit Court denied Muszynski and AUH2O's application to discharge the Nevis Worldwide Asset Restraint and ordered him to pay Plaintiffs'

costs. *See* Doc. #452-2. As of the date of this filing, Muszynski has refused to pay Plaintiffs' costs per the Nevis Order. *See* Culpepper Decl. at ¶20.

16. On April 11, 2023, Magistrate Judge Alicia M. Otazo-Reyes Ordered that Muszynski "shall serve on Plaintiffs: a fully completed Form 1.977 for himself: a fully completed Form 1.977 for AUH2O in his capacity as its manager; …full responses without objections to the pending Request for Production directed at him…" Order [Doc. #457].

17. On April 21, 2023, Muszynski filed a Response [Doc. #464] that purported to include completed Forms 1.977 on behalf of AUH2O, 1701 and himself that included numerous deficiencies. For AUH2O, Muszynski did not disclose the shareholder, member, or partner owning more than 5 percent; meeting minutes; and resolutions. For 1701, Muszynski did not answer question number five concerning bills of sales 12 months prior to filing of the lawsuit. For himself, Muszynski did not disclose names and address of Trustee(s) and details such as amounts received from Trustee(s) from past 3 years. *See* Culpepper Decl. at ¶6.

18. On April 22, 2023, Plaintiffs' counsel emailed Muszynski to meet and confer concerning: (a) the above deficiencies in the Forms 1.977; (b) transactions in his bank statement that showed that he was not complying with the worldwide asset restraint; and (c) Muszynski's failure to answer interrogatories [Doc. #466-1] served on his prior counsels and him on Jan. 20, 2023. *See* Exhibit "A".

19. On April 24, 2023, Plaintiffs filed a notice of hearing [Doc. #466] for May 12, 2023 on a discovery dispute concerning Muszynski's failure to answer the interrogatories [Doc. #466-2] and fully respond to the Second Requests for Production of Documents [Doc. #466-3]. *See* Doc. #466.

20. On April 24, 2023, after the notice [Doc. #466] was filed and served on Muszynski by email, Muszynski emailed Plaintiffs' an Updated Response that included as exhibits a purported completed Form 1.977 on behalf of 1701 and a forged letter from Robert Z. Cashman, Esq (of Texas) to Magistrate Judge Alicia M. Otazo-Reyes[1]. *See* Exhibit "B".

21. In the Updated Response, Muszynski refused to disclose the shareholder, member, or partner owning more than 5 percent; meeting minutes; and resolutions, name and address of

---

[1] Plaintiffs' Counsel Kerry Culpepper exchanged emails with Mr. Cashman regarding this letter. Mr. Cashman stated that this was a policy letter he prepared over 10 years ago but that he "had nothing wrong with people copying or editing that letter over the years and sending it on their own letterhead as if they wrote the letter." Culpepper Decl. at ¶14.

Trustee(s) and details such as amounts received from Trustee(s) from past 3 years or the laws(s) in Nevis that prevent him from making this disclosure and instead stated that Plaintiffs' counsel should determine such information himself. ("…Nevis public records for the Nevis Island Administration for trust and company registration are also available. Culpepper has had since January of last year, a law firm in Nevis that can also provide guidance on these questions…"

22. On April 25, 2023, Muszynski emailed Plaintiffs' counsel a document entitled RESPONSE TO ELECTRONIC FILING #466 OBJECTION TO PLAINTIFF'S REQUEST FOR INTERROGATORIES OBJECTION TO HEARING DATE OF MAY 12, 2023 ("Response") in which he clearly states he will not respond to the interrogatories because it was not included in the April 11, 2023 Order. *See* Exhibit "C".

### III.  LEGAL STANDARD

23. Fed. R. Civ. P. 69(a)(2) states that "In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person….as provided in these rules…"

24. Fed. R. Civ. P. 26(b) states that "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

25. Fed. R. Civ. P. 37(b)(2)(A) provides that if a party or a party's managing agent fails to obey an order or provide discovery, the Court may issue a just order.  Rule 37(b)(2)(A)(vii) provides "treating as contempt of court the failure to obey any order.." as an example of a just order.

26. The Supreme Court has long recognized the power of the district courts to enforce judgments and decrees. *See Riggs v. Johnson County*, 73 U.S. 166, 187, 18 L. Ed. 768 (1867).

