# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF FLORIDA

Case No.: 21-cv-20862-BLOOM/Otazo-Reyes

FILED BY_____ D.C.

MAY 1 0 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

MILLENNIUM FUNDING, INC., et al.,

    Plaintiffs,

vs.

1701 MANAGEMENT LLC, et al.,

    Defendants.

---

## DEFENDANTS' FOURTH REPLY AND OBJECTION TO PLAINTIFFS' REQUEST FOR STANDING ORDER AND OBJECTION TO PLAINTIFFS' SECOND RENEWED MOTION [DOC. #467] FOR ORDER TO SHOW CAUSE HEARING WHY JUDGMENT DEBTORS SHOULD NOT BE HELD IN CIVIL CONTEMPT FOR VIOLATING THE JAN. 24, 2023 ORDER AND THE APRIL 11, 2023 ORDER

## INTRODUCTION AND REVIEW

1. Debtors were ordered to complete Forms 1.977 FS presented last year on 26 August 2022 by this Court, including Muszynski, by 11 October 2022. (Doc. 265.)

2. On 7 November 2022, Plaintiff filed a Motion for Order to Show Cause Hearing Why Judgment Debtors Should Not be Held in Civil Contempt ("Motion"). (Doc. 295.)

3. Despite repeated representations in Plaintiffs' Motion that Richard Mockler, Esq., counsel for Muszynski, was still "counsel of record" and receiving pleadings, Plaintiffs failed to comply with Local Rule 7.1(a)(3) by conferring with Mockler before filing the Motion. Accordingly, the Motion does not contain a certificate of good faith conference. (*See generally* Doc. 295.)

4. Continued evidence of Plaintiffs' manifest abusive behavior in subsequent actions before the Court as detailed in Defendants' prior filings objecting and responding to Plaintiffs' most recent requests for "contempt".

5. Muszynski submitted Form 1.977 through his counsel, Mockler, prior to the hearing before Judge Otazo-Reyes. (Doc. 304.)

6. The form was not notarized, but as set forth in Muszynski's Affidavit attached hereto as *EXHIBIT 1*, Mockler indicated to Muszynski that he would take care of notarizing the Form.

7. Muszynski learned Mockler failed to notarized it as promised or to otherwise respond to the

Motion and Muszynski timely retained new counsel to address the failure to respond.

8. As more fully set for in his Affidavit, Muszynski in good faith sought to correct the contempt and address the Motion.

9. On 12 December 2022, Judge Otazo-Reyes entered a recommended finding of contempt against Muszynski for failure to complete the form and recommended a fine of $500 per day until completed.

10. In her Report and Recommendation, Judge Otazo-Reyas repeats Plaintiffs' references regarding "inaccuracies" in Muszynski's Form 1.977 but does not describe "inaccuracies" she observed or any cite any claimed with specificity by Plaintiffs.

11. Muszynski again completed and notarized Form 1.977 and submitted it to the Court, 21 April, 2023; *EXHIBIT 2.*

12. Culpepper failed to comply with local rules to meet and confer, and set the hearing unilaterally and without communication to Muszynski and before expiration of the deadline for response by Muszynski which the latter timely satisfied without objection from Plaintiffs.

## ARGUMENT AND INCORPORATED MEMORANDUM OF LAW

### 1. Lack of Civil Contempt

Muszynski acted with reasonable diligence within the scope of his knowledge of the status of these proceedings. Muszynski was originally unaware that his completed Form 1.977 was submitted without notarization, that his Form 1.977 did not cure any alleged prejudice resulting from the timing of its submission, or that the original contempt hearing was proceeding against him. It was therefore erroneous for the Court to recommend a finding of civil contempt against Muszynski.

"Civil contempt proceeding[s are] brought to enforce a court order that requires [a party] to act in some defined manner." *Mercer v. Mitchell*, 908 F.2d 763, 768 (11th Cir. 1990). **A petitioner "must [first] establish by clear and convincing evidence that the alleged contemnor violated [a] court's earlier order."** *United States v. Roberts*, 858 F.2d 698, 700 (11th Cir. 1988) (citation omitted). **"[I]f a party does not strictly comply with a court's order, it does not necessarily warrant a finding of civil contempt."** *Ruizdelatorre v. City of Miami Beach*, No. 06-21183-CIV-TORRES, 2007 WL 9702283, at *2 (S.D. Fla. Sept. 13, 2007). "Rather, a finding of contempt is found where a party fails to abide by a court's order if (1) the order is clear and unambiguous; (2) **proof of noncompliance is clear and convincing; and (3) the respondent has not been 'reasonably diligent and energetic in attempting to accomplish what was ordered.'"** *Id.* (quoting *Powell v. Ward*, 643 F.2d 924, 931 (2nd Cir.), *cert. denied*, 454 U.S. 832 (1981)).

2

Here, as more fully set out in Muszynski's Affidavit, Muszynski in good faith complies with the order and submitted a completed Form 1.977, but his preliminary compliance was prevented by the acts or omissions of his counsel, Mockler. First, Mockler represented he would take care of notarizing Muszynski's completed Form 1.977. Next, Mockler never informed Muszynski that a hearing was scheduled on the Motion and that the issue of alleged contempt was not resolved. Mockler also never responded to repeated attempts by Muszynski to contact him to determine the status of this matter.

Finally, unbeknownst to Muszynski, Mockler failed to submit a written response to Plaintiff's Motion or to appear at the 8 December 2022 hearing on the EFD #316. Muszynski was unaware that he remained in noncompliance with the Court's order to submit a complete and notarized Form 1.977 or that the 8 December hearing was proceeding against him. Contemporaneously with this Objection and in fulfillment of the Court's Order, Muszynski has submitted properly notarized, Complete Forms 1.977. While Muszynski's original, untimely submission in December of 2022 did not rise to a level warranting a finding of civil contempt, particularly in light of Muszynski's lack of knowledge and effective representation, Muszynski's provision of a complete (albeit unnotarized)
Form 1.977 on 29 November 2022, neither does Plaintiffs' claim of "incompleteness" merit civil contempt as Culpepper has provided no evidence to the contrary. *See Ruizdelatorre*, 2007 WL 9702283, at *3 (finding that 19-day delay in submitting answers to interrogatories did not warrant finding of civil contempt) (citing *SEC v. Lauer*, 2006 WL 2457671 (S.D. Fla. Jan. 24, 2006) (finding civil contempt for repeatedly failing to comply with Court's order for two and a half years) & *Piambino v. Bestline Prods., Inc.*, 645 F. Supp. 1210 (S.D. Fla. 1986) (finding civil contempt where attorneys failed to comply for court orders for well over a year)).

**Civil contempt is the "<u>willful disregard of the authority of the court</u>."** All Web Leads, Inc. v. D'Amico, No. 18-80571-CV-MIDDLEBROOKS, 2018 WL 6522167, at *2 (S.D. Fla. Nov. 9, 2018) (quoting Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1298 (11th Cir. 2002)) (emphasis added). The sanctioning of a party, as opposed to the party's counsel, **"requires specific findings that the party was aware of, and/or responsible for, the wrongdoing,"** Decorative Components Inc. v. ICON Computing Solutions, Inc., No. MC 1:12-00008-KD-C, 2012 WL 5398800, at *6 (S.D. Ala. Nov. 2, 2012) (quoting Meridith v. Great Wolf Lodge of Kansas City, LLC, No. 07-2529- DJW, 2008 WL 5109764, at *1 (D. Kan. Dec. 2, 2008)).

In this case, it cannot be said that Muszynski engaged in willful disregard of the Court's authority or that he (as opposed to Mockler) was responsible for the alleged wrongdoing and/or failure to

complete and return the Forms as ordered; he has repeatedly complied. Plaintiffs' dissatisfaction with Muszynski's responses does not meet the condition of "willful disregard" by the respondent. In the Recommendation, Judge Otazo-Reyes did not distinguish between the actions of Muszynski and Mockler at the time of original submission nor subsequent submission relative to the most recent Order specify what alleged "inaccuracies" were present in the Form as alleged by Plaintiffs. Therefore, the Court should find that Muszynski's alleged conduct does not rise to the level of civil contempt as he has repeatedly and timely submitted the Forms as required, complied with the Order by supplying full responses to the best of his knowledge, and Plaintiffs' have failed to provide specific basis for claiming otherwise (only imaginative allegations).

