UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-20862-BLOOM/Otazo-Reyes

MILLENNIUM FUNDING, INC.,
a Nevada corporation, *et al.*,
      Plaintiffs,

v.

1701 MANAGEMENT LLC d/b/a
LIQUIDVPN, a Puerto Rico limited
liability company, *et. al.*,

      Defendants.
_____/

## REPORT AND RECOMMENDATION RE: D.E. 438

THIS CAUSE came before the Court upon Garnishees Glo-Jet International Corp. and Glo-Jet International Holdings (Puerto Rico) LLC (collectively, "Garnishees") Motion for Attorney's Fees (hereafter, "Motion for Fees") [D.E. 438]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Beth Bloom, United States District Judge [D.E. 432]. For the reasons stated below, the undersigned respectfully recommends that Plaintiff's Motion for Fees be GRANTED IN PART.

### PROCEDURAL AND FACTUAL BACKGROUND

On March 28, 2022, the Court granted Final Default Judgment in favor of Plaintiffs, MILLENNIUM FUNDING, INC., VOLTAGE HOLDINGS, LLC, AMBI DISTRIBUTION CORP., AFTER PRODUCTIONS, LLC, AFTER II MOVIE, LLC, MORGAN CREEK PRODUCTIONS, INC., MILLENNIUM FUNDING, INC., BEDEVILED LLC, MILLENNIUM MEDIA, INC., COLOSSAL MOVIE PRODUCTIONS, LLC, YAR PRODUCTIONS, INC., FSMQ FILM, LLC, FW PRODUCTIONS, LLC, MILLENNIUM IP, INC., I AM WRATH

PRODUCTION, INC., KILLING LINK DISTRIBUTION, LLC, 2 BADHOUSE STUDIOS, LLC, LF2 PRODUCTIONS, INC., LHF PRODUCTIONS, INC., VENICE PI, LLC, RAMBO V PRODUCTIONS, INC., RUPTURE CAL, INC., MON, LLC, SF FILM, LLC, SPEED KILLS PRODUCTIONS, INC., MILLENNIUM IP, INC., NIKOLA PRODUCTIONS, INC., WONDER ONE, LLC, BODYGUARD PRODUCTIONS, INC., OUTPOST PRODUCTIONS, INC., GLACIER FILMS 1, LLC, DEFINITION DELAWARE LLC, HANNIBAL CLASSICS INC., JUSTICE EVERYWHERE PRODUCTIONS LLC, STATE OF THE UNION DISTRIBUTION AND COLLECTIONS, LLC, PARADOX STUDIOS, LLC, DALLAS BUYERS CLUB, LLC, HITMAN TWO PRODUCTIONS, INC., SCREEN MEDIA VENTURES, LLC and 42 VENTURES, LLC's (collectively, "Plaintiffs") and entered judgment in the amount of $15,172,403.00 in favor of Plaintiffs and against Defendants 1701 Management, LLC ("1701"), Charles Muszynski ("Muszynski"), and AUH20 LLC ("AUH20") (together, "Defendants"). See Final Default Judgment [D.E. 213].

On August 19, 2022, the Court issued Writs of Garnishments [D.E. 260, 261] against Garnishees. Plaintiffs served the Garnishees with the Writs on September 12 and 29 of 2022 [D.E. 276 and 278]. On October 26, 2022, Plaintiffs filed a Motion for Entry of Clerk's Default after Garnishees failed to respond to the Writs [D.E. 291]. A Clerk's Default was entered against Garnishees on October 27, 2022 [D.E. 292]. On November 7, 2022, Plaintiffs filed a Motion for Default Judgment seeking final default judgment against Garnishees in the amount of $15,433.950.27. See Mot. for Default Judgment [D.E. 297]. On December 8, 2022, the undersigned held a show cause hearing on Plaintiffs' Motion for Default Judgment [D.E. 316]. Following the show cause hearing, the undersigned issued a Report and Recommendation finding that Garnishees failed to respond to the Motion for Default Judgment and failed to appear at the

show cause hearing; and recommending that Final Default Judgment be entered in favor of Plaintiffs and against Garnishees. See Report and Recommendation [D.E. 326].

On December 14, 2022, Garnishees objected to the Report and Recommendation, moved to set aside the default, and answered the Writs of Garnishment by stating that they were not indebted to Defendants. See Mot. to Set Aside Default and Answer (hereafter, "Motion to Set Aside Default") [D.E. 331 at 4].

