# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No.: 21-cv-20862-BLOOM/Otazo-Reyes

MILLENNIUM FUNDING, INC., et al.,

    Plaintiffs,

vs.

1701 MANAGEMENT LLC, et al.,

    Defendants,

_____

## PLAINTIFFS' RESPONSE IN OPPOSITION TO GARNISHEE'S MOTION TO SET ASIDE DEFAULT JUDGMENT [DOC. #508]

Plaintiffs/Judgment Creditors MILLENNIUM FUNDING, INC., VOLTAGE HOLDINGS, LLC, AMBI DISTRIBUTION CORP., AFTER PRODUCTIONS, LLC, AFTER II MOVIE, LLC, MORGAN CREEK PRODUCTIONS, INC., BEDEVILED LLC, MILLENNIUM MEDIA, INC., COLOSSAL MOVIE PRODUCTIONS, LLC, YAR PRODUCTIONS, INC., FSMQ FILM, LLC, FW PRODUCTIONS, LLC, MILLENNIUM IP, INC., I AM WRATH PRODUCTION, INC., KILLING LINK DISTRIBUTION, LLC, BADHOUSE STUDIOS, LLC, LF2 PRODUCTIONS, INC., LHF PRODUCTIONS, INC., VENICE PI, LLC, RAMBO V PRODUCTIONS, INC., RUPTURE CAL, INC., MON, LLC, SF FILM, LLC, SPEED KILLS PRODUCTIONS, INC., NIKOLA PRODUCTIONS, INC., WONDER ONE, LLC, BODYGUARD PRODUCTIONS, INC., OUTPOST PRODUCTIONS, INC., GLACIER FILMS 1, LLC, DEFINITION DELAWARE LLC, HANNIBAL CLASSICS INC., JUSTICE EVERYWHERE PRODUCTIONS LLC, STATE OF THE UNION DISTRIBUTION AND COLLECTIONS, LLC, PARADOX STUDIOS, LLC, DALLAS BUYERS CLUB, LLC, HITMAN TWO PRODUCTIONS, INC., SCREEN MEDIA VENTURES, LLC and 42 VENTURES, LLC (all collectively "Plaintiffs"), by and through their counsels, file their opposition to the Motion [Doc. #508] ("Motion") of Garnishee F.A. HAYEK IRREVOCABLE SETTLEMENT TRUST ("Garnishee"). As discussed below, Garnishee was served the writ of garnishment at the trustee locations Diane Claxton-Whittaker herself said were trustees (including handing to Diane Claxton-Whittaker personally) and an entity indicated as trustee in the trust's

schedule K tax return, and Diane Claxton-Whittaker and the Garnishee's beneficiary Mr. Muszynski had complete knowledge of these proceedings through the parallel action in Nevis. Indeed, Mr. Muszynski even *attended the May 12 hearing on the motion*.

## I.     INTRODUCTION

1. Garnishee's Motion contradicts itself[1]. Garnishee's Motion contradicts minutes of hearings of this case[2]. Garnishee's Motion contradicts factual findings of this case that Defendant Charles Muszynski ("Muszynski") controls Garnishee[3]. Garnishee's Motion contradicts email exchanges between Garnishee's and Plaintiff's counsels Garnishee omitted from the Motion[4]. Garnishee's Motion contradicts documents filed in the parallel Nevis action signed by **_Diane Claxton-Whittaker_** where she says Garnishee owns AUH2O and who and where are the trustees – the same entities Plaintiffs served[5]. Garnishee and Garnishee's counsel violate the worldwide asset injunction by sending funds to Garnishee's counsel and Muszynski without first obtaining an order modifying the injunction.

2. Garnishee's Motion is doomed to failure not just for these contradictions, but because it does not include *any evidence at all* besides a letter from Diane Claxton-Whittaker that is notarized but not under the penalty of perjury and contradicts her filed documents in Nevis.

## II.    RELEVANT FACTUAL BACKGROUND

3. On Nov. 1, 2021, Muszynski sent his accountant Robert Pola an email admitting that he has an entity F.A. Hayek which owns AUH2O which owns 1701 Management LLC. *See* Doc. #311-3.

