UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MILLENIUM FUNDING, INC, et al

      Plaintiff,

                            Case No. 21-cv-20862-BLOOM

v.

1701 MANAGEMENT, LLC
D/B/A LOQUIDVPN, et al

      Defendants,

and

F.A. HAYEK IRREVOCABLE
SETTLEMENT TRUST,

      Garnishee,

_____/

## RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR BOND

COMES NOW, Garnishee, F.A. HAYEK IRREVOCABLE SETTLEMENT TRUST (hereinafter "GARNISHEE"), by and through undesigned counsel, and pursuant Federal Rule of Civil Procedure, hereby responds to Plaintiff's Motion for Bond against Garnishee, and as good cause therefore, states the following:

      **I.  Plaintiffs' Motion for Bond must be denied due the Courts lack of personal jurisdiction over Garnishee; and**

      **II.  Plaintiffs' Motion for Bond must be denied as Garnishee lacked notice of the show cause hearing.**

    1.     As stated in Garnishee's initial filing herein, Garnishee enters a special appearance for purpose of seeking due process and relief from judgments due to lack of proper service [*see* DE 508].

    2.     Garnishee is a foreign trust, within the jurisdiction of the Federation of Saint Kitts and Nevis, a sovereign island nation, and an independent member of the British Commonwealth of Nations.

1

3.      Despite Garnishee's claim of lack of proper service, and Plaintiff's failure to prove otherwise, Plaintiff moved this Court to require Garnishee to post a bond [DE 514].

4.      Therein, Plaintiffs argue that on May 5, 2023, service of the "Writ [Doc. #313] and the Temporary Worldwide Asset Restraint [Doc. #370] *(which expired on February 7, 2023)* on Diana Claxton-Whittaker on behalf of Barret Venture Holdings LLC" is sufficient and proper service as to Garnishee, F.A. Hayek Irrevocable Settlement Trust.  [DE 514 at ¶13,16].  However, nothing in the Affidavit referred to [DE 513-5] references that such service was as to or on behalf of Garnishee, as the record provides Barret Venture Holdings, LLC is served as "Agent for AUH2O LLC" [see i.e., DE 485].

5.      Further, Plaintiffs argue that the mailing of the Report & Recommendation to Barrett Venture Holdings, LLC is is sufficient and proper service as to Garnishee, F.A. Hayek Irrevocable Settlement Trust.  [DE 514 at ¶15].  However, the record reflects otherwise as all mailings to Barret Venture Holdings, LLC were as "Agent for AUH2O LLC," not on behalf of Garnishee.

6.      Despite learning of the purported current Trustee and/or representative of Garnishee on **February 3, 2023** [DE 514 at ¶6], Plaintiffs failed to duly notice Garnishee with all actions filed against it, to wit:

   a.  On February 13, 2023, Plaintiffs, through counsel, moved for a clerk default against Garnishee and **<u>certified</u>** to the Court that "a copy of the foregoing and was served on Garnishees Jan Dash, Grant Thornton and F.A. Hayek Irrev Settlement Trust at the following address:

   <u>Via First Class Mail</u>
   Grant Thornton
   Jan Dash, Trustee for F.A.
   Hayek Irrev Settlement Trust
   33 Calle Bolivia, Ste. 400
   San Juan, Puerto Rico 00900"

   [*see* DE 401].

b.   On April 12, 2023, Plaintiffs, through counsel, moved for an Order to Show Cause Hearing against Garnishee and **<u>certified</u>** to the Court that "a copy of the foregoing and was served on Garnishees at the following addresses:

…      <u>Via First Class Mail</u>
Grant Thornton
Jan Dash, Trustee for F.A.
Hayek Irrev Settlement Trust
33 Calle Bolivia, Ste. 400
San Juan, Puerto Rico 00900"

[*see* DE 459].

c.   On April 18, 2023, this Court entered an Order Setting Show Cause Hearing, and ordered Plaintiffs to "serve a copy of this Order and the Court's instructions for the Zoom video conference on Garnishees Dash, Thornton, F.A. Hayek, Southpac, and Southpac Nevis and shall file proof of such service before the hearing date." [DE 460, at pg. 3, ¶3].  In compliance with the Court's instructions, on April 19, 2023, Plaintiffs, through counsel, filed a Certificate of Service **<u>certifying</u>** to the Court that "a true and correct copy of the ORDER SETTING SHOW CAUSE HEARING [Doc. #460] was served by the methods of service and on date noted below on Garnishees at the following addresses:

