UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-20862-BLOOM/Otazo-Reyes

MILLENNIUM FUNDING, INC.,
a Nevada corporation, *et al.*,
    Plaintiffs,

v.

1701 MANAGEMENT LLC d/b/a
LIQUIDVPN, a Puerto Rico limited
liability company, *et. al.*,

    Defendants.
_____/

### REPORT AND RECOMMENDATION RE: D.E. 508

THIS CAUSE came before the Court upon Garnishee F.A. Hayek Irrevocable Settlement Trust's (hereafter, "F.A. Hayek" or "Garnishee") Motion to Set Aside Default Judgment [D.E. 508]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Beth Bloom, United States District Judge [D.E. 502]. The undersigned held a hearing on this matter on August 1, 2023 (hereafter, "Hearing"), at which F.A. Hayek appeared through counsel. See Paperless Minute Entry [D.E. 519]. For the reasons stated below, the undersigned respectfully recommends that Garnishee's Motion to Set Aside Default Judgment [D.E. 508] be DENIED.

### BACKGROUND

On March 28, 2022, the Court granted Final Default Judgment in favor of Plaintiffs, MILLENNIUM FUNDING, INC., VOLTAGE HOLDINGS, LLC, AMBI DISTRIBUTION CORP., AFTER PRODUCTIONS, LLC, AFTER II MOVIE, LLC, MORGAN CREEK PRODUCTIONS, INC., MILLENNIUM FUNDING, INC., BEDEVILED LLC, MILLENNIUM MEDIA, INC., COLOSSAL MOVIE PRODUCTIONS, LLC, YAR PRODUCTIONS, INC.,

FSMQ FILM, LLC, FW PRODUCTIONS, LLC, MILLENNIUM IP, INC., I AM WRATH PRODUCTION, INC., KILLING LINK DISTRIBUTION, LLC, 2 BADHOUSE STUDIOS, LLC, LF2 PRODUCTIONS, INC., LHF PRODUCTIONS, INC., VENICE PI, LLC, RAMBO V PRODUCTIONS, INC., RUPTURE CAL, INC., MON, LLC, SF FILM, LLC, SPEED KILLS PRODUCTIONS, INC., MILLENNIUM IP, INC., NIKOLA PRODUCTIONS, INC., WONDER ONE, LLC, BODYGUARD PRODUCTIONS, INC., OUTPOST PRODUCTIONS, INC., GLACIER FILMS 1, LLC, DEFINITION DELAWARE LLC, HANNIBAL CLASSICS INC., JUSTICE EVERYWHERE PRODUCTIONS LLC, STATE OF THE UNION DISTRIBUTION AND COLLECTIONS, LLC, PARADOX STUDIOS, LLC, DALLAS BUYERS CLUB, LLC, HITMAN TWO PRODUCTIONS, INC., SCREEN MEDIA VENTURES, LLC and 42 VENTURES, LLC's (collectively, "Plaintiffs") and awarded Plaintiffs a money judgment in the amount of $15,172.403.00 against Defendants 1701 Management, LLC ("1701"), Charles Muszynski ("Muszynski"), and AUH2O LLC ("AUH2O"). See Final Default Judgment [D.E. 213].

On December 8, 2022, the Court issued writs of garnishments against Dash [D.E. 312], F.A. Hayek [D.E. 313], and Thornton [D.E. 314]. On January 10, 2023, Garnishees Jan Dash ("Dash"), Grant Thornton ("Thornton"), and F.A. Hayek were served with the writs. See [D.E. 378]. On February 13, 2023, a Clerk's Default was entered against Dash, Thornton, and F.A. Hayek [D.E. 402]. F.A. Hayek contends that the Final Default Judgment entered against it should be set aside due to excusable neglect pursuant to Federal Rule of Civil Procedure 60(b). See Motion to Set Aside Default Judgment [D.E. 508].[1]

---

[1] At the Hearing, F.A. Hayek also argued that the Final Default Judgment should be set aside for lack of personal jurisdiction, but subsequently withdrew this argument.

## DISCUSSION

Federal Rule of Civil Procedure 60(b) (hereafter, "Rule 60(b)") allows for relief from a final judgment for *inter alia* "(1) mistake, inadvertence, surprise, or excusable neglect . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1). To establish mistake, inadvertence, or excusable neglect under Rule 60(b)(1), a defaulting party must show that: (1) it had a meritorious defense that might have affected the legal outcome, (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) good cause existed for failing to reply to the complaint. See In re Worldwide Web Sys., Inc., 328 F.3d 1291,1295 (11th Cir. 2003).

F.A. Hayek argues that it was not properly served with the writ of garnishment prior to the entry of Default Judgment and therefore, it meets the criteria for establishing excusable neglect pursuant to Rule 60(b)(1). See Motion to Set Aside Default Judgment [D.E. 508]. According to F.A. Hayek, the writ of garnishment was "erroneously served" on January 10, 2023, on "an entity located in San Juan, Puerto Rico . . . while [it] is a foreign trust within the jurisdiction of the Federation of Saint Kitts and Nevis." Id. at 7. However, the record evidence does not support this argument.

As noted above, F.A. Hayek was served with the writ of garnishment on January 10, 2023, see D.E. 378, well before the February 13, 2023, entry of Default Judgment. See [D.E. 402]. Moreover, the record establishes that on January 10, 2023, the writ of garnishment against F.A. Hayek was also served on Garnishees Dash and Thornton, who were disclosed in discovery through Defendant Muszynski's 2018 Schedule K-1 tax return as being the trustees of F.A. Hayek. See [D.E. 378 & 459-4]. Moreover, in the parallel legal action in Nevis, Defendant Muszynski further disclosed that Barret Venture Holdings LLC (hereafter, "Barret Venture") is a trustee of F.A. Hayek and that a person by the name of Diane Claxton-Whittaker was an authorized signatory

for Barret Venture.  See [D.E. 406-1 at 6]; Response to Motion to Set Aside Default Judgment [D.E. 513 at 3–4].  Pursuant to this information, Plaintiffs also served F.A. Hayek with the writ of garnishment [D.E. 313] on May 5, 2023, by personally serving Diane Claxton-Whittaker as representative of Barret Venture.  See [D.E. 513-5].  Thus, F.A. Hayek was properly served twice with the writ of garnishment prior to the entry of default judgment on May 30, 2023 [D.E. 495].

In light of these facts, the undersigned finds that F.A. Hayek's challenge to service of the writ of garnishment is not supported by the record evidence.  Thus, F.A. Hayek has failed to show good cause for failing to respond to the writ of garnishment, as required to establish excusable neglect under Rule 60(b).

## **RECOMMENDATION**

Based on the foregoing considerations, the undersigned respectfully recommends that Garnishee F.A. Hayek's Motion to Set Aside Default Judgment [D.E. 508] be DENIED.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have fourteen days from the date of this Report and Recommendation to file written objections, if any, with the Honorable Beth Bloom, United States District Judge. Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein.  See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions."  See 11th Cir. R. 3-1 (I.O.P.- 3).

RESPECTFULLY SUBMITTED in Miami, Florida, this 7th day of August, 2023.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc: United States District Judge Beth Bloom
    Counsel of Record