UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 21-cv-20862-BLOOM/Otazo-Reyes

MILLENNIUM FUNDING, INC., et al.,
Plaintiffs,

vs.

1701 MANAGEMENT LLC, et al.,
Defendants,

FILED BY ꟽC D.C.

AUG 16 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**DEFENDANT'S MOTION FOR ORDER TO SHOW CAUSE HEARING WHY JUDGMENT CREDITORS SHOULD NOT BE HELD IN CIVIL CONTEMPT FOR VIOLATING THE 7 JUNE 2023 ORDER FOR STAY
AND MOTION FOR STANDING ORDER**

Defendant Charles Muszynski, pro se, move this honorable Court to schedule an Order for Show Cause Hearing why Plaintiffs/Judgment Creditors MILLENNIUM FUNDING, INC., VOLTAGE HOLDINGS, LLC, AMBI DISTRIBUTION CORP., AFTER PRODUCTIONS, LLC, AFTER II MOVIE, LLC, MORGAN CREEK PRODUCTIONS, INC., MILLENNIUM FUNDING, INC., BEDEVILED LLC, MILLENNIUM MEDIA, INC., COLOSSAL MOVIE PRODUCTIONS, LLC, YAR PRODUCTIONS, INC., FSMQ FILM, LLC, FW PRODUCTIONS, LLC, MILLENNIUM IP, INC., I AM WRATH PRODUCTION, INC., KILLING LINK DISTRIBUTION, LLC, BADHOUSE STUDIOS, LLC, LF2 PRODUCTIONS, INC., LHF PRODUCTIONS, INC., VENICE PI, LLC, RAMBO V PRODUCTIONS, INC., RUPTURE CAL, INC., MON, LLC, SF FILM, LLC, SPEED KILLS PRODUCTIONS, INC., MILLENNIUM IP, INC., NIKOLA PRODUCTIONS, INC., WONDER ONE, LLC, BODYGUARD PRODUCTIONS, INC., OUTPOST PRODUCTIONS, INC., GLACIER FILMS 1, LLC, DEFINITION DELAWARE LLC, HANNIBAL CLASSICS INC., JUSTICE EVERYWHERE PRODUCTIONS LLC, STATE OF THE UNION DISTRIBUTION AND COLLECTIONS, LLC, PARADOX STUDIOS, LLC, DALLAS BUYERS CLUB, LLC, HITMAN TWO PRODUCTIONS, INC., SCREEN MEDIA VENTURES, LLC and 42 VENTURES, LLC, CULPEPPERIP, LLLC, KERRY CULPEPPER INDIVIDUALLY, AND SRIPLAW, INC., AND JOEL ROTHMAN INDIVIDUALLY, collectively ("Judgment Creditors") should not be held in contempt of court for ignoring this Court's Order of 7 June 2023 on Defendant's Motion to Stay [Doc. #502].

This motion is pursuant to the Order [Doc. #502] of 7 June 2023, 28 U.S.C §1651(a) (The All Writs Act), Fed. R. Civ. P. 26, 37 and 69 and this Court's inherent authority to enforce its orders.

## I. PRELIMINARY STATEMENT

1. Neither the 7 June 2023 Order instituted to recognize the Defendant/Debtor's automatic stay nor that stay issued in the E.D. Texas Bankruptcy Court persuaded "movie company" Creditors and their counselors, Kerry Culpepper and Joel Rothman, to cease their contemptuous colletion activities. On the contrary, Judgement Creditors and their counsels expanded their wrongful conduct by explicitly engaging in collection activities and filings and, emboldened after committing dozens of prior stay violations, Judgement Creditors have expanded their conduct in what can only be interpreted as a total and intentional disregard for the authority of this Court (and that of the E.D. Texas Court) and the validity of its Orders. It is now abundantly clear that only the full weight of the Court's coercive power can compel Judgement Creditors to comply with the Court's Orders and cease their harassment of Defendant/Debtor.

