UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-20862-BLOOM/Otazo-Reyes

MILLENNIUM FUNDING, INC.,
a Nevada corporation, *et al.*,

    Plaintiffs,

v.

1701 MANAGEMENT LLC d/b/a
LIQUIDVPN, a Puerto Rico limited
liability company, *et al.*,

    Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon Garnishees Glo-Jet International Corp and Glo-Jet International Holdings (Puerto Rico) LLC's (collectively, "Garnishees") Motion for Attorney's Fees, ECF No. [438]. All post judgment matters were referred to Magistrate Judge Alicia M. Otazo-Reyes. *See* ECF No. [432]. On June 27, 2023, Judge Otazo-Reyes issued a Report and Recommendation ("R&R") recommending the Motion be granted in part to award Garnishees $11,700.00 in attorney's fees. ECF No. [505]. The R&R states that the parties shall file any objections within fourteen days of the date of service of a copy of the R&R. *Id*. at 12. Plaintiffs Millennium Funding, Inc., Voltage Holdings, LLC, AMBI Distribution Corp., After Productions, LLC, After II Movie, LLC, Morgan Creek Productions, Inc., Bedeviled LLC, Millennium Media, Inc., Colossal Movie Productions, LLC, YAR Productions, Inc., FSMQ Film, LLC, FW Productions, LLC, Millennium IP, Inc., I Am Wrath Production, Inc., Killing Link Distribution, LLC, Badhouse Studios, LLC, LF2 Productions, Inc., LHF Productions, Inc., Venice PI, LLC, Rambo V Productions, Inc., Rupture CAL, Inc., MON, LLC, SF Film, LLC, Speed Kills

Productions, Inc., Nikola Productions, Inc., Wonder One, LLC, Bodyguard Productions, Inc., Outpost Productions, Inc., Glacier Films 1, LLC, Definition Delaware LLC, Hannibal Classics Inc., Justice Everywhere Productions LLC, State of the Union Distribution and Collections, LLC, Paradox Studios, LLC, Dallas Buyers Club, LLC, Screen Media Ventures, LLC, and 42 Ventures, LLC's (collectively, "Plaintiffs") timely filed Objections to the R&R. ECF No. [507]. Garnishees filed a Response in Opposition to the Objections, ECF No. [512]. For the reasons that follow, the Objections are overruled and the R&R is adopted.

## I. BACKGROUND

On March 28, 2022, the Court granted Final Default Judgment and awarded a judgment of $15,172,403.00 in favor of Plaintiffs and against Defendants 1701 Management, LLC, Charles Muszynski ("Muszynski"), and AUH2O LLC (collectively "Defendants" or "Judgment Debtors"). ECF No. [213]. On August 19, 2022, Plaintiffs moved for the entry of writs of garnishment ("Writs") against Garnishees for the purpose of satisfying the Final Default Judgment, ECF No. [259], and the requested Writs were issued on the same date, ECF Nos. [260]-[261]. Plaintiffs served the Writs and on October 26, 2022, after the deadline for Garnishees to answer had passed, Plaintiffs requested that the Clerk enter default against Garnishees, ECF No. [291]. On October 27, 2022, the Clerk entered the requested default. ECF No. [292].

On November 7, 2022, Plaintiffs filed their Motion for Default Judgment seeking final default judgment against Garnishees in the Final Judgment amount of $15,433,950.72. ECF No. [297]. The Court referred the Motion for Default Judgment to Magistrate Judge Alicia M. Otazo-Reyes for a Report and Recommendation ("R&R"). ECF No. [301]. On December 8, 2022, Judge Otazo-Reyes held a hearing on the Motion for Default Judgment ("Hearing"). ECF No. [316]. Garnishees did not respond to the Motion for Default Judgment and did not

appear at the hearing. Thereafter, on December 12, 2022, Judge Otazo-Reyes issued a R&R in which she recommended that Final Default Judgment be entered in favor of Plaintiffs and against Garnishees for the amount of Plaintiffs' claim of $15,433,950.27. ECF No. [326].

On December 14, 2022, within the time to file objections to the R&R, Garnishees filed their Motion to Vacate Default, contending that the Court should set aside the Default for good cause. *See generally* ECF No. [331]. Garnishees included in their Motion to Vacate Default their Answer to the Writs. *Id*. The Court entered an Omnibus Order Vacating Default as to Garnishees and Denying the Motion for Default Judgment. ECF No. [383].

