# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF FLORIDA

Case No.: 21-cv-20862-BLOOM/Otazo-Reyes

MILLENNIUM FUNDING, INC. et al,

    Plaintiffs,

    vs.

1701 MANAGEMENT LLC et al,

    Defendants.

---

## MOTION FOR GENERAL STAY OF POST-JUDGMENT PROCEEDINGS PENDING RESOLUTION OF MUSZYNSKI BANKRUPTCY

Plaintiffs/Judgment Creditors MILLENNIUM FUNDING, INC., VOLTAGE HOLDINGS, LLC, AMBI DISTRIBUTION CORP., AFTER PRODUCTIONS, LLC, AFTER II MOVIE, LLC, MORGAN CREEK PRODUCTIONS, INC., BEDEVILED LLC, MILLENNIUM MEDIA, INC., COLOSSAL MOVIE PRODUCTIONS, LLC, YAR PRODUCTIONS, INC., FSMQ FILM, LLC, FW PRODUCTIONS, LLC, MILLENNIUM IP, INC., I AM WRATH PRODUCTION, INC., KILLING LINK DISTRIBUTION, LLC, BADHOUSE STUDIOS, LLC, LF2 PRODUCTIONS, INC., LHF PRODUCTIONS, INC., VENICE PI, LLC, RAMBO V PRODUCTIONS, INC., RUPTURE CAL, INC., MON, LLC, SF FILM, LLC, SPEED KILLS PRODUCTIONS, INC., NIKOLA PRODUCTIONS, INC., WONDER ONE, LLC, BODYGUARD PRODUCTIONS, INC., OUTPOST PRODUCTIONS, INC., GLACIER FILMS 1, LLC, DEFINITION DELAWARE LLC, HANNIBAL CLASSICS INC., JUSTICE EVERYWHERE PRODUCTIONS LLC, STATE OF THE UNION DISTRIBUTION AND COLLECTIONS, LLC, PARADOX STUDIOS, LLC, DALLAS BUYERS CLUB, LLC, HITMAN TWO PRODUCTIONS, INC., SCREEN MEDIA VENTURES, LLC and 42

20-023DBa

VENTURES, LLC (all collectively "Plaintiffs"), by and through undersigned counsel, hereby move for a GENERAL STAY of these post-judgment proceedings including all deadlines of Chapter 77 of Florida statutes pertaining to Writs of Garnishments, deadlines for discovery responses, motion, etc. pending resolution of the bankruptcy proceedings of Defendant Charles Muszynski.

## I.     APPLICABLE LAW

1.      A federal district court has broad discretion in granting or denying a stay. *See Landis v. North American Co.*, 299 U.S. 248, 57 S. Ct. 163, 81 L. Ed. 153 (1936).

2.      Although a non-debtor co-defendant is generally not entitled under 11 U.S.C. § 362(a) to a stay of proceedings, court outside the Eleventh Circuit have extended stays to non-debtor co-defendants where "action taken against the non-bankrupt party would inevitably have an adverse impact on property of the bankrupt estate." *In re 48th Street Steakhouse, Inc.*, 835 F.2d 427, 431 (2d Cir. 1987).

3.      Under Eleventh Circuit case law, a stay pending appeal will be granted "only upon a showing of four factors: 1) that the movant is likely to prevail on the merits on appeal; 2) that absent a stay the movant will suffer irreparable damage; 3) that the adverse party will suffer no substantial harm from the issuance of the stay; and 4) that the public interest will be served by issuing the stay." *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986).

## II.     BRIEF FACTUAL BACKGROUND

4.      On March 28, 2022, this Court granted Plaintiffs' motion for default judgment and awarded a money judgment of $15,172,403.00 in favor of Plaintiffs and against Defendants. *See* Doc. #213.

5.      On Dec. 7, 2023, Plaintiffs filed applications [Doc. #310] for Writs of Garnishment to Garnishees Grant Thornton, Jan Dash, and F.A. Hayek Irrevocable Settlement Trust.

