UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-20862-BLOOM/Otazo-Reyes

MILLENNIUM FUNDING,INC., et al.  }

            Plaintiffs,  }

vs.  }

1701 MANAGEMENT, LLC et al.  }

            Defendants,  }

FILED BY___MCO___D.C.

MAY 18 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## DEFENDANT CHARLES MUSZYNSKI'S LIMITED SPECIAL APPEARANCE OPPOSITION TO PLAINTIFFS' MOTION TO LIFT STAY AND CROSS-MOTION TO DISMISS, WITH SUPPORTING DECLARATION

## I. LIMITED SPECIAL APPEARANCE

Charles Muszynski, appearing pro se and sui juris as a citizen of St. Kitts & Nevis, makes this LIMITED SPECIAL APPEARANCE pursuant to Fed. R. Civ. P. 12(b)(2) and 12(h)(1) SOLELY to contest this Court's personal jurisdiction and to oppose Plaintiffs' Motion to Lift Stay. Defendant expressly reserves and does not waive any defense, objection, or privilege, including but not limited to: (a) lack of personal jurisdiction; (b) improper venue; (c) forum non conveniens; (d) immunity from service of process; (e) all defenses under the Eleventh Amendment; and (f) all appellate rights. This appearance is strictly limited to the specific purpose of contesting jurisdiction and seeking dismissal, and shall not be construed as a general appearance or submission to this Court's jurisdiction for any other purpose.

## II. PRO SE PROTECTIONS

Page 1 of 17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

### Case No. 21-cv-20862-BLOOM/Otazo-Reyes

MILLENNIUM FUNDING,INC., et al.   }

Plaintiffs,   }

vs.   }

1701 MANAGEMENT, LLC et al.   }

Defendants,   }

## DEFENDANT CHARLES MUSZYNSKI'S LIMITED SPECIAL APPEARANCE OPPOSITION TO PLAINTIFFS' MOTION TO LIFT STAY AND CROSS-MOTION TO DISMISS, WITH SUPPORTING DECLARATION

## I. LIMITED SPECIAL APPEARANCE

Charles Muszynski, appearing pro se and sui juris as a citizen of St. Kitts & Nevis, makes this LIMITED SPECIAL APPEARANCE pursuant to Fed. R. Civ. P. 12(b)(2) and 12(h)(1) SOLELY to contest this Court's personal jurisdiction and to oppose Plaintiffs' Motion to Lift Stay. Defendant expressly reserves and does not waive any defense, objection, or privilege, including but not limited to: (a) lack of personal jurisdiction; (b) improper venue; (c) forum non conveniens; (d) immunity from service of process; (e) all defenses under the Eleventh Amendment; and (f) all appellate rights. This appearance is strictly limited to the specific purpose of contesting jurisdiction and seeking dismissal, and shall not be construed as a general appearance or submission to this Court's jurisdiction for any other purpose.

## II. PRO SE PROTECTIONS

Movant appears pro se and respectfully puts this Court on notice that his filings must be construed under the liberal standards mandated by the Supreme Court. The seminal case of Haines v. Kerner, 404 U.S. 519 (1972), holds that pro se pleadings are held to "less stringent standards than formal pleadings drafted by lawyers." This principle was reaffirmed in Erickson v. Pardus, 551 U.S. 89 (2007). This Court is charged with interpreting such filings to allow for the development of a potentially meritorious claim. Boag v. MacDougall, 454 U.S. 364 (1982); Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978). As this District has recognized, because Movant proceeds pro se, his "pleading is liberally construed." Smith v. Laurel Police Dept., No. 21-1279-LPS, 2022 WL 1155823 (D. Del. Apr. 19, 2022).

## III. SUMMARY OF ARGUMENT

This action must be dismissed on five independent grounds:

(1) Special Counsel failed to obtain the required written consent from the 38 co-creditors whose interests are adverse to the estate;

(2) the motion targets a now-moot stay from a separate, dismissed case while deliberately omitting the active and controlling bankruptcy stay in Delaware;

(3) dismissal is mandatory under Fed. R. Civ. P. 19(b) because indispensable party plaintiff SMV cannot be joined due to the controlling automatic stay;

(4) the Delaware Trustee, having elected to litigate in Nevis post-petition, is judicially estopped from pursuing a parallel action here; and

(5) the SDFL judgment is property of the SMV estate, and only the Trustee has standing to enforce it.

## IV. STATEMENT OF FACTS

1. On July 2, 2024, indispensable plaintiff Screen Media Ventures, LLC ("SMV") filed for Chapter 7 bankruptcy in the District of Delaware.

2. On January 8, 2025, the Delaware Bankruptcy Court conducted a hearing on Movant's administrative priority claim. On that same date, the Trustee executed a Sharing Agreement with HPS Investment Partners, facilitating the transfer of the estate's most valuable assets.