27. "The District Court's power to find [a party] in civil contempt for disobeying the Court's orders stems from the Court's inherent power to enforce compliance with its lawful orders." *Casino Royale, LLC v. Fittipaldi Industria Nautica Ltd a*, No. 13-21891-CIV, 2017 U.S. Dist. LEXIS 23356, 2017 WL 10775240, at *3 (S.D. Fla. Feb. 16, 2017), *report and recommendation adopted sub nom. Casino Royale, LLC v. Fittipaldi Industria Nautica Ltda.*, No. 1:13-CV-21891-

UU, 2017 U.S. Dist. LEXIS 231235, 2017 WL 10775239 (S.D. Fla. Mar. 8, 2017) (citing *United States v. Barnette*, 129 F.3d 1179, 1182 n. 7 (11th Cir. 1997)). "To find contempt, there must be clear and convincing evidence that: (1) the allegedly violated order was valid and lawful; (2) the order was clear, definite and unambiguous; and (3) [*3] the alleged violator had the ability to comply with the order."

### IV.    ANALYSIS

#### A. The Court's orders were valid, lawful, clear, definite and unambiguous.

28.  This Court's Order of Jan. 24, 2023 fining Defendants $500/day (*see* Order [Doc. #368]) was clear, definite and unambiguous.

29.  This Court's Order of April 11, 2023 ordering that Muszynski "shall serve on Plaintiffs: a fully completed Form 1.977 for himself: a fully completed Form 1.977 for AUH20 in his capacity as its manager; …full responses without objections to the pending Request for Production directed at him…" (Order [Doc. #457]) was clear, definite and unambiguous.

#### B. Muszynski has the ability to comply with the Order.

30.  Muszynski attended the April 11, 2023 hearing. During the hearing, after being sworn in, he stated that he would fully complete the form. Yet now he attempts to rely on an unspecified law as the basis that he does not have to disclose information of the trustee(s) from which he receives funds and has even refused to disclose the specific citation of the law he is relying on. Muszynski's position is ludicrous. Firstly, his disclosure of the members of AUH2O in the parallel Nevis litigation contradicts his assertion that Nevis law prevents him from disclosing the members. *See* Doc. #406-1 at pg. 6. Secondly, Muszynski cannot assert a vague privilege for refusing to disclose information per Court order and refuse to even specify the basis of the privilege. Thirdly, Nevis law such as the Nevis Limited Liability Ordinance at best give Muszynski *the right* to keep certain information confidential but not any obligation or penalty for doing so. *See* Culpepper Decl. at ¶¶10-11.

31.  Muszynski has clearly stated his intent not to disclose the shareholder, member, or partner owning more than 5 percent; meeting minutes; and resolutions for AUH2O or the name and address of Trustee(s) and details such as amounts received from Trustee(s) from past 3 years on behalf of himself.

32.  Muszynski's bank statements and his own statements about his trusts make clear that he could pay the $500/day fine. For example, on Nov. 1, 2021, Muszynski sent Mr. Robert

7

Pola an email describing how he has organized all of his assets. Muszynski states that he has a bank account at "UBP" held directly by Dusko Popov Trust; a 105' yacht owned by Antilles; an entity EVKLeddihn that owns a Nevis LLC that owns a house; an entity F.A. Hayek owns AUH2O which owns 1701 Management LLC; an entity Solzhenitzyn owns the Puerto Rican LLC Buhosabio that is Wastewiser.com. *See* Ex. P-3 [Doc. #311-3].

```
> Robert:
>
> Under Dusko Popov:
>
> Antilles is an LLC that hold an LLC that owns a boat I'm trying to
> sell (105' MY);
>
> EVKLeddihn owns a Nevis LLC that owns a house;
>
> The account at UBP is held directly by Dusko Popov Trust
>
> Under F. A. Hayek:
>
> AUH2O holds the PR LLC called 1701 that has been abandoned - it used
> to own Liquid VPN but due to the DMCA action brought by the copyright
> troll - total loss
>
> Solzhenitzyn holds the PR LLC called Buhosabio that is Wastewiser.com - it's just starting the
> sales cycle and has produced its first monitor units for trial - Buhosabio's account is in Terry Lacy's
> name and SSN.
```

33. Muszynski attempts to portray himself as not having any funds when he lives in a home owned by a trust and has an account that receives tens of thousands of dollars. Notably, Muszynski applied for a variance from the Nevis Worldwide Asset Restraint to pay for his attorneys and living expenses. *See* Culpepper Decl. at ¶¶18-19. Muszynski's own bank statements show that he has the means to pay the $500/day fine on behalf of himself and AUH2O yet he has refused to even attempt to seek relief from this Court's Order (The US Worldwide Asset Restraint)[2].