## 2. <u>Allegations of Inaccuracies in 1.977 are undefined and not Properly Before the Court.</u>

The Motion seeking a Show Cause Hearing and requesting a Standing Order alleges "incompleteness" claims to establish contempt because of Muszynski's claimed failure to "complete" Form 1.977 required under the Federal Rules of Civil Procedure and this Court's Local Rules that **a motion be written and state its basis with particularity**. See Fed. R. Civ. P. 7(b)(1); Sanchez v. Matta, 229 F.R.D. 649 (D.N.M., June. 24, 2004). Here, the Motion was directed only toward completion of the form. Plaintiffs' references of "inaccuracies" in Muszynski's Form 1.977 (Docs. 306, 466, 467) provide no meaningful specificity of "inaccuracies" other than Plaintiffs' own opinion as to "completeness". Judge Otazo-Reyes' Order (Doc.457) required that Muszynski:

> "Within ten (10) days from April 11, 2023, Muszynski shall serve on Plaintiffs: a fully completed Form 1.977 for himself: a fully completed Form 1.977 for AUH20 in his capacity as its manager; an explanation of the current status of 1701 whereby he declines to fill a Form 1.977 for that entity; full responses without objections to the pending Request for Production directed at him; and executed IRS Authorization Disclosure forms for this tax returns for the years 2018 and 2019."

Muszynski did. For months, Plaintiffs' continuing claims alleging "inaccuracies" and/or that the multiple submissions are "incomplete" have remained void of a basis and particularity for deficiencies to claim such as originally and subsequently filed, were never subject to Plaintiffs' response specifying any alleged inaccuracies found either on its face or by the Court. However, Plaintiffs found it reliable enough to initiate their parallel action in Nevis. This is not properly part of the Motion before this Court, and Muszynski objects to any reference or inclusion of such "inaccuracies" as violative of Rule 7(b)(1), Federal Rules of Civil Procedure. See Barnes v. Frameless Shower Doors & Enclosures, Inc., 14-CV-62243-BLOOM-VALLE, 2015 WL 6470318, at *3 n.4 (S.D. Fla. Oct. 27, 2015) ("In their reply briefs, Defendants raise additional bases for

sanctions that they did not raise in the initial Motion. . . The Court, however, will not consider arguments raised for the first time in a reply brief.") (citing *Novoferreiro v. Israel*, No. 14-CIV-62674, 2015 WL 2152682, at *5 (S.D. Fla. May 6, 2015)).

### 3. **Plaintiffs failed to meet the minimum standard of the District's rules to meet and confer with Muszynski regarding alleged "inaccuracies".**

Despite Culpepper submitting a pleading to the Court claiming to have made "multiple attempts" to meet and confer with Muszynski, Muszynski's prior pleadings prove Culpepper intentionally lied and defrauded the Court by claiming "multiple attempts" in order to entrap Muszynski by coordinating filings with his co-counsel, Rothman (both have filed numerous pleadings for their respective firms, Rothman is not acting only as pro hac vice but Plaintiffs' co-counsel).

### 4. **Plaintiffs submitted fraudulent documents to the Court, knowingly based on feloniously obtained information by committing Wire Fraud and Mail Fraud, using coercion and extortion.**

Plaintiffs engaged in interstate coercion, extortion, wire fraud, and mail fraud, to obtain production, possession, and submit Muszynski's privileged, protected documentation from CPA Robert Pola. Pursuant to U.S.C. Title 11 and F.S. Chapter 817, Defendants detail the circumstances constituting fraud or mistake with particularity, (Fed.R.Civ.P. 9(b)) and identify the time, place, and contents of the misrepresentation or omissions, and the identity of persons to whom and by whom the misrepresentations or omissions were made in prior filings with multiple cites.

### 5. **Plaintiffs' representations to the Court rely upon information acquired in violation of Florida Communications Fraud Act (FS 817.034) using coercion and extortion.**

Plaintiffs' representations and submissions to the Court are void and unusable as they were acquired through interstate extortion, coercion, fraud, and in violation of FS 817.034, the Florida Communications Fraud Act.— (4) OFFENSES.—

(a)   Any person who engages in a scheme to defraud and obtains property thereby is guilty of organized fraud, punishable as follows:

1.   If the amount of property obtained has an aggregate value of $50,000 or more, the violator is guilty of a felony of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

(b)   Any person who engages in a scheme to defraud and, in furtherance of that scheme, communicates with any person with intent to obtain property from that person is guilty, for each such act of communication, of communications fraud, punishable as follows:

(c)   Notwithstanding any contrary provisions of law, separate judgments and sentences for organized fraud under paragraph (a) and for each offense of communications fraud under

paragraph (b) may be imposed when all such offenses involve the same scheme to defraud.

(d)    Notwithstanding any other provision of law, a criminal action or civil action or proceeding under this section may be commenced at any time within 5 years after the cause of action accrues; however, in a criminal proceeding under this section, the period of limitation does not run during any time when the defendant is continuously absent from the state or is without a reasonably ascertainable place of abode or work within the state, but in no case shall this extend the period of limitation otherwise applicable by more than 1 year.

6. **Plaintiffs submissions to the court were obtained through violations of 18 U.S.C., by blackmailing Robert Pola to obtain Muszynski's privileged, private tax information and communications.**

Blackmail is found at 18 U.S.C. § 873, described as: *"whoever, under a threat of informing, or as a consideration for not informing, against any violation of any law of the United States, demands or receives any money or valuable thing..."*

The distinction for federal blackmail is that the secret at issue relates to the violation of the law, a misdemeanor and/or felony. If someone knows someone else committed a crime and offers to stay quiet about it for a sum of money, then that person has committed blackmail under federal law. A common blackmail or extortion case pursued by a Federal prosecutor is related to interstate communications, defined under related statute 18 U.S.C. § 875 which involves threats of harm, either economic or physical, that is accomplished by use of wire transmissions, like email, text messages, or other interstate or foreign communications. This threatened harm could be the victim's reputation or to any information that would negatively impact their business.

Further, 18 U.S. Code § 880 - Receiving the proceeds of extortion: any person who receives, possesses, conceals, or disposes of any money or other property which was obtained from the commission of any offense under this chapter that is punishable by imprisonment for more than 1 year, knowing the same to have been unlawfully obtained, shall be imprisoned not more than 3 years, fined under this title, or both.

**FS 772.104    Civil cause of action.—**
(1)    Any person who proves by clear and convincing evidence that he or she has been injured by reason of any violation of the provisions of s. 772.103 shall have a cause of action for threefold the actual damages sustained and, in any such action, is entitled to minimum damages in the amount of $200, and reasonable attorney's fees and court costs in the trial and appellate courts.

**FS 836.05    Threats; extortion.—**Whoever, either verbally or by a written or printed communication, maliciously threatens to accuse another of any crime or offense, or by such communication maliciously threatens an injury to the person, property or reputation of another, or maliciously threatens to expose another to disgrace, or to expose any secret affecting another, or to impute any deformity or lack of chastity to another, with intent thereby to extort money or any pecuniary advantage whatsoever, or with intent to compel the person so threatened, or any other person, to do any act or refrain from doing any act against his or her will, shall be guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

6

In Florida, four elements are required to find that extortion occurred: *Duan v. State*, in this case, the State must establish each of the following four factors without a shadow of a doubt in order to establish the extortion crime: 1) Defendant communicated with the plaintiff orally, in writing, or both; 2) Through this contact, the defendant unlawfully threatened to harm the plaintiff; 3) The threat was made intentionally; 4) The threat was made with the intention to extract money or any other financial benefit. The threat made maliciously and with the goal to coerce Pola into performing an act against his will and/or other forms of financial gain.

**7. Plaintiffs' submissions of Muszynski's alleged "documents" to the Court are based on feloniously obtained records from Muszynski's CPA and are inadmissible under FS 90.508.**

**FS 90.508** Privileged matter disclosed under compulsion or without opportunity to claim privilege. Evidence of a statement or other disclosure of privileged matter is inadmissible against the holder of the privilege if the statement or disclosure was compelled erroneously by the court or made without opportunity to claim the privilege.