On February 1, 2023, the Court issued its Order granting Garnishee's Motion to Set Aside Default and declined to adopt the Report and Recommendation. See Order [D.E. 383]. On February 2, 2023, Garnishees filed their Answer to Writs and Motion to Dissolve the Writs [D.E. 384] and requested an award of reasonable attorney's fees pursuant to Florida Statute § 77.28 (hereafter, "Section 77.28"). On February 6, 2023, Plaintiffs moved to voluntarily dissolve the Writs [D.E. 391] and stated that they had sent Garnishees' counsel $200.00 in compliance with Section 77.28.[1] On February 7, 2023, the Court entered an order: granting Garnishees' Motion to Dissolve the Writs; granting Plaintiffs' Motion to Voluntarily Dissolve Writs of Garnishment; and reserving jurisdiction on Garnishees' claim for additional fees and costs. See Omnibus Order [D.E. 396].

On February 17, 2023, Garnishees filed their Motion for Summary Judgment and Request for Dismissal with Prejudice and Award of Attorneys' Fees [D.E. 412]. On February 21, 2023, the Court issued a paperless Order denying the motion and stating, "If Garnishees seek to recover attorneys' fees they must file a Motion for Attorneys' Fees that complies with Local Rule 7.3."

---

[1] Section 77.28 requires that, "[u]pon issuance of a writ of garnishment, the party applying for it shall pay $100 to [each] garnishee on the garnishee's demand at any time after the service of the writ for the payment or part payment of his or her attorney fee which the garnishee expends or agrees to expend in obtaining representation in response to the writ." Id.

See Order [D.E. 413]. On March 25, 2023, Garnishees filed the instant Motion for Fees seeking a fee award in the amount of $21,180.00 pursuant to Section 77.28. See Mot. for Fees [D.E. 438 at 6]. Garnishees also seek the same amount of fees as sanctions against Plaintiffs pursuant to 28 U.S.C. § 1927 (hereafter, "Section 1927"). See id.

## DISCUSSION

### 1. Entitlement to Attorney's Fees under Section 77.28

Garnishees argue that they are entitled to an award of attorney's fees pursuant to Section 77.28 of the Florida Statutes. Section 77.28 provides, in relevant part:

> On rendering final judgment, the court shall determine the garnishee's costs and expenses, including a reasonable attorney fee, and in the event of a judgment in favor of the plaintiff, the amount is subject to offset by the garnishee against the defendant whose property or debt owing is being garnished.

Id. Plaintiffs argue that Section 77.28 requires that a final judgment be rendered in the case before an award of attorney's fees can be issued and that, because no final judgment was entered, Garnishees are not entitled to recover fees under the statute. See Response in Opposition to Garnishee's Mot. for Fees (hereafter, "Response") [D.E. 453 at 13]. Garnishees counter that the Court's dissolution of the Writs of Garnishment [D.E. 396] operates like a final judgment within the meaning of Section 77.28. See Mot. for Fees [D.E. 438 at 3 (citing Matthews v. First Fed. Sav. & Loan, 571 So. 2d 2, 3 (Fla. 2d DCA 1990)).

In Matthews, the garnishees filed a motion for attorney's fees pursuant to Section 77.28. Id. at 2. Although no final judgment had been entered in the case, the garnishees argued that they were entitled to fees because the court's prior order granting their motion to dismiss and dissolving the writs of garnishment was in effect a final judgment. Id. The appellate court agreed with the garnishees, finding that the order granting the garnishees' motion to dismiss and dissolving the

writs of garnishment "was tantamount to a final judgment" because it was "a final decision appealable as a final judgment." Id. at 3.