---

1 For example, Garnishee says it did not know about this action until June 1 but in the certificate of compliance Garnishee's counsel says he emailed Plaintiffs on May 22 and attached as an exhibit an email from Garnishee's counsel date May 22 about this action.
2 Doc. #480 notes that Garnishee's beneficiary Muszynski attended the May 12 hearing on the motion.
3 *See* Order Granting Preliminary Injunction Restraining Assets [Doc. #399] at p. 10.
4 *See* Exhibit "1" (emails between Plaintiffs' and Garnishee's counsels on May 3, 2023).
5 *See* Doc. #406-1 at pg. 6.

```
> Robert:
>
> Under Dusko Popov:
>
> Antilles is an LLC that hold an LLC that owns a boat I'm trying to
> sell (105' MY);
>
> EVKLeddihn owns a Nevis LLC that owns a house;
>
> The account at UBP is held directly by Dusko Popov Trust
>
> Under F. A. Hayek:
>
> AUH2O holds the PR LLC called 1701 that has been abandoned - it used
> to own Liquid VPN but due to the DMCA action brought by the copyright
> troll - total loss
>
> Solzhenitzyn holds the PR LLC called Buhosabio that is Wastewiser.com - it's just starting the
> sales cycle and has produced its first monitor units for trial - Buhosabio's account is in Terry Lacy's
> name and SSN.
>
```

4. Muszynski shared copies of his 2018 Schedule K-1 with Pola that shows $258,916 was distributed to him from the F.A. Hayek Irrev. Settlement trust and that the trustee is "Jan Dash c/o Grant Thornton" in San Juan, P.R. *See* Doc. #459-4.

5. On March 28, 2022, this Court granted Plaintiffs' motion for default judgment and awarded a money judgment of $15,172,403.00 in favor of Plaintiffs and against Defendants including Defendants Muszynski and AUH2O LLC ("AUH2O"). *See* Doc. #213.

6. On Dec. 8, 2022, the Court issued a Writ of Garnishment against F.A. Hayek Irrev. Settlement Trust. *See* Doc. #313.

7. On Jan. 10, 2023, Carlos J. Martínez served the Writ on Jan Dash and Grant Thornton, the entities indicated in the 2018 Schedule K-1 as trustee of F.A. Hayek Irrev. Settlement Trust. *See* Doc. #378.

8. On Feb. 3, 2023, in parallel legal action in Nevis, Muszynski filed a disclosure of Account of Assets of AUH2O admitting that he is the manager of AUH2O and that Barret Venture Holdings LLC and SouthPac Trust Nevis Limited were trustees of Garnishee which owns 100 percent of AUH2O. *See* Doc. #406-1 at pg. 6. As reshown in the screenshot below, this disclosure was ***signed by Diane Claxton-Whittaker***.

**REGISTER OF MEMBERS**
**OF**
**AUH20, LLC**

| Member's Name | Member's Address | Percentage Membership Interest | Appointed M/D/Y | Resigned M/D/Y |
|---|---|---|---|---|
| SOUTHPAC TRUST NEVIS LIMITED, as Trustee of F. A. Hayek Irrevocable Settlement | PO Box 681, Hunkins Plaza, Main Street, Charlestown, Nevis | 100% | 28/02/2020 | 13/06/2022 |
| Barrett Venture Holdings LLC, as Trustee of F. A. Hayek Irrevocable Settlement | The Provident House, Central Government Road, Charlestown, Nevis | 100% | 13/06/2022 | |



Diana Claxton-Whittaker
LLB (Hons) LEC CAMS
Authorised Signatory
Claxton Whittaker & Associates

9. On February 9, 2023, Judge Bloom entered her *Order Granting Preliminary Injunction Restraining Assets* (the "Worldwide Asset Restraint") applicable to any trust for which Muszynski is a beneficiary and explicitly to the F.A. Hayek Trust by name. *See* Doc. #399 at p. 10. In granting the Worldwide Asset Restraint, Judge Bloom concluded that "Muszynski is using legal structures such as trusts to conceal his assets from Plaintiffs…" Id. at p. 2.

10. On Feb. 13, 2023, the Clerk entered default against Jan Dash, Grant Thornton and F.A. Hayek Irrevocable Settlement Trust. *See* Doc. #402.