…      <u>Via First Class Mail</u>
Grant Thornton
Jan Dash, Trustee for F.A.
Hayek Irrev Settlement Trust
33 Calle Bolivia, Ste. 400
San Juan, Puerto Rico 00900"

[*see* DE 461].

d.   On May 12, 2023, Magistrate M. Otazo-Reyes, issued a Report and Recommendation on Plaintiff's Motion for Order to Show Cause [DE 459], and ordered Plaintiffs to serve of copy of same on Garnishees and to file proof of service. [see DE 484].  In

3

compliance with the Court's instructions, on April 19, 2023, Plaintiffs, through counsel, filed a Certificate of Service **certifying** to the Court that "a true and correct copy of the ORDER [Doc. #484] was served by the methods of service and on date noted below on Garnishees at the following addresses:

…   <u>Via First Class Mail</u>
Grant Thornton
Jan Dash, Trustee for F.A.
Hayek Irrev Settlement Trust
33 Calle Bolivia, Ste. 400
San Juan, Puerto Rico 00900"

[*see* DE 485].

e.   On May 30, 2023, this Court issued an Order Adopting Magistrate Judge's Report and Recommendations against Garnishee, which was served on Garnishee at:

"F.A. Hayek Irrevocable Settlement Trust
33 Calle Bolivia Ste. 400
San Juan, PR 00917"

[*see* DE 494].

f.   On May 30, 2023, this Court issued Final Default Judgment of Garnishment against Garnishee, which was served on Garnishee at:

"F.A. Hayek Irrevocable Settlement Trust
33 Calle Bolivia Ste. 400
San Juan, PR 00917"

[*see* DE 495].

7.   Additionally, Plaintiffs argue that Garnishee does not state that it "did not know about the Writ," citing Plaintiffs' counsels own declaration as proof.  However, "knowing" of a matter is insufficient for the requirements of proper service.

8.   Plaintiffs service of process on an entity on behalf of another entity (Barret Venture Holdings, LLC as Agent for AUH2O LLC, cannot suffice as service for all entities presumed to be represented by it (ie, Barret Venture Holdings, LLC as Trustee of F.A. Hayek Irrevocable Settlement

4

Trust).  Accordingly, as Garnishee was not duly served with process herein, nor was it provided notice or an opportunity to be heard at the show cause hearing, this Court must deny Plaintiffs Motion for Bond [DE 514]; grant Garnishee's Motion to Set Aside Default Judgment [DE 508], and award Garnishee's attorney's fees and costs pursuant to Fla. Stat. §77.28 and 28 U.S.C. § 1927.

## MEMORANDUM OF LAW

### I.      Plaintiffs' Motion for Bond must be denied as the Court lacks personal jurisdiction over Garnishee.

9.      A Court's jurisdiction over a defendant is ordinarily established by service of process on the defendant.  *See McKelvey v. McKelvey*, 323 So. 2d 651, 653 (Fla. 3d DCA 1976); *see also Modway, Inc. v. OJ Commerce, LLC*, 46 Fla. L. Weekly D2532, D2534 (Fla. 4th DCA Nov. 24, 2021) ("Proper service of process is indispensable for the court to obtain personal jurisdiction over a defendant. (quoting *Sierra v. U.S. Bank Tr., N.A.*, 299 So. 3d 402, 403 (Fla. 4th DCA 2020))).

10.      Florida courts, however, have long recognized that jurisdiction over a defendant may be acquired by the defendant's voluntary appearance in the case and submission to the court's jurisdiction, which, in turn, cures any defects in service of process. *See McKelvey*, 323 So. 2d at 653, 653 n.2; *see also Fisher v. State*, 840 So. 2d 325, 330 (Fla. 5th DCA 2003) ("[A] party can make a voluntary appearance and submit to the jurisdiction of a court even where the party is not served with process.").