## II. FACTUAL BACKGROUND

2. On 11 May 2023, Defendant/Debtor filed application for bankruptcy with the E.D. Texas Bankruptcy Court and at two subsequent hearings in the S.D. Florida Court on 12 May 2023, announced that an automatic stay was in place as of 9:03 a.m. Central Time on that date.
3. "Movie company" Plaintiffs/Creditors counsels participated in both hearings.
4. On 19 May 2023, Defendant/Debtor filed Suggestion of Bankruptcy. See Doc. #490.
5. On 30 May 2023, Defendant/Debtor filed a Notice of Bankruptcy. See Doc. #496.
6. On 7 June 2023, the Court Ordered proceedings related to Muszynski stayed until further Order. See Doc. #502.
7. Since entry of Defendant/Debtor's bankruptcy application on 11 May 2023, and this Court's Order on 7 June 2023, Doc. #502, "movie company" Creditors' counsels have continuously violated the E.D. Texas Bankruptcy Court's stay and this Court's Order.
8. On 9 August 2023, Plaintiffs/Creditors filed Notice of Filing A Writ of Service. See Doc. #524.
9. On 9 August 2023, Plaintiffs/Creditors filed Affidavit of Service By Philroy Walters. See Doc. #524-1.
10. The Affidavit of Service by Philroy Walters states he served this Court's "…Writ of Garnishment [Doc. #324]" and "Order Granting Preliminary Injunction Restraining Assets [Doc. 399], "…on or about August 2nd, 12:45 pm…", in reference to "Charles Muszynski", and
11. The "…<u>Writ of Garnishment [Doc. #324]</u>" and "<u>Order Granting Preliminary Injunction Restraining Assets [Doc. #399]</u>" both are attempts at collection upon "Charles Muszynski", personally, Defendant/Debtor as exhibited in Doc. #324's screen shot and Doc. #399's with excerpts below from each:

Doc. #399:

---

**YOU ARE COMMANDED** to summon the garnishee, **Dusko Popov Trust,** to serve an answer to this writ on KERRY CULPEPPER, plaintiffs' attorney, whose address is, 75-170 HUALALAI ROAD, SUITE B204, KAILUA KONA, HI 96740 within 20 days after service on the garnishee, exclusive of the day of service, and to file the original with the clerk of this court either before service on the attorney or immediately thereafter, stating whether the garnishee is indebted to Defendants 1701 MANAGEMENT LLC d/b/a LIQUIDVPN, AUH2O LLC AND/OR CHARLES MUSZYNSKI a/k/a FREDERICK DOUGLAS, at the time of the answer or was indebted at the time of service of the writ, or at any time between such times, and in what sum and what **tangible and intangible personal property of the defendant the garnishee is in possession or control of at the time of the answer or had at the time of service of this writ,** or at any time between such times, and whether the garnishee knows of any other person indebted to the defendants or who may be in possession or control of any of the tangible and intangible property of the defendants **and to hold pending court order any such personal property**. The amount set in plaintiff's motion is $15,497,199.46.

---

Doc. #524-1, page 2:

***"Service of Sapphire International Shield, LLC***
On or about August 2, 2023 at or about 12:00 pm, on behalf of Kerry S. Culpepper, Attorney on record for the Plaintiffs, whose office is situated at 75-170 Hualalai Road, Suite B204, Kailua Kona, HI 96740 USA, I personally served a true copy of the following documents in this matter on Sapphire International Shield, LLC: (i) Writ of Garnishment [Doc. #324] and (ii) Order Granting Preliminary Injunction Restraining Assets [Docs. #399]"

---

Doc. #399, p. 8, IV.:

"**IV. CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiffs' Motion, **ECF No. [360]**, is **GRANTED** as follows:

(1) Judgment Debtors 1701 Management LLC, AUH2O LLC and Charles Muszynski and their officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Judgment Debtor having notice of this Order are restrained and enjoined until further order from this Court as follows"

12. Both excerpts reference and were employed in collection attempts on Charles Muszynski, Judgement Debtor, personally (see screenshot above from Doc. #324 after paragraph 11.

### III. LEGAL STANDARD

13. Fed. R. Civ. P. 69(a)(2) states that "In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person....as provided in these rules..."

14. Fed. R. Civ. P. 26(b) states that "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

15. Fed. R. Civ. P. 37(b)(2)(A) provides that if a party or a party's managing agent fails to obey an order or provide discovery, the Court may issue a just order. Rule 37(b)(2)(A)(vii) provides "treating as contempt of court the failure to obey any order.." as an example of a just order.

16. The Supreme Court has long recognized the power of the district courts to enforce judgments and decrees. See Riggs v. Johnson County, 73 U.S. 166, 187, 18 L. Ed. 768 (1867).

17. "The District Court's power to find [a party] in civil contempt for disobeying the Court's orders stems from the Court's inherent power to enforce compliance with its lawful orders." Casino Royale, LLC v. Fittipaldi Industria Nautica Ltd a, No. 13-21891-CIV, 2017 U.S. Dist. LEXIS 23356, 2017 WL 10775240, at *3 (S.D. Fla. Feb. 16, 2017), report and recommendation adopted sub nom. Casino Royale, LLC v. Fittipaldi Industria Nautica Ltda., No. 1:13-CV-21891.