Thereafter, on February 2, 2023, Garnishees filed their Answer to Writ and Motion to Dissolve Writ of Garnishment. ECF No. [384]. Plaintiffs did not file a Response yet filed their own Motion to Voluntarily Dissolve Writs of Garnishment. ECF No. [391]. On February 7, 2023, the Court granted both Motions to Dissolve the Writs of Garnishment. ECF No. [396]. In that Order, the Court specifically reserved jurisdiction to address a claim for additional reasonable fees and costs recoverable to Garnishees. *Id*. at 2. On February 17, 2023, Garnishees filed a Motion for Summary Judgment. ECF No. [412]. The Court denied the Motion for Summary Judgment as moot and advised Garnishees that if they sought to recover attorneys' fees, they must do so with a motion that complied with Local Rule 7.3. ECF No. [413].

On March 24, 2023, Garnishees filed their Motion for Attorney's Fees, ECF No. [438]. Plaintiffs filed a Response in Opposition, ECF No. [453], to which Garnishees did not file a permissive reply. On June 27, 2023, Judge Otazo-Reyes issued the R&R on Garnishees' Motion for Attorney's Fees, recommending that it be granted in part and to award garnishees attorney's fees in the amount of $11,700.00. ECF No. [505].

Plaintiffs timely filed Objections to the R&R's recommendations that the Court grant in part the Motion for Attorney's Fees. ECF No. [507]. Specifically, Plaintiffs argue that the R&R incorrectly concluded that (1) the dissolution of the Writs was tantamount to a final judgment; (2) Garnishees substantially complied with the requirements of Local Rule 7.3(a); and (3) Garnishees should be awarded fees for time spent on tasks other than answering the Writs of Garnishment and filing the Motion to Dissolve the Writs. *Id*. Garnishees respond that the Court should adopt the R&R's correct findings. ECF No. [512].

## II. LEGAL STANDARD

### A. Objections to R&R

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)) (alterations omitted). The objections must also present "supporting legal authority." S.D. Fla. L. Mag. J.R. 4(b). The portions of the report and recommendation to which an objection is made are reviewed *de novo* only if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). If a party fails to object to any portion of the magistrate judge's report, those portions are reviewed for clear error. *Macort*, 208 F. App'x at 784 (quoting *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999)); *see also Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001). "It is improper for an objecting party to . . . submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the

Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to an R & R." *Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)). A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1).

### B.     Reasonable Attorney's Fees

Under the "American Rule," parties generally are not entitled to an award of attorney's fees for prevailing in litigation unless it is permitted by statute or contract. *See, e.g., In re Martinez*, 416 F.3d 1286, 1288 (11th Cir. 2005). If the Court determines an award of attorneys' fees is appropriate, "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckhart*, 461 U.S. 424, 433 (1983). "This amount is ordinarily referred to as the lodestar." *Thornton v. Wolpoff & Abramson, L.L.P.*, 312 F. App'x 161, 163-64 (11th Cir. 2008) (citations and internal quotations omitted). The resulting fee carries a presumption that it is reasonable. *Blum v. Stenson*, 465 U.S. 886 (1984). This lodestar amount may then be adjusted upward or downward based upon other considerations. *Hensley*, 461 U.S. at 433-37. Plaintiff bears the burden of documenting the reasonableness of the hours expended and the hourly rate. *A.C.L.U. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999).

## III.   DISCUSSION

As an initial matter, no party has challenged Judge Otazo-Reyes's recommendations that the Court find Garnishee's counsel's hourly rate of $300.00 per hour to be reasonable. *See* ECF No. [505] at 9. The Court therefore adopts that finding.

Because Plaintiffs timely filed Objections to the R&R, the Court considers *de novo* the following recommendations in the R&R: (1) the dissolution of the Writs was tantamount to a final judgment; (2) Garnishees substantially complied with the requirements of Local Rule 7.3(a); and (3) Garnishees should be awarded fees for time spent on tasks other than answering the Writs of Garnishment and filing the Motion to Dissolve the Writs.