2

6. On Dec. 8, 2022, the Court issued the requested Writs of Garnishment against Garnishees. *See* Docs. ##312-314.

7. On Dec. 9, 2022, Plaintiffs filed applications [Doc. #318] for Writs of Garnishment to Garnishees Antilles LLC, Buhosabio LLC, Dusko Popov Trust, EVKLeddihn LLC, Solzhenitzyn Trust, Terry Lacy and WasteResources LLC.

8. On Dec. 12, 2022, the Court issued the requested Writs of Garnishment against Garnishees. *See* Docs. ##319-325.

9. On Dec. 30, 2022, Plaintiffs served a Florida Statutes §77.07(5) Notice of Extension of all Writs on all parties. *See* Certificate of Service [Doc. #338].

10. On Jan. 13, 2023, Lacy filed his Answer to the Writ. *See* Doc. #352.

11. On Feb. 2, 2023. Buhosabio filed its Answer to the Writ. *See* Doc. #385.

12. On Feb. 6, 2023, Plaintiffs filed their Reply to Lacy's Answer. *See* Doc. #388.

13. On Feb. 13, 2023, Plaintiffs filed their Reply to Buhosabio's Answer. *See* Doc. #404.

14. On March 14, 2023, this Court granted Plaintiffs' motion for default judgment and awarded a money judgment of $15,172,403.00 in favor of Plaintiffs and against WasteResources LLC. *See* Doc. #430.

15. On March 14, 2023, the Court referred all post-judgment matters to Magistrate Judge Alicia M. Otazo-Reyes. *See* Doc. #432.

16. On May 19, 2023, Defendant Muszynski filed a suggestion of bankruptcy stating that he had filed bankruptcy in Eastern District of Texas on May 11, 2023.

17. On May 30, 2023, this Court granted Plaintiffs' motion for default judgment and awarded a money judgment of $15,172,403.00 in favor of Plaintiffs and against Garnishees Jan Dash, Grant Thornton, and F.A. Hayek Irrevocable Settlement Trust. *See* Doc. #495.

18.     On May 30, 2023, Defendant Muszynski filed an Amended Motion to Stay and Second Notice of Bankruptcy.  *See* Doc. #496.

19.     On June 7, 2023, the Court granted Defendant Muszynski's motion and ordered that "This Cas is Stayed to the Extent Plaintiffs seek to collect on the Judgment entered in their favor and against Defendant Charles Muszynski.  All pending Motions involving Charles Muszynski are **STAYED**."  Doc. #502.

20.     On Aug. 7, 2023, the Court issued a writ of execution against F.A. Hayek Irrevocable Settlement Trust.  *See* Doc. #520.

21.     On Sept. 12, 2023, Dusko Popov filed its Answer to the Writ of Garnishment.  *See* Doc. #546.

22.     On Sept. 22, 2023, Plaintiffs filed their Reply [Doc. #558] to Dusko Popov's Answer.

23.     On Oct. 2, 2023, the Court issued an Amended Writ of Garnishment to Antilles Management, LLC.  *See* Doc. #564.

24.     On Oct. 5, 2023, Antilles Management filed its Answer to the Writ of Garnishment. *See* Doc. #568.

**III.     ARGUMENT**

**A.     There is Good Cause for a General Stay.**

25.     Because the Court entered a stay against motions against or involving Muszynski, the supplemental actions on the Writs of Garnishment must sever out judgment on any allegations of garnishees holding funds of Muszynski from funds of the other defendants.  Accordingly, if the adjudication on the writs proceeds against everyone except Muszynski, there will need to be a second round of adjudications on the writs after the Muszynski bankruptcy is resolved.

Particularly, Plaintiffs would have to have a first trial on the Writs concerning whether garnishees have any assets of 1701 Management LLC, AUH2O LLC or Waste Resources LLC, and then a second trial on the Writs concerning whether garnishees have any assets of Muszynski after the bankruptcy is resolved.

26.     Moreover, if Muszynski obtains a discharge in his bankruptcy, some of the issues in the Writs may inevitably be resolved.  Further, it may be more judicially efficient for these writs to be enforced in the bankruptcy court.