3. On May 26, 2025, the Trustee paid $30,000 to the Nevis Court on Movant's behalf, confirmation letter of deposited funds from Trustee's Nevis counsel:



26th May 2025

**Mrs. Melissa Flemming**
Assistant Registrar
Nevis High Court Registry
R G Solomon Arcade
Charlestown
**NEVIS**

Dear Mrs. Flemming,

**RE: Security for Costs - Claim No. NEVHCV2022/0183 Millennium Funding Inc and Ors v AUH20 LLC and Charles Muszynski**

Reference is made to the captioned matter wherein we continue to act on behalf of the Claimants.

By order dated 15th May 2025, the Court ordered that the Claimants pay the sum of US$30,000.00 into Court on or before 15th June 2025.

In this regard, please find enclosed, Republic Bank (EC) Limited cheque No.000949 in the sum of Thirty Thousand Dollars United States Currency (US$30,000.00) which is made payable to the Nevis Island Administration on behalf of the Claimants.

4. The Trustee failed to investigate the financial viability of HPS, American Films, Inc. (revoked by Florida in 2024), or Grove Street Funding.

5. The Trustee's prosecution of the Nevis action has exposed the estate to a minimum

Page **3** of **17**

cash bond of approximately $6 million for costs alone in addition to the $30,000 the Trustee already paid, plus tens of millions in potential damages.

6. Culpepper indispensably joined 39 claimants in the Nevis action (as he did in the instant matter) without obtaining the required written consent from the 38 other co-creditors, as mandated by 11 U.S.C. § 327 and ABA Model Rule 1.7(b)(4).

7. On April 29, 2026, Culpepper filed a misleading motion in this Court, seeking to lift a now-moot stay while willfully concealing the controlling Delaware stay.

8. At the conclusion of Defendant's last prior testimony in this action, Plaintiffs' counsel was asked by this Court if he had any further questions. He replied, "NO." This concession demonstrates that Plaintiffs had no further need of this Court's processes regarding Defendant's testimony.

9. Defendant has no assets in the United States or subject to this Court's jurisdiction, a fact he previously testified to under oath without contradiction.

## V. ARGUMENT

### A. Failure to Obtain Required Written Consent

Under 11 U.S.C. § 327(a), professionals employed by the estate must be "disinterested" and not hold interests "adverse to the estate." When counsel represents the estate while simultaneously representing 38 other creditors with adverse interests, the Bankruptcy Code and professional conduct rules mandate written consent.

The Third Circuit in In re Congoleum, 426 F.3d 675 (3d Cir. 2005), held that representation in the face of a conflict requires **"truly informed consent"** and that courts "will not tolerate consents which are less than knowing, intelligent and voluntary."

In In re Kobra Properties, 406 B.R. 396 (Bankr. E.D. Cal. 2009), the court held that **"informed written consent is a necessary... precondition"** for employment under § 327 when such conflicts exist.

Under ABA Model Rule 1.7(b)(4), representation in such a circumstance is permissible only if **"each affected client gives informed consent, confirmed in writing."**

No such written consent was obtained from the 38 other co-creditors or filed with the Bankruptcy Court. The Trustee's retention of Culpepper is therefore statutorily and ethically impermissible.

This failure is dispositive. The 38 co-creditors are not nominal parties; they are adverse creditors whose interests directly conflict with the estate's. Culpepper cannot serve two masters. His dual representation voids his authority to act on behalf of any creditor without the required consent; and invites scrutiny of TPLF champerty.

### B. The Motion Targets the Wrong Stay

Culpepper's motion is built upon a material misrepresentation by omission. By asking to lift the stay related to the dismissed Puerto Rico bankruptcy, he conveniently ignores the dispositive legal barrier: the separate and active § 362 automatic stay protecting indispensable plaintiff SMV, which arises from the D. DE bankruptcy. This Court lacks jurisdiction to lift the D. DE stay.

| Two-stay Disinction | Stay #1 (Puerto Rico) | Stay #2 (Delaware) |
| --- | --- | --- |
| Protected Party | Charles Muszynski (Defendant) | SMV/CSSE (Indispensable Plaintiff) |
| Status | TERMINATED | ACTIVE |

## C. Mandatory Dismissal Under Rule 19(b)

Under Fed. R. Civ. P. 19(b), the Court must apply a four-factor test. Here, all four factors weigh decisively toward dismissal:

(1) prejudice to Movant;

(2) prejudice to Plaintiffs (none);

(3) adequacy of judgment (inadequate without SMV);

(4) culpability/adequate remedy (Trustee has remedy in Nevis).

See Orix Credit Alliance, Inc. v. First Florida Bank, 147 B.R. 594 (M.D. Fla. 1992).

Because joinder of indispensable party SMV is impossible due to the bankruptcy stay, dismissal is mandatory. See Reinoso v. First Bank P.R. (In re Reinoso), 525 B.R. 573 (Bankr. D.P.R. 2015) ("if the court finds that the litigation cannot proceed in the party's absence, the court must dismiss the case").