34. Muszynski attended the hearing of April 11, 2023. Accordingly, there is no issue of notice of the Court's Orders. Rather, he just does not wish to comply so that he can continue to

---

[2] At this time, Plaintiffs are not seeking to hold Muszynski in contempt for using funds in violation of the US Worldwide Asset Restraint because it appears at this time that his withdrawals complied with at least the spirit of the variances granted by the Nevis Court for the Nevis Worldwide Asset Restraint.

conceal his assets.

### C. The Court should order that Muszynski be arrested and confined until he complies with the Court's orders.

35. Neither a multi-million dollar judgment or a $500/day fine has persuaded Muszynski to comply with Court Orders. Indeed, Muszynski only made an attempt to complete the Forms 1.977 when this Court threatened him with confinement. Accordingly, confinement of Muszynski will be the only means to coerce him to comply with the Court order.

### D. The Court should issue a standing order to show cause against Muszynski.

36. In addition to the foregoing, Muszynski's willful and repeated violations of this Court's Orders justify the entry of a standing order to show cause so that, rather than having repeatedly to file motions for orders to show cause hearings, Plaintiffs may simply file Notices of Hearings of Non-compliance with the Court identifying further violations of this Court's Orders. Muszynski (in his personal capacity and in his capacity as officer of 1701 and AUH2O) would than have a limited period (10 calendar days) to file paper under oath showing that he has complied with the Orders or explaining his non-compliance or why he was in compliance, or face further sanctions in accordance with the relief described above.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court order a show cause hearing why Judgment Debtors should not be held in contempt for failing to comply with this Court's orders.

DATED: April 26, 2023            Respectfully submitted,

*/s/ Joel B. Rothman*
JOEL B. ROTHMAN
Florida Bar No. 98220
joel.rothman@sriplaw.com

**SRIPLAW, P.A.**
21301 Powerline Road, Suite 100
Boca Raton, FL 33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

And

Kerry S. Culpepper
*Admitted pro hac vice*
**CULPEPPER IP, LLLC**
75-170 Hualalai Road
Suite B204
Kailua-Kona, HI  96740
808.464.4047 – Telephone
kculpepper@culpepperip.com

*Attorney for Plaintiffs*

10

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on <u>April 25, 2023</u> and by the methods of service noted below, a true and correct copy of the foregoing was served on Defendants 1701 MANAGEMENT LLC d/b/a LIQUIDVPN, AUH2O LLC, and CHARLES MUSZYNSKI a/k/a FREDERICK DOUGLAS.

| <u>Via First Class Mail</u> | <u>Via Airmail</u> | <u>Via Airmail</u> |
|---|---|---|
| Stolberg Law LLC<br>Agent for 1701 MANAGEMENT LLC<br>151 Calle de San Francisco<br>Suite 201<br>San Juan, PR 00901 | Southpac Trust Nevis Limited,<br>Agent for AUH2O LLC<br>Hunkins Plaza, PO Box 681<br>Main Street, Charlestown<br>NEVIS | CHARLES MUSZYNSKI<br>Post Office Box 1423,<br>Basseterre, St. Kitts & Nevis<br><br><u>Via E-mail</u><br>usfilefolder@protonmail.com |

DATED: April 26, 2023

                              */s/ Joel B. Rothman*
                              JOEL B. ROTHMAN
                              Florida Bar No. 98220
                              joel.rothman@sriplaw.com

                              **SRIPLAW, P.A.**
                              21301 Powerline Road, Suite 100
                              Boca Raton, FL 33433
                              561.404.4350 – Telephone
                              561.404.4353 – Facsimile

                              And

                              CULPEPPER IP, LLLC

                              Kerry S. Culpepper

                              Virginia Bar No. 45292
                              Hawaii Bar No. 9837
                              CULPEPPER IP, LLLC
                              75-170 Hualalai Road, Suite B204
                              Kailua-Kona, Hawai'i 96740