## REPLY AND RESPONSE TO
## PLAINTIFFS' MOTIONS, EDF #467 (#466 as related)

*Defendants' responses appear subsequent to Plaintiffs' verbatim language for ease of context and time savings and begin with "**REPLY**". Plaintiffs' text is* not italicized. *As stated by Plaintiffs:*

As established in Plaintiffs' Motion [Doc. #467], this Court's Orders [Doc. ##368, 457] of Jan. 24, 2023 fining each of Defendants/Judgment Debtors $500/day for contempt and of April 11, 2023 ordering Defendant/Judgment Debtor Charles Muszynski ("Muszynski") to serve "fully completed Form 1.977 for himself: a fully completed Form 1.977 for AUH2O in his capacity as its manager; …full responses without objections to the pending Request for Production directed at him…" were clear, definite and unambiguous. Yet Muszynski has continued to refuse to fully complete Forms 1.977.

*__REPLY__ – False. Plaintiffs continue alleging Muszynski "has continued to refuse to fully complete Forms 1.977." since August of 2022. Plaintiffs refuse Muszynski's completed Forms and demand he repeatedly submit them under new Orders despite, to the best of his knowledge, having repeatedly responded to their requests with the same limits of his knowledge. He has also*

*produced the 1.977 Form for 1701 Management, LLC, and the narrative Ordered by the Court describing why 1701's form was moot, and the IRS request form.*

*Muszynski has replied to multiple, redundant Plaintiffs' filings with essentially the same repeated, baseless allegations of "incompleteness". Although Muszynski completed and timely submitted the forms, Culpepper yet again claims intentional willful refusal by Muszynski to complete them. Plaintiffs' dissatisfaction with Muszynski's responses do not equal willful disregard of the Court's Order by Muszynski. It's been approximately 7+ months, at what point is enough, "enough"?*

On behalf of himself, Muszynski has refused to disclose information of the trustee(s) from which he receives funds and on behalf of AUH2O he has failed to disclose the shareholder, member, or partner owning more than 5 percent, meeting minutes, resolutions for AUH2O or the name and address of Trustee(s) based upon a false overreaching interpretation of Nevis law.

**REPLY** – *Upon what evidence do Plaintiffs make their allegation? Plaintiffs' understanding of a trust's functioning is lacking and leads its counsel to incorrectly request information that is meaningful or even possible to which to respond. A trustee administers a trust. Were a trust to disburse funds, a trustee may be a part of a process related to dispersal or may not. Regardless, a trust's funds do not disburse <u>from a trustee</u> but from a trust. A trustee is not <u>the entity reposed with funds nor is it one from which funds might be disbursed</u>. Plaintiffs' question is ignorant of or willfully ignores a trust's basic administrative nature, making Plaintiffs' question meaningless and impossible to answer; assuming Muszynski knew an answer.*

*Defendants object to Culpepper's continuing, redundant, harassing, baseless presumptions and false allegations that "...Muszynski has refused to disclose information of the trustee(s) from which he receives funds..." when, in fact, Culpepper has no knowledge of what he's talking about, no evidence of what he's talking about, and continues to flail despite Muszynski having already provided contact information for the law firm that liaises with the trust; the only information Muszynski possesses.*

*Culpepper's allegations require suspension of common sense. Worse yet, they require one <u>believes him</u> in order to treat his opinions and allegations as facts (not in evidence). Culpepper's month's-long, continuing harassments and continued claims Muszynski knows "more" and has not filled out forms "completely", and that there are "inaccuracies" in the forms demands proof from the accuser; specifically, WHAT is inaccurate and upon what evidence is the claim brought?*

*Culpepper and Rothman commit multiple frauds with knowingly false and baseless allegations alleging Muszynski knows, possesses, controls, and/or is permitted AUH2O's information and/or details about a "shareholder, member, or partner owning more than 5 percent, meeting minutes, resolutions for AUH2O or the name and address of Trustee(s) based upon a false overreaching interpretation of Nevis law."; he (Muszynski) does not. Rothman and Culpepper have made similar claims regarding dozens of other entities in this instant action, even alleging Muszynski has "control" over Glo-Jet, an international jet charter company in Kenya, Australia, and the*

*mid-East (EDF #412).*

*Rothman's and Culpepper's contrived opinions are presented as "fact" and would require they "know" what's inside Muszynski's mind.*

*Culpepper and Rothman, both <u>proven liars based on their own filings with the Court</u>, have committed multiple federal felonies to obtain Muszynski's privileged information, and have provably lied to the Court.*

*Based on feloniously obtained tax returns and related CPA correspondence extorted from Robert Pola, Plaintiffs are alleging they "know" Muszynski's responses are "inaccurate". Their artifice lives only if one is ignorant of, or willfully ignores Pola's email to Culpepper (illegally delivering Muszynski's privileged documents per Rothman's and Culpepper's coercion and extortion), in which Pola unambiguously states:*

**"This was a one-off situation. Most time was spent having theoretical corporate structure debates on the telephone."**

*After Culpepper admitted during the 11 April hearing before Judge Otazo-Reyes to already possessing Muszynski's 2018 and 2019 tax returns, Muszynski called Pola. When asked why Pola illegally provided Muszynski's returns without a Court Order, notice to Muszynski, or an opportunity for Muszynski to object, Pola stated:*

**"I had to turn them over, he was threatening endless litigation if I didn't."**

*Culpepper's subpoena to Pola dated 21 October 2023 and Writ of Garnishment [EDF #277] dated 27 September 2022 were Culpepper's and Rothman's "legal" leverage. Not until Pola coughed up Muszynski's privileged information without his consent on 2 November 2023, was Pola released from the Writ [ECF No. 294] subsequently DISSOLVED by Judge Bloom and entered on 7 November 2022.*

*Note too, Culpepper's subpoena demands records to 1 January 2020, more than a year before commencement of Plaintiffs' action in the underlying matter – EXHIBIT 3.*

*During the 11 April hearing, Culpepper redundantly demanded Muszynski submit IRS authorization forms for additional production of the same 2018 and 2019 documents **<u>he admitted to already (feloniously) obtaining from the CPA and to currently possessing</u>**. Culpepper's coercion and interstate extortion resulted in Pola's cover email and attachments to Culpepper exhibited below and as EXHIBIT 4:*

---

# Re: 1701 Management LLC - CM

**From** Robert <Robert@jenemi.com>
**To** 'kculpepper@culpepperip.com' <kculpepper@culpepperip.com>
**Date** 2022-11-02 13:27
**Priority** Highest

Inbox - 2021 dealt with.pdf (~7.6 MB) Sent Items.pdf (~1.4 MB)

Dear Ms Culpepper

I have been asked to reply to your email of 23 October on this matter.

Please note that Jenemi Associates Limited is not a party to your subpoena.

However, in the spirit of co-operation, plus the fact that the entity and person (CM) are not clients of this firm, I attach PDF copies of emails received and sent. There are no other documents.
This was a one-off situation. Most time was spent having theoretical corporate structure debates on the telephone.
Nothing has transpired to establish an ongoing relationship.

Regards
Robert Pola
Business Consultancy: Jenemi Associates

**UK**
Jenemi Associates Limited

The Dormers
Low Road, Congham
King's Lynn, Norfolk
PE32 1AE

Tel: 01485 600892
Mobile: 07788 436544

Email: robert@jenemi.com

---

*Culpepper and Rothman conspired to, and feloniously obtained Muszynski's privileged, private tax records via interstate extortion. Their efforts* exceeded their subpoena's demands. *NOWHERE in their subpoena to Pola are Muszynski's tax records MENTIONED. There was no Court Order to turn them over to Rothman and Culpepper. Excerpts from their subpoena below:*

*Production:* YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4). Southern District of Florida.

Millennium Funding, Inc. et al
1:21-cv-20862-BB
1701 Management, LLC. et al

JENEMI ASSOCIATES, INC. c/o ROBERT POLA, 2295 S HIAWASSEE RD, Ste 411, Orlando, FL 32835

**From *1/1/2020* to the present; invoices to and payment records from Charles Muszynski; identification of services to which payment is being made include complete legal description of vessel; see Attachment "A"**

**kculpepper@culpepperip.com; Kerry Culpepper; c/o Joel Rothman; 21301 Powerline Road Suite 100; Boca Raton, Florida 33433 10/21/2022 11:10 am** (*emphasis added*)

**10/03/2022**
/s/ Kerry S. Culpepper
Millennium Funding, Inc. and Voltage Holdings, LLC
Kerry S. Culpepper, 75-170 Hualalai Road, Suite B204, Kailua Kona, HI 96740

**JENEMI ASSOCIATES, INC., ATTACHMENT A**
Definitions: The term "Charles Muszynski or his alter egos" includes but is not limited to:
A) Charles Muszynski, individually and/or any individuals has SSN: ▮▮▮▮▮▮ and US Passport No. ▮▮▮▮▮▮;
B) Judgment Debtor 1701 Management, LLC is a Puerto Rico limited liability company;
C) Judgment Debtor AUH2O LLC is a Nevis limited liability company;
D) Charles Muszynski controls 1701 Management, LLC and AUH2O LLC;
E) Charles Muszynski controls WasteResources LLC, a New Mexico limited liability company;
F) Charles Muszynski controls Rudolph Trident LLC; and
G) Charles Muszynski controls BUHOSABIO LLC, a Puerto Rico limited liability company.
H) Charles Muszynski controls WasteWiser, a dba of 1701 Management LLC and BUHOSABIO LLC.