Plaintiffs argue that this case is distinguishable from Matthews in that Garnishees never filed a motion to dismiss but instead "improperly" moved to dissolve the writs pursuant to Fla. Stat. § 77.07(1). See Response at 20. However, this is a distinction without a difference. Thus, applying Matthews, the undersigned finds that the Court's Order granting Garnishees' Motion to Dissolve Writs of Garnishment and reserving jurisdiction to address their claim for fees is "tantamount to a final judgment". See Omnibus Order [D.E. 396 at 2]; Matthews, 571 So. 2d at 3; see also Tosto v. Zelaya, No. 06-21213-CIV, 2012 WL 12849956, at *3 (S.D. Fla. Aug. 16, 2012) ("In line with Matthews, the Court concludes that the dissolution of the writs of garnishment in this case constituted a final judgment in the garnishment proceedings permitting an assessment of fees and costs . . . ."); Armenteros v. Nat. Chicken Grill of Am., LLC, No. 12-22616-CIV, 2020 WL 9458737, at *2 (S.D. Fla. Feb. 5, 2020) ("An order that dissolves a writ of garnishment is a final judgment for purposes of Fla. Stat. § 77.28.") (internal quotations and citations omitted). Moreover, in denying Garnishees' Motion for Summary Judgment, the Court nevertheless directed Garnishees to "file a Motion for Attorney's Fees that complies with [Southern District of Florida] Local Rule 7.3" if they sought to recover fees. See Order [D.E. 413]. In light of the foregoing, the undersigned concludes that Garnishees may seek to recover fees pursuant to Section 77.28 and turns to Plaintiffs' additional argument that Garnishees failed to comply with Southern District of Florida Local Rule 7.3 (hereafter, "Local Rule 7.3").

**2. Compliance with Local Rule 7.3**

Plaintiffs further argue that Garnishees are not entitled to recover attorney's fees because they failed to comply with sections (a) and (b) Local Rule 7.3. Local Rule 7.3(a) requires the party

5

seeking fees to confer in good faith with the opposing party prior to filing a motion for fees. S.D. Fla. L.R. 7.3(a). The Rule also requires that the motion for fees *inter alia*: "disclose the terms of the applicable fee agreement"; "describe and document with invoices all incurred and claimed fees"; and "be verified". Id. Local Rule 7.3(b) requires the movant to serve but not file a draft motion for fees at least 30 days prior to the deadline for filing any motion for fees. S.D. Fla. 7.3(b). Courts have discretion to deny recovery of attorney's fees if the movant fails to strictly comply with the local rules. See, e.g., Jackson v. Waste Pro of Florida, Inc., No. 22-CV-60330, 2022 WL 4631096, at *6 (S.D. Fla. Sept. 13, 2022).

Plaintiffs argue that Garnishees violated Local Rule 7.3(a) on several grounds. First, Plaintiffs contend that Garnishees failed to comply with the conferral requirement by filing a different fee motion than the draft sent to Plaintiffs. See Response [D.E. 453 at 14–15]. Although Plaintiffs argue that the "differences between the draft and filed fee motions are not mere formal changes", it appears that the parties did confer over the amount of fees and discussed substantive arguments prior to Garnishees' filing their Motion for Fees. Id. at 14. As Plaintiffs concede, the filed fee motion differs by a mere 2 pages from the draft, with the only apparent difference being the addition of arguments presented in an apparent attempt to "preempt arguments Plaintiffs made in their objections to the draft fee motion and a second affidavit." Id. Thus, the undersigned concludes that the parties did engage in a meaningful conferral prior to the filing of the Motion for Fees, and that the addition of counterarguments in the filed motion is not sufficient grounds for the Court in its discretion to deny Garnishees' Motion for Fees.

Next, Plaintiffs argue that Garnishees failed to disclose the applicable fee agreement and failed to serve a copy of the invoices. However, as Plaintiffs again concede, Garnishees did disclose to Plaintiffs during their conferral that counsel for Garnishees was "retained by Garnishees

6

at a fee rate of $300/hour" and later sent an affidavit including details of the fee agreement. See id. at 16. While it appears that the actual fee agreement was not provided, the undersigned finds these disclosures sufficient to support a finding of substantial compliance with Local Rule 7.3(a). Moreover, the invoices that were sent to Plaintiffs' counsel appear identical to the ones attached to the Motion for Fees. Indeed, the invoices contain all of the pertinent information needed to assess their validity, including the date and description of each entry, the timekeeper, the rate, amount of time spent, and a line-item total of fees. Compare Ex. A to Plfs.' Response [D.E. 453-2] with Invoices [D.E. 438-1]. Finally, the undersigned finds that Garnishees' affidavits sent to Plaintiffs' counsel in support of the Motion for Fees substantially complied with the verification requirements of Local Rule 7.3(a).