11. On Feb. 13, 2023, Writs [Doc. ##407, 408] were issued against SouthPac Trust Limited and SouthPac Trust Nevis Limited ("Southpac").

12. On Feb. 15, 2023, in the parallel Nevis proceedings, Muszynski filed an affidavit where he complained that Plaintiffs used his asset disclosure in Nevis to obtain a Writ of Garnishment against Southpac. *See* Exhibit "2" at ¶12. At the bottom, this affidavit is notarized ***by Diane Claxton-Whittaker***.

13. On Feb. 16, 2023, Philroy Walters served the Writ [Doc. #408] and the Order [Doc. #399] on Garnishee SouthPac Trust Nevis Limited. *See* Doc. #433.

14. On April 18, 2023, the Court issued an Order setting a show cause hearing for Plaintiffs' Motion for default judgment on May 12, 2023. *See* Doc. #460. That same day, Plaintiffs

4

mailed a copy of the hearing to Garnishee (via Barret Venture Holdings) and Muszynski. *See* Doc. #461.

15. On May 5, 2023, Philroy Walters served the Writ [Doc. #313] and the Temporary Worldwide Asset Restraint [Doc. #370] on ***Diana Claxton-Whittaker*** on behalf of Barret Venture Holdings LLC. *See* Exhibit "2" [previously admitted as P-31 (Affidavit of Philroy Walters) in the May 12 hearing. *See* Exhibit "3" at p. 6].

16. On May 12, 2023, the Court held a hearing on the motion for default judgment at which Muszynski appeared and made objections to Plaintiffs' admission of exhibits contained at Doc. #475 that were overruled by the Court. *See* Exhibit "3" at p. 7. That same day, the Court issued the Report and Recommendation ("R&R") recommending that default judgment be entered against Garnishee. *See* Doc. #484.

17. On May 12, 2023, Plaintiffs mailed a copy of the R&R to Barrett Venture Holdings, LLC. *See* Doc. #485.

18. On May 23, 2023, Plaintiffs and Garnishee's counsels had a telephone conversation in which Garnishee's counsel asserted that service in Puerto Rico was improper because, according to him, that entity was just Garnishee's accountant and that service violated the Hague Convention. *See* Decl. of Culpepper at ¶3. Plaintiffs' counsel emphasized to Garnishee's counsel that there was Worldwide Asset Restraint in place the prevented him from even receiving a retainer from Garnishee. *See id*. at ¶5. Garnishee's counsel refused to disclose who is the trustee for Garnishee. *See id*. at ¶4. Afterwards, Plaintiffs' counsel emailed Garnishee's counsel copies of Doc. #459-4 (the Schedule K that shows Jan Dash is not just an accountant but trustee for Garnishee); Doc. #406-1 (the disclosure signed by Muszynski and *Diana Claxton-Whittaker* stating that trustees of Garnishee are Southpac and Barret Venture Holdings); and the affidavit of Philroy Walters [previously admitted as P-31 (Affidavit of Philroy Walters)] attesting to serving the Writ on *Diana Claxton-Whittaker* on behalf of Barret Venture Holdings, and the worldwide asset restraint. *See* Exhibit "3"; Decl. of Culpepper at ¶5. Garnishee's counsel did not email Plaintiffs' counsel back disputing that Mr. Walters served the Writ on Ms. Claxton-Whittaker. *See Id*. at ¶8.

19. On May 30, 2023, Judge Bloom issued the order adopting the R&R. *See* Doc. #495

20. On June 8, 2023, Garnishee's counsel emailed Plaintiffs' counsel a Rule 11 motion that argued *inter alia* that service was improper for lack of personal jurisdiction. Garnishee's counsel did not dispute that Mr. Walters served the Writ on Ms. Claxton-Whittaker.

5

21. On July 10, 2023, Garnishee filed the motion to set aside default. *See* Doc. #508. The motion includes as an exhibit a letter from Ms. Claxton-Whittaker claiming that the trust was not served. *See* Doc. #508-1. Ms. Claxton-Whittaker does not state that she did not know about the writ.

22. On July 10, 2023, Plaintiffs filed a motion for a writ of execution. *See* Doc. #509.

23. On July 11, 2023, the Court issued the writ of execution but later issued an order vacating the writ of execution and setting a hearing. *See* Doc. #510.