11.      Florida law is well settled that a defendant wishing to challenge personal jurisdiction must do so in the first step the defendant takes in the case, or this defense will be deemed waived, and the court will be deemed to have acquired jurisdiction over the defendant. *See Consolidated Aluminum Corp. v. Weinroth*, 422 So. 2d 330, 331 (Fla. 5th DCA 1982); *see also Snider v. Metcalfe*, 157 So. 3d 422, 424 (Fla. 4th DCA 2015) ("Lack of personal jurisdiction is a waivable defense that must be raised at the 'first opportunity' and before the defendant takes any steps in the proceeding

constituting submission to the court's jurisdiction."); *Lennar Homes, Inc. v. Gabb Constr. Servs., Inc.*, 654 So. 2d 649, 651 (Fla. 3d DCA 1995) ("A defendant who fails to contest the sufficiency of service of process at the inception of the case . . . has waived [its right to assert] this defense . . . at a later stage in the proceedings."); *Cumberland Software, Inc. v. Great Am. Mortg. Corp.*, 507 So. 2d 794, 795 (Fla. 4th DCA 1987) ("The first step which a party takes in a case, whether it be the filing of a preliminary motion or a responsive pleading, must raise the issue of personal jurisdiction or that issue is waived.")

12.     Here, the first step taken by Garnishee, despite not receiving service of the subject Writ, or notice of any of the other filings against it, was the filing of a Motion to Set Aside Default due to lack of proper service. [*see* DE 508].

13.     Without proper service, the Court lacks personal jurisdiction over Garnishee, the Default and Default Final Judgment must be vacated, and Plaintiffs' motion for bond must be denied.

14.     Additionally, Article III, Section 1 of U.S. Constitution provides that in addition to the power to issue judgments, each federal court also possesses an inherent power to vacate its own judgment upon proof that a fraud has been perpetrated upon the court or enforcement of the judgment would otherwise create inequity, and to conduct an independent investigation in order to determine whether it has been the victim of fraud.   *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (citing *Hazel–Atlas Glass Co. v. Hartford–Empire Co.*, 322 U.S. 238 (1944); *Universal Oil Products Co. v. Root Refining Co.*, 328 U.S. 575, 580 (1946)); *see also Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 234 (1995).

15.     Accordingly, the Court, through it's inherent powers, must deny the Plaitniffs' Motion for Bond [DE 514], vacate the Default [DE 402] and Default Final Judgment [495] in order to prevent enforcement of a judgment would otherwise create inequity, and/or to investigate if there has been any fraud on the Court.

**II.  Garnishee was not duly noticed of the hearing to show cause.**

16.     Notice, and the opportunity to heard are anchors of our constitutional framework. Specifically, Article 1, Sec.9 of the Florida Constitution, provides for the right to "due process," which states that: "No person shall be deprived of life, liberty or property without due process of law…"

17.     Rule 5(b)(2)(C), Fed. R. Civ. P., provides that "[a] paper is served …by …mailing it to the person's last known address—in which event service is complete upon mailing…

18.     The granting of relief from a default rests in the sound judicial discretion of the trial judge. *Acme Fast Freight, Inc. v. Bell*, 318 So.2d 212 (Fla. 3d DCA 1975).

19.     Additionally, Florida policy dictates a preference that cases be decided on their merits. *Cinkat Transportation, Inc. v. Maryland Casualty Company*, 596 So. 2d 746 (Fla. 3d DCA 1992). In the court's utilization of its discretion, all reasonable doubt is to be resolved **in favor of granting relief from default judgments so that matters may be tried on the merits**. *North Shore Hospital, Inc. v. Barber*, 143 So. 2d 849 (Fla. 1962).

20.     To vacate a default judgment, a meritorious defense, excusable neglect, and due diligence from the time of learning of default must be shown. *Brandt v. Dolman*, 421 So. 2d 689 (Fla. 4th DCA 1982).

21.     Herein, Garnishee provides that while a judgment debtor (Charles Muszynski) is a beneficiary of the trust, the trust is an irrevocable trust, and therefore the trust assets are not "tangible and intangible personal property of the defendant…," Garnishee failed to timely respond to the Writ and other relevant items herein due to excusable neglect, that being lack of service of same.  However, upon learning of the Default Judgment of Garnishment [DE 495, entered 5/30/23] from other similarly situated parties, Garnishee sought assistance from counsel and, as immediately as possible, made appearance herein [*see* DE 508, filed 7/10/23].

22.     Nonetheless, Plaintiffs seek a bond from Garnishee pursuant to Fed. R. Civ. P. 62(b), L.R. 62.1 and [F.S.] §45.045(4).  However, Plaintiffs' arguments are misplaced.