### IV. ANALYSIS

**A. The Court's orders were valid, lawful, clear, definite and unambiguous.**

18. This Court's Order of 7 June 2023 issuing a Stay of proceedings (see Order [Doc. #502]) was clear, definite and unambiguous.

19. "Movie company" Judgment Creditors' counsels, in seeking discovery based on the Legal Standards cited above and fully available for their use intentionally disregarded one fact – that this Court Ordered their tools be holstered and to cease any collection activities related to Chrales Muszynski, Defendant/Debtor as stated in the below [see Doc. #502, 7 June 2023]:

> "Accordingly, it is **ORDERED AND ADJUDGED** as follows:
> 1. The Motion, **ECF No. [496]**, is **GRANTED**.
>
> 2. This Case is Stayed to the Extent Plaintiffs seek to collect on the Judgment entered in their favor and against Defendant Charles Muszynski.

>   3. All pending Motions involving Charles Muszynski are **STAYED**.
>
>   4. All other Post Judgment matters remain referred to Magistrate Judge Otazo-Reyes. *See* ECF No. [432]."

**B. "Movie company" Plaintiffs/Judgment Creditors knowingly violated the Stay of 7 June 2023, Doc. #502.**
20. "Movie company" Judgment Creditors' counsel Culpepper and Rothman's associates attended every hearing, including the 12 May 2023 hearing resulting in the subsequent Order of 26 May 2023 Doc. #483. During the hearing, he heard Muszynski state that the E.D. Texas Bankruptcy Court's automatic Stay was in effect. At the hearing subsequent, Culpepper heard the same statement. Yet he and Rothman continue to undertake collection actions, disregarding the S.D. Florida Court's Stay Order by attempting service of un-domesticated U.S. documents in a foreign country in attempts to collect against Defendant/Debtor.

**C. The Court should order that "movie companies" Judgment Creditors and their counsels, Kerry Culpepper and Joel Rothman, immediately retract their writ, cease their continuing attempts at collections against Defendant/Debtor, and, until proving they have done so to the Court's satisfaction, each be fined $1,500.00 per day until they comply with the Court's orders.**
21. Neither the E.D. Texas Bankruptcy Court's automatic stay nor the S.D. Florida Court's Order staying proceedings has persuaded "movie companies" and their counsels' to comply with Court Orders. Indeed, given the severity, clear proof, and repeated history of behaviors by Rothman and Culpepper (Officers of the Court, Board Certified attorneys, one a former public prosecutor), and their ongoing, vexatious attempts to jail Debtor/Defendant for a debt, perhaps with the shoe on the other foot, this court should threaten them him with confinement as it appears that will be the only means to coerce them to comply with the Court Order.

**D. The Court should issue a standing order to show cause against "movie company" Judgment Creditors and their counsels.**
22. In addition to the foregoing, Judgment Creditors and their counsels willful and repeated violations of this Court's Orders justify the entry of a standing order to show cause so that, rather than having repeatedly to file motions for orders to show cause hearings, Defendant/Debtor may simply file Notices of Hearings of Non-compliance with the Court identifying further violations of this Court's Orders. "Movie companies" and their counsels (in their personal capacity and in their capacity as representatives of "movie companies") would then have a limited period (10 calendar days) to file paper under oath showing that they have complied with the Orders or explaining their non-compliance or why they were in compliance, or face further sanctions in accordance with the relief described above.

**V. CONCLUSION**
For the foregoing reasons, Defendant/Debtor respectfully requests that the Court order a show cause hearing why Judgment Creditors and their counsels should not be held in contempt for failing to comply with this Court's orders, order the Judgement Creditors and their counsels each

be fined $1,500/day until the contempt is cured, and issue a Standing Order barring Judgment Creditors from entering further filings and/or issuing any other collection attempts unless submitted to the Court for its prior review and determination of appropriateness.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on 14 August 2023 a true and correct copy of the foregoing was emailed to Plaintiffs' counsel Culpepper in an attempt to meet and confer and, upon failure to arrive at a resolution, sent FedEx to the Court Clerk to be published to interested parties via the Court's docket.

DATED: 14 August 2023

*[signature]*
Charles Muszynski, pro se
usfilefolder@protonmail.com
P. O. Box 1423
Basseterre
St. Kitts & Nevis, W.I.

FedEx Express **International Air Waybill**

**For FedEx services worldwide.** Packages up to 150 lbs. (68 kg), excluding dangerous goods. Not all services and options are available to all destinations.