### A. Final Judgment

Plaintiffs argue that the "R&R's conclusion that the distinction between moving to dismiss the writ or dissolve the writ is 'a distinction without a difference' is a clear legal error." ECF No. [507] at 6 (quoting ECF No. [505] at 5). They contend that because there is no final judgment or judgment entered for Garnishees making Garnishees the prevailing party, there is no basis for the Court to award attorneys' fees. *Id*. at 6-9. Garnishees respond that the order dissolving the Writs is a final judgment which marked the end of the judicial labor in this case. ECF No. [512] at 6-9. Garnishees further contend that as an equitable matter, the Court cannot leave them without a remedy where the Court deemed their Motion for Summary Judgment unnecessary and directed them to file an appropriate fee motion. *Id*. at 8-9.

Another court in this district explained that "[a]n order that dissolves a writ of garnishment 'is a 'final judgment' for purposes of Fla. Stat. § 77.28.'" *Armenteros v. Nat. Chicken Grill of Am., LLC*, No. 12-22616-CIV, 2020 WL 9458737, at *2 (S.D. Fla. Feb. 5, 2020), *report and recommendation adopted,* No. 12-22616-CIV, 2020 WL 9458639 (S.D. Fla. Feb. 20, 2020) (quoting *Tosto v. Zelaya*, No. 06-21213-CIV, 2012 WL 12849956, at *3 (S.D. Fla. Aug. 16, 2012)). In *Armenteros*, the court specified that it dismissed the writ of garnishment with prejudice, so it operated as a final judgment. *Id*. Here, the Court did not specify that the Writs were dissolved with prejudice but did state that the Writs were dissolved and of no further force or effect. ECF

No. [396] at 2. In the same Order, the Court took the additional step of reserving jurisdiction to address claims for additional reasonable fees and costs recoverable to Garnishees. *Id*. The Court's intent is thus clear; the Court intended the dissolution of the Writs to be final.

Plaintiffs cite *Akerman Senterfitt & Eidson, P.A. v. Value Seafood, Inc.*, in which a state appellate court found that where a writ automatically dissolved six months after its filing, it did not function as a final judgment because the plaintiff would be entitled to seek a subsequent writ of garnishment. 121 So. 3d 83, 86-87 (Fla. 3d DCA 2013). Here, although the Court did not specify whether its dissolution of the Writs was with or without prejudice, they were certainly not dissolved automatically but upon two separate motions, one from Garnishees and one from Plaintiffs. The instant case is therefore distinguishable, especially considering the Court's specific reservation of rights to address the issues of reasonable fees and costs.

Plaintiffs further argue that the R&R ignored Eleventh Circuit precedent from *Zelaya/Capital Intern. Judgment, LLC v. Zelaya*, 769 F.3d 1296 (11th Cir. 2014). However, *Zelaya* is consistent with Judge Otazo-Reyes's recommendation. In that case, the Eleventh Circuit considered the argument that an award of attorney fees and costs to a garnishee was not proper without a jury trial. *Id*. at 1304. The court explained that a jury trial was not necessary and "a trial court may award attorney fees and costs in a garnishment action to a party in its discretion even where there is no prevailing party." *Id*. at 1304-05. The *Zelaya* court determined that with 450 entries on the district court's docket and where the plaintiffs objected to nearly everything the magistrate judge did, the garnishee "[h]ad no choice but to invest substantial time in this case due to [plaintiff's] aggressive conduct." *Id*. at 1305. Here, although Garnishees initially failed to appear, there were a significant number of filings on the docket even after Garnishees filed their Answer indicating that they did not possess any property of the Judgment Debtor. Therefore,

7

similar to *Zelaya* and *Armenteros*, the Court views the dissolution of the Writs sufficient to constitute a final judgment and to award attorneys' fees in favor of Garnishees, who expended effort in litigating the dissolution of the Writs entered against them.

**B. Compliance with Local Rule 7.3**

Plaintiffs object to the R&R's recommendation that the Court find Garnishees conferred with Plaintiffs in good faith pursuant to Local Rule 7.3(a). ECF No. [506] at 9-13. Garnishees argue that the objections regarding Local Rule 7.3 are frivolous, inaccurate, and untruthful. ECF No. [512] at 9.