**B.     The *Garcia* factors support granting a general Stay.**

27.     Although Plaintiffs are not requesting a stay pending appeal, Plaintiffs respectfully assert that the *Garcia* factors support a general stay.  Absent a stay, Plaintiffs will suffer irreparable damage.  Plaintiffs would have to go forward with trials on the writs while excluding out any property of Muszynski.  A garnishee could temporarily escape liability by merely asserting that the assets it holds belong to Muszynski rather than the other Defendants.  Further, although Muszynski has repeatedly stated that "he has nothing to do with" the Garnishees, should the Bankruptcy Court conclude that garnishees are part of Muszynski's estate, Plaintiffs could be accused of violating the automatic stay.  On the other hand, the adverse parties will suffer no cognizable harm from the stay.  Two of the appeared garnishees (Lacy and Buhosabio) agree to the stay.  Although counsel for garnishees Dusko Popov Trust and Antilles Management LLC will not agree to the stay, these garnishees have not indicated any cognizable harm caused by a stay. The public interest will also be served by issuing the stay.  Judicial resources will be conserved because the need for two trials on the writs will be eliminated.  The risk of inconsistent judgments on the relationship between Garnishees and Muszynski between this Court and the Bankruptcy Court can be avoided.

## IV.     CONCLUSION

28.     For the foregoing reasons, Plaintiffs respectfully request that this Court grant this motion and issue a general stay freezing all statutory and judicial deadlines in this case.

### RULE 7.1(a)(3) CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), Local Rules of the District Court of the Southern District of Florida, I, Kerry Culpepper, counsel for the movants, conferred with counsels for Garnishees Terry Lacy and Buhosabio who informed me that they agreed with the relief (General Stay) Plaintiffs are seeking.  I attempted to meet and confer with counsel for Dusko Popov and Antilles Management LLC (Lorenzo J. Palomares) by asking him for his position on a stay by email multiple times between Sept. 14 and 22 but did not get an answer.  On Oct. 2, 2023, counsel for Terry Lacy (Louis R. Gigliotti) informed me that Mr. Palomares said he would not agree to the general stay.   As of the date of this Motion, Mr. Palomares has not replied to my email on this subject.


DATED: Oct. 9, 2023                    Respectfully submitted,


*/s/ Joel B. Rothman*
JOEL B. ROTHMAN
Florida Bar No. 98220
joel.rothman@sriplaw.com

**SRIPLAW**
21301 Powerline Road, Suite 100
Boca Raton, FL 33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

And

Kerry S. Culpepper
*Admitted pro hac vice*
**CULPEPPER IP, LLLC**
75-170 Hualalai Road
Suite B204
Kailua-Kona, HI  96740
808.464.4047 – Telephone

6

kculpepper@culpepperip.com

*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies a true and correct copy of the foregoing was served by the Court's CM/ECF System to all parties and/or counsel registered to receive such service, and by email on to the parties and/or counsel and by the methods of service noted below and that by Oct. 9, 2023 and by the methods of service noted below, a copy of the foregoing and was served on Garnishees at the following addresses:

| Via First Class Mail | Via Airmail | Via Airmail |
|---|---|---|
| Stolberg Law LLC<br>Agent for 1701<br>MANAGEMENT LLC<br>151 Calle de San Francisco<br>Suite 201<br>San Juan, PR 00901 | Barret Venture Holdings, LLC<br>Agent for AUH2O LLC<br>The Providence House,<br>Central Government Road<br>Charlestown, Nevis | CHARLES MUSZYNSKI<br>Post Office Box 1423,<br>Basseterre, St. Kitts & Nevis |

Via First Class Mail
WasteResources, LLC
320 Gold Ave SW, STE 620
PMB 1320
Albuquerque, NM 87102

DATED: Oct. 10, 2023

/s/ *Joel B. Rothman*
JOEL B. ROTHMAN
Florida Bar No. 98220
joel.rothman@sriplaw.com

**SRIPLAW**
21301 Powerline Road, Suite 100

Boca Raton, FL 33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

And

CULPEPPER IP, LLLC

Kerry S. Culpepper

Virginia Bar No. 45292
Hawaii Bar No. 9837
CULPEPPER IP, LLLC
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawai'i 96740

8