## D. Judicial Estoppel

By submitting to the jurisdiction of the Nevis court post-petition (and paying the preliminary $30,000 towards' movants' fees and costs) to determine the judgment's enforceability, the Trustee made a binding election of forum. He cannot now take the inconsistent position in this Court that the same judgment is ripe for immediate domestic

collection. See Anonymous v. Anonymous, 137 A.D.2d 739 (N.Y. App. Div. 1988).

### E. The Judgment is Estate Property

The SDFL judgment is property of the SMV estate under § 541. See Logan v. JKV Real Estate Servs. (In re Bogdan), 414 F.3d 507 (4th Cir. 2005). Only the D. DE Trustee has standing to enforce this asset. See Reed v. Cooper (In re Cooper), 405 B.R. 801 (Bankr. N.D. Tex. 2009). Any attempt by the other 38 co-plaintiffs (including 42 Ventures, LLC – Culpepper's own company) to garnish funds is an act to "exercise control over property of the estate" and is void under § 362(a)(3).

## VI. THE COURT'S INTEREST IN JUDICIAL ECONOMY

This action presents a rare opportunity for the Court to protect its own dignity and the efficient administration of justice. After five years of procedural maneuvering by Plaintiffs' counsel, this Court can and should put an end to this abuse of its processes.

The Court asked Mr. Culpepper on the record whether he had further questions for Defendant. He replied, "NO." That concession, combined with Defendant's uncontested testimony that he has no assets subject to this Court's jurisdiction, and the Trustee's election to pursue enforcement exclusively in Nevis, demonstrates that this Court can offer Plaintiffs no meaningful relief.

Continued prosecution serves only to: (1) clutter this Court's docket with a case that cannot result in recoverable judgment; (2) waste judicial resources on a forum where the plaintiff-debtor cannot participate; and (3) reward procedural gamesmanship of proven copyright troll who's litigation champerty scheme was undermined by the recent decisions of the 9th Circuit Court of Appeals and the United States Supreme Court, see:

*In re Subpoena of Internet Subscribers of Cox Communications, LLC*, No. 24-3978 (9th Cir. Aug. 15, 2025) and, *Cox Communications, Inc. v. Sony Music Entertainment*, No. 24-171 (U.S. Mar. 25, 2026), respectively.

## VII. CROSS-MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 19(b), Defendant cross-moves for dismissal of this action with prejudice because an indispensable party plaintiff, SMV, cannot be joined.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Movant respectfully requests that this Court enter an order:

1. DENYING Plaintiffs' Motion to Lift Stay;

2. DISMISSING this action with prejudice pursuant to Rule 19(b); or, in the alternative,

3. STAYING this action pending resolution of the Nevis proceedings and ordering immediate disclosure of all TPLF agreements.

15 May 2026
Respectfully submitted,

Charles Muszynski, pro se
usfilefolder@protonmail.com
P. O. Box 1423
Basseterre
St. Kitts and Nevis
West Indies

## CERTIFICATE OF SERVICE

The undersigned respectfully submits this filing and further certifies it was served on the parties and entities named in the case by way of the Court's CM/ECF system and/or email subsequent to its courier delivery on the date below to the S.D. FL Clerk of Court for inclusion in the record as required as of the date indicated in this submission and certification below.

15 May 2026
Respectfully submitted,

Charles Muszynski, pro se
usfilefolder@protonmail.com
P. O. Box 1423
Basseterre
St. Kitts and Nevis
West Indies

## EXHIBIT LIST

**A.** Nevis Court Order (May 15, 2025)
**B.** Heirl Letter (TPLF Evidence)
**C.** Declaration of Charles Muszynski

PROPOSED ORDER

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 21-cv-20862-BLOOM/Otazo-Reyes

MILLENNIUM FUNDING,INC., et al.    }
                                   }
        Plaintiffs,    }
                                   }
vs.                                }
                                   }
1701 MANAGEMENT, LLC et al.        }
                                   }
        Defendants,    }
                                   }
_____      }

## ORDER

IT IS HEREBY ORDERED THAT (check one):

[ ] **OPTION 1: MOTION DENIED, CROSS-MOTION GRANTED.** Plaintiffs' Motion is DENIED. Defendant's Cross-Motion is GRANTED. This action is DISMISSED WITH PREJUDICE.

[ ] **OPTION 2: ALTERNATIVE RELIEF.** This action is STAYED pending final resolution of the Nevis appeal. Plaintiffs' counsel is ORDERED to disclose all TPLF agreements within seven days.

[ ] **OPTION 3: DISMISSAL IN INTEREST OF JUSTICE.** This action is DISMISSED WITHOUT PREJUDICE in the interests of judicial economy, given that Defendant has no assets subject to this Court's jurisdiction; the Trustee has elected to pursue enforcement exclusively in Nevis; indispensable party SMV

cannot participate due to the bankruptcy stay; and continued litigation would waste judicial resources.