11

Definitions: The term "Purchases" includes but is not limited to purchases made by Charles Muszynski shown below:

## DOCUMENT REQUESTS

1. All monthly statements or records reflecting charges, payments, and/or balances for **Charles Muszynski or his alter egos from *January 1, 2020* to current.**
2. Copy of all contracts entered into with Charles Muszynski or his alter egos from January 1, 2020 to current in your possession or control.
3. Copies of all invoices for these purchases.
4. Description of items/services purchased if not included in the invoices.
5. Delivery address for items or services purchased.
6. All payment sources used (including bank name and account number).
7. All items or funds you are holding on behalf of Charles Muszynski or his alter egos. Plaintiffs assert a lien on such items or funds subject to the money judgment.
8. All written communications with Charles Muszynski or his alter egos from January 1, 2021 to present.

---

*Rothman and Culpepper, willfully, knowingly, and with coordination, conspired to illegally obtain Muszynski's privileged tax records through use of interstate coercion and extortion of Pola. They pressured Pola and leveraged information from him claiming it was covered under their subpoena and threatening Pola with "endless litigation" unless he coughed up Muszynski's information.*

*Rothman's and Culpepper's subpoena is filled with KNOWINGLY FALSE, MISLEADING CLAIMS created from whole cloth, falsely alleging connection to organizations/entities/parties with Muszynski. Their prevarications and inventions lack all causality and correlation to established fact, both at the time claimed and presently. Their subpoena demands records predating the initiation of litigation, much less issuance of a default judgment or collection action.*

---

*26 U.S. Code § 7213 - Unauthorized disclosure of information*
*(3) Other persons*
*It shall be unlawful for any person to whom any return or return information (as defined in section 6103(b)) is disclosed in a manner unauthorized by this title thereafter willfully to print or publish in any manner not provided by law any such return or return information. Any violation of this paragraph shall be a felony punishable by a fine in any amount not exceeding $5,000, or imprisonment of not more than 5 years, or both, together with the costs of prosecution.*

*18 U.S. Code § 875 - Interstate communications.*
*(a)*
*Whoever transmits in interstate or foreign commerce any communication containing any demand or request for a ransom or reward for the release of any kidnapped person, shall be fined under this title or imprisoned not more than twenty years, or both.*

**(b)**
Whoever, with intent to extort from any person, firm, association, or corporation, any money or other thing of value, transmits in interstate or foreign commerce any communication containing any threat to kidnap any person or any threat to injure the person of another, shall be fined under this title or imprisoned not more than twenty years, or both.

**(c)**
Whoever transmits in interstate or foreign commerce any communication containing any threat to kidnap any person or any threat to injure the person of another, shall be fined under this title or imprisoned not more than five years, or both.

**(d)**
Whoever, with intent to extort from any person, firm, association, or corporation, any money or other thing of value, transmits in interstate or foreign commerce any communication containing any threat to injure the property or reputation of the addressee or of another or the reputation of a deceased person or any threat to accuse the addressee or any other person of a crime, shall be fined under this title or imprisoned not more than two years, or both.

**FS 836.05   Threats; extortion.**
Whoever, either verbally or by a written or printed communication, maliciously threatens to accuse another of any crime or offense, or by such communication maliciously threatens an injury to the person, property or reputation of another, or maliciously threatens to expose another to disgrace, or to expose any secret affecting another, or to impute any deformity or lack of chastity to another, with intent thereby to extort money or any pecuniary advantage whatsoever, or with intent to compel the person so threatened, or any other person, to do any act or refrain from doing any act against his or her will, shall be guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

**FS 90.5055 Accountant-client privilege states.**
(1)(c)   A communication between an accountant and the accountant's client is "confidential" if it is not intended to be disclosed to third persons other than:

1.   Those to whom disclosure is in furtherance of the rendition of accounting services to the client.
2.   Those reasonably necessary for the transmission of the communication.
        (2)   A client has a privilege to refuse to disclose, and to prevent any other person from disclosing, the contents of confidential communications with an accountant when such other person learned of the communications because they were made in the rendition of accounting services to the client. This privilege includes other confidential information obtained by the accountant from the client for the purpose of rendering accounting advice.
        (3)   The privilege may be claimed by:
            (a)   The client.
            (b)   A guardian or conservator of the client.
            (c)   The personal representative of a deceased client.
            (d)   A successor, assignee, trustee in dissolution, or any similar representative of an organization, corporation, or association or other entity, either public or private, whether or not in existence.
            (e)   The accountant, but only on behalf of the client. The accountant's authority to claim the privilege is presumed in the absence of contrary evidence.

13

**90.506   Privilege with respect to trade secrets.** *A person has a privilege to refuse to disclose, and to prevent other persons from disclosing, a trade secret owned by that person if the allowance of the privilege will not conceal fraud or otherwise work injustice. When the court directs disclosure, it shall take the protective measures that the interests of the holder of the privilege, the interests of the parties, and the furtherance of justice require. The privilege may be claimed by the person or the person's agent or employee.*

**90.508   Privileged matter disclosed under compulsion or without opportunity to claim privilege.** *Evidence of a statement or other disclosure of privileged matter is inadmissible against the holder of the privilege if the statement or disclosure was compelled erroneously by the court or made without opportunity to claim the privilege.*

**90.510   Privileged communication necessary to adverse party.** <u>*In any civil case or proceeding in which a party claims a privilege as to a communication necessary to an adverse party, the court, upon motion, may dismiss the claim for relief or the affirmative defense to which the privileged testimony would relate.*</u> *In making its determination, the court may engage in an in-camera inquiry into the privilege. (Emphasis added)*

**Oath of the Florida Bar**
I do solemnly swear:
I will support the Constitution of the United States and the Constitution of the State of Florida;
<u>I will maintain the respect due to courts of justice and judicial officers;</u>
I will not counsel or maintain any suit or proceedings which shall appear to me to be unjust, nor any defense except such as I believe to be honestly debatable under the law of the land;
<u>I will employ for the purpose of maintaining the causes confided to me such means only as are consistent with truth and honor, and will never seek to mislead the judge or jury by any artifice or false statement of fact or law;</u>
I will maintain the confidence and preserve inviolate the secrets of my clients, and will accept no compensation in connection with their business except from them or with their knowledge and approval;
<u>To opposing parties and their counsel, I pledge fairness, integrity, and civility, not only in court, but also in all written and oral communications;</u>
<u>I will abstain from all offensive personality and advance no fact prejudicial to the honor or reputation of a party or witness, unless required by the justice of the cause with which I am charged;</u>
I will never reject, from any consideration personal to myself, the cause of the defenseless or oppressed, <u>or delay anyone's cause for lucre or malice.</u>
So help me God. <u>(Emphasis added)</u>

---

In his responses [Doc. ##471-472] of May 1, 2023, Muszynski does not even dispute Plaintiffs' interpretation of the Nevis Limited Liability Ordinance as at best giving Muszynski *the right* to keep certain information confidential but not any obligation to do so or a penalty for not doing so.

*REPLY – Muszynski returned full replies to the questions based on what he knows. Muszynski was neither required nor capable of providing opinions relative to Plaintiffs' unqualified interpretations of Nevis law, is unaware Culpepper's licensure to practice before the High Court of St. Christopher & Nevis, and is not, himself, an attorney and therefore unable to provide interpretations of the laws of St. Kitts & Nevis.*

Rather, Muszynski submits irrelevant, false and inflammatory arguments about Plaintiffs' counsel and attempts to conflate the noticed discovery dispute (*see* Doc. #466) concerning his failure to answer written interrogatories with the issue of his failure to fully complete Forms 1.977 and pay the $500/day fine as ordered by this Court.