With respect to Local Rule 7.3(b), Plaintiffs argue that Garnishees failed to serve a copy of the draft fee motion prior to filing it. See Response [D.E. 453 at 15]. Specifically, Plaintiffs argue that Garnishees' counsel "merely emailed a copy to Plaintiffs' counsel" but Plaintiffs' counsel never consented in writing to accept papers from Garnishees via email. Id. For this argument, Plaintiffs cite Rule 5 of the Federal Rules of Civil Procedure, which requires that consent be given in writing to serve by electronic means. See Fed. R. Civ. P. 5(b)(2)(E). In response to Plaintiffs' objection to receiving service of the draft fees motion by email, Garnishees mailed a certified copy on March 14, 2023, which Plaintiffs argue was untimely under Local Rule 7.3(b) because the 30-day deadline to serve the draft motion was March 9, 2023, calculated from the date of the Court's Omnibus Order [D.E. 396] dissolving the writs. See Response [D.E. 453 at 15].

Although Plaintiffs are correct that service of the draft fee motion by email was technically improper under Fed. R. Civ. P. 5 because Plaintiffs did not consent in writing to such service, the

Court finds "in the interests of fairness" and because Garnishees "made good faith efforts to resolve the dispute" prior to the end of the 30-day deadline to serve the motion under Local Rule 7.3(b), that this technical error is not sufficient to deny Garnishees' request for fees. See Rocky Mountain Holdings v. Johnson, No. 5:13-cv-58-RS-GRJ, 2013 WL 5928550, at *2 (S.D. Fla. Oct. 31, 2013).

### 3. Calculation of Attorney's Fees

Garnishees seek $21,180.00 in attorney's fees for 70.6 hours of work performed by their attorney, Allan A. Rivera, Esq. ("Attorney Rivera") at a rate of $300 per hour. See Mot. for Fees [D.E. 438 at 6]. To determine an award of attorney's fees, "the Court must first determine the 'lodestar,' which is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate." See James v. Wash Depot Holdings, Inc., 489 F.Supp.2d 1341, 1346 (S.D. Fla. 2007). "The fee applicant bears the burden of establishing entitlement to the award and documenting the appropriate hours and hourly rates." Parness v. Piazza Benvenuto Ristorante, Pizzeria & Mkt., Inc., No. 08-61604-CIV, 2009 WL 1117362, at *1 (S.D. Fla. Apr. 24, 2009) (citing Hensley v. Eckerhart, 461 U.S. 424, 437 (1983)).

A. *Reasonable Hourly Rate*

When determining a reasonable hourly rate, the rate should be "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing Blum v. Stenson, 465 U.S. 886, 895-96 (1984)). "The party seeking attorney's fees bears the burden of producing 'satisfactory evidence that the requested rate is in line with prevailing market rates.'" Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994) (quoting Norman, 836 F.2d at 1299). Here, Attorney Rivera provided an affidavit stating that he

was retained at a rate of $300/hour and has been a licensed attorney since 2014. See Aff. [D.E. 438-2]. Despite his nearly 10 years of experience, Plaintiffs argue that Attorney Rivera's rate is unreasonable and should be reduced to $200/hour. Based on the undersigned's own experience and knowledge of the typical hourly rates in this District, the undersigned finds the hourly rate of $300 for Attorney Rivera is reasonable and appropriate.

B. *Number of Hours Expended*

"As in the analysis of reasonable hourly rates, the Court is presumed to be an expert in reviewing the number of hours expended on litigation for the purpose of attorney's fees." Capdevila v. S. Miami Rehab., Inc., No. 11-24005-CIV, 2012 WL 13134212, at *2 (S.D. Fla. Dec. 5, 2012) (citing Norman, 836 F.2d at 1303). "[A] district court must determine whether the hours expended are reasonable. Again, a fee applicant bears the burden of documenting the appropriate hours expended so that the Court may properly assess the time claimed for each activity." Parness, 2009 WL 1117362, at *2. "A fee applicant must set out the general subject matter of the time expended by the attorney 'with sufficient particularity so that the court can assess the time claimed for each activity.'" Diaz v. Solmar Rest., Inc., No. 08-21379-CIV, 2009 WL 10667781, at *4 (S.D. Fla. Aug. 7, 2009) (quoting Norman, 836 F.2d at 1303). "Excessive, redundant or otherwise unnecessary hours should be excluded from the amount claimed." Eckerhart, 461 U.S. 424, 434 (1983).

Upon review of Attorney Rivera's invoices, seven entries have partially or completely redacted task descriptions such that the Court cannot determine the nature of those tasks. See Invoices [D.E. 438-1]; Oxford Asset Mgtmt., Ltd. v. Jaharis, 297 F.3d 1182, 1997 (11th Cir. 2002) (abuse of discretion to award fees based on severely redacted fee entries). Accordingly, Garnishees

9

are not entitled to recover fees based on the redacted entries, thereby reducing Attorney Rivera's hours by 11.1 hours.