### III.   LEGAL STANDARD

24. Under Fed. R. Civ. P. 60(b), a district judge may relieve a party from a final judgment for *inter alia* (1) mistake, inadvertence, surprise, or excusable neglect …(4) the judgment is void…or (6) any other reason that justifies relief.

25. To establish mistake, inadvertence, or excusable neglect under Rule 60(b)(1), a defaulting party must show that: (1) it had a meritorious defense that might have affected the legal outcome, (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) good cause existed for failing to reply to the complaint. *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291,1295 (11th Cir. 2003).

26. To show a meritorious defense, Wang must provide a defense "that probably would have been successful" in the action. *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1133 (11th Cir. 1986). A general denial of liability does not suffice. *Id*.

27. To show that a judgment is void for lack of personal service or jurisdiction, the Defendant has the burden of proof. *In re Worldwide Web Sys., Inc.*, 328 F.3d at 1298-99 (11th Cir. 2003). Where a plaintiff establishes valid service of process, the burden then shifts to the defendant to establish by clear and convincing evidence that service was not effectuated properly. *See Friedman v. Schiano*, No. 16-cv-81975-BLOOM/Valle, 2017 U.S. Dist. LEXIS 226818, at *11 (S.D. Fla. Nov. 14, 2017) (quoting *Telf Corp. v. Gomez*, 671 So. 2d 818 (Fla. 3d DCA 1996) ("a return of service that is regular on its face is presumed to be valid absent clear and convincing evidence presented to the contrary.")

28. Relief under the Rule 60(b)(6) catchall provision "…is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *United States v. Certain Real Prop. Located at Route 1*, 126 F.3d 1314, 1318 (11th Cir. 1997) (quoting *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984)).

### IV. ARGUMENT

### A. Garnishee' motion includes zero evidence of excusable neglect and contradicts its own arguments.

29. Garnishee has not presented any affidavits from anyone stating that Garnishee was not served the Writ. Garnishee does not disclose any of the trust documents that support its assertions. Garnishee only includes a letter from Diana Claxton-Whittaker in which she denies that Garnishee has been properly served. *See* Doc. #508-1 at p. 3. But Ms. Claxton-Whittaker was personally served the Writ on behalf of the entity (Barret Venture Holdings) that *she* stated was one of the trustees of Garnishee. *See* Exhibit "3"; Doc. #406-1 (disclosure signed by Muszynski and <u>Diana Claxton-Whittaker</u> stating that trustees of Garnishee are Southpac and Barret Venture Holdings).

30. Although the letter from Ms. Claxton-Whittaker is notarized by Kurylyn Merchant[6], there is no language stating that Ms. Claxton-Whittaker was sworn under penalty of perjury of the laws of the United States as required by 28 U.S.C. 1746(1). Accordingly, the letter is not admissible evidence. Moreover, in the letter Ms. Claxton-Whittaker does not deny knowing about the Writ. Nor could she because Ms. Claxton-Whittaker was personally served the Writ. *See* Exhibit "3". Further, Ms. Claxton-Whittaker has been signing documents in the parallel Nevis proceedings since at least February some of which refer to this litigation here. *See* Exhibit "2" at p. 3.

31. Ms. Claxton-Whittaker's failure to swear under perjury as required by 28 U.S.C. 1746(1) is important and not a mere technicality because at the least her assertion that the "The Trust has never operated in a U.S. jurisdiction" is **false**. *See* Doc. #508-1 at p. 3. As shown in the 2018 Schedule K-1, $258,916 was distributed to Muszynski *in Lake Mary, Florida* from the F.A. Hayek Irrev. Settlement trust and the trustee is "Jan Dash co Grant Thornton" in San Juan, P.R. *See* Doc. #459-4. Puerto Rico may be a US territory, but it is still a U.S. Jurisdiction.

32. Garnishee argues that it first learned of this action on June 1, 2022. *See* Mot. at ¶¶13, 27, 28. However, this argument is contradicted by the exhibit to Garnishee's own exhibit showing the email of *May 22* from Garnishee's counsel to Plaintiffs' counsel. *See* Doc. #508-2 at p. 6. The letter of Ms. Claxton-Whittaker also contradicts this argument because she discusses Mr. Muszynski's bankruptcy filing of May 11, 2023.