23.     Fed. R. Civ. P. 62(b) provides that "at any time after judgment is entered, a party may obtain a stay by providing a bond or other security."  However, Garnishee is not seeking a stay of the proceedings, but rather relief from the Default [DE 402] and Final Default Judgment of Garnishment [DE 495] due to lack of service, and for an opportunity for the matters to be tried on the merits.  *See North Shore Hospital, Inc., supra.*

24.     Similarly, L.R. 62.1 provides that "[a] supersedeas bond or other security staying execution of a money judgment shall be in the amount of 110% of the judgment, to provide security for interest, costs, and any award of damages for delay," and that "upon its own motion or upon application of a party the Court may direct otherwise."   Plaintiffs demand satisfaction of its judgment and "an award of damages for delay," but it is Plaintiffs who have failed to execute on the judgment against the various garnishees.  Further, regardless of the outcome of the relief sought by Garnishee, Plaintiffs stand in a position to recover their judgment amount from one or more of the various garnishees stated therein.

25.     Additionally, Plaintiffs seek a bond pursuant to §45.045(4), Fla. Stat., which provides that "[i]f the trial or appellate court determines that an appellant has dissipated or diverted assets outside the course of its ordinary business or is in the process of doing so, the court may enter orders necessary to protect the appellee.  Plaintiffs mistakenly argue that because Mr. Muszynski is the beneficiary to a trust, said trust and its beneficiary are "conspiring …to dissipate assets."  However, such legal vehicles are within the ordinary course of business.

26.     Nonetheless, §45.045(2), Fla. Stat., provides that [t]he court, in the interest of justice and for good cause shown, may reduce the supersedeas bond or may set other conditions for the stay with or without a bond.

27.     As stated herein (see ¶6 above), Plaintiffs failed to properly serve and notice Garnishee with the necessary filings, including, but not limited to, the Order Setting Show Cause Hearing [DE 460], in violation of Garnishee's right to due process.  Accordingly, Plaintiffs' Motion for Bond must be denied and the Default and Default Final Judgment vacated.

## **CONCLUSION**

28.     Plaintiffs Motion for Bond must be denied because it is Plaintiffs own actions that have delayed its collection efforts, by failing to properly serve Garnishee.  Additionally, the Default, Default Final Judgment, and Orders entered against Garnishee in this action should be set aside as Garnishee has established that there was excusable neglect pursuant to Fed. R. Civ. P. 60(b) and relevant case law. Garnishee's defense that is not indebted to said Defendants, nor are any of the trust assets property of the Defendants, would affect the outcome of this matter. Plaintiff will not suffer prejudice as a result of the granting of this relief as the Plaintiffs retain the potential to collect on its money judgment through the various other fifteen (15) garnishees.  Garnishee failed to timely respond herein because it was not duly served with notice of the instant action, nor was it served any relevant pleadings, judgments, orders, or other documents.  Garnishee is requesting this relief as soon as reasonably possible after learning of the instant action, and after investigating the reasons for lack of service.  Garnishee learned of the instant action from a similarly situated participant and acted as swiftly as possible to properly respond and address the Court accordingly, and is requesting the relief sought in this motion in good faith to enable it to be able to properly advise the Court its status as the holder of any property belonging to Defendants which may be held for garnishment to Plaintiffs.

29.     Additionally, Plaintiffs' Motion for Bond must be denied and the Default and Default Final Judgment vacated as Garnishee was not duly served with process of the Writ, nor provided notice of the show cause hearing enabling it to be heard, in violation of its constitutional rights.

## COST AND ATTORNEY'S FEES

30.    Garnishee has been obligated to retain counsel in this matter and is required to pay its attorneys a reasonable fee, for which it is entitled to an award of fees as provided by Florida Statute §77.28.

31.    To the extent a final judgment is entered with respect to the garnished funds, if any are so to be determined, Garnishee requests the Court to determine its costs and expenses, including a reasonable attorney fee, and allow Garnishees to offset such amounts against the property or debt being garnished. Fla. Stat. § 77.28 ("On rendering final judgment, the court shall determine the garnishee's costs and expenses, including a reasonable attorney fee, and in the event of a judgment in favor of the plaintiff, the amount is subject to offset by the garnishee against the defendant whose property or debt owing is being garnished."). Payment shall be made payable to counsel of record and mailed to the address below.