Destination (S

**1 From** [redacted]

Date 08/14/23

Sender's Name CHARLES MUSZYNSKI Phone 404-333-0569

Company

Address CHURCH GROUND

Address

City CHARLESTOWN State/Province NEVIS

Country/Territory St. Kitts & NEVIS ZIP/Postal Code

Email Address USFILEFOLDER@PROTONMAIL.COM

Internal Billing Reference

**2 To** 23 ☐ Residential Delivery

Recipient's Name S. D. U.S. FEDERAL COURT Phone

Company

Address 400 N. MIAMI AVENUE Dept./Floor

Address

City MIAMI State/Province FL

Country/Territory USA ZIP/Postal Code 33128

Email Address

Recipient's Tax ID Number for Customs Purposes

**3 Shipment Information**

Total Packages (Shipper's Load and Count/SLAC) 1 Total Weight 0.5 lbs. ☑ kg ☐ DIM X X in. ☐ cm ☐

| Commodity Description | Harmonized Code | Country of Manufacture | Value for Customs |
|---|---|---|---|
| DOCUMENTS | | NEVIS | N/V |

Has EEI been filed in AES? *For U.S. Export Only: Check One*

☐ No EEI required, value $2,500 or less per Sch. B Number, no license required (NLR), not subject to ITAR.

☐ No EEI required, enter exemption number:

If other than NLR, enter License Exception:

☐ Yes – Enter AES proof of filing citation: Charles Muszynski

Total Declared Value for Carriage

Total Value for Customs (Specify Currency) N/V

FedEx Tracking Number 8178 3678 5741 0402 Form ID No.

**4 Express Package Service**

06 ☑ FedEx Intl. First 2A ☐ FedEx Intl. Priority Express (Delivery by noon to select locations.) 2P ☐ FedEx Intl. Priority (Delivery by end of day.) 03 ☐ FedEx Intl. Econo

**5 Packaging**

06 ☑ FedEx Envelope 02 ☐ FedEx Pak 03 ☐ FedEx Box 04 ☐ FedEx Tube 15 ☐ FedEx 10kg Box 25 ☐ FedEx 25kg Box 01 ☐ Other

**6 Special Handling and Delivery Signature Options** (Fees may apply. See the FedEx Service Guide. Not available to all locations or for all shipments.)

01 ☐ Hold at FedEx Location 03 ☐ Saturday Delivery

10 ☐ Direct Signature (Someone at recipient's address may sign for delivery.) 34 ☐ Indirect Signature (If no one is available at recipient's address, someone at a neighboring address may sign for delivery.)

PAID AUG 14 2023 FedEx

**7 Payment** Complete payment options for both transportation charges and duties and taxes.

*Bill transportation charges to:* Enter FedEx Acct. No. or Credit Card No. below.

1 ☐ Sender (Acct. No. in Section 1 will be billed.) 2 ☐ Recipient 3 ☐ Third Party 4 ☐ Credit Card 5 ☑ Cash/Check/Cheque

[redacted]

Total Transpo... $55

Specify Cur...

Credit Card Exp. Date

*Bill duties and taxes to:* Enter FedEx Acct. No. below.

1 ☐ Sender (Acct. No. in Section 1 will be billed.) 2 ☐ Recipient 3 ☐ Third Party 5 ☐ Cash/Check/Cheque

[redacted]

**8 Required Signature**

Use of this Air Waybill constitutes your agreement to the Conditions of Contract on the back of this Air Waybill, and you represent that this shipment does not require a U.S. State Department License or contain dangerous goods. Certain international treaties, including the Warsaw or Montreal Convention, may apply to this shipment and limit our liability for damage, loss, or delay, as described in the Conditions of Contract.

Sender's Signature: Charles Muszynski

Received above shipment in good order and condition. We agree to pay all charges, including Customs duties and taxes as applicable, and we agree to the Conditions of Carriage as stated on the reverse side of the Recipient's Copy.

Recipient's Signature

71

| Origin Station ID | Country Code/Destination Station ID | URSA Routing | Handling Units |
|---|---|---|---|
| NEVIA | MPBA | XGMPBA | Total Volume (cm) |

Received At: 1 ☐ Reg. Stop 2 ☐ On-Call Stop 3 ☐ Drop Box 4 ☐ World Service Center 5 ☐ Station Forms Attached: ☐ CI ☐ C

Base Charges Declared Val. Chrg. Other ODA/OPA Credit Card Auth.

FedEx Emp.# W0606 Audit Emp.# Date 8/15 Time 2:39 Del. Courier Emp.# Date Time

PART 158410 • Rev. Date 5/22 • ©1994–2022 FedEx • PRINTED IN U.S.A. • Non-Negotiable International Air