As an initial matter, Local Rule 7.3(a) details the timing and requirements for filing a motion for attorneys' fees while 7.3(b) details the conferral requirements. Local Rule 7.3(b) provides:

> Except as to any aspect of a fee claim upon which the parties agree, a draft motion compliant with Local Rule 7.3(a)(1)-(8) must be served but not filed at least thirty (30) days prior to the deadline for filing any motion for attorneys' fees and/or costs that is governed by this Local Rule. Within twenty-one (21) days of service of the draft motion, the parties shall confer and attempt in good faith to agree on entitlement to and the amount of fees and expenses not taxable under 28 U.S.C. § 1920. The respondent shall describe in writing and with reasonable particularity each time entry or nontaxable expense to which it objects, both as to issues of entitlement and as to amount, and shall provide supporting legal authority. If a federal statute provides a deadline of fewer than sixty (60) days for a motion governed by Local Rule 7.3(a), the parties need not comply with this paragraph's requirements.

S.D. Fla. L.R. 7.3(b).

Plaintiffs argue that "[t]he filed fee motion [ ] tried to preempt numerous other objections made by Plaintiffs to the draft fee motion." ECF No. [507] at 9. Plaintiffs do not cite any authority that suggests that making changes to the draft motion served pursuant to Rule 7.3(b) in the final Motion filed with the court pursuant to Rule 7.3(a) is violative of the Rule. Rather, Rule 7.3(b) specifically refers to a "draft motion" while the word draft does not appear at all in Rule 7.3(a).

8

Moreover, that the arguments added addressed objections that Garnishees received from Plaintiffs seems to be consistent with the purpose of Rule 7.3. Rule 7.3(a)(8) specifically states that the Motion for Attorneys' Fees shall "certify that a good faith effort to resolve issues by agreement occurred pursuant to Local Rule 7.3(b), describing what was and was not resolved by agreement and addressing separately the issues of entitlement to fees and amount." S.D. Fla. L.R. 7.3(a)(8).

Plaintiffs' citation to *J.B. Hunt Transp., Inc. v. S&D Transp., Inc.*, is misplaced. No. 11-62096-CIV, 2013 WL 12086280 (S.D. Fla. Sept. 11, 2013), *report and recommendation adopted sub nom. J.B. Hunt Transp., Inc. v. S & D Transp., Inc.*, No. 0:11-CV-62096, 2013 WL 12086281 (S.D. Fla. Sept. 19, 2013), *aff'd sub nom. J.B. Hunt Transp., Inc. v. S & D Transp., Inc.*, 589 Fed. Appx. 930 (11th Cir. 2014). In that case, the court determined that the party seeking attorneys' fees "failed to comply with Local Rule 7.3(b), in that no draft motion was served on the Defendant, making it impossible for the parties to engage in a good faith effort to resolve issues by agreement." *Id*. at 3. That court's caution that the "[r]ules must be strictly enforced in the interests of fairness to the losing party and judicial economy" is not relevant to the issue of filing a final Motion for Attorneys' fees with modifications from the draft motion submitted during the 7.3(b) conferral process.

The Only Rule 7.3 issues for the Court to consider is Plaintiffs' objections that garnishees failed to timely serve the draft motion and affidavits submitted with the filed Motion.

### i. Service of Draft Motion

Plaintiffs argue that Garnishees "failed to timely serve the draft motion." ECF No. [507] at 11. Specifically, Plaintiff's argue that Garnishee's "counsel emailed the draft fee motion to Plaintiffs on Feb. 21 and 23 of 2023" but "only mailed a copy to Plaintiffs' counsel on March 14, 2023 after he received Plaintiffs' objections that pointed out his previous attempt to serve by email

violated Fed. R. Civ. P. 5." *Id*. The service on February 21 and 23, 2023 was timely since it was within thirty days of the Court dissolving the Writs on February 7, 2023. Furthermore, Plaintiff's attorneys did consent to receive service via email.

As Garnishees correctly point out, Local Rule 5.1(e) states as follows:

> **Consent to Service**. Registration as an electronic filing user pursuant to Southern District of Florida CM/ECF Administrative Procedures § 3B constitutes consent to receive service electronically pursuant to Fed. R. Civ. P. 5(b)(2)(E) and Fed. R. Crim. P. 49 and waiver of any right to receive service by any other means. Service of papers required to be served pursuant to Fed. R. Civ. P. 5(a) and Fed. R. Crim. P. 39 but not filed, such as discovery requests, may be made via email to the address designated by an attorney for receipt of notice of electronic filings.