# EXHIBIT A

Nevis Court Order (May 15, 2025)

## EXHIBIT B

Heirl Letter (TPLF Evidence)

## EXHIBIT C

Declaration of Charles Muszynski

## DECLARATION OF CHARLES MUSZYNSKI
## IN SUPPORT OF LIMITED SPECIAL APPEARANCE OPPOSITION

I, Charles Muszynski, declare under penalty of perjury under the laws of the United States that:

1. I am a citizen of the Federation of St. Christopher and Nevis and am not domiciled in the United States.

2. I have no assets in the United States or subject to the jurisdiction of this Court and previously testified in multiple hearings to this fact under oath in this action and others and no party has offered evidence to the contrary.

3. At the conclusion of my hearing testimony in this collection action, Plaintiffs' counsel Kerry S. Culpepper was asked by this Court, "*Do you have any more questions for Mr. Muszynski?*" He replied, "*NO.*" This concession demonstrates that Plaintiffs had no further need of this Court's processes regarding my testimony and establishes this is a precluded issue.

4. The Chapter 7 Trustee for SMV has elected to pursue enforcement of the judgment exclusively in the Nevis High Court, as evidenced by his payment of $30,000 in security for costs in that forum on May 26, 2025.

5. Kerry S. Culpepper is not licensed to practice in the Federation of St. Christopher and Nevis yet, signed the foundational document to commence action in the matters described herein, namely the "Certificate of Truth".

6. Mr. Culpepper leveraged this Court's authority, evidenced on the record in the instant matter, to extort private, confidential, and protected legal documents

from a New Zealand law firm with offices in the Cook Islands and Nevis – in violation of the criminal laws therein.

7. Continued litigation in this Court cannot result in meaningful relief to Plaintiffs given the automatic stay protecting the estate of indispensable plaintiff SMV, my lack of assets subject to this Court's jurisdiction, and the Trustee's exclusive election of the Nevis forum.

8. The claimants' lawyer, Kerry S. Culpepper, has admitted in writing that Benjamin Perino and PML Process Management Limited are his clients.

9. Benjamin Perino is a German national associated with MaverickEye, U.G. and Patrick Achache and all, according to research of U.S. courts' records, were involved in the criminal copyright trolling enterprise colloquially referred to in United States legal circles as "Prenda Law". As it became apparent that Prenda's lawyers were clearly finally destined for federal prison for decades, circa 2017/2018, PML Process Management Limited (located in the Republic of Cyprus), CulpepperIP, LLLC, located in Hawaii, and SRIPLaw, Inc., located in Boca Raton, Florida, were coincidentally created and/or reorganized during the same time period and began subpoenaing ISPs and related service providers to obtain their subscriber lists in order to send "settlement" letters. Joel B. Rothman, Culpepper's pro hac vice host, SRIPLaw's principal and was fined in the S. D. Florida and required to reimburse fees and costs to the defendants of nearly a quarter million Dollars for his unprofessional practices –

after the 11th Circuit Court of Appeals upheld the S.D. Florida Judge's determinations.

10. I submit this declaration solely in support of my Limited Special Appearance and expressly reserve all jurisdictional and procedural defenses.

11. The statements made by Craig Anthony Wirth, esq., Joel Benjamin Rothman, esq., and Kerry Steven Culpepper, esq. in the instant case, claiming that, among other slanders, I was a "fugitive", had "fled the jurisdiction", owed my former spouse money, and multiple other claims (including the most repugnant allusions regarding bigotry and racism), are patently false and, as evidence, the origin of their falsehoods – Orange County, Florida's 9th Circuit Family Court, has quashed the writs and will be required to quash all the contempt orders underlying the writs due to my former spouses' admissions and relinquishments in that forum.

Dated: May 15, 2026
Respectfully submitted,

Charles Muszynski, pro se
usfilefolder@protonmail.com
P. O. Box 1423
Basseterre
St. Kitts and Nevis
West Indies

| From: | Michael A. Hierl <mhierl@HSPLEGAL.COM> |
|---|---|
| Sent: | Thursday, March 7, 2024 9:33 AM |
| To: | Victor J. Pioli |
| Cc: | John K. Hughes; Garrett Kern; Joseph R. Marconi |
| Subject: | FW: CMS/PML/Millennium |
| Attachments: | Millennium v. Hierl complaint as served.pdf |

Victor – A copy of the 11/17/21 email from Kozacky follows.  Mike

**From:** Paul J. Kozacky <pkozacky@kwmlawyers.com>
**Sent:** Wednesday, November 17, 2021 8:13 AM
**To:** Michael A. Hierl <mhierl@HSPLEGAL.COM>
**Cc:** John K. Hughes <JHughes@HSPLEGAL.COM>; Matthew J. Piers <MPiers@HSPLEGAL.COM>; Christine Blank <cblank@HSPLEGAL.COM>
**Subject:** RE: CMS/PML/Millennium