*REPLY – "...submits irrelevant, false and inflammatory arguments about Plaintiffs' counsel..."*

*It appears Rothman and Culpepper are attempting to waive their lawyerly hands and dismiss their serious State and Federal felonies committed to procure Muszynski's privileged, private US Federal income tax information and correspondence with a CPA though interstate extortion as nothing more than "...irrelevant, false and inflammatory arguments..."; instead of the Federal and State Felonies they are.*

*Rothman, Culpepper, Wirth, and Yunger are familiar with "...irrelevant, false, and inflammatory arguments..." though, they invented them. Consider the "Requests for Admissions" demanded of Muszynski (EXHIBIT 5), November 2022:*

"22. Admit that Charles Muszynski uses the Jewish name "Max Roth" when applying for apartment rentals despite often using disparaging language towards people of the Jewish faith."

*Reality – Muszynski contributed hundreds of thousands of dollars to Jewish charities, educational projects, and Israeli causes, attended Jewish services and health facilities, and visits Holocaust sites around the world (including Auschwitz/Birkenau). Muszynski has endeavored throughout his life to defeat fools and bigots like Culpepper and Rothman. "Muszynski is an antisemite!"*

"21. Admit that Charles Muszynski uses names such as the African-American name Frederick Douglas or the Latino name Jamie Castro in Internet sites despite often using disparaging language towards minorities."

*Based on Culpepper's online appearance, one may infer he is African-American and he claims Muszynski employs the "African-American name Frederick Douglas" presumably referring to the escaped slave, self-taught intellectual, and accomplished orator that spoke for ALL peoples enslaved by the United States' dominion, not just Africans – Frederick Douglass. Apparently, Culpepper is unaware Douglass' name has two "s's". And is an Anglican name. Muszynski, having travelled to Africa, is acquainted with actual African names but has not run across a*

15

*"Frederick Douglas".*

*Assuming Culpepper claims Frederick Douglas is the "African-American" name Muszynski allegedly co-opted and which Culpepper hoodwinked the Court into tying to Muszynski, Muszynski respectfully requests the reference be stricken record as, like so many, this silly accusation of Culpepper's is hearsay at best, more likely a complete lie. At a minimum, the record should do justice Douglass' life and correct the error.*

*Irony abounds considering debt bondage incarceration in the US in Douglass' time was enforced by "paddy rollers" paid a percentage for capturing slaves based on a statutory bounty (sound familiar). The default judgment Rothman and Culpepper pin their hopes on is also 99.5% statutory – an invented **government reward not reflective of alleged damages** (the remainder amount is disputed as criminal conduct by David Cox and documented in Livonia Police and FBI reports previously supplied to the Court).*

*Culpepper's and Rothman's statement Muszynski "...despite often using disparaging language towards minorities." is laughable. Muszynski abandoned US citizenship for a peaceful country, 98% of which is populated by what the US government labels "minorities". These "Officers of the Court", "Board Certified Attorneys", and "Bar Members" continue to display the basest level of sleaze without regard for truth. "Muszynski is a racist!"*

*Other lies in Rothman's and Culpepper's "Request for Admissions" include meaningless and/or complete fabrications irrelevant to the proceedings that further libel Muszynski:*

12. Admit that Charles Muszynski recruits other adults to serve as his nominal Trustee beneficiary so that he can obtain funds through trusts and advises these adults to lie on their Federal tax returns.

13. Admit that Charles Muszynski controls Glo-Jet International Corp and Glo-Jet International Holdings (Puerto Rico) LLC ("Glo-Jet").

14. Admit that Charles Muszynski withdrew funds from Glo-Jet's accounts to pay for housing in Puerto Rico.

*Defendants request the Court take judicial notice that Glo-Jet International Corp and Glo-Jet International Holdings, LLC have filed for return of their court costs and attorney's fees in a subsequent proceeding to today's hearing; Culpepper and Rothman having falsely accused them of laundering money for Muszynski, among various other fraudulent allegations.*

18. Admit that Charles Muszynski moved all of his assets out of Puerto Rico in 2022 when he realized Plaintiffs had registered the Judgment in the District of Puerto Rico.

*Rothman and Culpepper's fraudulent inventions continue to embarrass them – Muszynski has held foreign citizenship since 2019 and has a residence in St. Kitts and Nevis; he has never had "all of his assets" in Puerto Rico, or for that matter the U.S., since well before COVID.*

19. Admit that Charles Muszynski purposefully seeks to move his assets from the US to

thwart Plaintiffs' collection efforts and avoid payment of the Court's final judgment.

20. Admit that Charles Muszynski is purposefully deteriorating his assets in an attempt to avoid payment of the Court's final judgment.

_____

*REPLY – In regard to Rothman's and Culpepper's claim regarding failure to submit interrogatories, the word "interrogatory" does not appear in the Court's Order of 11 April 2023. Mindful of Rothman's and Culpepper's proven lies, felonies, and complete disregard for "ethics", Muszynski responded to the Order for <u>Production of Records</u> in a timely, complete fashion (in addition to providing the 1.977 for 1701).*

*If the Court is considering that Muszynski should respond to Plaintiffs' interrogatories, Muszynski respectfully requests the Court consider the legitimacy, needless breadth, and intrusiveness of those proposed by Plaintiffs as the information is either already in possession of Plaintiffs and/or their questions are redundant, overly broad, invasive of attorney/client privileges for a host of circumstances, invasive of Muszynski's personal health information, and/or uninterpretable. For example, one demands unfettered access to all of Muszynski's email accounts via his log-in information and passphrases with no regard for the breadth, timeframe, and/or consequences related to attorney/client privileges or similarly protected personal information therein; see EXHIBIT 6.*

Muszynski's responses [Docs. ##471-472] fail to provide any legal basis for refusing to fully complete the Forms 1.977 on behalf of AUH2O and himself.  Accordingly, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion and order the show cause hearing why Judgment Debtors should not be held in contempt for failing to comply with this Court's orders and also enter a standing order.

*Muszynski objects to any standing order enabling and emboldening the Plaintiffs', proven liars, that would accelerate their business model of harassment and vexatious litigation while Muszynski is denied equal access to electronic filing and must mail in responses. Muszynski has complied, completed, and timely returned as requested all information Ordered. Because Culpepper does not like the answers does not mean Muszynski has willfully committed contempt by ignoring the Court's Order.*

*Per **FS 90.604 – Lack of personal knowledge.**—Except as otherwise provided in s. 90.702\*, a witness may not testify to a matter unless evidence is introduced which is sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may be given by the witness's own testimony. Plaintiffs' entire claim relies on feloniously obtained, privileged correspondence that, as stated in writing by the third-party from which it was extorted: "Most time was spent having theoretical corporate structure debates on the*

*telephone." And furthermore, being of theoretical nature, has no basis in fact in this proceeding.*

## <u>CONCLUSION</u>

Muszynski respectfully requests Court define how many violations and how much evidence is needed before Rothman, Culpepper, Wirth, and Yunger qualify for referral to their respective Bar disciplinary councils in Hawaii and Florida and criminal authorities in Florida and Federally for multiple felonies related to their conspiracy to obtain and extortions related to Muszynski's privileged income tax information? Further, how many violations of Court's procedures and lying to the Court are required before lawyers face sanctions and fines versus a pro se litigant?

Rothman's and Culpepper's vexatious, multiple, redundant filings, and repeated demands for documents and information already feloniously in their possession, and their continuing international publicity campaign libeling Muszynski on blogs, and legal filings, painting him as a racist and antisemite establishes clear and convincing patterns of abusive litigation and harassment, not "civil" litigation. It is lawfare being practiced on the back of (and causing) clogged U.S. Courts (80% of U.S. Copyright cases are filed by trolls) and to the detriment of legitimate disputes and the Courts' valuable time.

WHEREFORE, Defendant, Charles Muszynski, respectfully requests that this Court strike references in the Record to any alleged "inaccuracies" alleged in Muszynski's completed Form 1.977, find that the submitted Forms 1.977 for himself, AUH2O, and 1701 comply with the requirements of the Recommendation related thereto, and hold that Muszynski did not knowingly violate the Court's order to submit a completed Form 1.977 as necessary for a finding of civil contempt.

Muszynski respectfully requests Plaintiffs' motion for Standing Order be denied as unnecessary, given the foregoing, and because it would not further justice given Plaintiffs' history of lies, false filings, and felonies in their pursuit of Defendants and Muszynski in particular.