Moreover, several entries appear to be excessive or duplicative in nature, including four entries involving drafting a "reply" and affidavits, for a total of 22 hours. See Invoices [D.E. 438-1]. The undersigned finds these hours to be excessive and lacking a sufficient description to distinguish one task from the other. Likewise, an entry dated January 10, 2023, for "Study of motion to withdraw or correct for safe harbor proceedings under Rule 11 and Rule 15. See OConnor Rules pages 444, 437, 670, 662" appears excessive at 1.5 hours. Id. Therefore, the undersigned reduces Attorney Rivera's time spent drafting a "reply" and affidavits from 22 hours to 10 hours and declines to award fees for the aforementioned 1.5-hour entry on January 10, 2023, for an additional reduction of 13.5 hours.

Similarly, Attorney Rivera's entries on January 19, 2023, for "Final editing and research of motion in opposition to reply" is not sufficiently descriptive to distinguish this task from the four other entries for drafting and finalizing a "reply". See Invoices [D.E. 438-1]. Similarly, the entry dated December 29, 2022, for "2 calls and email with client providing all attachm[]" appears to be cutoff and not sufficiently descriptive for the undersigned to determine whether this entry was reasonable. Id. Therefore, the undersigned finds the time entries for December 29, 2022, and January 19, 2023, not reasonable and further reduces Attorney Rivera's time by 2.5 hours.

The undersigned also finds Attorney Rivera billed for the clerical task of filing a motion for extension of time on December 29, 2022, which is not recoverable. Id.; Martin v. Italian Cabinetry, Inc., No. 18-CV-24958, 2019 WL 3429919, at *3–4 (S.D. Fla. June 6, 2019) (clerical tasks are not compensable as attorney's fees). Similarly, the undersigned finds the time spent by Attorney Rivera emailing Attorney Culpepper on December 29, 2022, January 19, 2023, and on

January 26, 2023, are either excessive or include improper block billing such that they are not recoverable. Ovalle v. Perez, No. 16-CV-62134, 2017 WL 7792719, at *4 (S.D. Fla. Nov. 9, 2017) (prohibiting fee award for block billing). Therefore, the undersigned further reduces Attorney Rivera's time by 4.5 hours.

Applying the foregoing reductions, the undersigned reduces Attorney Rivera's time by 31.6 hours and the corresponding amount of fees by $9,480 for a total fee award of $11,700.00.

**4. Sanctions Pursuant to Section 1927**

As previously noted, Garnishees also seek attorney's fees as sanctions pursuant to Section 1927, which allows a party to seek attorney's fees against any party who "so multiplies the proceedings in any case unreasonably and vexatiously". 28 U.S.C. § 1927. The imposition of Section 1927 sanctions is not based on who wins or loses but is "concerned only with limiting the abuse of court processes." Roadway Express, Inc. v. Piper, 447 U.S. 752, 762 (1980). Here, Garnishees argue that Plaintiffs' attorneys should be sanctioned for "pursuing a cause of action unreasonably against Garnishees by filing motion after motion [that] created undue burden and expense". See Mot. for Fees [D.E. 438 at 9]. However, Garnishees fail to acknowledge that it took a Motion for Default, a Motion for Default Judgment, a Show Cause Hearing, at which they did not appear, and a Report and Recommendation that Default Judgment be entered before Garnishees finally answered the Writs. Therefore, the undersigned finds no merit in Garnishees argument that Plaintiffs unreasonably and vexatiously litigated this case. Accordingly, the undersigned finds no basis for an award of fees as Section 1927 sanctions against Plaintiffs.

**RECOMMENDATION**

Based on the foregoing, the undersigned RESPECTFULLY RECOMMENDS that Garnishees' Motion for Fees [D.E. 438] be GRANTED IN PART as to their request for attorney's

fees solely pursuant to Section 77.28; and that Garnishees be AWARDED fees in the amount of **$11,700.00.**

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Beth Bloom, United States District Judge. Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P.-3).

**RESPECTFULLY SUBMITTED** in Miami, Florida, this 27th day of June, 2023.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

Copies via CM/ECF to:

United States District Judge Beth Bloom
Counsel of Record