---

6 Ms. Merchant is counsel for Muszynski and AUH2O in the Nevis proceedings.

33. If Garnishee's assertion is that it was never served the Writ, it needed to come up with arguably clear and convincing evidence. *See Telf Corp. v. Gomez*, 671 So. 2d 818 (Fla. 3d DCA 1996). At the very least, Garnishee needed to present at least *some* evidence such as disclosure of who is the purported correct trustee. In the contrary, Garnishee has presented documents that contradict its own assertions and just an unverified letter from Ms. Claxton-Whittaker that asks this Court to take her word for it. But Ms. Claxton-Whittaker words are contradicted by the documents in the parallel Nevis proceedings.

34. Garnishee's assertion that it did not know about this proceeding until June 1 is further undermined by the fact that Muszynski attended the May 12 hearing on the motion and attempted to prevent exhibits from being admitted. *See* Exhibit "2" at p. 7; Doc. #480 (minutes noting Muszynski appeared *pro se*). As stated in the letter of Ms. Claxton-Whittaker, Muszynski is a beneficiary. It is implausible that Garnishee's beneficiary Muszynski did not tell Garnishee of the motion or the hearing.

35. Garnishee has failed to show any excusable neglect.

**B.    Garnishee has no meritorious defense.**

36. The letter of Ms. Claxton-Whittaker concedes that Muszynski is a beneficiary of Garnishee. *See* Doc. #508-1 at p. 3. Moreover, as stated by Ms. Claxton-Whittaker, Garnishee is one hundred percent owner of AUH2O. *See* Doc. #406-1 at pg. 6. Nonetheless, Garnishee argues that it is not indebted to defendants and does not have any "tangible or intangible property of defendants". This is the type of mere general denial that does not suffice for showing a meritorious defense. *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1133 (11th Cir. 1986) (a general denial of liability does not suffice). Moreover, this purported defense makes no sense since Garnishee admits that Defendant Muszynski is a beneficiary and Garnishee **owns** Defendant AUH2O. Moreover, Ms. Claxton-Whittaker does not say the same in this letter. Accordingly, Garnishee's counsel's nonsensical argument does not establish a meritorious defense.

37. Assuming *arguendo* that Garnishee is a valid spendthrift trust, Florida law will not protect assets contained within a spendthrift trust to the extent the settlor creates the trust for his own benefit, rather than for the benefit of another. *See Menotte v. Brown (In re Brown)*, 303 F.3d 1261, 1266 (11th Cir. 2002). At the very least, Defendant's distributions are subject to the reach of Muszynski's creditors. *See id.* at 1270.

38.     This Court already noted that Garnishee was a mere *alter ego* of Defendant Muszynski in the WorldWide Asset Restraint. *See* Doc. #399 at p. 10. Defendant has already been held in contempt in this Court. *See* Doc. #368. Defendant has admitted in written communications that he exercises dominion over Garnishee. *See* Doc. #311-3. The Court can look past the legal façade and see Garnishee for what it is – another *alter ego* Defendant Muszynski has set up to stiff his creditors. Just as Muszynski did in the Florida Orange County Circuit Court where he is in contempt for fraudulently transferring his company shares to the 120@53 trust in violation of the court's order to avoid an alimony judgment. *See* Exhibits "6" and "7" (Orders holding Muszynski in contempt and issuing writ of bodily arrest for his transfer of funds to Nevis and his trust in violation of alimony order); *Muszynski v. Muszynski*, 2020 Fla. App. LEXIS 1857, 45 Fla. L. Weekly D 365, 2020 WL 739023 (Fla. App. 2020) ("he has transferred his company shares to avoid foreclosure…. illustrates yet another—potentially purposeful—violation of the final judgment"). Just as Muszynski admitted in his conversation with Mr. Pola. *See* Doc. #311-3.

**C.      Plaintiffs will suffer prejudice if default judgment is set aside.**

39.     As stated by Ms. Claxton-Whittaker, Garnishee is a foreign trust. However, because Garnishee engaged counsel in Florida, it has sent assets to Florida, namely the retainer of Garnishee's counsel. *See* Decl. of Culpepper at ¶3. If default judgment is lifted, Garnishee's counsel will be able to exhaust the retainer so that there will be no funds in Florida for Plaintiffs to execute on the judgment. To this end, Plaintiffs filed for a writ of execution. *See* Doc. #509.