32.    Garnishees also seek attorney's fees as sanctions pursuant to Section 1927, which allows a party to seek attorney's fees against any party who "so multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. The imposition of Section 1927 sanctions is not based on who wins or loses but is "concerned only with limiting the abuse of court processes." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 762 (1980).

33.    "A sanctions motion under either a court's inherent powers or § 1927 requires a showing that the party acted in bad faith." Buckley v. Moore, No. 20-CV-61023-RUIZ/STRAUSS, 2022 U.S. Dist. LEXIS 61645 (S.D. Fla. Apr. 1, 2022) citing *Hyde v. Irish*, 962 F.3d 1306, 1310 (11th Cir. 2020).  While sanctions under a court's inherent powers requires a showing of subjective bad faith, a party moving for sanctions under § 1927 must show objective bad faith. *Id*.  Objective bad faith requires evidence that the attorney acted "knowingly or recklessly." *Id*. This is a "high standard"

requiring the movant to show that the other party engaged in behavior that "grossly deviates from reasonable conduct." *Id*.

34.     Herein, Plaintiffs, through counsel, have acted unreasonably and in bad faith against Garnishee by filing motions that grossly deviate from reasonable conduct, creating an undue burden and expense.  Specifically, Plaintiffs, through counsel, obtained a Default Final Judgment against Garnishee without proper service or notice of the show cause hearing, in violation of Garnishee's constitutional rights.

35.     Additionally, despite becoming aware of Garnishee's representation by Counsel [see DE 514, ¶16, "On May 23, 2023, Plaintiffs and Garnishee's counsels had a telephone conversation in which Garnishee's counsel asserted that service in Puerto Rico was improper…"], and after the filing of Garnishee's Motion to Set Aside Default Final Judgment [DE 508], Plaintiff sought an exparte Writ of Execution [DE 509], which was immediately vacated by the Court [DE 511].

36.     Further, despite the Court setting a hearing on Garnishee's Motion to Vacate Default Judgment [DE 511], Plaintiffs thereafter moved to require a bond from Garnishee, despite Garnishee's defense of lack of service.

37.     While Garnishee is aware that it took a Show Cause Hearing and Default Final Judgment for Garnishee to appear in this matter, such delay was caused by Plaintiffs' failure to properly serve Garnishee, and to properly notice Garnishee for the show cause hearing, despite learning of the purported correct trustee information in February 2023.  Such actions are unreasonable, egregious and must be sanctioned.

38.     Accordingly, Plaintiffs actions, through counsel, have been unreasonable and vexatious, unnecessarily multiplying the proceedings, as further displayed by the over 500 filings in an uncontested matter.

WHEREFORE, Garnishee, F.A. HAYEK IRREVOCABLE SETTLEMENT TRUST, respectfully requests this Court deny Plaintiffs Motion for Bond [DE 514], grant Garnishees' Motion to Set Aside Default Judgment [DE 508], set aside the Default [DE 402] and Final Default Judgment of Garnishment [DE 495], award Garnishee attorneys' fees and costs, and such other relief this Court deems just and proper.

## CERTIFICATE OF COMPLIANCE

Undersigned counsel hereby certifies that due to time constraints he has not been able to undertake reasonable efforts to confer with opposing counsel in a good faith effort to resolve by agreement the issues raised in the instant motion as required by Local Rule 7.1(a)(3). However, undersigned will contact opposing counsel by email no later than Monday, July 31, 2023.

Dated: July 30, 2023.

Respectfully submitted,

**PALOMARES-STARBUCK & ASSOCIATES**
*Counsel for Garnishee*
66 W. Flagler Street, Suite 601
Miami, Florida 33130
Telephone: (305) 330-4141
Facsimile: (305) 501-2366
E-Service E-mail: palolaw2@gmail.com
Secondary E-mail: palolaw@gmail.com

By: ___/s/ Lorenzo J. Palomares___
**Lorenzo J. Palomares, Esq.**
Florida Bar No. 100785

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on July 30, 2023, the foregoing document was served via the clerk

of the court using the CM/ECF electronic filing system, to all parties of record, including:

Kerry S. Culpepper, Esq.
Culepper IP, LLLC
75-170 Hualalai Road, Suite B204
Kona, HI 96740
kculpepper@culpepperip.com
*Counsel for Plaintiffs*

By: <u>*/s/ Lorenzo J. Palomares*</u><br>Lorenzo J. Palomares, Esq.