S.D. Fla. L.R. 5.1(e). Because counsel for Plaintiffs registered as electronic filing users, they are subject to the Local Rule. The service of the draft motion by email was therefore proper and timely.

### ii. Verification

Plaintiffs also object to the R&R's conclusion that the "affidavits sent to Plaintiffs' counsel in support of the Motion for Fees substantially complied with the verification requirements of Local Rule 7.3(a)." ECF No. [505] at 7. Plaintiffs argue that "this was a clear factual error because the affidavit does not even refer to the fee motion" and "the second affidavit was served after the 30-day deadline and attempts to preempt Plaintiffs' objections." ECF No. [507] at 11. Plaintiffs further contend that Garnishees "failed to ever disclose the invoices as required by L.R. 7.3(a)(6)." ECF No. [507] at 12. That assertion is belied by the record. Attached to Garnishees Motion for Attorney's Fees is a document titled "Invoice for litigation in Federal Southern." ECF No. [438-1]. Merely because "Glo-Jet's counsel never stated in a declaration that Doc # 438-1 is the invoice" does not alter the fact that it is an invoice. *See* ECF No. [507] at 12.

Regarding the Affidavit of Allan Rivera, Garnishee's counsel, the Court finds it sufficient because it includes details related to counsel's identity, experience, and qualifications. ECF No. [438-2]. Garnishees' counsel further indicates the attached time records and billing represent the

10

reasonable rates and fees for himself in connection with this matter. *Id*. ¶ 8. The Invoice paired with the Affidavit of Allan Rivera meet the requirements of Local Rule 7.3 (5) and (6). Plaintiffs' Objections based on a failure to comply with Local Rule 7.3 are therefore overruled.

### C. Reasonableness of Fees Requested

Finally, Plaintiffs object to the R&R's recommendation that Garnishees should be awarded attorneys' fees for time spent on issues other than "filing an answer to the writ and motion to dissolve the writ." ECF No. [507] at 13. Plaintiffs argue that Garnishees should not be awarded fees for preparing a motion for summary judgment, for the representation of Mr. Keesee, or for preparing the Motion for Attorney's Fees. *Id*. at 13-15. Plaintiffs contend that the amount of time spent preparing a form answer to the Writs of Garnishment is excessive and that the $200.00 Plaintiffs counsel previously paid should be subtracted from the amount awarded. *Id*. Garnishees respond that "[t]his Court docket has been used to pursue a meritless entry of default in a vexatious litigation when Plaintiffs knew that [Garnishees] had nothing to do with the case." ECF No. [512] at 20. Garnishees assert that the findings in the R&R of the reasonableness of the fees requested which Plaintiffs now object to are correct. Garnishees did not file their own objections to the R&R's recommendation that the Motion for Attorneys' Fees be granted only in part to award $11,700.00 in attorney's fees rather than the total amount of $21,180.00 in fees and the same amount in sanctions requested in the Motion.

Fla. Stat. § 77.28 provides that "[o]n rendering final judgment, the court shall determine the garnishee's costs and expenses, including a reasonable attorney fee[.]" The *Armenteros* court, explained that "Courts have discretion to award attorney's fees in garnishment actions." 2020 WL 9458737 at *1 (citing *Zelaya*, 769 F.3d at 1305). The court further explained "the garnishment statute says that the $100 is 'for the payment *or part payment* of the garnishee's attorney fee which

11

the garnishee expends or agrees to expend in obtaining representation in response to the writ.'" *Id*. (quoting Fla. Stat. § 77.28) (alterations adopted). It is therefore apparent that Garnishees may recover fees for tasks beyond preparing and Answer to and Motion to Dissolve the Writs of Garnishment. The Court proceeds to consider each of the objected to fees in turn.

### i. Fees for Preparing Motion for Summary Judgment

Plaintiffs argue that Garnishees should not be awarded "3 hours for drafting and filing a motion for summary judgment on Feb. 17, 2023" after the Writs had been dissolved. ECF No. [507] at 13. Garnishees respond that "drafting of the Summary Judgment motion was not meritless" and that "[t]oday we are litigating costs thanks to the denial of the Summary Judgment and the resulting Order from the Court." ECF No. [512] at 17.