Dear Mr. Hierl—

Attached is a complaint my clients intend to file in the absence of hearing from you in the next seven days.  Please let me know if you and your firm would be amenable to service of process and this complaint via email.  Thank you,

**Paul J. Kozacky**
Attorney at Law – Proctor in Admiralty



Kozacky Weitzel McGrath, P.C.
77 West Wacker Drive, Suite 4500
Chicago, IL 60601
312.696.0900 (General Office)
312.907.0651 (Cell)
312.696.0901 (Direct Dial)
pkozacky@kwmlawyers.com
www.kwmlawyers.com



1

**From:** Michael A. Hierl <mhierl@HSPLEGAL.COM>
**Sent:** Thursday, March 7, 2024 9:33 AM
**To:** Victor J. Pioli
**Cc:** John K. Hughes; Garrett Kern; Joseph R. Marconi
**Subject:** FW: CMS/PML/Millennium
**Attachments:** Millennium v. Hierl complaint as served.pdf

Victor – A copy of the 11/17/21 email from Kozacky follows.  Mike

**From:** Paul J. Kozacky <pkozacky@kwmlawyers.com>
**Sent:** Wednesday, November 17, 2021 8:13 AM
**To:** Michael A. Hierl <mhierl@HSPLEGAL.COM>
**Cc:** John K. Hughes <JHughes@HSPLEGAL.COM>; Matthew J. Piers <MPiers@HSPLEGAL.COM>; Christine Blank <cblank@HSPLEGAL.COM>
**Subject:** RE: CMS/PML/Millennium

Dear Mr. Hierl—

Attached is a complaint my clients intend to file in the absence of hearing from you in the next seven days.  Please let me know if you and your firm would be amenable to service of process and this complaint via email.  Thank you,

**Paul J. Kozacky**
Attorney at Law – Proctor in Admiralty


Kozacky Weitzel McGrath

Kozacky Weitzel McGrath, P.C.
77 West Wacker Drive, Suite 4500
Chicago, IL 60601
312.696.0900 (General Office)
312.907.0651 (Cell)
312.696.0901 (Direct Dial)
pkozacky@kwmlawyers.com
www.kwmlawyers.com


Member, Society of Primerus Law Firms

1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Millennium Media, Inc. and )
PML Process Management Ltd., )
)
    plaintiffs, )
)
              vs. )     Case No. 21-cv-_____
)
Michael A. Hierl, Esq. and )
Hughes Sokol Piers Resnick & Dym, Ltd., )
)
    defendants. )

## COMPLAINT

### Facts Common to All Counts

1.     Millennium Media, Inc. (Millennium") is a Nevada corporation with its principal place of business in Los Angeles, California.

2.     PML Process Management Ltd. ("PML") is a corporation organized under the laws of Cyprus with its principal place of business in Larnaca, Cyprus.

3.     Michael A. Hierl, Esq. ("Hierl") is a citizen of Illinois and an Illinois attorney who practices as a partner with Hughes Sokol Piers Resnick & Dym, Ltd.

4.     Hughes Sokol Piers Resnick & Dym, Ltd. ("HSPR&D") is an Illinois corporation with its principal place of business in Chicago, Illinois. Hierl and HSPR&D collectively are referred to herein as "the lawyers."

5.     This Court has jurisdiction under 28 U.S.C. § 1332 as the action is between citizens of different states and countries and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b)(1).

7. Beginning around February 2012, Hierl and HSPR&D, under the direction and supervision of Hierl, undertook legal representation of various copyright owners (termed "rightsholders") whose copyrights may have been infringed. The rightsholder's agent would supply the lawyers with the internet protocol addresses of suspected infringers, the lawyers would then file a John Doe complaint and propound subpoenas to non-party internet service providers to determine the identity of the suspected infringer based on his or her internet address, and upon learning the identity of the suspected infringer, the lawyers were to amend the complaint to name that individual as a defendant. Thereafter the lawyers were to settle the claim with the amended defendant, retaining certain percentages as their contingency fee and for reimbursable costs, and remitting the balance to the rightsholder's agent for distribution to the agent, the rightsholder and the data processing companies which collected information about suspected infringer internet addresses.

8. Millennium became one of Hierl and HSPR&D's rightsholder clients pursuant to an engagement entered into by its prior agent.

9. In late 2019, Millennium switched agents to PML. On December 7, 2020, the lawyers received an email from Millennium's general counsel formally confirming that it had appointed a new agent, and providing:

> notice to HSPRD that PML has assumed the former obligations and liabilities in respect of the copyright enforcement matters and that all payments for past infringements and going forward shall be remitted to PML on behalf of Millenium.