Muszynski, already disadvantaged as a pro se litigant subject to an uneven playing field by Federal Court rules, lack of personal funds, and two international asset freeze Orders cannot adequately defend himself from Millennium's unethical, felonious, criminal counsel as Muszynski is denied even the availability to make timely filings for a proper defense. Muszynski respectfully requests the court:

1) Require Culpepper, as a litigant and owner of 42 Ventures, submit to deposition and discovery;
2) Require Culpepper, a litigant, be responsive to discovery requests relevant to these proceedings;

---

\* **90.702   Testimony by experts.**—*If scientific, technical, or other specialized knowledge will assist the trier of fact in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify about it in the form of an opinion or otherwise, if:*
*(1)   The testimony is based upon sufficient facts or data;*
*(2)   The testimony is the product of reliable principles and methods; and*
*(3)   The witness has applied the principles and methods reliably to the facts of the case.*

3) Strike all Orders resultant of motions based on Muszynski's illegally obtained tax information and communications from Robert Pola, CPA;

4) Sanction Culpepper for use of each Order feloniously obtained based on accessing Muszynski's privileged CPA information and its fraudulent submissions to the Court;

5) Take Judicial Notice that the matter is not ripe as Plaintiffs have filed parallel proceedings in Nevis that will overturn the entire proceeding for failure of process of service, thereby negating all collection efforts;

6) Provide Muszynski full PACER access and e-filing as afforded Rothman and Culpepper in order to an equitable playing field in the Court between the parties that meets U.S. Constitutional standards;

7) Take Judicial Notice of Rothman's, Culpepper's, Wirth's, and Millennium's criminal activities and make criminal referrals to proper investigative agencies at the State of Hawaii, State of Florida, and the Federal Bureau of Investigation regarding Plaintiffs' multiple interstate and intrastate felonies connected to the extortion of Muszynski's privileged information.

8) Take Judicial Notice of Rothman's, Culpepper's, and Wirth's violations of their respective Bar oaths, ethics failures, and licensing prerequisites and notify their respective Bars of same.

9) Note Muszynski has provided an updated filing page and Certificate of Service signature page to the Clerk of Court requesting that it replace existing ones to remedy signature pages inappropriately inserted for EDF #467 (as identified by Plaintiffs, lacking signature).

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on <u>8 May 2023</u> by the methods noted below, a true

and correct copy of the foregoing was served on Plaintiffs' and filed with the U.S. District Court,

Southern District, Miami.

<u>Via First Class Mail</u>
Kerry Culpepper
Culpepper IP, LLLC
75-170 Hualalai Road, Suite B204
Kailua-Kona, HI 96740

<u>Via Email</u>
Kerry Culpepper
Kculpepper@culpepperip.com

<u>Via First Class Mail</u>
Clerk of the Court
U. S. Federal District Courthouse
400 North Miami Avenue
Miami, FL 33126

Charles Muszynski

CHARLES MUSZYNSKI
P. O. Box 1423
Basseterre, St. Kitts
West Indies
usfilefolder.com

19

## NOTICE TO THE CLERK OF THE COURT
## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No.: 21-cv-20862-BLOOM/Otazo-Reyes

UPDATED SIGNATURE PAGE FOR [EFD #467]

MILLENNIUM FUNDING, INC., et al.,

     Plaintiffs,

     vs.

1701 MANAGEMENT LLC, et al.,

     Defendants.

_____

As a first-time, pro se litigant in the FLSD Court, I received instructions from the Clerk's office to "mimic the filings in your case when you file your Certificates and Responses". Having done so, OC replied in their most recent response that my ink signature was required as a "/s/" is reserved for access by lawyers to PACER, for which I have applied but have not been granted for electronic filing. As such, with an uneven playing field, I will be forced to continue mailing in filings from outside the U.S. via regular mail.

Please accept the below as an updated filing page to meet the requirements of mail-in filings and kindly insert as appropriate to EFD #467 to rectify the complaint from OC and subsequently updated Certificate of Service.

DATED:    8 May 2023          Respectfully submitted,

                                        _____
                                        CHARLES MUSZYNSNKI
                                        usfilefolder@protonmail.com

                                        P. O. Box 1423
                                        Basseterre
                                        St. Kitts & Nevis, W. I.

***EXHIBIT 1***
***Muszynski's Affidavit regarding Form 1.977 December 2022***

*EXHIBIT 2*
*Muszynski's Form 1.977 submitted 21 April 2023*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
Case No.: 21-cv-20862-BLOOM/Otazo-Reyes

MILLENNIUM FUNDING, INC. et al.,

      Plaintiffs,

      vs.

1701 MANAGEMENT LLC et al.,

      Defendants.

---

## Form 1.977 - FACT INFORMATION SHEET
### (a) For Individuals

---

Full Legal Name:  Charles Alexander Muszynski

Nicknames or Aliases:   None

Residence Address:      Fig Tree, #1, St. Kitts & Nevis, W.I.

Mailing Address (if different): P. O. Box 1423, Basseterre, St. Kitts, W.I.

Telephone Numbers: (Home) __None__

(Business) __None__

Name of Employer:  None

Address of Employer:  None

Position or Job Description:  None

Rate of Pay: $_____ per ____.  Average Paycheck: $ _____ per_____.

Average Commissions or Bonuses: $ _____ per _____

Commissions or bonuses are based on_____

Other Personal Income: $ _____ from Trustee, determined upon approval of requests
(Explain details on the back of this sheet or an additional sheet if necessary.)

Social Security Number: 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
Driver's License Number: 7083304    Birthdate: 28/12/1964
Marital Status: Single (Divorced) Spouse's Name: _____

*********************************

*Spouse Related Portion*

Spouse's Address (if different): _____
Spouse's Social Security Number: _____ Birthdate: _____

Spouse's Employer: _____
Spouse's Average Paycheck or Income: $ _____ per _____
Other Family Income: $_____ per _____

(Explain details on back of this sheet or an additional sheet if necessary.)

Describe all other accounts or investments you may have, including stocks, mutual funds, savings bonds, or annuities, on the back of this sheet or on an additional sheet if necessary.

*********************************

Names and Ages of All Your Children (and addresses if not living with you): Reached majority, adult
Child Support or Alimony Paid: $ _____ per No child support. Alimony not paid.
Names of Others You Live With: None _____    Olivia Muszynki, 23 years of age, Current address unknown
Who is Head of Your Household? ___X___ You    Spouse    Other Person
Checking Account at: Bank of Nevis Account # 230389
Savings Account at: _____ Account # _____

For Real Estate (land) You Own or Are Buying:
Address: None
All Names on Title: _____
Mortgage Owed to: _____
Balance Owed: _____
Monthly Payment: $ _____
(Attach a copy of the deed or mortgage, or list the legal description of the property on the back of this sheet or an additional sheet if necessary. Also provide the same information on any other property you own or are buying.)

2

**EXHIBIT 4**
*Robert Pola response email to Kerry Culpepper*

***EXHIBIT 3***
***Culpepper subpoena to Robert Pola***

## Re: 1701 Management LLC - CM

| | | |
|---|---|---|
| | **From** | Robert <Robert@jenemi.com> |
| | **To** | 'kculpepper@culpepperip.com' <kculpepper@culpepperip.com> |
| | **Date** | 2022-11-02 13:27 |
| | **Priority** | Highest |

📄 Inbox - 2021 dealt with.pdf (~7.6 MB)   📄 Sent Items.pdf (~1.4 MB)

Dear Ms Culpepper

I have been asked to reply to your email of 23rd October on this matter.

Please note that Jenemi Associates Limited is not a party to your subpoena.
However, in the spirit of co-operation, plus the fact that the entity and person (CM) are not clients of this firm, I attach PDF copies of emails received and sent. There are no other documents.
This was a one-off situation. Most time was spent having theoretical corporate structure debates on the telephone.
Nothing has transpired to establish an ongoing relationship.