40.     Plaintiffs emphasize that the transfer of retainer funds from Garnishee to Garnishee's counsel violated the Worldwide Asset Restraint that explicitly states it is applicable to the F.A. Hayek Trust by name. *See* Doc. #399 at p. 10. Plaintiffs' counsel emailed a copy of this Worldwide Asset Restraint to Garnishee's counsel upon hearing that he was awaiting his retainer payment. *See* Decl. of Culpepper at ¶5. Nonetheless, Garnishee's counsel accepted funds from Garnishee without seeking to modify the Worldwide Asset Restraint. In the face of this flagrantly unlawful conduct (and Muszynski's track record including a finding of contempt) it is unlikely that Garnishee will transfer funds to the US or even cooperate with post-judgment discovery.

41.     Further, in view of Defendant's track record of contemptuous conduct in this Court and in Florida Orange County Circuit Court and that Garnishee is Defendant's *alter ego*, this Court should at the least require Garnishee to post a bond for the judgment amount to alleviate Plaintiffs'

prejudice. Plaintiffs are filing a separate motion to this effect.

**D.     Garnishee had no good reason for failure to respond.**

42. As discussed above, Garnishee had copies of the pleadings because Ms. Claxton-Whittaker was personally served the Writ. *See* Exhibit "4". Moreover, Garnishee had knowledge earlier because Ms. Claxton-Whittaker signed the disclosures in the parallel Nevis proceedings. There was no good reason for Garnishee's failure to oppose the motion for default judgment. It appears that Garnishee and its beneficiary Muszynski's strategy was for him to file for bankruptcy the day of the hearing and demand an immediate stay based upon his say so. *See* Exhibit "3" at p. 7.

**V.     CONCLUSION**

43. As explained above, Garnishee has failed to provide evidence of mistake, inadvertence, surprise, or excusable neglect or any other reason that justifies this Court setting aside the judgment pursuant to Rule 60(b). Accordingly, Garnishee's motion should be denied. However, should the Court be inclined to Grant Garnishee's Motion, Plaintiffs ask that Garnishee be required to post a bond. Plaintiffs are filing a motion to this effect.

DATED:      July 17, 2023            Respectfully submitted,

*/s/ Joel B. Rothman*
JOEL B. ROTHMAN
Florida Bar No. 98220
joel.rothman@sriplaw.com

**SRIPLAW, P.A.**
21301 Powerline Road, Suite 100
Boca Raton, FL 33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

And

Kerry S. Culpepper
*Admitted pro hac vice*
**CULPEPPER IP, LLLC**
75-170 Hualalai Road, Suite B204
Kailua-Kona, HI  96740
808.464.4047 – Telephone
kculpepper@culpepperip.com
*Attorney for Plaintiffs*

Case 1:21-cv-20862-BB   Document 513   Entered on FLSD Docket 07/17/2023   Page 11 of 11

## CERTIFICATE OF SERVICE

I hereby certify that on the below date, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF, and by the methods of service noted below, on Defendants 1701 MANAGEMENT LLC d/b/a LIQUIDVPN, AUH2O LLC, and CHARLES MUSZYNSKI a/k/a FREDERICK DOUGLAS.

<u>Via First Class Mail</u>
Stolberg Law LLC
Agent for 1701 MANAGEMENT LLC
151 Calle de San Francisco
Suite 201
San Juan, PR 00901

<u>Via Airmail</u>
Barret Venture Holdings, LLC
Agent for AUH2O LLC
The Providence House,
Central Government Road
Charlestown, Nevis

<u>Via Airmail</u>
CHARLES MUSZYNSKI
Post Office Box 1423,
Basseterre, St. Kitts & Nevis

<u>Via E-mail</u>
usfilefolder@protonmail.com

DATED: July 17, 2023

/s/ *Joel B. Rothman*
JOEL B. ROTHMAN
**SRIPLAW, P.A.**

And

CULPEPPER IP, LLLC

Kerry S. Culpepper

Virginia Bar No. 45292
Hawaii Bar No. 9837
CULPEPPER IP, LLLC
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawai'i 96740