Plaintiffs support their argument with a case in which the Eleventh Circuit found that an award was reasonably reduced because the "attorneys squandered time on meritless issues." *Circuitronix, LLC v. Shenzen Kinwong Elec. Co., Ltd.*, No. 20-11413, 2021 WL 5568164, at *2 (11th Cir. Nov. 29, 2021). However, Plaintiffs have not provided any convincing argument that the time spent on Garnishee's Motion for Summary Judgment was "squandered time." It is quite clear from the arguments raised by Plaintiff that the entry of a Final Judgment as to Garnishees would have aided Garnishees in avoiding certain arguments that were raised in opposition to their Motion for Attorney's Fees. The Court's decision to consider its dissolution of the Writs of Garnishment tantamount to a Final Judgment allows for recovery of attorneys' fees, but Garnishee's counsel's efforts toward ensuring that award are *not* "squandered time." The Court therefore finds the award of three hours for the Summary Judgment Motion to be reasonable.

### ii. Fees for Representation of Mr. Keesee

Plaintiffs object to the R&R's recommendation that one hour of attorney's fees be awarded to Garnishees for time spent responding to a subpoena sent to Mr. Keesee, an executive of Garnishees, in his personal capacity. ECF No. [507] at 13-14. Garnishees respond that "Plaintiffs, in their vexatious path to attack whatever they could find collaterally wished to go after [Garnishees] through their executive" and Garnishees had an obvious interest to defend their executive. ECF No. [512] at 18.

The Court is not persuaded by Plaintiff's argument that the representation of Garnishee's executive was not related to this action. Although Plaintiffs claim that they subpoenaed Mr. Keesee in his individual capacity, they did not provide any support in their Objections to suggest that Mr. Keesee had any relation to Plaintiffs' efforts in this action except as an executive of Garnishees.

### iii. Fees for 5 Hours on Answer to Writs of Garnishment

Next, Plaintiffs object to the R&R's recommendation that Garnishees should be award five hours in attorneys' fees for preparing answers to the Writs of Garnishment. ECF No. [507] at 14. Plaintiffs argue that "spending 5 hours for merely preparing and filing a roughly 2 page form answer . . . to the Writs is excessive without question." *Id*. Garnishees respond that the R&R correctly accounted for the fact that the answer to the writ included a Motion to Set Aside Default, Objections to the Report and Recommendation recommending that Default Judgment be granted as to Garnishees, as well as the Answer to the Writs of Garnishment. ECF No. [512] at 18-19. Garnishees contend that the five hours "are reasonable given the scope of the work." *Id*. at 19. The Court agrees with Garnishees and awards the five hours, since the time accounts for considerably more than filling out a two-page form as Plaintiff argues.

13

Case No. 21-cv-20862-BLOOM/Otazo-Reyes

### iv. Fees for Motion for Attorney's Fees

Finally, Plaintiffs object to the R&R's recommendation that Garnishees be awarded $900.00 for time spent on the Motion for Attorney's Fees. ECF No. [507] at 14. Plaintiffs argue that the Motion is not provided for in § 77.28 and that there is no judgment in Garnishee's favor. However, the Court has already determined that fees can be awarded and § 77.28 provides for an award of Garnishee's costs and expenses including a reasonable attorney fee.

Plaintiffs further contend that Garnishee's "counsel did not separate the charges for his fee motion under 28 U.S.C. § 1927" from "charges for entitlement under § 77.28" so the time should be considered block billed and reduced by at least half. *Id*. at 14-15.

The Invoice reflects that on February 21, 2023, Garnishee's counsel billed three hours at the rate of $300.00 per hour for a total of $900.00 on the Motion for Costs and Attorney's Fees. ECF No. [438-1] at 2. That time is not block billed, but indicates the date on which time was spent preparing the Motion. The Court finds that three hours is reasonable for preparing a Motion for Attorneys' fees and adopts the R&R's recommendation that $900.00 be awarded.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation, **ECF No. [505]**, is **ADOPTED**.
2. Plaintiffs' Objections, **ECF No. [507]**, are **OVERRULED**.
3. Garnishees' Motion for Attorney's Fees, **ECF No. [438]**, is **GRANTED IN PART AND DENIED IN PART**.
4. Garnishees are **AWARDED** fees in the amount of $11,700.00.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 21, 2023.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record