10. The lawyers also agreed to provide Millennium and its agent a monthly report of actions undertaken, expenses incurred, and collections made.

2

11.     On April 23, 2019, the lawyers and Millennium's prior agent agreed that, going forward, the lawyers' contingency fee would be based on net collections as opposed to gross collections. In other words, reimbursable expenses such as the court filing fee and subpoena fees would be deducted from any settlement first, and the lawyers' contingency fee then would be calculated based on the lower, or "net," collections.

12.     On August 16, 2021, the lawyers also agreed to send counsel for Millennium and PML twelve specified case files so a review of the lawyers' activities and settlements could be further evaluated.

13.     Millennium and PML have performed all conditions required of them under the parties' agreement.

## COUNT I
### Breach of Contract

14.     Millennium and PML reallege paragraphs 1 through 13, inclusive, as though fully set forth herein.

15.     Despite the December 7, 2020 instruction and subsequent demands, the lawyers have refused to remit to PML $69,765.78, which remains due and owing.

16.     Despite demand, the lawyers also have refused to remit to PML approximately $61,358.73 that remains owed to Millennium, and in part to PML, based on the calculation of the lawyers' contingency fee from net collections (gross collections minus reimbursable expenses) as opposed to gross collections (the total amount of monies received from amended defendants in settlement).

17.     Despite demand, the lawyers have refused to turn over to counsel for Millennium and PML the twelve requested case files, specifically, Northern District of Illinois

3

Case Nos. 18-cv-2370, 18-cv-4271, 18-cv-5068, 18-cv-5073, 19-cv-3796, 19-cv-5777, 19-cv-7163, 19-cv-7514, 20-cv-0369, 20-cv-1394, 20-cv-1395 and 20-cv-1401.

18.  Millennium and PML have been damaged by the lawyers' breach of contract in the amount of $131,124.51 and possibly more as might be shown by a review of the requested case files and other case files.

WHEREFORE, for the foregoing reasons, Millennium Media, Inc. and PML Process Management Ltd. request that judgment be entered in their favor and against Michael A. Hierl, Esq. and Hughes Sokol Piers Resnick & Dym, Ltd., jointly and severally, for at least $131,124.51 in money damages and whatever other damages as may be proven at trial, their costs, their attorneys' fees and whatever other relief this Court deems appropriate.

## COUNT II
### Accounting

19.  Millennium and PML reallege paragraphs 1 through 13, inclusive, as though fully set forth herein.

20.  As lawyers for their client Millennium, the lawyers owe Millennium a fiduciary duty as a matter of law and, accordingly, a duty to account.

21.  Whether the lawyers owe Millennium and its agent PML more money from settlements with amended defendants is complex and cannot be determined without review of the case files.  Due to the unascertainable quantum of unaccounted-for settlements, Millennium and PML lack an adequate remedy at law.

22.  Millennium and PML have demanded the case files for the twelve civil actions listed in paragraph 17 and, despite an early indication that the case files would be tendered to counsel for Millennium and PML, the lawyers continue to withhold the requested case files.

4

WHEREFORE, for the foregoing reasons, Millennium Media, Inc. requests that judgment be entered in its favor and against Michael A. Hierl, Esq. and Hughes Sokol Piers Resnick & Dym, Ltd., jointly and severally, requiring them to account for all matters they undertook on behalf of Millennium, and whatever other damages as may be proven at trial following that accounting, plus costs, attorneys' fees and whatever other relief this Court deems appropriate.

Respectfully submitted,

MILLENNIUM MEDIA, INC. and
PML PROCESS MANAGEMENT LTD.

By:  /s/ Paul J. Kozacky
  One of their attorneys

Paul J. Kozacky
Brian P. O'Connor
Caitlin Brown
Kozacky Weitzel McGrath, P.C.
77 West Wacker Drive, Suite 4500
Chicago, Illinois 60601
312-696-0900
pkozacky@kwmlawyers.com
boconnor@kwmlawyers.com
cbrown@kwmlawyers.com

5

Case Number :NEVHCV2022/0183

**FILED**

HIGH COURT
ST.CHRISTOPHER / NEVIS
(NEVIS CIRCUIT)

THE EASTERN CARIBBEAN SUPREME COURT
ST. CHRISTOPHER AND NEVIS
NEVIS CIRCUIT

Submitted Date:20/05/2025 16:2:

IN THE HIGH COURT OF JUSTICE   Filed Date:21/05/2025 08:30

CLAIM NO. NEVHCV2022/0183

Fees Paid:27.00

BETWEEN:

MILLENNIUM FUNDING, INC.
VOLTAGE HOLDINGS, LLC
AMBI DISTRIBUTION CORP
AFTER PRODUCTIONS, LLC
AFTER II MOVIE, LLC
MORGAN CREEK PRODUCTIONS, INC
BEDEVILED LLC
MILLENNIUM MEDIA, INC
COLOSSAL MOVIE PRODUCTIONS, LLC
YAR PRODUCTIONS, INC.
FSMQ FILM, LLC
FW PRODUCTIONS, LLC
MILLENNIUM IP, INC.
I AM WRATH PRODUCTIONS, INC
KILLING LINK DISTRIBUTION, LLC
BADHOUSE STUDIOS, LLC
LF2 PRODUCTIONS, INC
LHF PRODUCTIONS, INC
VENICE PI, LLC
RAMBO V PRODUCTIONS, INC
RUPTURE CAL, INC
MON, LLC
SF FILM, LLC
SPEED KILLS PRODCUTIONS, LLC
MILLENIUM SPVH, INC.
NIKOLA PRODUCTIONS, INC.
WONDER ONE, LLC
BODYGUARD PRODUCTIONS INC.
OUTPOST PRODUCTIONS, INC.
GLACIER FILMS 1, LLC
DEFINITION DELAWARE, LLC
HANNIBAL CLASSICS INC.
JUSTICE EVERYWHERE PRODUCTIONS LLC
STATE OF THE UNION DISTRIBUTION AND COLLECTIONS, LLC
PARADOX STUDIOS, LLC
DALLAS BUYERS CLUB, LLC
HITMAN TWO PRODUCTIONS, INC.
SCREEN MEDIA VENTURES, LLC
42 VENTURES LLC

Claimants/ Applicants

and

AUH2O LLC
CHARLES MUSZYNSKI also known as FREDERICK DOUGLAS

Defendants/ Respondents

## ORDER

Case Number :NEVHCV2022/0183

**FILED**

HIGH COURT

ST.CHRISTOPHER / NEVIS

(NEVIS CIRCUIT)

THE EASTERN CARIBBEAN SUPREME COURT
ST. CHRISTOPHER AND NEVIS
NEVIS CIRCUIT

Submitted Date:20/05/2025 16:2:

IN THE HIGH COURT OF JUSTICE   Filed Date:21/05/2025 08:30

CLAIM NO. NEVHCV2022/0183

Fees Paid:27.00

BETWEEN:

MILLENNIUM FUNDING, INC.
VOLTAGE HOLDINGS, LLC
AMBI DISTRIBUTION CORP
AFTER PRODUCTIONS, LLC
AFTER II MOVIE, LLC
MORGAN CREEK PRODUCTIONS, INC
BEDEVILED LLC
MILLENNIUM MEDIA, INC
COLOSSAL MOVIE PRODUCTIONS, LLC
YAR PRODUCTIONS, INC.
FSMQ FILM, LLC
FW PRODUCTIONS, LLC
MILLENNIUM IP, INC.
I AM WRATH PRODUCTIONS, INC
KILLING LINK DISTRIBUTION, LLC
BADHOUSE STUDIOS, LLC
LF2 PRODUCTIONS, INC
LHF PRODUCTIONS, INC
VENICE PI, LLC
RAMBO V PRODUCTIONS, INC
RUPTURE CAL, INC
MON, LLC
SF FILM, LLC
SPEED KILLS PRODCUTIONS, LLC
MILLENIUM SPVH, INC.
NIKOLA PRODUCTIONS, INC.
WONDER ONE, LLC
BODYGUARD PRODUCTIONS INC.
OUTPOST PRODUCTIONS, INC.
GLACIER FILMS 1, LLC
DEFINITION DELAWARE, LLC
HANNIBAL CLASSICS INC.
JUSTICE EVERYWHERE PRODUCTIONS LLC
STATE OF THE UNION DISTRIBUTION AND COLLECTIONS, LLC
PARADOX STUDIOS, LLC
DALLAS BUYERS CLUB, LLC
HITMAN TWO PRODUCTIONS, INC.
SCREEN MEDIA VENTURES, LLC
42 VENTURES LLC

Claimants/ Applicants

and

AUH2O LLC
CHARLES MUSZYNSKI also known as FREDERICK DOUGLAS

Defendants/ Respondents

<u>ORDER</u>

**BEFORE** The Honourable Justice Patrick Thompson Jr

**DATED** the 15th May 2025

**ENTERED** the        day of May 2025

**Appearances:** Edisha K. Greene for the Claimants
               Angela Cozier for the Defendants

**Present:**        Kerry Culpepper, representative of the Claimants
               Charles Muszynski, 2nd Defendant and representative of the 1st Defendant

**UPON** this matter coming on for the hearing of the Claimants' Notice of Application for Costs to be Assessed, the Defendants' Notice of Application to set aside the world-wide freezing order and strike out the Claimants' Claim, and the Defendants' Application for Security of Costs.

**AND UPON HEARING** Counsels for the Claimants and the Defendants.

**AND UPON** the Court being satisfied the Defendants were not successful on their Application to strike out the Claimants' Claim, but were successful on their Application for Security of Costs.