Regards

Robert Pola


Business Consultancy: Jenemi Associates

**UK**
Jenemi Associates Limited
The Dormers
Low Road, Congham
King's Lynn, Norfolk
PE32 1AE

Tel: 01485 600892
Mobile: 07788 436544
Email: robert@jenemi.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Florida

| | | |
|---|---|---|
| Millennium Funding, Inc. et al | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No.   1:21-cv-20862-BB |
| 1701 Management, LLC. et al | ) | |
| | ) | |
| _Defendant_ | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   JENEMI ASSOCIATES, INC. c/o ROBERT POLA, 2295 S HIAWASSEE RD, Ste 411, Orlando, FL 32835

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: From 1/1/2020 to the present; invoices to and payment records from Charles Muszynski; identification of services to which payment is being made include complete legal description of vessel; see Attachment "A"

| Place: kculpepper@culpepperip.com; Kerry Culpepper; c/o Joel Rothman; 21301 Powerline Road Suite 100; Boca Raton, Florida 33433 | Date and Time: 10/21/2022 11:10 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   10/03/2022

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Kerry S. Culpepper |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Millennium Funding, Inc. and Voltage Holdings, LLC _____ , who issues or requests this subpoena, are:

Kerry S. Culpepper, 75-170 Hualalai Road, Suite B204, Kailua Kona, HI 96740

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:21-cv-20862-BB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
        (i) is a party or a party's officer; or
        (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
    (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
    (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
    (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
    (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## JENEMI ASSOCIATES, INC., ATTACHMENT A

Definitions: The term "Charles Muszynski or his alter egos" includes but is not limited to:

A) Charles Muszynski, individually and/or any individuals has SSN: 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 and US Passport No. 546145028;

B) Judgment Debtor 1701 Management, LLC is a Puerto Rico limited liability company;

C) Judgment Debtor AUH2O LLC is a Nevis limited liability company;

D) Charles Muszynski controls 1701 Management, LLC and AUH2O LLC;

E) Charles Muszynski controls WasteResources LLC, a New Mexico limited liability company;

F) Charles Muszynski controls Rudolph Trident LLC; and

G) Charles Muszynski controls BUHOSABIO LLC, a Puerto Rico limited liability company.

H) Charles Muszynski controls WasteWiser, a dba of 1701 Management LLC and BUHOSABIO LLC.

Definitions: The term "Purchases" includes but is not limited to purchases made by Charles Muszynski shown below:

2/20/2021

| 02/20 | IN *JENEMI ASSOCIATES INC 407-9306690 FL | 8,000.00 |

1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

 (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## JENEMI ASSOCIATES, INC., ATTACHMENT A

Definitions: The term "Charles Muszynski or his alter egos" includes but is not limited to:

A) Charles Muszynski, individually and/or any individuals has SSN: 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 and US Passport No. 546145028;

B) Judgment Debtor 1701 Management, LLC is a Puerto Rico limited liability company;

C) Judgment Debtor AUH2O LLC is a Nevis limited liability company;

D) Charles Muszynski controls 1701 Management, LLC and AUH2O LLC;

E) Charles Muszynski controls WasteResources LLC, a New Mexico limited liability company;

F) Charles Muszynski controls Rudolph Trident LLC; and

G) Charles Muszynski controls BUHOSABIO LLC, a Puerto Rico limited liability company.

H) Charles Muszynski controls WasteWiser, a dba of 1701 Management LLC and BUHOSABIO LLC.

Definitions: The term "Purchases" includes but is not limited to purchases made by Charles Muszynski shown below:

2/20/2021

| 02/20 | IN *JENEMI ASSOCIATES INC 407-9308690 FL | 8,000.00 |

## **DOCUMENT REQUESTS**

1. All monthly statements or records reflecting charges, payments, and/or balances for Charles Muszynski or his alter egos from January 1, 2020 to current.

2. Copy of all contracts entered into with Charles Muszynski or his alter egos from January 1, 2020 to current in your possession or control.

3. Copies of all invoices for these purchases.

4. Description of items/services purchased if not included in the invoices.

5. Delivery address for items or services purchased.

6. All payment sources used (including bank name and account number).

7. All items or funds you are holding on behalf of Charles Muszynski or his alter egos.  Plaintiffs assert a lien on such items or funds subject to the money judgment.

8. All written communications with Charles Muszynski or his alter egos from January 1, 2021 to present.

## **DOCUMENT REQUESTS**

1.    All monthly statements or records reflecting charges, payments, and/or balances for Charles Muszynski or his alter egos from January 1, 2020 to current.

2.    Copy of all contracts entered into with Charles Muszynski or his alter egos from January 1, 2020 to current in your possession or control.

3.    Copies of all invoices for these purchases.

4.    Description of items/services purchased if not included in the invoices.

5.    Delivery address for items or services purchased.

6.    All payment sources used (including bank name and account number).

7.    All items or funds you are holding on behalf of Charles Muszynski or his alter egos.  Plaintiffs assert a lien on such items or funds subject to the money judgment.

8.    All written communications with Charles Muszynski or his alter egos from January 1, 2021 to present.

***EXHIBIT 5***
***Plaintiffs' Request for Admissions by Muszynski***

*EXHIBIT 6*
*Plaintiffs' Interrogatories to Muszynski*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

Case No.:  21-cv-20862-BLOOM/Otazo-Reyes

MILLENNIUM FUNDING, INC., et al.,

       Plaintiffs,

       vs.

1701 MANAGEMENT LLC, et al.,

       Defendants,

       and

GLO-JET INTERNATIONAL CORP, et al.

       Garnishees.

_____/

### PLAINTIFFS/JUDGMENT CREDITORS' FIRST INTERROGATORIES TO DEFENDANTS/JUDGMENT DEBTORS

Plaintiffs/Judgment Creditors, by and through their undersigned counsel, and pursuant to Rule 33 of the Federal Rules of Civil Procedure, request that Defendant/Judgment Creditors Charles Muszynski, 1701 Management LLC, and AUH2O, LLC answer the following interrogatories under oath.

Failure to respond may also be grounds for a motion to compel and/or sanctions, pursuant to the provisions of FRCP Rule 37.

The attached Instructions and Definitions apply to the document request.

### DEFINITIONS

1.      When the term "identify" is used with reference to an entity, the term seeks, at a minimum, the entity's full name and its present or last known address.

20-023DBa

2.     When the term "identify" is used with reference to a document, providing the Bates number/range for a document is sufficient to identify it, provided that the document is produced prior to or contemporaneously with the interrogatory answer.

3.     "And" and "or" shall be construed disjunctively or conjunctively, as necessary, to have the broadest possible meaning.

4.     Where appropriate, the singular form of a word shall be interpreted in the plural, and vice versa, to have the broadest possible meaning.

## INSTRUCTIONS

1.     To the extent the option to produce business records under Rule 33(d) of the Federal Rules of Civil Procedure is used, the answer shall identify the business record(s) by Bates number/range.

2.     Where information is withheld based on a claim of attorney-client privilege or work product protection, Plaintiffs shall identify the nature of the privilege and state whether (a) any responsive documents exist and (b) any responsive oral communications took place.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify each person or company who has prepared Muszynski's tax returns, provided tax service to a company controlled by Muszynski or provided Schedule K's to Muszynski from 1/1/2021 to present for any country in the world.

20-023DBa

**INTERROGATORY NO. 2:** Identify each and every email address you have used from 1/1/2021 to the present and provide the login credentials (username and password).

**INTERROGATORY NO. 3:** Identify every source of income/gross of over $25,0000 from 1/1/2021 to the present.

**INTERROGATORY NO. 4:** Identify each trust for which you are a beneficiary and the trustee name, address and contact information.

DATED: Jan. 20, 2023

/s/ *Joel B. Rothman*
JOEL B. ROTHMAN
Florida Bar No. 98220
joel.rothman@sriplaw.com

**SRIPLAW**
21301 Powerline Road, Suite 100
Boca Raton, FL 33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

And

3

20-023DBa

CULPEPPER IP, LLLC

Kerry S. Culpepper

Virginia Bar No. 45292
Hawaii Bar No. 9837
CULPEPPER IP, LLLC
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawai'i 96740

4

20-023DBa

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on <u>Jan. 20, 2023</u> and by the methods of service noted below, a true and correct copy of the foregoing was served on Defendants 1701 MANAGEMENT LLC d/b/a LIQUIDVPN, AUH2O LLC, and CHARLES MUSZYNSKI a/k/a FREDERICK DOUGLAS by following methods.

<u>Via First Class Mail</u>
Stolberg Law LLC
Agent for 1701
MANAGEMENT LLC
151 Calle de San Francisco
Suite 201
San Juan, PR 00901

<u>Via First Class Mail</u>
RICHARD J. MOCKLER
600  N.  WILLOW  AVE.,
SUITE 101
TAMPA, FLORIDA 33606

<u>Via Email</u>
Richard Mockler
<richard@mlfloridalaw.com>

DATED: Jan. 20, 2023

<u>Via Airmail</u>
CHARLES MUSZYNSKI,
Officer of AUH2O and 1701
P.O. Box 1423
Basseterre, St Kitts W.I.