**AND UPON** the Court finding that although the Defendants succeeded on their Application for Security of Costs, the Court was clear that CPR Rule 24 applied as the Claimants were ordinarily resident outside of the jurisdiction. Consequently, the only matter for determination was the quantum of such costs and ensuring that the Claimants' representative was present to advise on the sum. Further, considering that any order for costs against the Claimants would be swallowed up by the extant orders for costs to be assessed against the Defendants and the extant applications, the court is not minded to grant costs to the Defendants on this application.

**AND UPON** the Court considering its order of 25th April 2025 and being satisfied that its order was not complied with by the Defendants.

**AND UPON** the Court being shown a sworn, but unfiled affidavit of Charles Muszynski dated 7th May 2025.

**AND UPON** the Court being satisfied that the affidavit of the 2nd Defendant, Charles Muszynski of 7th May 2025 does not appear to comply with the Court's order of 25th April 2025.

**AND UPON** the Court not being satisfied with the explanation provided by the Defendants' Counsel Ms. Cozier, as to why the affidavit was not filed within the timeline provided in the

Court's order of 25th April 2025, and further why the affidavit contains details that do not comply with the said order.

**AND UPON** this Court being minded to consider whether Ms. Cozier or the 2nd Defendant wilfully disobeyed the Court's order of 25th April 2025, and upon this court stating that it is minded to proceed with proceedings for civil contempt.

## IT IS HEREBY ORDERED THAT:

1. The Defendants' Application to strike out the Claimants' Claim is dismissed.
2. The Claimants are awarded costs against the Defendants' on the Application to strike out the Claimants' Claim, to be assessed if not agreed in 7 days.
3. The Defendants are to file any affidavits on the matters raised in the Court's order of 25th April 2025 together with any explanation as to why that order was not complied with by the Defendants on or before Monday 19th May 2025.
4. The Claimants are at liberty to file any reply by 23rd May 2025.
5. The Claimants are ordered to pay the sum of US$30,000.00 into Court on or before 15th June 2025.
6. The Claimants' Notice of Application for Costs to be Assessed and the Defendants' application to set aside the freezing order are fixed for a further blended hearing on 27th May 2025 at 1:30pm.
7. The freezing order shall continue until the adjourned hearing of this matter.
8. The Claimants shall have carriage of this Order.

**BY ORDER OF THE COURT**

M Flemming

Assr REGISTRAR

THE EASTERN CARIBBEAN SUPREME COURT
ST. CHRISTOPHER AND NEVIS
NEVIS CIRCUIT

IN THE HIGH COURT OF JUSTICE

CLAIM NO. NEVHCV2022/0183

BETWEEN:

MILLENNIUM FUNDING, INC.
VOLTAGE HOLDINGS, LLC
AMBI DISTRIBUTION CORP
AFTER PRODUCTIONS, LLC
AFTER II MOVIE, LLC
MORGAN CREEK PRODUCTIONS, INC
BEDEVILED LLC
MILLENNIUM MEDIA, INC
COLOSSAL MOVIE PRODUCTIONS, LLC
YAR PRODUCTIONS, INC.
FSMQ FILM, LLC
FW PRODUCTIONS, LLC
MILLENNIUM IP, INC.
I AM WRATH PRODUCTIONS, INC
KILLING LINK DISTRIBUTION, LLC
BADHOUSE STUDIOS, LLC
LF2 PRODUCTIONS, INC
LHF PRODUCTIONS, INC
VENICE PI, LLC
RAMBO V PRODUCTIONS, INC
RUPTURE CAL, INC
MON, LLC
SF FILM, LLC
SPEED KILLS PRODCUTIONS, LLC
MILLENIUM SPVH, INC.
NIKOLA PRODUCTIONS, INC.
WONDER ONE, LLC
BODYGUARD PRODUCTIONS INC.
OUTPOST PRODUCTIONS, INC.
GLACIER FILMS 1, LLC
DEFINITION DELAWARE, LLC
HANNIBAL CLASSICS INC.
JUSTICE EVERYWHERE PRODUCTIONS LLC
STATE OF THE UNION DISTRIBUTION AND COLLECTIONS, LLC
PARADOX STUDIOS, LLC
DALLAS BUYERS CLUB, LLC
HITMAN TWO PRODUCTIONS, INC.
SCREEN MEDIA VENTURES, LLC
42 VENTURES LLC

Claimants/ Applicants

and

AUH2O LLC
CHARLES MUSZYNSKI also known as FREDERICK DOUGLAS

Defendants/ Respondents

## ORDER

Edisha K. Greene
**JOSEPH ROWE**
Attorneys-at-Law for the Claimants
Unit 5, Long Stone House,
Main Street, Charlestown, Nevis
Telephone: (869)469-1015
Email: e.greene@josephrowelaw.com