<u>Via First Class Mail</u>
DOUGLAS GARTENLAUB
200 South Orange Avenue,
Suite 800
Orlando, FL 32801

<u>Via E-Mail</u>
DOUGLAS GARTENLAUB
dgartenlaub@burr.com

CULPEPPER IP, LLLC,

Kerry S. Culpepper
Virginia Bar No. 45292
Hawaii Bar No. 9837
CULPEPPER IP, LLLC
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawai'i 96740

20-023DBa

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
Case No.:  21-cv-20862-BLOOM/Otazo-Reyes

MILLENNIUM FUNDING, INC., et al.,

     Plaintiffs,

     vs.

1701 MANAGEMENT LLC, et al.,

     Defendants,

     and

GLO-JET INTERNATIONAL CORP, et al.

     Garnishees.

_____/

## PLAINTIFFS/JUDGMENT CREDITORS' FIRST REQUEST FOR ADMISSIONS PURSUANT TO FED. R. CIV. P. 36

     Plaintiffs/Judgment Creditors, by and through their undersigned counsel, and pursuant to Rule 36 of the Federal Rules of Civil Procedure, request that Defendant/Judgment Creditor Charles Muszynski admit or deny to the following, within thirty (30) days after service of this request. The requested response shall be sent via email to kculpepper@culpepperip.com or via mail to the office of Culpepper IP, LLLC at 75-170 Hualalai Road, Suite B204, Kailua-Kona, Hawai'i 96740.

     Failure to respond may also be grounds for a motion to compel and/or sanctions, pursuant to the provisions of FRCP Rule 37.

DATED: Nov. 21, 2022

                               */s/ Joel B. Rothman*
                               JOEL B. ROTHMAN
                               Florida Bar No. 98220
                               joel.rothman@sriplaw.com

**SRIPLAW**
21301 Powerline Road, Suite 100
Boca Raton, FL 33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

And

CULPEPPER IP, LLLC,

Kerry S. Culpepper
Virginia Bar No. 45292
Hawaii Bar No. 9837
CULPEPPER IP, LLLC
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawai'i 96740


## REQUESTS FOR ADMISSIONS

1.      Admit that Charles Muszynski is/was the single member of Defendant 1701

Management LLC ("1701").


2.      Admit that Charles Muszynski is/was the single member of Defendant AUH2O LLC

("AUH2O").


3.      Admit that Charles Muszynski is/was the managing member of AUH2O.


4.      Admit that Charles Muszynski is/was the managing member of 1701.

5.  Admit that Charles Muszynski withdrew funds from LiquidVPN's PayPal account to avoid having these funds frozen or subject to the judgment in this case.

6.  Admit the Charles Muszynski withdrew assets from the name of 1701 such as the WasteWise federal trademark application to avoid having these assets subject to the judgment in this case.

7.  Admit that Charles Muszynski gross undercapitalized 1701 and AUH2O.

8.  Admit that 1701 and AUH2O were continuously grossly undercapitalized since January 1, 2017.

9.  Admit that 1701 and AUH2O never had liability insurance.

10. Admit that 1701 has not had a single annual meeting in its existence.

11. Admit that Charles Muszynski moved his assets to foreign bank accounts to fraudulently avoid valid US judgments.

20-023DBa

12.   Admit that Charles Muszynski recruits other adults to serve as his nominal Trustee beneficiary so that he can obtain funds through trusts and advises these adults to lie on their Federal tax returns.

13.   Admit that Charles Muszynski controls Glo-Jet International Corp and Glo-Jet International Holdings (Puerto Rico) LLC ("Glo-Jet").

14.   Admit that Charles Muszynski withdrew funds from Glo-Jet's accounts to pay for housing in Puerto Rico.

15.   Admit that Charles Muszynski owns and/or controls SMILING DOG LTD., a Cayman Islands company.

16.   Admit that Charles Muszynski owns and/or controls M/Y SMILING DOG, a 1991 model 105-foot Chediek motor yacht registered in the Cayman Islands as Official Number 748072, its engines, tackle, furniture, furnishings, and appurtenances, including a 17-foot Boston Whaler tender ("Vessel").

20-023DBa

17.   Admit that Charles Muszynski ceased playing rent at Broward Harbor for the Vessel out of concern that creditors would seize the vessel.

18.   Admit that Charles Muszynski moved all of his assets out of Puerto Rico in 2022 when he realized Plaintiffs had registered the Judgment in the District of Puerto Rico.

19.   Admit that Charles Muszynski purposefully seeks to move his assets from the US to thwart Plaintiffs' collection efforts and avoid payment of the Court's final judgment.

20.   Admit that Charles Muszynski is purposefully deteriorating his assets in an attempt to avoid payment of the Court's final judgment.

21.   Admit that Charles Muszynski uses names such as the African-American name Frederick Douglas or the Latino name Jamie Castro in Internet sites despite often using disparaging language towards minorities.

22.   Admit that Charles Muszynski uses the Jewish name "Max Roth" when applying for apartment rentals despite often using disparaging language towards people of the Jewish faith.

20-023DBa

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on <u>Nov. 21, 2022</u> and by the methods of service noted below, a true and correct copy of the foregoing was served on Defendants 1701 MANAGEMENT LLC d/b/a LIQUIDVPN, AUH2O LLC, and CHARLES MUSZYNSKI a/k/a FREDERICK DOUGLAS by following methods.

<u>Via First Class Mail</u>
Stolberg Law LLC
Agent for 1701
MANAGEMENT LLC
151 Calle de San Francisco
Suite 201
San Juan, PR 00901

<u>Via First Class Mail</u>
RICHARD J. MOCKLER
600   N.   WILLOW   AVE.,
SUITE 101
TAMPA, FLORIDA 33606

<u>Via Email</u>
Richard Mockler
<richard@mlfloridalaw.com>

<u>Via Airmail</u>
Southpac Trust Nevis
Limited,
Agent for AUH2O LLC
Hunkins Plaza, PO Box 681
Main Street, Charlestown
NEVIS

<u>Via First Class Mail</u>
CHARLES MUSZYNSKI
204 Rainbow Drive, #10485
Livingston, TX 77399-2004

CHARLES MUSZYNSKI
241 Rainbow Dr., #14166
Livingston, TX 77399-2041

DATED: Nov. 21, 2022

20-023DBa

CULPEPPER IP, LLLC,

Kerry S. Culpepper

Virginia Bar No. 45292
Hawaii Bar No. 9837
CULPEPPER IP, LLLC
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawai'i 96740

7

20-023DBa

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on <u>8 May 2023</u> by the methods noted below, a true

and correct copy of the foregoing was served on Plaintiffs' and filed with the U.S. District Court,

Southern District, Miami.

<u>Via First Class Mail</u>
Kerry Culpepper
Culpepper IP, LLLC
75-170 Hualalai Road, Suite B204
Kailua-Kona, HI 96740

<u>Via Email</u>
Kerry Culpepper
Kculpepper@culpepperip.com

<u>Via First Class Mail</u>
Clerk of the Court
U. S. Federal District Courthouse
400 North Miami Avenue
Miami, FL 33126


Charles Muszynski

CHARLES MUSZYNSKI
P. O. Box 1423
Basseterre, St. Kitts
West Indies
usfilefolder.com

2

2 nd

Motion

Seperate

File



ORIGIN ID:PGDA (941) 639-9888
THE SHIPPING POST
THE SHIPPING POST
3941 TAMIAMI TRL STE 3157

PUNTA GORDA, FL 33950
UNITED STATES US

SHIP DATE: 08MAY23
ACTWGT: 0.01 LB
CAD: 114509122/WSXI3600

BILL SENDER

TO

**US FEDERAL DISTRICT COURTHOUSE**
**CLERK OF COURT**
**400 N MIAMI AVE**
**MIAMI FL 33126**

(407) 687-8778
INV: PKG ID: 23020701
PO:

REF: NEVADA BEDWELL

DEPT:

**FedEx**
Express

**E**

WED - 10 MAY 10:30A
**PRIORITY OVERNIGHT**

**FedEx**

TRK# 3980 3504 5225
0201

**3C MPBA**

**33128**
FL-US
**MIA**

74844 10May2023 ATUA 581G3/2BC3/C088